## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STATE OF COLORADO
by Attorney General John W. Suthers
1525 Sherman Street, Fifth Floor
Denver, Colorado 80203

COMMONWEALTH OF VIRGINIA
by Attorney General Judith Williams Jagdmann
900 East Main Street
Richmond, Virginia 23219

STATE OF MARYLAND
by Attorney General J. Joseph Curran, Jr.
200 St. Paul Street
Baltimore, Maryland 21202

STATE OF ALASKA
by Attorney General David W. Marquez
1031 W. 4thAvenue #200
Anchorage, Alaska 99501

STATE OF ARIZONA
by Attorney General Terry Goddard
1275 West Washington
Phoenix, Arizona 85007-2926

STATE OF ARKANSAS
by Attorney General Mike Beebe
323 Center Street, Suite 200
Little Rock, Arkansas 72201

STATE OF CALIFORNIA
by Attorney General Bill Lockyer
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102

STATE OF DELAWARE
by Attorney General M. Jane Brady
Carvel State Office Building
820 N. French Street
Wilmington, Delaware 19801

Civil Action No: 1:05-CV-02182-CKK

Judge Colleen Kollar-Kotelly

**JURY TRIAL DEMANDED**

DISTRICT OF COLUMBIA
by Attorney General Robert J. Spagnoletti
441 Fourth Street, NW, Suite 450N
Washington, District of Columbia 20001

STATE OF FLORIDA
by Attorney General Charles J. Crist, Jr.
PL-O1 The Capitol
Tallahassee, Florida 32399

STATE OF IDAHO
by Attorney General Lawrence Wasden
650 W. State Street, Lower Level
Boise, Idaho 83720-0010

STATE OF ILLINOIS
by Attorney General Lisa Madigan
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601

STATE OF IOWA
by Attorney General Thomas J. Miller
2nd Floor, Hoover Office Building
East 13th and Walnut
Des Moines, Iowa 50319

STATE OF KANSAS
by Attorney Phill Kline
120 SW 10th Street, 2nd Floor
Topeka, Kansas 66612

COMMONWEALTH OF KENTUCKY
by Attorney General Gregory D. Stumbo
1024 Capital Center Drive
Frankfort, Kentucky 40601

STATE OF LOUISIANA
by Attorney General Charles C. Foti, Jr.
1885 N. 3rd Street, 4th Floor
Baton Rouge, Louisiana 70802

STATE OF MAINE
by Attorney General G. Steven Rowe
6 State House Station
Augusta, Maine 04333-0006

COMMONWEALTH OF MASSACHUSETTS
by Attorney General Thomas F. Reilly
One Ashburton Place
Boston, Massachusetts 02108

STATE OF MICHIGAN
by Attorney General Michael A. Cox
G. Mermen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48913

STATE OF MINNESOTA
by Attorney General Mike Hatch
102 State Capitol
St. Paul, Minnesota 55155-1609

STATE OF MISSISSIPPI
by Attorney General Jim Hood
Post Office Box 22947
Jackson, Mississippi 39225

STATE OF MISSOURI
by Attorney General Jeremiah (Jay) W. Nixon
P.O. Box 899
Jefferson City, MO 65102

STATE OF NEVADA
by Attorney General George J. Chanos
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101

STATE OF NEW YORK
by Attorney General Eliot Spitzer
120 Broadway, Suite 26C
New York, New York 10271-0332

STATE OF NORTH CAROLINA
by Attorney General Roy Cooper
9001 Mail Service Center
Raleigh, NC 27699-9001

STATE OF NORTH DAKOTA
by Attorney General Wayne Stenehjem
P.O. Box 1054
Bismark, North Dakota 58592-1054

STATE OF OHIO

by Attorney General Jim Petrol
Antitrust Section
150 East Gay Street, 20thFloor
Columbus, Ohio 43215

STATE OF OKLAHOMA
by Attorney General W.A. Drew Edmonson
4545 N. Lincoln Boulevard, Suite 260
Oklahoma City, Oklahoma 73105

STATE OF OREGON
by Attorney General Hardy Myers
1162 Court Street NE
Salem, Oregon 97301

STATE OF RHODE ISLAND
by Attorney General Patrick C. Lynch
150 South Main Street
Providence, Rhode Island 02903

STATE OF SOUTH CAROLINA
by Attorney General Henry D. McMaster
Rembert C. Dennis Building
1000 Assembly Street, Suite 501
Columbia, South Carolina 29211-1549

STATE OF TENNESSEE
by Attorney General Paul G. Summers
P.O. Box 20207
Nashville, Tennessee 37202-0207

STATE OF TEXAS
by Attorney General Greg Abbott
P.O. Box 12548
Austin, Texas 78711

STATE OF UTAH
by Attorney General Mark L. Shurtleff
160 East 300 South, Fifth Floor
Salt Lake City, Utah 8411

    and

STATE OF VERMONT
By Attorney General William H. Sorrell

109 State Street
Montpelier, Vermont 05609-1001

                  PLAINTIFFS,

    v.

WARNER CHILCOTT HOLDINGS
COMPANY III, LTD.
100 Enterprise Drive
Rockaway, New Jersey 07866

WARNER CHILCOTT CORPORATION
100 Enterprise Drive
Rockaway, New Jersey 07866

WARNER CHILCOTT (US) INC.
100 Enterprise Drive
Rockaway, New Jersey 07866

WARNER CHILCOTT COMPANY, INC.
Union Street, Km. 1.1
Fajardo, Puerto Rico 00738

    and

BARR PHARMACEUTICALS, INC.
2 Quaker Road
Box 2900
Pomona, New York 10970

                  DEFENDANTS.

### BARR PHARMACEUTICALS' ANSWER
### TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant BARR PHARMACEUTICALS, INC. ("Barr") hereby responds to the allegations of the states of Colorado, Maryland, Alaska, Arizona, Arkansas, California, Delaware, Florida, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Nevada, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, and Vermont, and the

commonwealths of Kentucky, Massachusetts and Virginia, and the District of Columbia (collectively, "Plaintiffs") in their First Amended Complaint ("Complaint"). Barr denies it has engaged or is engaging in any unfair method of competition in or affecting commerce in violation Section 1 of the Sherman Act, 15 U.S.C. § 1, or the laws of the Plaintiff states. Barr further responds to each paragraph of the Complaint as set forth below. Any allegation in the Complaint not specifically addressed below is hereby denied.

1.  Warner Chilcott and Barr entered into an anticompetitive agreement not to compete in violation of the antitrust laws.

Barr denies each and every allegation contained in Paragraph 1 of the Complaint.

2.  Warner Chilcott is a pharmaceutical company that develops, manufactures, and markets proprietary women's healthcare and dermatology prescription pharmaceutical products.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 2 of the Complaint.

3.  Barr is a pharmaceutical company that develops, manufactures, and markets generic and proprietary prescription pharmaceutical products.

Barr admits the allegations contained in Paragraph 3 of the Complaint.

