UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF COLORADO, et al.,<br>Plaintiffs<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., et al.,<br>Defendants. | Civil Action 1:05-cv-02182-CKK |

**PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' JOINT MOTION TO CONSOLIDATE**

**A.   Introduction**

Defendants Barr Laboratories and Warner Chilcott have moved to consolidate the Plaintiff States'[1] law enforcement action with a related action contemporaneously filed by the Federal Trade Commission ("FTC"), and with several subsequently filed private tag-along class action lawsuits. Defendants' attempt to consolidate the States' action with the private actions should be denied.[2] The private actions raise complex issues, such as class certification and damages, that are unnecessary to the resolution of the FTC and States' enforcement actions, which are focused on enjoining and deterring Defendants' anticompetitive conduct. Consolidation of the governments' law enforcement actions with the private class action lawsuits will only delay the resolution of the governments' enforcement efforts, to the prejudice of the governmental parties and the public interest. The Court should therefore deny the motion to the extent the Defendants seek to consolidate the States' law enforcement action with the private class action lawsuits.

---

[1] The Plaintiff States are Colorado, Maryland, Alaska, Arizona, Arkansas, California, Delaware, Florida, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Nevada, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, and Vermont, the Commonwealths of Kentucky, Massachusetts and Virginia, and the District of Columbia.

**B.    Background**

The Plaintiff States, through their Attorneys General, filed their law enforcement action in this Court on November 7, 2005.  The States seek to enjoin the Defendants' violations of state and federal antitrust laws.  The FTC filed its own related law enforcement action in this Court on the same day.[3]  The States seek to restore competition quickly and penalize the Defendants for their violations of the law through this enforcement action.

Subsequent to November 7, 2005, private counsel filed seven tag-along class action lawsuits, also in this Court.  *See* Exhibits 3-9 of Defendants' Joint Motion to Consolidate. On January 6, 2006, Defendants filed joint motions to consolidate for pretrial purposes all of the private class action lawsuits with the government actions.

**C.    Legal Standard**

The decision whether to consolidate under Rule 42(a) of the Federal Rules of Civil Procedure is "within the broad discretion of the trial court."[4]  *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002).  In exercising its discretion, the Court weighs "considerations of convenience and economy against considerations of confusion and prejudice."  *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).  Here, consolidation of the States' case with the private class actions will inevitably delay the States' law enforcement action, due to the attention that will be demanded by issues in

---

[2] The States do not object to consolidation with the FTC's action, because the nature of the claims and relief sought in the two government actions are similar.

[3] The FTC's case is docket number 1:05-cv-02179-CKK.

[4] Fed. R. Civ. Proc. 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

the private class action lawsuits that are absent from the States' enforcement action, and unduly prejudice the States and the public interest.

**D.     Discussion**

With the exception of Argument I, which applies to the federal government alone, the States concur with and incorporate by reference the arguments made by the FTC in its brief filed in response to Defendant's Joint Motion to Consolidate.  A copy of the FTC's brief is attached as Appendix A.

The private class action lawsuits are different than the suits filed by the States and the FTC, in at least the following ways:

1. The private suits raise issues of the certification of various nationwide and regional classes of direct and indirect purchasers;
2. The private suits will involve issues of various sorts of damages, including treble damages; and
3. The private suits will involve issues of proof of causation-in-fact of the losses and injuries suffered by the private plaintiffs.

The government law enforcement actions do not involve these inevitably time-consuming issues.

Combining the enforcement actions with the private class actions will delay and unduly prejudice the States' efforts to quickly restore competition.  The States do not seek damages, but rather, equitable relief and statutory civil penalties.  The States' action thus serves a much different purpose than the private lawsuits, which seek treble damages on behalf of various classes of purchasers.  Unlike the private class action lawsuits, the governments have filed pure law enforcement actions, which have a special urgency so that competition can be restored.  The public interest is best served by allowing state and

federal officials to prosecute their actions together for pretrial purposes in a unified proceeding that is independent from the private class actions.

Any concern with overlapping discovery can be addressed short of consolidation through coordination between the parties. The States agree with the FTC's suggestion that the Court direct the parties to develop a discovery coordination stipulation similar to the *Mylan* agreement attached as Exhibit A to the brief that FTC filed in opposition to Defendants' Joint Motion to Consolidate.

**E.    Conclusion**

For all the reasons stated above, the Defendants' Joint Motion to Consolidate should be denied.

DATED: January 20, 2006.

Respectfully submitted,

PLAINTIFF STATES

STATE OF COLORADO
JOHN W. SUTHERS
Attorney General


/s/ Devin M. Laiho                .
DEVIN M. LAIHO
Assistant Attorney General
Consumer Protection Section
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: 303-866-5079
Fax: 303-866-4916
Email: Devin.Laiho@state.co.us