## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.: 1:05-CV-02179-CKK** |
| **v.** ) | |
| ) | |
| **WARNER CHILCOTT HOLDINGS** ) | |
| **COMPANY III, LTD., WARNER CHILCOTT** ) | |
| **CORPORATION, WARNER CHILCOTT (US)** ) | |
| **INC., WARNER CHILCOTT COMPANY,** ) | |
| **INC., and BARR PHARMACEUTICALS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **STATE OF COLORADO,** ) | |
| **COMMONWEALTH OF VIRGINIA, STATE** ) | |
| **OF MARYLAND, STATE OF ALASKA,** ) | |
| **STATE OF ARIZONA, STATE OF** ) | |
| **ARKANSAS, STATE OF CALIFORNIA,** ) | |
| **STATE OF DELAWARE, DISTRICT OF** ) | |
| **COLUMBIA, STATE OF FLORIDA, STATE** ) | |
| **OF IDAHO, STATE OF ILLINOIS, STATE OF** ) | |
| **IOWA, STATE OF KANSAS,** ) | |
| **COMMONWEALTH OF KENTUCKY, STATE** ) | |
| **OF LOUISIANA, STATE OF MAINE,** ) | |
| **COMMONWEALTH OF MASSACHUSETTS,** ) | |
| **STATE OF MICHIGAN, STATE OF** ) | |
| **MINNESOTA, STATE OF MISSISSIPPI,** ) | |
| **STATE OF MISSOURI, STATE OF NEVADA,** ) | |
| **STATE OF NEW YORK, STATE OF NORTH** ) | |
| **CAROLINA, STATE OF NORTH DAKOTA,** ) | |
| **STATE OF OHIO, STATE OF OKLAHOMA,** ) | |
| **STATE OF OREGON, STATE OF RHODE** ) | |
| **ISLAND, STATE OF SOUTH CAROLINA,** ) | |
| **STATE OF TENNESSEE, STATE OF TEXAS,** ) | |
| **STATE OF UTAH, STATE OF VERMONT,** ) | **Civil Action No.: 1:05-CV-02182-CKK** |
| ) | |
| **Plaintiffs,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **v.** ) | |

WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD., WARNER CHILCOTT )
CORPORATION, WARNER CHILCOTT (US) )
INC., WARNER CHILCOTT COMPANY, )
INC., and BARR PHARMACEUTICALS, INC., )
)
       Defendants. )
)
_____ )
)
MEIJER, INC. and MEIJER DISTRIBUTION, )
INC., on behalf of themselves and all others )
similarly situated, )
)
       Plaintiffs, )   Civil Action No.: 1:05-CV-02195-CKK
)
      v. )   JURY TRIAL DEMANDED
)
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD.; WARNER CHILCOTT )
CORPORATION; WARNER CHILCOTT (US) )
INC.; GALEN (CHEMICALS), LTD.; and )
BARR PHARMACEUTICALS, INC., )
)
       Defendants. )
)
_____ )
)
LOUISIANA WHOLESALE DRUG CO., INC., )
on behalf of itself and all others similarly )
situated, )
)
       Plaintiff, )
)   Civil Action No.: 1:05-CV-02210-CKK
      v. )
)   JURY TRIAL DEMANDED
WARNER CHILCOTT PUBLIC LIMITED )
COMPANY, WARNER CHILCOTT )
HOLDINGS COMPANY III, LTD., WARNER )
CHILCOTT CORPORATION, WARNER )
CHILCOTT (US) INC., GALEN )
(CHEMICALS) LTD., and BARR )
PHARMACEUTICALS, INC., )
)
       Defendants. )
)
_____ )
)
)

ROCHESTER DRUG CO-OPERATIVE, INC., )
on behalf of itself and all others similarly )
situated, )
                              )
           **Plaintiff,** )
                              )     **Civil Action No.: 1:05-CV-02257-CKK**
             v. )
                              )     **JURY TRIAL DEMANDED**
WARNER CHILCOTT PUBLIC LIMITED )
COMPANY, WARNER CHILCOTT )
HOLDINGS COMPANY III, LTD., WARNER )
CHILCOTT CORPORATION, WARNER )
CHILCOTT (US) INC., GALEN )
(CHEMICALS) LTD., and BARR )
PHARMACEUTICALS, INC., )
                              )
           **Defendants.** )

---

VALLEY WHOLESALE DRUG COMPANY, )
INC., individually and on behalf of all others )
similarly situated, )
                              )
           **Plaintiff,** )
                              )     **Civil Action No.: 1:05-CV-02321-CKK**
             v. )
                              )     **JURY TRIAL DEMANDED**
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD., WARNER CHILCOTT )
CORPORATION, WARNER CHILCOTT (US) )
INC., GALEN (CHEMICALS), LTD., and )
BARR PHARMACEUTICALS, INC., )
                              )
           **Defendants.** )

---

VISTA HEALTHPLAN, INC., on behalf of itself )
and all others similarly situated, )
                              )
           **Plaintiff,** )
                              )     **Civil Action No.: 1:05-CV-02327-CKK**
              v. )
                              )     **JURY TRIAL DEMANDED**
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD., WARNER CHILCOTT )
CORPORATION, WARNER CHILCOTT (US) )

