IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*<br><br>    Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDING<br>    COMPANY III, LTD., *et al.*,<br><br>    Defendants. | Civil Action Nos.   1:05cv02179 CKK<br>                              1:05cv02182 CKK |

## PLAINTIFFS' PROPOSED SCHEDULING ORDER

Plaintiffs and defendants in the related cases of *Federal Trade Commission v. Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., and Barr Pharmaceuticals, Inc.,* (Civ. Action No. 1:05cv02179 CKK), and *State of Colorado et al. v. Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Galen (Chemical) Ltd., and Barr Pharmaceuticals, Inc.,* (Civ. Action No. 1:05cv02182 CKK), having jointly met and conferred, and having filed a Report in accordance with Local Rule 16(c), and the Court having held a scheduling conference and having considered the positions of Plaintiffs and Defendants regarding scheduling and other issues, it is therefore,

**ORDERED,** as follows:

1. Consolidation

*Federal Trade Commission v. Warner Chilcott Holdings Company III, Ltd., et al.,* (Civ. Action No. 1:05cv02179 CKK), and *State of Colorado et al. v. Warner Chilcott Holdings*

*Company III, Ltd., et al.,* (Civ. Action No. 1:05cv02182 CKK), shall be consolidated for the purposes of discovery, in the following manner:

    a.    Pretrial discovery shall proceed as though the cases have been consolidated for all purposes, including trial.

    b.    Any materials, documents, or information obtained during discovery may be used at trial in the same manner, and to the same degree, as if these cases had been fully consolidated for trial.

    c.    The decision whether to consolidate the trials of these matters shall be deferred until a later date, but any motion for such consolidation shall be made no later than the last date for the filing of any motions for summary judgment.

2.    <u>Discovery</u>

    a.    <u>Interrogatories</u>: Pursuant to Rule 33(a), Fed. R. Civ. P.,

        i.    Plaintiffs shall be permitted to serve no more than 25 interrogatories, including all discrete subparts, on Warner Chilcott and no more than 25 interrogatories, including all discrete subparts, on Barr.

        ii.    Defendants shall be permitted to serve no more than 25 interrogatories, including all discrete subparts, on the Federal Trade Commission and no more than 25 interrogatories, including all discrete subparts, on the State Plaintiffs as a group, with no more than 5 of which may seek information from each State Plaintiff individually regarding its claims for civil penalties.

    b.    <u>Timing of Discovery</u>. The parties shall serve subpoenas and discovery requests

sufficiently in advance of the discovery completion date that all responses or objections will be due on or before the close of discovery. The schedule for discovery shall not apply to requests for admissions for the authentication and admissibility of exhibits.

c. <u>Depositions</u>: Pursuant to Rule 30, Fed. R. Civ. P.,

　　i. Plaintiffs and Defendants may each take the depositions of the parties; the fact witnesses named on the opposing parties' witness lists; and no more than 20 other witnesses. In addition, the parties will be permitted to take the depositions of the expert witnesses designated by the opposing parties.

　　ii. Fact witnesses who are listed on a preliminary fact witness list or who were deposed by the close of fact discovery may be included on the final witness lists. Additional fact witnesses may be included on the final witness lists only if the parties so stipulate or if there is reasonable opportunity to take the depositions of such fact witness(es) prior to trial.

d. <u>Expert Witnesses</u>:

　　i. <u>Rule 26(a)(2)(A) Information</u>. In addition to the information required by Rule 26(a)(2)(A), Fed. R. Civ. P., the parties shall exchange for each expert a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; a listing of any other cases in which the witness has testified as an expert at trial or by deposition in the past four years; and a copy of the transcript of the deposition or trial testimony.

      ii.    <u>Supplemental Production</u>. In addition to the materials required by Rule 26(a)(2)(B), a party shall produce with the expert report or the expert rebuttal report (i) a list of all commercially-available computer applications used in the preparation of the report; (ii) a copy of all data sets, in native-file format, used or developed in the preparation of the report; (iii) a copy of any customized statistical software or other customized computer programs used by the party's expert in the course of preparing the report; (iv) all processed data files developed in the preparation of the report; (v) a description of how the programs and original data sets were employed to create the final data set(s); and (vi) a description of the purpose and format of each data file and program file provided instructing a user on how replication can be conducted.

      iii.    The parties shall not be required to produce drafts of expert reports.

3. <u>Miscellaneous</u>

   a.    The following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and expert witnesses; (b) expert witnesses and other expert witnesses or consultants; and (c) expert witnesses and their respective staffs; and (2) notes, drafts, written communications, or other types of preliminary work created by, or for, expert witnesses.

   b.    The filing of summary judgment motions shall not stay the schedule established by the Court.

c. Correspondence between counsel shall be delivered via email, with a courtesy copy by first-class mail, postage prepaid, hand delivery, or overnight delivery.

d. Pleadings served via the Court's Case Management/Electronic Case Filing System after 5:00 p.m., on a weekend, or on a federal holiday shall be deemed served on the party the next business day for the purposes of calculating the due date for any responsive action.

e. Pleadings filed pursuant to LCvR 5.4(e) shall be served on opposing counsel by hand delivery both in hard copy and on electronic disk, unless the parties agree otherwise.

f. Except if the parties agree otherwise, all materials produced in response to discovery requests shall be produced in their native file format, provided that statistical, financial, and other business data shall be produced in electronic format if so maintained in the regular course of business.

4. The following schedule is established:

| | | |
|---|---|---|
| a. | Exchange of Fact Witness Lists | June 1, 2006 |
| b. | Exchange of Revised Fact Witness Lists | August 1, 2006 |
| c. | Rule 26(a)(2)(A) Disclosures | August 1, 2006 |
| d. | Close of Fact Discovery | September 1, 2006 |
| e. | Due Date for Dispositive Motions | September 15, 2006 |
| | Responsive Briefs | 30 days after motions filed |
| | Reply Briefs | 15 days after responsive briefs |
| f. | Exchange of Expert Reports | October 2, 2006 |

|      |                                      |                    |
|------|--------------------------------------|--------------------|
| g.   | Exchange of Expert Rebuttal Reports  | October 30, 2006   |
| h.   | Close of Expert Depositions          | November 22, 2006  |
| i.   | Pretrial Conference                  | December 18, 2006  |
| j.   | Trial                                | January __, 2007   |

Date: _____

_____
Colleen Kollar-Kotelly
United States District Judge