IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARNER CHILCOTT HOLDINGS )<br>COMPANY III, LTD., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:05-cv-2179-CKK |
| STATE OF COLORADO, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WARNER CHILCOTT HOLDINGS )<br>COMPANY III, LTD., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:05-cv-2182-CKK |

**DEFENDANTS' PROPOSED SCHEDULING ORDER**

In accordance with Fed. R. Civ. P. 16 and L. Civ. R. 16.4(b), the Court hereby ORDERS as follows:

1.    Amendment of Pleadings.    The parties shall be allowed to amend the pleadings pursuant to Rule 15, Fed. R. Civ. P.

2.    Summary Judgment.    Motions for summary judgment shall be filed no later than July 16, 2007.  A response to any dispositive motion shall be filed within 30 days of the service

1

of the motion, and the moving party shall have 15 days after service of the response to file a reply brief.

    3.    <u>Initial Disclosures.</u>  The parties shall serve initial disclosures as required under Rule 26(a)(1), Fed. R. Civ. P. no later than February 24, 2006.

    4.    <u>Scope of Discovery.</u>

        (a)    <u>Timing of Discovery.</u>

Except as to requests for admissions for the authentication and admissibility of exhibits, discovery shall be completed by April 2, 2007.  The parties shall serve subpoenas and discovery requests sufficiently in advance of the discovery completion date that all responses or objections shall be due on or before that date.

        (b)    <u>Limitations on Interrogatories.</u>

The parties shall serve interrogatories within the limits set by Rule 33(a), Fed. R. Civ. P.

        (c)    <u>Other Written Discovery.</u>

There shall be no limitations on the number of requests for the production of documents pursuant to Rule 34, Fed. R. Civ. P., or on the number of requests for admission pursuant to Rule 36, Fed. R. Civ. P., so long as consolidation and/or coordination of all nine pending actions has occurred in a manner that avoids duplicative discovery.  Each party may seek a protective order pursuant to Rule 26(c), Fed. R. Civ. P., with respect to the total number of requests for the production of documents or requests for admission as well as any objections to specific discovery requests.  In addition, each party may object to discovery to the

extent that such discovery is duplicative of discovery requested in any of the nine related actions.

    (d)    <u>Limitations on Depositions.</u>

Plaintiffs and Defendants each shall be permitted to take the depositions of the parties, the fact witnesses named on the opposing parties' witness lists, and no more than 50 other witnesses. The parties shall exchange proposed fact witness lists on February 1, 2007, and revised proposed fact witness lists on March 1, 2007. Expert depositions shall not be subject to the provisions and limitations of this subparagraph.

    (e)    <u>Protective Order.</u>

A protective order is necessary to safeguard confidential information concerning Defendants' and third parties' business information and shall be entered at a later date.

5.    <u>Experts.</u> Subject to the following paragraphs, there shall be no modification of the requirements of Rule 26(a)(2), Fed. R. Civ. P.

    (a)    <u>Expert Reports.</u>

Plaintiffs shall provide the expert reports required by Rule 26(a)(2)(B), Fed. R. Civ. P, by May 1, 2007, and Defendants shall provide the expert reports required by Rule 26(a)(2)(B), Fed. R. Civ. P. by June 1, 2007. The parties waive the production of draft reports.

The following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and expert witnesses; (b) expert witnesses and other expert witnesses or consultants; and/or (c) expert

3

witnesses and their respective staffs, and (2) notes, drafts, written communications or other types of preliminary work created by, or for, expert witnesses.  The protections against discovery contained in this paragraph shall not apply to any communications or documents upon which an expert specifically relies as a basis for any of his or her opinions or reports.

    (b)    <u>Expert Rebuttal Reports.</u>

Defendants' expert(s) shall provide expert rebuttal reports by June 1, 2007, and Plaintiffs' expert(s) shall provide expert rebuttal reports by July 2, 2007.

    (c)    <u>Expert Depositions.</u>

Expert witness depositions shall take place by July 17, 2007.

6. <u>Bifurcation.</u>  Trial and/or discovery shall not be bifurcated or managed in phases.

7. <u>Pretrial Conference.</u>  A pretrial conference shall be set for October 1, 2007.

8. <u>Trial Date.</u>  A trial date shall be set at the pretrial conference.

IT IS SO ORDERED.

DATED: February ____, 2006        _____
                                    Hon. Colleen Kollar-Kotelly
                                    United States District Judge