4.  Warner Chilcott markets Ovcon, a proprietary prescription pharmaceutical product that contains norethindrone and ethinyl estradiol as its active pharmaceutical ingredients. Ovcon is an oral contraceptive product prescribed to women for the prevention of pregnancy.

Barr admits the allegations contained in Paragraph 4 of the Complaint.

5.  Warner Chilcott is the exclusive marketer of Ovcon, pursuant to an agreement with Bristol-Myers Squibb.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 5 of the Complaint.

6.     Barr developed a generic version of Ovcon and submitted an abbreviated new drug application ("ANDA") for generic versions of Ovcon with the U.S. Food and Drug Administration ("FDA").

Barr admits the allegations contained in Paragraph 6 of the Complaint.

7.     On or about March 24, 2004, Warner Chilcott and Barr entered into an Option and License Agreement (the "Agreement") not to compete.  Warner Chilcott exercised that option on May 6, 2004.

Barr denies the allegations contained in Paragraph 7 of the Complaint, except admits that on or about March 24, 2004, Barr and Warner Chilcott entered into an Option and License Agreement, and further admits that Warner Chilcott exercised that option on May 6, 2004.

8.     Prior to May 6, 2004, Barr planned on competing with Warner Chilcott by marketing its lower-priced generic version of Ovcon after obtaining FDA approval.

Barr denies the allegations contained in Paragraph 8, except admits that in April 2004 it publicly contemplated launching a generic version of Ovcon if Warner Chilcott did not exercise its option, subject to certain risks and uncertainties in making a generic Ovcon commercially available.

9.     The Agreement prevented Plaintiff States and other persons from purchasing a less-expensive generic version of Ovcon.

Barr denies each and every allegation contained in Paragraph 9 of the Complaint.

10.     The States request a finding that Warner Chilcott and Barr violated state and federal antitrust and related laws, a permanent injunction barring Warner Chilcott and Barr from engaging in similar conduct in the future, other equitable relief, civil penalties, and/or other relief for injuries caused by the illegal Agreement.

Barr admits that Plaintiffs purport to bring claims based on state and federal antitrust and related laws, but denies that it has violated any laws and that Plaintiffs are entitled to any relief whatsoever.

11.    This Court has jurisdiction pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 and Section 16 of the Clayton Act, 15 U.S.C. § 26, and 28 U.S.C. §§ 1331 and 1337. In addition to pleading violations of federal antitrust law, the States also allege violations of state antitrust, consumer protection and/or unfair competition statutes and related state laws. The States seek civil penalties and/or equitable relief under those state laws.

Paragraph 11 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies that Plaintiffs are entitled to any relief whatsoever.

12.    All claims under federal and state law are based upon a common nucleus of operative fact, and the entire action commenced by this Complaint constitutes a single case that would ordinarily be tried in one judicial proceeding.

Paragraph 12 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr admits the allegations contained in Paragraph 12 of the Complaint.

13.    This Court has jurisdiction of state law claims under 28 U.S.C. § 1367(a), as well as under the principles of supplemental jurisdiction. Supplemental jurisdiction will avoid unnecessary duplication and multiplicity of actions and should be exercised in the interests of judicial economy, convenience, and fairness.

Paragraph 13 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation contained in Paragraph 13 of the Complaint.

14.    Venue is proper in this Court under Section 12 of the Clayton Act, 15 U.S.C. § 22 and under 28 U.S.C. §§ 1391(b) and (c), because: (1) Warner Chilcott and Barr transact business and are found within this district; and (2) a substantial portion of the affected trade and commerce described below has been carried out in this district.

Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 14 of the Complaint.

15. Defendant Warner Chilcott Holdings Company III, Limited, is a privately-owned for-profit enterprise organized under the laws of Bermuda, with its principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 15 of the Complaint.

16. Defendant Warner Chilcott Corporation is a for-profit Delaware corporation with its principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129. Defendant Warner Chilcott Corporation is an indirect wholly-owned subsidiary of Defendant Warner Chilcott Holdings Company III, Limited.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 16 of the Complaint.

17. Defendant Warner Chilcott (US), Inc., is a for-profit Delaware corporation with its principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129. Defendant Warner Chilcott (US), Inc., is a direct wholly-owned subsidiary of Defendant Warner Chilcott Corporation.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 17 of the Complaint.

18. Warner Chilcott develops, manufactures, and markets proprietary women's healthcare and dermatology prescription pharmaceutical products. For the fiscal quarter ending March 31, 2005, Warner Chilcott Holdings Company III, Limited reported net revenue of approximately $133.7 million. During that period, sales of Ovcon increased 30.8% to approximately $22,900,000 for the quarter.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 18 of the Complaint.

19.    Defendant Warner Chilcott Company, Inc., a wholly-owned subsidiary of Warner Chilcott Holdings Company III, Ltd., is organized, existing, and doing business under and by virtue of the laws of the Commonwealth of Puerto Rico.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 19 of the Complaint.

20.    Defendant Barr Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business at 400 Chestnut Ridge Rd., Woodcliff Lake, New Jersey 07677-7668. Barr Laboratories, Inc., is a wholly-owned subsidiary of Barr Pharmaceuticals, Inc.  Barr develops, manufactures, and markets generic and proprietary prescription pharmaceutical products.

Barr admits the allegations contained in Paragraph 20 of the Complaint.

21.    The Plaintiff States bring this action (1) in their proprietary and/or sovereign capacities, which may include state departments, agencies, political subdivisions, and other instrumentalities as purchasers (either directly, indirectly, or as assignees): and (2) as a civil law enforcement action.

Paragraph 21 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 21 of the Complaint.

22.    A drug manufacturer must obtain approval from the U.S. Food and Drug Administration ("FDA") before the manufacturer may lawfully introduce a new drug in the United States.

Paragraph 22 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr admits that, among other things, a drug manufacturer must obtain approval from the FDA before a manufacturer may lawfully introduce a new drug in the United States.

23.    To have one of its new drugs considered for approval, a manufacturer must file a New Drug Application ("NDA") with the FDA.  The NDA must contain information demonstrating that the drug is safe and effective for its intended use.

Paragraph 23 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr admits that, among other things, a drug manufacturer must file a New Drug Application with the FDA and demonstrate that a new drug is safe and effective for its intended use.

24.    A drug that is approved through the NDA process may be listed by the FDA as a "Reference Listed Drug" in the FDA's publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly referred to as the "Orange Book."

Paragraph 24 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr admits the allegations contained in Paragraph 24 of the Complaint.

25.    Generic drugs are similar to, but not necessarily identical to, Reference Listed Drugs.  A generic drug contains the same active pharmaceutical ingredient(s) (or contains the same therapeutic moiety, but may be a different salt, ester, or complex of that moiety) as the corresponding Reference Listed Drug, but may contain other ingredients (such as colors and flavors) that are different.  A generic drug is comparable to a Reference Listed Drug in dosage form, strength, route of administration, quality, performance characteristics and intended use.  A generic drug must be bioequivalent to the corresponding Reference Listed Drug.