INC., GALEN (CHEMICALS), LTD., and )
BARR PHARMACEUTICALS, INC. )
                                                              )
            Defendants. )
                                                              )
_____)
                                                              )
AMERICAN SALES COMPANY, INC., on )
behalf of itself and all others similarly situated, )
                                                              )
            Plaintiff, )
                                                              )       Civil Action No.: 1:05-CV-02335-CKK
      v. )
                                                              )       JURY TRIAL DEMANDED
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD.; WARNER CHILCOTT )
CORPORATION; WARNER CHILCOTT (US) )
INC.; GALEN (CHEMICALS) LTD.; and )
BARR PHARMACEUTICALS, INC., )
                                                              )
            Defendants. )
                                                              )
_____)
                                                              )
SAJ DISTRIBUTORS, INC. and STEPHEN L. )
LaFRANCE HOLDINGS, INC., individually )
and on behalf of all others similarly situated, )
                                                              )
            Plaintiffs, )
                                                              )       Civil Action No.: 1:05-CV-02459-CKK
      v. )
                                                              )       JURY TRIAL DEMANDED
WARNER CHILCOTT HOLDINGS )
COMPANY III, LTD., WARNER CHILCOTT )
CORPORATION, WARNER CHILCOTT (US) )
INC., GALEN (CHEMICALS) LTD., and )
BARR PHARMACEUTICALS, INC., )
                                                              )
            Defendants. )
                                                              )
_____)

## DEFENDANTS' JOINT REPLY IN SUPPORT OF
## THEIR JOINT MOTION TO CONSOLIDATE

## TABLE OF CONTENTS

I.   RULE 42(A) DOES NOT EXCUSE A GOVERNMENTAL AGENCY FROM
     THE FAIR AND EFFICIENT RESOLUTION OF COMMON QUESTIONS
     THROUGH CONSOLIDATION ....................................................................................3

II.  CONSOLIDATION UNDER RULE 42(A) IS APPROPRIATE WHERE THE
     JOINT RESOLUTION OF COMMON ISSUES WOULD MATERIALLY
     ADVANCE THE LITIGATION ....................................................................................5

III. CONSOLIDATION IS NECESSARY TO AVOID DUPLICATIVE
     DISCOVERY, AND AN APPROPRIATE AND TIMELY CASE
     MANAGEMENT ORDER WILL ENSURE THE PROMPT RESOLUTION OF
     THIS DISPUTE ....................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Biochem Pharma, Inc. v. Emory Univ.*,
    148 F. Supp. 2d 11 (D.D.C. 2001) ................................................................. 7

*Clifford v. First Am. Corp.*,
    No. CIV.A. 95-0877 JHG,
    1996 WL 707022 (D.D.C. Nov. 26, 1996) ................................................. 2, 7

*EEOC v. Die Fliedermaus, LLC*,
    77 F. Supp. 2d 460 (S.D.N.Y. 1999) ....................................................... 4, 6

*EEOC v. G-K-G, Inc.*,
    39 F.3d 740 (7th Cir. 1994) ....................................................................... 4

*Farahmand v. Rumsfeld*,
    No. CIV. A. 02-1236,
    2002 WL 31630709 (E.D. Pa. Nov. 20, 2002) ............................................. 5

*Humphrey's Ex'r v. United States*,
    295 U.S. 602 (1935) ................................................................................... 3

*In re Pepco Employment Litig.*,
    Civ. A. No. 86-0603 (RCL),
    1990 WL 236073 (D.D.C. Dec. 20, 1990) ................................................... 6

*Landis v. Am. Water Works & Elec. Co.*,
    299 U.S. 248 (1936) ................................................................................... 7

*Mylan Pharm. Inc. v. Henney*,
    94 F. Supp. 2d 36 (D.D.C. 2000),
    *judgment vacated and appeal dismissed* by
    *Pharmachemie B.V. v. Barr Labs.*,
    276 F.3d 627 (D.C. Cir. 2002) ................................................................... 7

*United States v. Dentsply International, Inc.*,
    190 F.R.D. 140 (D. Del. 1999) ................................................................... 3

**Statutes**

15 U.S.C.A. § 41 ............................................................................................. 3

15 U.S.C.A. § 45(b) ........................................................................................ 4

28 U.S.C.A. § 1345 ........................................................................................ 3

28 U.S.C.A. § 1407 ............................................................................................................. 2, 3

**Other Authorities**

9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2383 (2d ed. 1995)
............................................................................................................................... 2, 6

**Rules**

Federal Rule of Civil Procedure 42(a) ............................................................... 2, 3, 4, 7

Local Civil Rule 7(b) ......................................................................................................... 1

Plaintiffs in the above-referenced actions do not oppose *consolidation* among the three groups they identify; namely, the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs,[1] and the FTC and State Plaintiffs. Moreover, the private plaintiffs do not oppose *coordination* of pretrial proceedings. The FTC and State Plaintiffs, however, object to consolidation as well as any meaningful coordination of the nine substantially similar actions referenced above. There are simply no compelling reasons to resist consolidation, where – as here – all nine cases are brought against the same group of Defendants, each action is centered on the same core of operative facts, and each group of plaintiffs seeks, among other things, injunctive relief.

Although the FTC implies that Warner Chilcott and Barr ("Defendants") have caused "delay due to procedural motions like this," FTC Opp'n Br. at 3, it is Defendants who seek a resolution of the nine pending and substantially similar actions in a way that is, to all parties and this Court, fair, fast, and frugal. Moreover, the FTC's words of "special urgency" are belied by its own actions. FTC Opp'n Br. at 6, (claiming that "[e]very day of delay" results in harm). The FTC itself waited *over two years* from receiving notice of the agreement in question to bring this action. FTC First Am. Compl. ¶¶ 44, 45 (public letter of intent executed in September 2003); FTC Compl. (filed November 7, 2005).