Paragraph 25 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr lacks knowledge or information sufficient to

form a belief as to the truth of each and every allegation contained in Paragraph 25 of the

Complaint.

26.     The Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355 (the "Hatch-Waxman Act"), established a procedure that has often allowed generic drugs to enter the market earlier than had been possible in the past.  The Hatch-Waxman Act allows a company to seek FDA approval to market a generic version of a Reference Listed Drug by filing an Abbreviated New Drug Application ("ANDA").  An ANDA is generally not required to include preclinical (animal) and clinical (human) data to establish safety and effectiveness.

Paragraph 26 of the Complaint contains legal conclusions to which no response is

required.   To the extent a response is required, Barr admits that the Hatch-Waxman Act

established procedures for the approval and entry of generic pharmaceuticals.

27.     Because the FDA has already determined that a Reference Listed Drug is safe and effective for use, an ANDA filer may rely on the safety and efficacy data previously provided for a specific Reference Listed Drug, so long as the ANDA filer sufficiently demonstrates to the FDA that its generic drug is bioequivalent to the Reference Listed Drug.

Paragraph 27 of the Complaint contains legal conclusions to which no response is

required.   To the extent a response is required, Barr admits that the FDA has specific procedures

for approval of an ANDA that may, among other things, allow an ANDA filer to use the safety

and efficacy data previously provided for a specific Reference Listed Drug.

28.     Generic versions of Reference Listed Drugs are usually sold at prices substantially below the prices charged for the Reference Listed Drugs.  Plaintiff States and other persons save significant amounts of money by purchasing generic drugs.

Barr admits that generic drugs can cost less than bioequivalent branded drugs but

that each drug must be considered individually to observe pricing behavior.   Barr lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 28 of the Complaint.

29.    Ovcon has been available to the general public as a prescription pharmaceutical product since approximately 1976.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 29 of the Complaint.

30.    Prior to January 26, 2000, Bristol-Myers Squibb Company ("BMS") manufactured, distributed, and marketed Ovcon in the United States.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 30 of the Complaint.

31.    On January 26, 2000, Warner Chilcott purchased from BMS certain rights, title, and interest in Ovcon products.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 31 of the Complaint.

32.    On January 26, 2000, Warner Chilcott entered into a supply agreement with Bristol Myers-Squibb Laboratories Company ("BMSLC"), a wholly owned subsidiary of BMS.  The supply agreement states the terms and conditions associated with the supply of Ovcon product by BMSLC to Warner Chilcott.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 32 of the Complaint.

33.    Warner Chilcott then began marketing Ovcon manufactured by BMSLC, and continues to be the exclusive marketer of Ovcon at the present time.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 33 of the Complaint.

34.    Warner Chilcott's sales of Ovcon have continued to increase, and Warner Chilcott has continued to increase the price charged for Ovcon.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 34 of the Complaint.

35.    In September 2001, Barr filed ANDAs with the FDA for approval to market generic versions of Ovcon.

Barr admits that it filed an ANDA with the FDA for approval to manufacture and sell an AB-rated generic version of Ovcon. Barr denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.    In January 2003, Barr publicly communicated its intent to launch a generic version of Ovcon by the end of 2003.

Barr denies the allegations contained in Paragraph 36, except admits that in April 2004 it publicly contemplated launching a generic version of Ovcon if Warner Chilcott did not exercise its option, subject to certain risks and uncertainties in making a generic Ovcon commercially available.

37.    Barr intended to offer its generic version of Ovcon for sale at a price approximately 30% less than the price charged by Warner Chilcott.

Barr denies the allegations contained in Paragraph 37 of the Complaint.

38.    At all times since executing its agreement to purchase rights to Ovcon from BMS, Warner Chilcott has remained the only marketer of Ovcon; no generic version of Ovcon has ever been released to the public.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 38 of the Complaint.

39.    Warner Chilcott was aware that its revenues could be substantially decreased if a generic version of Ovcon became available to consumers.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 39 of the Complaint.

40.    Warner Chilcott's first attempt to eliminate the threat posed by the entry of a generic version of Ovcon was the development of a line extension to Ovcon.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 40 of the Complaint.

41.    Warner Chilcott's strategy was to introduce its line extension (a chewable version of Ovcon) prior to the entry of a generic version of non-chewable Ovcon.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 41 of the Complaint.

42.    Warner Chilcott planned to engage in various practices that would ultimately result in the replacement of prescriptions for (and supply of) non-chewable Ovcon with chewable Ovcon.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 42 of the Complaint.

43.    In 2003, Warner Chilcott became aware that its position as the exclusive marketer of Ovcon was facing an imminent threat from the generic version of Ovcon being developed by Barr.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 43 of the Complaint.

44.    By mid-2003, Warner Chilcott learned that it would likely be unable to begin marketing a chewable version of Ovcon prior to Barr's launch of a generic version of Ovcon.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 44 of the Complaint.

45.    Warner Chilcott's inability to begin marketing its line extension prior to the availability of Barr's generic version of Ovcon would substantially reduce Warner Chilcott's revenues.

Barr lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 45 of the Complaint.

46.    In August 2003, Warner Chilcott responded to Barr's impending launch of a generic version of Ovcon by engaging in discussions with Barr regarding an anticompetitive agreement not to compete.

Barr denies the allegations contained in Paragraph 46 of the Complaint, except admits that in August 2003 representatives of Barr and Warner Chilcott discussed a number of possible business transactions.

47.    On September 10, 2003, Warner Chilcott and Barr signed a letter of intent to enter into an agreement that gave Warner Chilcott the exclusive option to market all products produced pursuant to Barr's ANDAs for generic versions of Ovcon.

Barr denies the allegations contained in Paragraph 47 of the Complaint, except admits that on September 10, 2003, Barr and Warner Chilcott executed a letter of intent to enter into an agreement that would give Warner Chilcott an option to enter into a five year exclusive license to Barr's Ovcon ANDA and a related supply agreement.

48.    On March 24, 2004, the Defendants signed the Agreement, as contemplated by their letter of intent.

Barr admits that on March 24, 2004, Barr and Warner Chilcott executed an option agreement implementing the terms of the parties' letter of intent.

49.    Through the Agreement, Barr agreed to stay off the market and give Warner Chilcott the exclusive right to market, distribute, and sell Barr's generic version of Ovcon.

Barr denies each and every allegation contained in Paragraph 49 of the Complaint.

50.    Warner Chilcott paid Barr $1,000,000 in exchange for the option contained in the Agreement.

Barr admits that Barr was paid $1 million in consideration for the option granted to Warner Chilcott.

51.    On April 22, 2004, the FDA granted final approval of Barr's ANDAs for the generic versions of Ovcon.

Barr admits the allegations of Paragraph 51 of the Complaint.