In any event, Defendants are committed to an efficient and fair resolution of the substantially similar actions pending before this Court and in this spirit request the entry of an order consolidating these nine cases for pre-trial purposes. Fed. R. Civ. P. 42(a) (providing for consolidation where "actions involv[e] a common of question of law or fact").

---

[1]    The indirect purchaser plaintiff failed to file an opposition to Defendants' Joint Motion to Consolidate within the time prescribed by Local Civil Rule 7. Under the Local Rules, "if such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." D.D.C. R. 7(b).

None of the FTC's or States' objections to consolidation of the nine actions have merit. First, the FTC's public policy objections are based wholly on an exemption embodied in the Multidistrict Litigation Statute, 28 U.S.C.A. § 1407, and so do not apply here, even as an analogy. Second, the FTC and the States do not dispute that all actions arise from the same factual foundation, essentially conceding that they meet the criteria for consolidation under Federal Rule of Civil Procedure 42(a), which requires only that separate actions have common questions – not that they be co-extensive with one another. Third, consolidation is necessary to avoid duplicative discovery.

Nor is the Direct Purchasers' opposition compelling. It argues simply that all nine cases should not be consolidated because "different constituencies" are represented in the FTC and State actions, the Direct Purchaser actions, and the Indirect Purchaser actions. (Unlike the FTC, the Direct Purchasers at least concede that overall *coordination* of the nine cases is appropriate.) Yet nothing about the "different constituencies" precludes consolidation or undermines the Court's broad discretion in consolidating actions pursuant to Rule 42(a).

Accordingly, the Court should enter an order consolidating the nine actions and any additional cases later filed in or transferred to this Court for pre-trial purposes. *Clifford v. First Am. Corp.*, No. CIV.A. 95-0877 JHG, 1996 WL 707022, at *2 (D.D.C. Nov. 26, 1996) (stating that a court has "broad discretion" to consolidate) (*citing* 9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2383 (2d ed. 1995) ("Consolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the Court")).

## I.     RULE 42(A) DOES NOT EXCUSE A GOVERNMENTAL AGENCY FROM THE FAIR AND EFFICIENT RESOLUTION OF COMMON QUESTIONS THROUGH CONSOLIDATION

The FTC devotes the bulk of its argument to the text and legislative history of the Multidistrict Litigation Statute, asserting that this statute evinces a "public policy" excusing the Federal Trade Commission, an administrative agency, from consolidation under Federal Rule of Civil Procedure 42(a). FTC Opp'n Br. at 3-5. It does not. The Multidistrict Litigation Statute is not at issue here and, importantly, Rule 42(a) creates no exception for specific types of actions or plaintiffs. The two statutes simply do not relate or refer to one another. Moreover, were there a broad public policy exemption implied in the Multidistrict Litigation Statute that limited the applicability of Rule 42(a), which there is not, it would not cover the FTC. The plain text of the Multidistrict Litigation Statute makes this clear, as its exemption applies only when the "*United States* is a complainant." 28 U.S.C.A. § 1407(g) (emphasis added). By contrast, the FTC is an administrative agency of the United States created by Congress, it is not the United States itself. 15 U.S.C.A. § 41; FTC First Am. Compl. ¶ 10 ("Plaintiff FTC is an administrative agency of the United States government."); *see also Humphrey's Ex'r v. United States*, 295 U.S. 602, 628 (1935) ("The Federal Trade Commission is an administrative body created by Congress to carry into effect legislative policies . . . and to perform other specified duties as a legislative or as a judicial aid."); 28 U.S.C.A. § 1345 (treating the "United States" as separate from its agencies by providing for federal court jurisdiction in actions "by the United States, *or by any agency*") (emphasis added).[2]

The FTC fails to cite any authority for the proposition that, as an administrative agency, it is entitled to special treatment under Rule 42(a) to avoid consolidation when such special

---

[2]     Thus, the FTC's reliance on *United States v. Dentsply International, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) is misplaced. In *Dentsply,* the Department of Justice as the United States brought an action as the complainant.

treatment is already available through the FTC's administrative process, a process available to it alone.[3]  *See* 15 U.S.C.A. § 45(b).  To the contrary, courts often apply Rule 42(a) to cases involving administrative agencies to reap the benefits of consolidation.  *See, e.g., EEOC v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994) (EEOC was subject to consolidation and had no "absolute right to redepose already deposed witnesses, to examine or cross-examine all the trial witnesses, to make lengthy opening and closing arguments, or otherwise to duplicate the efforts of the employee's counsel as if the EEOC were the only plaintiff"); *EEOC v. Die Fliedermaus, LLC*, 77 F. Supp. 2d 460, 466 (S.D.N.Y. 1999).