52.    On April 23, 2004, Barr publicly communicated its intent to begin marketing its generic version of Ovcon in the event that Warner Chilcott chose not to exercise its option under the Agreement.

Barr admits that in April 2004 it publicly contemplated launching a generic version of Ovcon if Warner Chilcott did not exercise its option, subject to certain risks and uncertainties in making a generic Ovcon commercially available.

53.    On May 6, 2004, Warner Chilcott exercised its option under the Agreement.  Pursuant to the terms of the Agreement, Warner Chilcott paid Barr $19,000,000 in exchange for Barr's promise not to compete with Warner Chilcott by introducing a generic version of Ovcon and for giving Warner Chilcott the exclusive right to market, distribute, and sell Barr's generic version of Ovcon.

Barr denies the allegations contained in Paragraph 53 of the Complaint, except admits that on or about May 6, 2004, Warner Chilcott exercised the option for an exclusive license and supply, and further admits that Warner Chilcott paid Barr $19 million under the Final Agreement.

54.    Warner Chilcott and Barr also entered into a Finished Product Supply Agreement ("Supply Agreement") on March 24, 2004.  The Supply Agreement became effective when Warner Chilcott exercised its option under the Agreement.

Barr admits the allegations contained in Paragraph 54 of the Complaint.

55.    The Supply Agreement allowed Warner Chilcott to purchase generic Ovcon from Barr at a premium price of 200% of Barr's actual fully loaded manufacturing cost.

Barr admits that the parties' Supply Agreement allowed Warner Chilcott to purchase product from Barr but denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.    As a consequence of the anticompetitive Agreement, no generic version of Ovcon was ever launched, and Barr has agreed not to launch a generic version of Ovcon until at least May 2009.

Barr denies the allegations contained in Paragraph 56 of the Complaint, except admits that until approximately May 2009 Barr is obligated to supply Warner Chilcott exclusively with product produced under Barr's ANDA on generic Ovcon.

57.    In the absence of the anticompetitive Agreement, Barr would have begun marketing its product shortly after obtaining FDA approval.

Barr denies each and every allegation contained in Paragraph 57 of the Complaint.

58.    In the absence of the competitive threat that Barr would have provided in a free marketplace, Ovcon consumers were required to continue purchasing the brand-name Ovcon product when a less expensive generic version would have otherwise been available.

Barr denies the allegations contained in Paragraph 58 of the Complaint.

59.    If Barr had introduced its generic product into the market, the average price paid for Ovcon products would have decreased rapidly and substantially.

Barr denies each and every allegation contained in Paragraph 59 of the Complaint.

60.    No company, other than Barr, has received FDA approval for a generic version of Ovcon.

Barr lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 60 of the Complaint.

61.    The Agreement between Warner Chilcott and Barr destroyed the competition that is intrinsic to our market-based economy.

Barr denies each and every allegation contained in Paragraph 61 of the Complaint.

62.    During the relevant period, Ovcon was sold throughout the United States. Ovcon was transported across state lines and sold in each of the Plaintiff States. The Defendants' unlawful activities alleged in this Complaint have occurred in and have had a substantial effect upon interstate commerce.

Barr that admits Ovcon is sold in each of the Plaintiff States. Barr denies each and every remaining allegation contained in Paragraph 62 of the Complaint.

63.    Warner Chilcott and Barr's Agreement not to compete was a naked restraint of trade with the purpose of stifling competition, and is anticompetitive.

Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, Barr denies each and every allegation contained in Paragraph 63 of the Complaint.

64.    The Agreement is anticompetitive pursuant to every relevant legal analysis.

Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Barr denies each and every allegation contained in Paragraph 64 of the Complaint.

65.    Warner Chilcott and Barr's conduct had the purpose and effect of unreasonably and illegally restraining trade and preventing competition.

Paragraph 65 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies the allegations contained in Paragraph 65 of the Complaint.

66.    Warner Chilcott and Barr's Agreement to eliminate competition is not reasonably necessary to accomplish any procompetitive objective.  The Agreement was not subsidiary to any procompetitive objective.  Eliminating competition from Barr was the primary purpose of Warner Chilcott's unlawful Agreement with Barr.

Paragraph 66 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr denies each and every allegation contained in Paragraph 66 of the Complaint.

67.    The Defendants could have accomplished any of the purported competitive benefits of the Agreement by other less-restrictive means that would not have destroyed competition.

Barr denies each and every allegation contained in Paragraph 67 of the Complaint.

68.    As a direct and proximate result of the illegal conduct alleged in this complaint, the Plaintiff States and other persons have not been and are not able to purchase generic versions of Ovcon, which would have been available at prices lower than those paid for Ovcon.

Paragraph 68 contains legal conclusions to which no response is required.  To the extent a response is required, Barr denies each and every allegation contained in Paragraph 68 of the Complaint.

69.    Warner Chilcott and Barr deprived Plaintiff States of the benefits of competition that the federal and state antitrust laws, consumer protection laws and/or unfair competition statutes and related state laws are designed to promote, preserve, and protect.

Paragraph 69 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr denies each and every allegation contained in Paragraph 69 of the Complaint.

70.    As a direct and proximate result of the unlawful conduct alleged above, Warner Chilcott has unjustly profited from the Agreement with Barr.

Paragraph 70 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr denies each and every allegation contained in Paragraph 70 of the Complaint.

71.    As a direct and proximate result of the unlawful conduct alleged above, Barr has unjustly profited from the Agreement with Warner Chilcott.

Paragraph 71 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Barr denies each and every allegation contained in Paragraph 71 of the Complaint.

72.    The Agreement between Warner Chilcott and Barr constitutes a restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

Paragraph 72 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr denies each and every allegation in Paragraph 72 of the Complaint.

73.    Plaintiff State of Alaska repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

74.    Defendants' acts violate, and Plaintiff State of Alaska is entitled to relief under, AS 45.50.471 and AS 45.50.562 - .596.

Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Barr denies each and every allegation in Paragraph 74 of the Complaint, and further denies that Plaintiff State of Alaska is entitled to any relief.

75. Plaintiff State of Arizona repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

76. Defendants' acts violate, and Plaintiff State of Arizona is entitled to relief under, Arizona Uniform State Antitrust Act, Arizona Revised Statutes section 44-1401 et seq.

Paragraph 76 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Barr denies each and every allegation in Paragraph 76 of the Complaint, and further denies that Plaintiff State of Arizona is entitled to any relief.

77. Plaintiff State of Arkansas repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

78. Defendants' acts violate, and Plaintiff State of Arkansas is entitled to relief under, the Arkansas Deceptive Trade Practices Act, A.C.A. § 4-88-101, et seq. and the Arkansas Unfair Practices Act, A.C.A. § 4-75-301 et seq.

Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Barr denies each and every allegation in Paragraph 78 of the Complaint, and further denies that Plaintiff State of Arkansas is entitled to any relief.