Thus, to the extent that the FTC asserts that either it or its case is "special" or "different" at all, FTC Opp'n Br. at 6, it had the opportunity to avail itself of this special status by proceeding through exclusive administrative hearings at the Commission itself, as authorized by 15 U.S.C.A. § 45(b).  Had the FTC brought this suit as an administrative proceeding within the FTC, its proceeding would have been "kept separate from the private actions."  FTC Opp'n Br. at 7.  Instead, it chose to forgo the administrative hearing process and bring suit in this forum.  Having done so, this Court should not indulge the FTC's request to be treated differently from other litigants, particularly when consolidation would ensure the speedy and fair resolution of the entire dispute.  *G-K-G, Inc.*, 39 F. 3d at 745 (stating that the EEOC "is not a privileged litigant, and it is therefore subject to the usual powers of the trial judge – conferred for example by Fed. R. Civ. P. 42(a) – to prevent, through consolidation or other means, unnecessary duplication of effort in related cases").

---

[3]     In contrast, the Department of Justice suing as the United States has no administrative option available to it.

## II.  CONSOLIDATION UNDER RULE 42(A) IS APPROPRIATE WHERE THE JOINT RESOLUTION OF COMMON ISSUES WOULD MATERIALLY ADVANCE THE LITIGATION

The FTC, States, and private plaintiffs do not dispute that the nine actions pending against Defendants in this Court involve virtually identical allegations, nor could they. *See* Def.'s Joint Mot. to Consolidate ¶ 11.  Indeed, the factual foundation of all actions includes allegations that Warner Chilcott markets and sells Ovcon, an oral contraceptive; that Barr manufactures and sells pharmaceutical products; that Barr filed an Abbreviated New Drug Application ("ANDA") with the FDA for approval to market an "AB-rated" generic version of Ovcon in September 2001; that in January 2003, Barr publicly announced its intention to market generic Ovcon by the end of 2003; that in March 2004 Defendants signed a license and supply agreement; that the FDA approved Barr's ANDA to produce and market generic Ovcon on April 22, 2004; that Warner Chilcott exercised its option under the license and supply agreement on May 6, 2004; and that as a result of Warner Chilcott and Barr's agreement, some purchasers of Ovcon are paying more for the drug than they would absent the agreement.[4]  *See id.*

Thus, the thrust of the FTC's, States', and private plaintiffs' oppositions is not that the nine actions before this Court fail to overlap significantly, both factually and legally.  Rather, it is that they are not completely co-extensive.  *See, e.g.,* FTC Opp'n Br. at 7 (stating that the private actions involve "other" issues).  But the application of Rule 42(a) is not so limited.  It allows for consolidation in "actions ***involving*** a common question of law or fact."  Fed. R. Civ. P. 42(a) (emphasis added).  This does not mean that all of the actions must be consolidated in all respects and for all purposes.  *In re Pepco Employment Litig.*, Civ. A. No. 86-0603 (RCL), 1990

---

[4]    *Farahmand v. Rumsfeld*, No. CIV. A. 02-1236, 2002 WL 31630709 (E.D. Pa. Nov. 20, 2002), cited by the FTC to allege delay and harm to the public interest, is inapposite.  In *Farahmand*, potential for delay existed because the two cases at issue were "derived from different job opportunity announcements, judged by different criteria

WL 236073, at *1 (D.D.C. Dec. 20, 1990), *citing* Wright & Miller, *supra*, § 2383, at 256-57 (court need not order actions consolidated in their entirety); *see, e.g., Die Fliedermaus, LLC*, 77 F. Supp. 2d at 466 (consolidating EEOC and private suits even though private suit brought state law claims not in the EEOC complaint).

In fact, the FTC and States implicitly concede that Rule 42(a) could apply to actions that are not completely co-extensive when they consent to consolidation with one another. *See* FTC Opp'n Br. at 1 n.1 (consenting to consolidation "with the State AG Action for purposes of discovery and pretrial proceedings"); State Plaintiffs Opp'n Br. at 2, n.2 (consenting to consolidation with the FTC action). The FTC objects to consolidation with the other suits as they seek more than pure injunctive relief. FTC Opp'n Br. at 7-8 (stating that the FTC's effort to obtain injunctive relief will be "bogged down" by private complaints' request for "damages"). Yet the State Plaintiffs' Complaint itself seeks more than injunctive relief. *Compare* FTC First. Am. Compl. at X. Prayer for Relief (asking for permanent injunction and "other equitable relief") *with* State Plaintiffs First Am. Compl. at 23 (also asking for "maximum civil penalties," "attorneys' fees," and "other relief"). Similarly, the FTC opposes consolidation with the private plaintiffs based on the "significant" and "contested" issue of "whether the conduct also violates consumer protection laws in each of the states." FTC Opp'n Br. at 7 (*citing Vista Healthplan* Compl.). Yet the State Plaintiffs' Complaint itself seeks relief under the consumer protection laws of individual states. *See generally* State Plaintiffs First Am. Compl. ¶¶ 73-142 (alleging claims based upon consumer protection statutes in Alaska, Arkansas, California, Florida, Iowa, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, North Carolina, Oklahoma, South Carolina, and Vermont); *id.* at 15 (bringing "Supplemental State Law Claims").

---

within two 'significantly' different selection processes, which filtered applications from two separate applicant pools," and were "at different stages with different claims." *Id.* at *3. This is clearly not the case here.

In sum, the presence of questions of law and fact in the private actions that are not at issue in the FTC and State actions is no bar to the helpful application of Rule 42(a). *See also* Def.'s Joint Mot. to Consolidate ¶ 5 (seeking consolidation "[t]o avoid a significant waste of judicial resources, unnecessary costs and delay, and the potential for inconsistent results in the nine actions pending before this Court").[5]  In fact, consolidation would help resolve all efforts "to obtain injunctive relief."  FTC Opp'n Br. at 8; Valley Wholesale Drug Compl. ¶ 70C (direct purchaser class asking for injunctive relief); Vista Healthplan Compl. Prayer, at (e) (indirect purchaser class asking for injunctive relief).