79.    Plaintiff State of California repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

80.    Defendants' acts violate, and Plaintiff State of California is entitled to relief under, the Cartwright Act, Business & Professions Code § 16700, et seq., and the California Unfair Competition Act, Bus. & Prof. Code § 17200, et seq.

Paragraph 80 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 80 of the Complaint, and further denies that Plaintiff State of California is entitled to any relief.

81.    Plaintiff State of Colorado repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

82.    Defendants' acts violate, and Plaintiff State of Colorado is entitled to relief under, the Colorado Antitrust Act of 1992, § 6-4-101, et seq., Colo. Rev. Stat.

Paragraph 82 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 82 of the Complaint, and further denies that Plaintiff State of Colorado is entitled to any relief.

83.    Plaintiff State of Delaware repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

84.    Defendants' acts violate, and Plaintiff State of Delaware is entitled to relief under, the Delaware Antitrust Act, 6 Del.C. § 2101, et seq.

Paragraph 84 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 84 of the Complaint, and further denies that Plaintiff State of Delaware is entitled to any relief.

85.    Plaintiff District of Columbia repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

86.    Defendants' acts violate, and Plaintiff District of Columbia is entitled to relief under, D.C. Official Code § 28-4502, et seq. (2001).

Paragraph 86 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 86 of the Complaint, and further denies that Plaintiff District of Columbia is entitled to any relief.

87.    Plaintiff State of Florida repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

88.    Defendants' acts violate, and Plaintiff State of Florida is entitled to relief under, the Florida Antitrust Act of 1980, § 542.15 Florida Statutes, et seq., and the Florida Deceptive and Unfair Trade Practices Act, § 501.201 Florida Statutes, et seq.

Paragraph 88 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in

Paragraph 88 of the Complaint, and further denies that Plaintiff State of Florida is entitled to any relief.

89.    Plaintiff State of Idaho repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

90.    Defendants' acts violate, and Plaintiff State of Idaho is entitled to relief under, the Idaho Competition Act, Idaho Code § 48-101 et seq.

Paragraph 90 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 90 of the Complaint, and further denies that Plaintiff State of Idaho is entitled to any relief.

91.    Plaintiff State of Illinois repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

92.    Defendants' acts violate, and Plaintiff State of Illinois is entitled to relief under, the Illinois Antitrust Act, 740 ILCS 10/1, et seq.

Paragraph 92 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 92 of the Complaint, and further denies that Plaintiff State of Illinois is entitled to any relief.

93.    Plaintiff State of Iowa repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

94.    Defendants' acts violate, and Plaintiff State of Iowa is entitled to relief under, the laws of the State of Iowa, alleging violations of the Iowa Competition Act, Iowa Code sections 553 et seq., and the Iowa Consumer Fraud Act, Iowa Code section 714.16.

Paragraph 94 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 94 of the Complaint, and further denies that Plaintiff State of Iowa is entitled to any relief.

95.    Plaintiff State of Kansas repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

96.    Defendants' acts violate, and Plaintiff State of Kansas is entitled to relief under, Kan. Stat. Ann. §50-101, et seq.

Paragraph 96 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 96 of the Complaint, and further denies that Plaintiff State of Kansas is entitled to any relief.

97.    Plaintiff Commonwealth of Kentucky repeats and realleges each and every allegation contained in paragraphs 1 to 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

98.    Defendants' acts violate, and Plaintiff Commonwealth of Kentucky is entitled to relief under, the Kentucky Antitrust Law, KRS 367.175.

Paragraph 98 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 98 of the Complaint, and further denies that Plaintiff Commonwealth of Kentucky is entitled to any relief.

99.    Plaintiff State of Louisiana repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

100.    Defendants' acts violate, and Plaintiff State of Louisiana is entitled to relief under, the Louisiana Antitrust Act, La. R.S. 51: 122, et seq., and La. R.S. 51:1401, et seq.

Paragraph 100 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 100 of the Complaint, and further denies that Plaintiff State of Louisiana is entitled to any relief.

101.    Plaintiff State of Maine repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

102.    Defendants' act violate, and Plaintiff State of Maine is entitled to relief under, Maine's Monopolies and Profiteering law, Title 10, Maine Revised Statutes, §§ 1101 and 1104.

Paragraph 102 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 102 of the Complaint, and further denies that Plaintiff State of Maine is entitled to any relief.

103.    Plaintiff State of Maryland repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

104.    Defendants' acts violate, and Plaintiff State of Maryland is entitled to relief under, the Maryland Antitrust Act, Md. Com. Law Code Ann. § 11-201, et seq.

Paragraph 104 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 104 of the Complaint, and further denies that Plaintiff State of Maryland is entitled to any relief.

105.    Plaintiff Commonwealth of Massachusetts repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

106.    Defendants' acts violate, and Plaintiff Commonwealth of Massachusetts is entitled to relief under, the Consumer Protection and Antitrust Acts, G.L. c.93A § 2, et seq., and G.L. c.93 § 4, et seq., respectively.

Paragraph 106 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 106 of the Complaint, and further denies that Plaintiff Commonwealth of Massachusetts is entitled to any relief.

107.    Plaintiff State of Michigan repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

108.    Defendants' acts violate, and Plaintiff State of Michigan is entitled to relief under, the Michigan Antitrust Reform Act, Mich. Comp. Laws Ann. § 445.771, et seq., the Michigan Consumer Protection Act, Mich. Camp. Laws Ann. § 445.901, et seq., and the common law of Michigan.

Paragraph 108 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr Chilcott denies each and every allegation in Paragraph 108 of the Complaint, and further denies that Plaintiff State of Michigan is entitled to any relief.

109.    Plaintiff State of Minnesota repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

110.    Defendants' acts violate, and Plaintiff State of Minnesota is entitled to relief under, the Minnesota Antitrust Law of 1971, Minn. Stat. §§ 325D.49-.66 (2004), and Minn. Stat. § 8.31 (2004).

Paragraph 110 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Barr Chilcott denies each and every allegation in Paragraph 110 of the Complaint, and further denies that Plaintiff State of Minnesota is entitled to any relief.

111.    Plaintiff State of Mississippi repeats and realleges each and every allegation contained in paragraphs l through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

112.    Defendants' acts violate, and Plaintiff State of Mississippi is entitled to relief under, its Consumer Protection Act found at Miss. Code Ann. § 75-24-1, et seq. (1972, as amended) and its Antitrust Act found at Miss. Code Ann. § 75-21-1, et seq. (1972, as amended).

Paragraph 112 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Barr denies each and every allegation in Paragraph 112 of the Complaint, and further denies that Plaintiff State of Mississippi is entitled to any relief.

113.    Plaintiff State of Missouri repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

114.    Defendants' acts violate, and Plaintiff State of Missouri is entitled to relief under, the Missouri Merchandising Practices Act, Revised Statutes of Missouri § 407.010 et seq., and the Missouri Antitrust Act, Revised Statutes of Missouri § 416.011 et seq.

Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Barr denies each and every allegation in Paragraph 114 of the Complaint, and further denies that Plaintiff State of Missouri is entitled to any relief.

115.    Plaintiff State of Nevada repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

116.    Defendants' acts violate, and Plaintiff State of Nevada is entitled to relief under the Nevada Unfair Trade Practice Act, Nev. Rev. Stat. § 598A.010 et seq.

Paragraph 116 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Barr denies each and every allegation in Paragraph 116 of the Complaint, and further denies that Plaintiff State of Nevada is entitled to any relief.

117.    Plaintiff State of New York repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

118.    Defendants' acts violate, and Plaintiff State of New York is entitled to relief under, N.Y. Gen. Bus. Law §§ 340, 342, and 342-a.

Paragraph 118 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 118 of the Complaint, and further denies that Plaintiff State of New York is entitled to any relief.

119.    Plaintiff State of North Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

120.    Defendants' acts violate, and Plaintiff State of North Carolina is entitled to relief under, N.C. Gen. Stat. §§ 75-1, 75-1.1, 75-2, 75-2.1.

Paragraph 120 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 120 of the Complaint, and further denies that Plaintiff State of North Carolina is entitled to any relief.

121.    Plaintiff State of North Dakota repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

122.    Defendants' acts violate, and Plaintiff State of North Dakota is entitled to relief under, the Uniform State Antitrust Act, N.D. Cent. Code § 51-08.1-01, et seq.

Paragraph 122 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 122 of the Complaint, and further denies that Plaintiff State of North Dakota is entitled to any relief.

123.    Plaintiff State of Ohio repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

124.    Defendants' acts violate, and Plaintiff State of Ohio is entitled to relief under, Ohio's Antitrust Law, Ohio Revised Code, § 109.81 and 1331.01, et seq.

Paragraph 124 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 124 of the Complaint, and further denies that Plaintiff State of Ohio is entitled to any relief.

125.    Plaintiff State of Oklahoma repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

126.    Defendants' acts violate, and Plaintiff State of Oklahoma is entitled to relief under, The Oklahoma Antitrust Reform Act, 79 O.S.2001, et seq., and the Oklahoma Consumer Protection Act 15 O.S.2001, § 751 et seq.

Paragraph 126 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in

Paragraph 126 of the Complaint, and further denies that Plaintiff State of Oklahoma is entitled to any relief.

127.    Plaintiff State of Oregon repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

128.    Defendants' acts violate, and Plaintiff State of Oregon is entitled to relief under, the Oregon Antitrust Act, ORS 646.705, et seq.

Paragraph 128 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 128 of the Complaint, and further denies that Plaintiff State of Oregon is entitled to any relief.

129.    Plaintiff State of Rhode Island repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

130.    Defendants' acts violate, and Plaintiff State of Rhode Island is entitled to relief under, Rhode Island General Laws Chapter 6-36, entitled the "Rhode Island Antitrust Act."

Paragraph 130 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 130 of the Complaint, and further denies that Plaintiff State of Rhode Island is entitled to any relief.

131.    Plaintiff State of South Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

132.    Defendants' acts violate, and Plaintiff State of South Carolina is entitled to relief under, the South Carolina Unfair Trade Practices Act, §§ 39-5-10, et seq.

Paragraph 132 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 132 of the Complaint, and further denies that Plaintiff State of South Carolina is entitled to any relief.

133.    Plaintiff State of Tennessee repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

134.    Defendants' acts violate, and Plaintiff State of Tennessee is entitled to relief under, the Tennessee Antitrust Act, Tenn. Code Ann. §§ 47-25-101, et seq.

Paragraph 134 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 134 of the Complaint, and further denies that Plaintiff State of Tennessee is entitled to any relief.

135.    Plaintiff State of Texas repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

136.    Defendants' acts violate, and Plaintiff State of Texas is entitled to relief under, the Texas Free Enterprise and Antitrust Act of 1983, Tex. Bus. & Com. Code § 15.01, et seq.

Paragraph 136 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 136 of the Complaint, and further denies that Plaintiff State of Texas is entitled to any relief.

137.    Plaintiff State of Utah repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

138.    Defendants' acts violate, and Plaintiff State of Utah is entitled to relief under, the Utah Antitrust Act, Section 76-10-911 through 76-10-926, Utah Code Annotated, as amended.

Paragraph 138 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 138 of the Complaint, and further denies that Plaintiff State of Utah is entitled to any relief.

139.    Plaintiff State of Vermont repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

140.    Defendants' act violate, and Plaintiff State of Vermont is entitled to relief under, the Vermont Consumer Fraud Act, 9 V.S.A. Section 2451, et seq.

Paragraph 140 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 140 of the Complaint, and further denies that Plaintiff State of Vermont is entitled to any relief.

141.    Plaintiff Commonwealth of Virginia repeats and realleges each and every allegation contained in paragraphs 1 through 72.

Barr incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 72 of the Complaint as if fully set out herein.

142.    Defendants' acts violate, and Plaintiff Commonwealth of Virginia is entitled to relief under, the Virginia Antitrust Act, Va. Code Ann. Section 59.1-9.5.

Paragraph 142 of the Complaint contains legal conclusions to which no response is required.    To the extent a response is required, Barr denies each and every allegation in Paragraph 142 of the Complaint, and further denies that Plaintiff Commonwealth of Virginia is entitled to any relief.

## DEFENSES

In addition to the foregoing responses, Barr asserts the following defenses to the claims alleged in the Plaintiffs' First Amended Complaint.  Barr does not assume the burden of proof on these defenses where the applicable substantive law provides otherwise.

### First Affirmative Defense

1.    The Complaint fails to state a claim under the law of each of any of the Plaintiff States against Barr upon which relief can be granted.

### Second Affirmative Defense

2.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense

3.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

4.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.      Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Barr has been reasonable, based upon independent, legitimate business and economic justifications, and was taken without the purpose or effect of injuring competition.

### Sixth Affirmative Defense

6.      Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Barr was reasonable in relation to the development and preservation of its business.

### Seventh Affirmative Defense

7.      Plaintiffs' claims are barred, in whole or in part, because none of Barr's actions have injured competition in any relevant market.

### Eighth Affirmative Defense

8.      Plaintiffs' claims are barred, in whole or in part, because Barr's actions have pro-competitive effects that benefit competition as a whole in any relevant market.

### Ninth Affirmative Defense

9.      Plaintiffs' claims are barred, in whole or in part, because none of Barr's alleged actions have harmed competition and/or consumers.

### Tenth Affirmative Defense

10.      Plaintiffs' claims are barred, in whole or in part, because none of Barr's actions have harmed any state in its business or property.

### Eleventh Affirmative Defense

11.      Plaintiffs' claims are barred, in whole or in part, because none of Barr's actions have adversely affected, or caused injury to, the public interest.