## III.    CONSOLIDATION IS NECESSARY TO AVOID DUPLICATIVE DISCOVERY, AND AN APPROPRIATE AND TIMELY CASE MANAGEMENT ORDER WILL ENSURE THE PROMPT RESOLUTION OF THIS DISPUTE

The Court has "broad discretion" in deciding whether consolidation is desirable based on the general circumstances and context of the actions at hand.  *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001); *see also Mylan Pharm. Inc. v. Henney,* 94 F. Supp. 2d 36, 43-44 (D.D.C. 2000), *judgment vacated and appeal dismissed* by *Pharmachemie B.V. v. Barr Labs.*, 276 F.3d 627 (D.C. Cir. 2002) (consolidation is appropriate if it "will help it manage its caseload with 'economy of time and effort for itself, for counsel, and for litigants'") (*citing Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936))); *Clifford*, 1996 WL 707022, at *2; *In re Pepco Employment Litig.*, 1990 WL 236073, at *1 (consolidating cases *sua sponte*). This is such a case.

Defendants' goal is not to unfairly hamper the FTC.  They are instead committed to working in good faith with all plaintiffs to submit to the Court a timely and appropriate Case

---

[5]    Additionally, simply consolidating the FTC action with that of the State Plaintiffs would not materially advance the fair and efficient resolution of the nine actions now pending in (and any actions later filed or transferred to) this Court, as such minimal consolidation will not diminish the potential for unnecessary costs and delay, duplicative discovery, inconsistent results, or wasting of judicial resources.

Management Order. The FTC's suggestion that some sort of agreement similar to the one in the *Mylan* cases (which were not all pending in the same district or even in federal court), fails to address any of Defendants' arguments or concerns. As an initial matter, the FTC refuses to be party to *any* agreement – it merely suggests that Defendants and private plaintiffs should be subject to such an agreement (tellingly, the FTC does not even agree in its opposition to adoption of the *Mylan* order here). In any event, the *Mylan* order does not avoid duplicative discovery, and so does not fully capture the benefits from consolidation under Rule 42(a). FTC Opp'n Br. at 8-9. For example, it would not prevent Defendants' company representatives from being deposed nine separate times (or even three separate times if the set of Complaints is divided into a FTC/State complaint, a Direct Purchaser complaint, and an Indirect Purchaser complaint); it would not prevent third-party witnesses from having to appear multiple times; and it would not adequately prevent written discovery and briefing from being repetitive and burdensome. In spite of these dangers, the FTC is not even agreeable to any significant *coordination*, which even the Direct Purchasers are willing to accept.

Defendants have been very accommodating to the FTC, and have made repeated good-faith efforts to consult with the FTC. Def.'s Joint Mot. to Consolidate ¶ 15. Defendants have also submitted to the FTC and the other plaintiffs in the related actions a proposed Case Management Order proposing the "coordination" of discovery in an effort to save time, but the FTC has similarly objected to a Case Management Order addressing coordination. (*See* Defendants' Proposed Case Management Order, at Exhibit A.) At this juncture, however, consolidation is appropriate. Any concerns the FTC has regarding procedural differences (such as class certification proceedings, for example) can be addressed by consolidating the cases only for common pretrial proceedings, such as liability discovery. In sum, Defendants believe that

consolidation for most pretrial purposes (or, in the alternative, significant and meaningful coordination) is necessary and appropriate, and will continue to work with the FTC and the private plaintiffs in an effort to agree upon an appropriate Case Management Order to be submitted to the Court after consolidation. Defendants submit that such structure will ensure the prompt and efficient resolution of these cases.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order consolidating the nine pending and substantially similar actions and any additional cases later filed in or transferred to this Court for pre-trial purposes including discovery (but excluding class certification with respect to the three subgroups). In the alternative, Defendants submit that all pending cases should be coordinated in a meaningful and global fashion. To that end, Defendants will continue to negotiate an appropriate Case Management Order with plaintiffs.

Date:    January **27**, 2006

_____

Kevin J. Arquit (D.C. Bar # 438511)
Charles E. Koob (*pro hac vice* pending)

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Public Limited
Company, Warner Chilcott Holdings
Company III, Ltd., Warner Chilcott
Corporation, Warner Chilcott (US) Inc.,
Warner Chilcott Company, Inc., Galen
(Chemicals) Ltd.*

Respectfully submitted,

_____

Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar #  430431)
Chong S. Park (D.C. Bar # 463050)

KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C.  20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2006, I caused a true and complete copy of Defendants' Joint

Reply in Support of Their Motion to Consolidate and Exhibit A to be served on the following

counsel of record by first class mail.