### Twelfth Affirmative Defense

12.    Plaintiffs' claims are barred, in whole or in part, because Barr had no knowledge, intention, notice or belief that Barr's actions might illegally restrain trade.  Further, Barr could not have known that its actions might illegally restrain trade.

### Thirteenth Affirmative Defense

13.    Plaintiffs' claims are barred, in whole or in part, because Barr did not engage in any willful or flagrant act.

### Fourteenth Affirmative Defense

14.    Plaintiffs' claims are barred, in whole or in part, because Barr relied in good faith on the actions and statements of the Federal Trade Commission.

### Fifteenth Affirmative Defense

15.    Plaintiffs' claims are barred, in whole or in part, because Barr did not conceal any of its actions.

### Sixteenth  Affirmative Defense

16.    Plaintiffs' claims are barred, in whole or in part, because Barr did not engage in any pattern or practice of illegal activity.

### Seventeenth Affirmative Defense

17.    Plaintiffs' claims are barred, in whole or in part, because Barr's actions were the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error.

### Eighteenth Affirmative Defense

18.    Plaintiffs' claims are barred, in whole or in part, because Barr did not engage in any unfair or deceptive act or practice.

**Nineteenth Affirmative Defense**

19.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because Barr does not sell directly into one or more of the Plaintiff States.

**Twentieth Affirmative Defense**

20.     Plaintiffs' state law claims are barred, in whole or in part, to the extent that Barr's actions did not affect intrastate commerce.

**Twenty-First Affirmative Defense**

21.     Plaintiffs' claims are barred, in whole or in part, for failure to allege either a relevant product market or a relevant geographic market.

**Twenty-Second Affirmative Defense**

22.     Plaintiffs' claims are barred, in whole or in part, because Barr has no market power and Plaintiffs have failed to allege any market power.

**Twenty-Third Affirmative Defense**

23.     Plaintiffs' claims are barred, in whole or in part, because Barr has and had no monopoly power.

**Twenty-Fourth Affirmative Defense**

24.     To the extent the causes of action asserted in the Complaint purport to impose liability or seek relief for conduct that is lawful under the laws of the United States, those claims impose an undue burden on interstate commerce and are barred by the Commerce Clause of the United States Constitution.

**Twenty-Fifth Affirmative Defense**

25.     Upon information and belief, the claims asserted in the complaint against Barr may be barred, in whole or in part, under the applicable statutes of limitations.

### Twenty-Sixth Affirmative Defense

26.     Plaintiffs' claims are barred, in whole or in part, for failure to seek a proper remedy or for seeking a remedy proscribed by statute or common law in one or more of Plaintiff States.

### Twenty-Seventh Affirmative Defense

27.     Plaintiffs' claims are barred, in whole or in part, because any alleged harm was "passed on," in whole or in part, and not incurred or suffered by Plaintiffs States.

### Twenty-Eighth Affirmative Defense

28.     Barr reserves the right to assert and rely on other applicable defenses as may become available or apparent, to amend its answer and/or defenses, and/or delete defenses that it determines to be inapplicable.

### JURY DEMAND

Barr hereby demands trial by jury on all claims so triable.

## PRAYER FOR RELIEF

Wherefore, Barr prays as follows:

1.     That the Court enter judgment for Barr;

2.     That the Court award Barr reasonable costs and expenses including but not limited to, attorneys' fees and costs of suit, and such other and further relief as may be appropriate.


Dated:   December 19, 2005


By: _____
       Karen N. Walker (D.C. Bar # 412137 )
       Mark L. Kovner (D.C. Bar # 430431)
       Chong S. Park (D.C. Bar # 463050)

       KIRKLAND & ELLIS LLP
       655 Fifteenth Street, N.W.
       Washington, D.C.  20005
       Telephone: (202) 879-5100
       Facsimile:  (202) 879-5200

       *Attorneys for Defendant Barr Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on December 19, 2005, the undersigned attorney caused a true and correct copy of the foregoing DEFENDANT BARR PHARMACEUTICALS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT in Civil Action No: 1:05-CV-02182-CKK to be served on the following counsel of record by First Class Mail.

Mark L. Kovner (D.C. Bar # 430431)

Recipients:

**ATTORNEYS FOR THE STATE OF COLORADO**
John W. Suthers
Devin M. Laiho
Consumer Protection Section
Attorneys for the State of Colorado
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Phone: (303) 866-5079

**ATTORNEYS FOR THE COMMONWEALTH OF VIRGINIA**
Judith Williams Jagdmann
Sarah Oxenham Allen
Jennifer L. Gobble
Antitrust & Consumer Litigation Section
Attorneys for the Commonwealth of Virginia
900 East Main Street
Richmond, Virginia 23219
Phone: (804) 786-6557

**ATTORNEYS FOR THE STATE OF MARYLAND**
J. Joseph Curran, Jr.
Meredyth Smith Andrus
Ellen S. Cooper
Antitrust Division
Attorneys for the State of Maryland
200 St. Paul Street
Baltimore, Maryland 21202
Phone: (410) 576-6470

**ATTORNEYS FOR THE STATE OF ALASKA**
David W. Marquez
Clyde E. Sniffen, Jr.
Fair Business and Commercial Section
Attorneys for the State of Alaska
Alaska Attorney General's Office
1031 W. 4th Avenue #200
Anchorage, Alaska 99501
Phone: (907) 269-5200

**ATTORNEY FOR THE STATE OF ARIZONA**
Terry Goddard
Nancy M. Bonnell
Public Advocacy Division
Attorneys for the State of Arizona
Office of the Attorney General
1275 West Washington
Phoenix, Arizona 85007-2926
Phone: (602) 542-7752

**ATTORNEYS FOR THE STATE OF CALIFORNIA**
Bill Lockyer
Richard M. Frank
J. Thomas Greene
Kathleen E. Foote
Ann Marie Marciarille
Attorneys for the State of California
P.O. Box 70550
1515 Clay Street
Oakland, California 94612
Phone: (510) 622-2221

**ATTORNEYS FOR THE DISTRICT OF COLUMBIA**
Robert J. Spagnoletti
David M. Rubinstein
Bennett Rushkoff
Don A. Resnikoff
Anika Sanders Cooper
Attorneys for the District of Columbia
Office of the Attorney General for the
District of Columbia
441 Fourth Street, N.W., Suite 450N
Washington, District of Columbia 20001
Phone: (202) 727-6241

**ATTORNEYS FOR THE STATE OF ARKANSAS**
Mike Beebe
Teresa Marks
Bradford J. Phelps
Attorneys for the State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Phone: (501) 682-3625

**ATTORNEYS FOR THE STATE OF DELAWARE**
M. Jane Brady
Michael A. Undorf
Attorneys for the State of Delaware
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, Delaware 19801
Phone: (302) 577-8924

**ATTORNEYS FOR THE STATE OF FLORIDA**
Charles J. Crist, Jr.
Patricia A. Conners
Elizabeth G. Arthur
PL-01, The Capital
Tallahassee, Florida 32399-1050
Phone: (850) 414-3300