Mark L. Kovner (D.C. Bar # 430431)

Recipients:

**ATTORNEYS FOR THE FEDERAL**
**TRADE COMMISSION**
Markus H. Meier
Bradley S. Albert
Thomas H. Brock
David Dudley
Aaron Hewitt
James Rhilinger
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, District of Columbia 20580
Phone: (202) 326-3759
Fax:    (202) 326-3384

**ATTORNEYS FOR THE STATE OF**
**COLORADO**
John W. Suthers
Devin M. Laiho
Consumer Protection Section
Attorneys for the State of Colorado
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Phone: (303) 866-5079

**ATTORNEYS FOR THE**
**COMMONWEALTH OF VIRGINIA**
Judith Williams Jagdmann
Sarah Oxenham Allen
Jennifer L. Gobble
Antitrust & Consumer Litigation Section
Attorneys for the Commonwealth of
Virginia
900 East Main Street
Richmond, Virginia 23219
Phone: (804) 786-6557

**ATTORNEYS FOR THE STATE OF**
**MARYLAND**
J. Joseph Curran, Jr.
Meredyth Smith Andrus
Ellen S. Cooper
Antitrust Division
Attorneys for the State of Maryland
200 St. Paul Street
Baltimore, Maryland 21202
Phone: (410) 576-6470

**ATTORNEYS FOR THE STATE OF ALASKA**
David W. Marquez
Clyde E. Sniffen, Jr.
Fair Business and Commercial Section
Attorneys for the State of Alaska
Alaska Attorney General's Office
1031 W. 4th Avenue #200
Anchorage, Alaska 99501
Phone: (907) 269-5200

**ATTORNEYS FOR THE STATE OF ARKANSAS**
Mike Beebe
Teresa Marks
Bradford J. Phelps
Attorneys for the State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Phone: (501) 682-3625

**ATTORNEYS FOR THE STATE OF DELAWARE**
M. Jane Brady
Michael A. Undorf
Attorneys for the State of Delaware
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, Delaware 19801
Phone: (302) 577-8924

**ATTORNEY FOR THE STATE OF ARIZONA**
Terry Goddard
Nancy M. Bonnell
Public Advocacy Division
Attorneys for the State of Arizona
Office of the Attorney General
1275 West Washington
Phoenix, Arizona 85007-2926
Phone: (602) 542-7752

**ATTORNEYS FOR THE STATE OF CALIFORNIA**
Bill Lockyer
Richard M. Frank
J. Thomas Greene
Kathleen E. Foote
Ann Marie Marciarille
Attorneys for the State of California
P.O. Box 70550
1515 Clay Street
Oakland, California 94612
Phone: (510) 622-2221

**ATTORNEYS FOR THE DISTRICT OF COLUMBIA**
Robert J. Spagnoletti
David M. Rubinstein
Bennett Rushkoff
Don A. Resnikoff
Anika Sanders Cooper
Attorneys for the District of Columbia
Office of the Attorney General for the
District of Columbia
441 Fourth Street, N.W., Suite 450N
Washington, District of Columbia 20001
Phone: (202) 727-6241

**ATTORNEYS FOR THE STATE OF FLORIDA**
Charles J. Crist, Jr.
Patricia A. Conners
Elizabeth G. Arthur
PL-01, The Capital
Tallahassee, Florida 32399-1050
Phone: (850) 414-3300

**ATTORNEYS FOR THE STATE OF IDAHO**
Lawrence G. Wasden
Brett T. Delange
Office of the Attorney General
Attorneys for the State of Idaho
Len B. Jordan Building
650 W. State Street, Lower Level
P.O. Box 83720
Boise, Idaho 83720-0010
Phone: (208) 334-2424

**ATTORNEYS FOR THE STATE OF ILLINOIS**
Lisa Madigan
Robert W. Pratt
Attorneys for the State of Idaho
Office of the Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Phone: (312) 814-3722

**ATTORNEYS FOR THE STATE OF IOWA**
Thomas J. Miller
John F. Dwyer
Layne M. Lindebak
Attorneys for the State of Iowa
2nd Floor, Hoover Office Building
East 13th & Walnut Street
Des Moines, Iowa 50319
Phone: (515) 281-70544

**ATTORNEYS FOR THE STATE OF KANSAS**
Phill Kline
Karl R. Hansen
Attorneys for the State of Kansas
120 SW 10th Street, 2nd Floor
Topeka, Kansas 66612
Phone: (785) 296-2215

**ATTORNEYS FOR THE COMMONWEALTH OF KENTUCKY**
Gregory D. Stumbo
David R. Vandeventer
Consumer Protection Division
Attorneys for the Commonwealth of Kentucky
1024 Capital Center Drive
Frankfort, Kentucky 40601
Phone: (502) 696-5389

**ATTORNEYS FOR THE STATE OF LOUISIANA**
Charles C. Foti, Jr.
James Bishop Johnson
Attorneys for the State of Louisiana
1885 N. 3rd Street, 4th Fl.
Baton Rouge, Louisiana 70802
Phone: (225) 326-6467

**ATTORNEYS FOR THE STATE OF MAINE**
G. Steven Rowe
Christina Moylan
Attorneys for the State of Maine
6 State House Station
Augusta, Maine 04333-0006
Phone: (207) 626-8800

**ATTORNEYS FOR THE
COMMONWEALTH OF
MASSACHUSETTS**
Thomas F. Reilly
Judith M. Whiting
Consumer Protection and Antitrust Division
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
Phone: (617) 727-2200, ext. 2959

**ATTORNEYS FOR STATE OF
MINNESOTA**
Mike Hatch
Ann Beimdiek Kinsella
Jennifer L. DeKarske
Attorneys for the State of Minnesota
445 Minnesota Street, Suite 1200
St. Paul, Minn. 55101
Phone: (651) 215-1564

**ATTORNEYS FOR THE STATE OF
MISSOURI**
Jeremiah (Jay) W. Nixon
Anne E. Schneider
Antitrust Counsel
Attorneys for the State of Missouri
Post Office Box 899
Jefferson City, Missouri 65102
Phone: (573) 751-8455