**ATTORNEYS FOR THE STATE OF IDAHO**

Lawrence G. Wasden
Brett T. Delange
Office of the Attorney General
Attorneys for the State of Idaho
Len B. Jordan Building
650 W. State Street, Lower Level
P.O. Box 83720
Boise, Idaho 83720-0010
Phone: (208) 334-2424

**ATTORNEYS FOR THE STATE OF IOWA**

Thomas J. Miller
John F. Dwyer
Layne M. Lindebak
Attorneys for the State of Iowa
2nd Floor, Hoover Office Building
East 13th & Walnut Street
Des Moines, Iowa 50319
Phone: (515) 281-70544

**ATTORNEYS FOR THE COMMONWEALTH OF KENTUCKY**

Gregory D. Stumbo
David R. Vandeventer
Consumer Protection Division
Attorneys for the Commonwealth of Kentucky
1024 Capital Center Drive
Frankfort, Kentucky 40601
Phone: (502) 696-5389

**ATTORNEYS FOR THE STATE OF MAINE**

G. Steven Rowe
Christina Moylan
Attorneys for the State of Maine
6 State House Station
Augusta, Maine 04333-0006
Phone: (207) 626-8800

**ATTORNEYS FOR THE STATE OF ILLINOIS**

Lisa Madigan
Robert W. Pratt
Attorneys for the State of Idaho
Office of the Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Phone: (312) 814-3722

**ATTORNEYS FOR THE STATE OF KANSAS**

Phill Kline
Karl R. Hansen
Attorneys for the State of Kansas
120 SW 10th Street, 2nd Floor
Topeka, Kansas 66612
Phone: (785) 296-2215

**ATTORNEYS FOR THE STATE OF LOUISIANA**

Charles C. Foti, Jr.
James Bishop Johnson
Attorneys for the State of Louisiana
1885 N. 3rd Street, 4th Fl.
Baton Rouge, Louisiana 70802
Phone: (225) 326-6467

**ATTORNEYS FOR THE COMMONWEALTH OF MASSACHUSETTS**

Thomas F. Reilly
Judith M. Whiting
Consumer Protection and Antitrust Division
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
Phone: (617) 727-2200, ext. 2959

**ATTORNEYS FOR THE STATE OF MICHIGAN**

Michael A. Cox
Michelle M. Rick
Antitrust Division
Attorneys for the State of Michigan
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48913
Phone: (517) 373-1123

**ATTORNEYS FOR THE STATE OF MINNESOTA**

Mike Hatch
Ann Beimdiek Kinsella
Jennifer L. DeKarske
Attorneys for the State of Minnesota
445 Minnesota Street, Suite 1200
St. Paul, Minn. 55101
Phone: (651) 215-1564

**ATTORNEYS FOR THE STATE OF MISSISSIPPI**

Jim Hood
Sondra Simpson McLemore
Attorneys for the State of Mississippi
Post Office Box 22947
Jackson, Mississippi 39225
Phone: (601) 359-3748

**ATTORNEYS FOR THE STATE OF MISSOURI**

Jeremiah (Jay) W. Nixon
Anne E. Schneider
Antitrust Counsel
Attorneys for the State of Missouri
Post Office Box 899
Jefferson City, Missouri 65102
Phone: (573) 751-8455

**ATTORNEYS FOR THE STATE OF NEVADA**

George J. Chanos
Eric Witkoski
Brian Armstrong
Attorneys for the State of Nevada
Office of the Attorney General Nevada
Department of Justice
Bureau of Consumer Protection
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Phone: (702) 486-3420

**ATTORNEYS FOR THE STATE OF NEW YORK**

Eliot Spitzer
Jay L. Himes
Elinor R. Hoffmann
Attorneys for the State of New York
120 Broadway, Suite 26C
New York, New York 10271-0332
Phone: (212) 416-8269

**ATTORNEYS FOR THE STATE OF NORTH CAROLINA**

Roy Cooper
K. D. Sturgis
Attorneys for the State of North Carolina
North Carolina Department of Justice
9001 Mail Server Center
Raleigh, North Carolina 27699-9001
Phone: (919) 716-6000

**ATTORNEYS FOR THE STATE OF NORTH DAKOTA**

Wayne Stenehjem
Todd A. Sattler
Consumer Protection and Antitrust Division
Attorneys for the State of North Dakota
Post Office Box 1054
Bismarck, North Dakota 58502-1054
Phone: (701) 328-5570

**ATTORNEYS FOR THE STATE OF
OHIO**
Jim Petro
Mitchell L. Gentile
Attorneys for the State of Ohio
Antitrust Section
150 East Gay Street, 20th Floor
Columbus, Ohio 43215
Phone:  (614) 466-4328

**ATTORNEYS FOR THE STATE OF
OREGON**
Hardy Myers
Chin See Ming
Attorneys for the State of Oregon
1162 Court Street NE
Salem, Or. 97301
Phone:  (503) 947-4333

**ATTORNEYS FOR THE STATE OF
SOUTH CAROLINA**
Henry D. McMaster
C. Havird Jones, Jr.
Attorneys for the State of South Carolina
Post Office Box 11549
Columbia, South Carolina 29211
Phone:  (803) 734-3680

**ATTORNEYS FOR THE STATE OF
TEXAS**
Greg Abbott
Mark A. Levy
Attorneys for the State of Texas
Post Office Box 12548
Austin, Texas 78711
Phone:  (512) 936-1847

**ATTORNEYS FOR THE STATE OF
OKLAHOMA**
W.A. Drew Edmondson
Thomas A. Bates
Julie Bays
Attorneys for the State of Oklahoma
4545 N. Lincoln Blvd., Suite 260
Oklahoma City, Oklahoma 73105
Phone:  (405) 522-1013

**ATTORNEYS FOR THE STATE OF
RHODE ISLAND**
Patrick C. Lynch
Edmund F. Murray, Jr.
Attorneys for the State of Rhode Island
150 South Main Street
Providence, Rhode Island 02903
Phone:  (401) 274-4400, ext. 2401

**ATTORNEYS FOR THE STATE OF
TENNESSEE**
Paul G. Summers
S. Elizabeth Martin
Antitrust Division
Attorneys for the State of Tennessee
Tennessee Attorney General's Office
Post Office Box 20207
Nashville, Tennessee 37202-0207
Phone:  (615) 532-5732

**ATTORNEYS FOR THE STATE OF
UTAH**
Mark L. Shurtleff
Ronald J. Ockey
Attorneys for the State of Utah
160 East 300 South, 5th Fl.
Salt Lake City, Utah 84111
Phone: (801) 366-0359

**ATTORNEYS FOR THE STATE OF**
**VERMONT**
William H. Sorrell
Julie Brill
Attorneys for the State of Vermont
109 State Street
Montpelier, Vermont 05609-1001
Phone: (802) 828-3658