**ATTORNEYS FOR THE STATE OF
NEW YORK**
Eliot Spitzer
Jay L. Himes
Elinor R. Hoffmann
Attorneys for the State of New York
120 Broadway, Suite 26C
New York, New York 10271-0332
Phone: (212) 416-8269

**ATTORNEYS FOR STATE OF
MICHIGAN**
Michael A. Cox
Michelle M. Rick
Antitrust Division
Attorneys for the State of Michigan
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48913
Phone: (517) 373-1123

**ATTORNEYS FOR STATE OF
MISSISSIPPI**
Jim Hood
Sondra Simpson McLemore
Attorneys for the State of Mississippi
Post Office Box 22947
Jackson, Mississippi 39225
Phone: (601) 359-3748

**ATTORNEYS FOR THE STATE OF
NEVADA**
George J. Chanos
Eric Witkoski
Brian Armstrong
Attorneys for the State of Nevada
Office of the Attorney General Nevada
Department of Justice
Bureau of Consumer Protection
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Phone: (702) 486-3420

**ATTORNEYS FOR THE STATE OF
NORTH CAROLINA**
Roy Cooper
K. D. Sturgis
Attorneys for the State of North Carolina
North Carolina Department of Justice
9001 Mail Server Center
Raleigh, North Carolina 27699-9001
Phone: (919) 716-6000

**ATTORNEYS FOR THE STATE OF
NORTH DAKOTA**
Wayne Stenehjem
Todd A. Sattler
Consumer Protection and Antitrust Division
Attorneys for the State of North Dakota
Post Office Box 1054
Bismarck, North Dakota 58502-1054
Phone:  (701) 328-5570

**ATTORNEYS FOR THE STATE OF
OKLAHOMA**
W.A. Drew Edmondson
Thomas A. Bates
Julie Bays
Attorneys for the State of Oklahoma
4545 N. Lincoln Blvd., Suite 260
Oklahoma City, Oklahoma 73105
Phone:  (405) 522-1013

**ATTORNEYS FOR THE STATE OF
RHODE ISLAND**
Patrick C. Lynch
Edmund F. Murray, Jr.
Attorneys for the State of Rhode Island
150 South Main Street
Providence, Rhode Island 02903
Phone:  (401) 274-4400, ext. 2401

**ATTORNEYS FOR THE STATE OF
TENNESSEE**
Paul G. Summers
S. Elizabeth Martin
Antitrust Division
Attorneys for the State of Tennessee
Tennessee Attorney General's Office
Post Office Box 20207
Nashville, Tennessee 37202-0207
Phone:  (615) 532-5732

**ATTORNEYS FOR THE STATE OF
OHIO**
Jim Petro
Mitchell L. Gentile
Attorneys for the State of Ohio
Antitrust Section
150 East Gay Street, 20th Floor
Columbus, Ohio 43215
Phone:  (614) 466-4328

**ATTORNEYS FOR THE STATE OF
OREGON**
Hardy Myers
Chin See Ming
Attorneys for the State of Oregon
1162 Court Street NE
Salem, Or. 97301
Phone:  (503) 947-4333

**ATTORNEYS FOR THE STATE OF
SOUTH CAROLINA**
Henry D. McMaster
C. Havird Jones, Jr.
Attorneys for the State of South Carolina
Post Office Box 11549
Columbia, South Carolina 29211
Phone:  (803) 734-3680

**ATTORNEYS FOR THE STATE OF
TEXAS**
Greg Abbott
Mark A. Levy
Attorneys for the State of Texas
Post Office Box 12548
Austin, Texas 78711
Phone:  (512) 936-1847

**ATTORNEYS FOR THE STATE OF UTAH**
Mark L. Shurtleff
Ronald J. Ockey
Attorneys for the State of Utah
160 East 300 South, 5th Fl.
Salt Lake City, Utah 84111
Phone: (801) 366-0359

**LOCAL COUNSEL FOR LOUISIANA WHOLESALE DRUG CO., INC.**
David U. Fierst
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, District of Columbia 20036
Phone: (202) 737-7777
Fax: (202) 296-8312

**ATTORNEYS FOR LOUISIANA WHOLESALE DRUG CO., INC.**
J. Gregory Odom
Stuart Des Roaches
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, Louisiana 70130
Phone: (504) 522-0077
Fax: (504) 522-0078

**ATTORNEYS FOR LOUISIANA WHOLESALE DRUG CO., INC.**
Mitchell W. Berger
Rene D. Harrod
BERGER SINGERMAN, P.A.
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Phone: (954) 525-9900
Fax: (954) 523-2872

**ATTORNEYS FOR THE STATE OF VERMONT**
William H. Sorrell
Julie Brill
Attorneys for the State of Vermont
109 State Street
Montpelier, Vermont 05609-1001
Phone: (802) 828-3658

**ATTORNEYS FOR LOUISIANA WHOLESALE DRUG CO., INC.**
Bruce E. Gerstein
Barry S. Taus
Kevin S. Landau
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, New York 10011
Phone: (212) 398-0055
Fax: (212) 764-6620

**ATTORNEYS FOR LOUISIANA WHOLESALE DRUG CO., INC.**
David P. Smith
PERCY, SMITH & FOOTE LLP
720 Murray Street
Post Office Box 1632
Alexandria, Louisiana 71309
Phone: (318) 445-4480
Fax: (318) 487-1741

**LOCAL COUNSEL FOR ROCHESTER DRUG CO-OPERATIVE, INC.**
David U. Fierst
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, District of Columbia 20036
Phone: (202) 737-7777
Fax: (202) 296-8312

**ATTORNEYS FOR ROCHESTER DRUG CO-OPERATIVE, INC.**
Daniel Berger
David Sorensen
Eric L. Cramer
Peter Kohn
Daniel Simons
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Phone: (215) 875-3000

**ATTORNEYS FOR ROCHESTER DRUG CO-OPERATIVE, INC.**
Joshua P. Davis
LAW OFFICES OF JOSHUA P. DAVIS
437 Valley Street
San Francisco, California 94131
Phone: (415) 422-6223

**ATTORNEYS FOR ROCHESTER DRUG CO-OPERATIVE, INC.**
Kendall S. Zylstra
Lyle Stamps
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Phone: (610) 667-7706

**LOCAL COUNSEL FOR SAJ DISTRIBUTORS, INC. AND STEPHEN L. LaFRANCE HOLDINGS, INC.**
Dianne M. Nast
RODA NAST, P.C.
801 Estelle Drive
Lancaster, Pennsylvania 17601
Phone: (717) 892-3000

**ATTORNEYS FOR SAJ DISTRIBUTORS, INC. AND STEPHEN L. LaFRANCE HOLDINGS, INC.**
Michael L. Roberts
ROBERTS LAW FIRM, P.A.
Post Office Box 241790
20 Rahling Circle
Little Rock, Arkansas 72223-1790
Phone (501) 821-5575

**ATTORNEYS FOR MIEJER, INC. AND MEIJER DISTRIBUTION, INC.**
Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Washington, District of Columbia 20005-3964

**ATTORNEYS FOR MIEJER, INC. AND MEIJER DISTRIBUTION, INC.**
Linda P. Nussbaum
Steig D. Olson
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Phone: (212) 838-7797
Fax: (212) 838-7745

**ATTORNEYS FOR MIEJER, INC. AND MEIJER DISTRIBUTION, INC.**
Joseph M. Vanek
DAAR & VANEK, P.C.
225 W. Washington, 18th Floor
Chicago, Illinois 60606
Phone: (312) 224-1500

**ATTORNEYS FOR MIEJER, INC. AND MEIJER DISTRIBUTION, INC.**
Paul E. Slater
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
Phone:  (312) 641-3200

**ATTORNEYS FOR VALLEY WHOLESALE DRUG COMPANY, INC.**
William Isaacson
Tanya Chutkan
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, District of Columbia 20015
Phone: (202) 237-2727

**ATTORNEYS FOR VALLEY WHOLESALE DRUG COMPANY, INC.**
Michael Heim
Russ Chorush
CONLEY ROSE
Chase Tower
600 Travis Street, Suite 1800
Houston, Texas 77002-2910
Phone:  (713) 238-8000

**ATTORNEYS FOR VISTA HEALTHPLAN, INC.**
Kevin B. Love
HANZMAN & CRIDEN, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, Florida 33134
Phone:  (305) 357-9000

**ATTORNEYS FOR VALLEY WHOLESALE DRUG COMPANY, INC.**
Richard B. Drubel
Kimberly H. Schultz
BOIES, SCHILLER & FLEXNER LLP
26 South Main Street
Hanover, New Hampshire 03775
Phone: (603) 643-9090

**ATTORNEYS FOR VALLEY WHOLESALE DRUG COMPANY, INC.**
Angela K. Drake
Nicole D. Lindsey
LOWTHER JOHNSON LLC
901 St. Louis Street, 20th Floor
Springfield, Missouri 65806
Phone: (417) 866-7777

**LOCAL COUNSEL FOR VISTA HEALTHPLAN, INC.**
L. Kendall Satterfield
Michael G. McLellan
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, District of Columbia 20007

**ATTORNEYS FOR VISTA HEALTHPLAN, INC.**
Jay Shapiro
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.
150 W. Flagler Street, Suite 2200
Miami, Florida 33130
Phone:  (305) 789-3200

**ATTORNEYS FOR VISTA HEALTHPLAN, INC.**
Marc A. Wites
WITES & KAPETAN, P.A.
4400 North Federal Highway
Lighthouse Point, Florida 33064
Phone: (954) 570-8989

**LOCAL COUNSEL FOR AMERICAN SALES COMPANY, INC.**
Jonathan W. Cuneo
David W. Stanley
William H. Anderson
CUNEO GILBERT & LaDUCA, LLP
507 C Street, N.E.
Washington, District of Columbia 20002
Phone: (202) 789-3960

**ATTORNEYS FOR AMERICAN SALES COMPANY, INC.**
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Phone: (206) 623-7292

**ATTORNEYS FOR AMERICAN SALES COMPANY, INC.**
Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, Massachusetts 02142
Phone: (617) 482-3700

**ATTORNEYS FOR AMERICAN SALES COMPANY, INC.**
Elizabeth A. Fegan
Timothy A. Scott
HAGENS BERMAN SOBOL SHAPIRO LLP
60 West Randolph Street, Suite 200
Chicago, Illinois 60601
(312) 762-9237

**ATTORNEYS FOR SAJ DISTRIBUTORS, INC. AND STEPHEN L. LaFRANCE HOLDINGS, INC.**
Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Washington, District of Columbia 20005
(202) 408-4600