IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 1:05-cv-2179-CKK | |
| ) | | |
| WARNER CHILCOTT HOLDINGS ) | | |
| COMPANY III, LTD., *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

| | | |
|---|---|---|
| STATE OF COLORADO, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Civil Action No. 1:05-cv-2182-CKK | |
| ) | | |
| WARNER CHILCOTT HOLDINGS ) | | |
| COMPANY III, LTD., *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFFS' JOINT MOTION TO COORDINATE DISCOVERY
IN LIEU OF CONSOLIDATION WITH PRIVATE LAWSUITS**

Plaintiffs Federal Trade Commission and the Plaintiff States, through their undersigned counsel, hereby jointly move the Court for an order to coordinate the discovery in these two lawsuits with the discovery in seven lawsuits filed by private plaintiffs against Defendants. Plaintiffs have set forth the specific steps for the coordination of discovery in the attached proposed order,[1] which is endorsed by the plaintiffs in all nine lawsuits. This coordination order

---

[1] Plaintiffs reviewed the Court's instruction in paragraph 9 of its Order Establishing Procedures for Electronic Filing that a party not submit a proposed order with a motion, but we thought this was the most practical way of presenting this specific motion to the Court.

is an alternative to the consolidation of the nine cases requested in Defendants' Motion to Consolidate dated January 6, 2006.

As set forth in the attached memorandum, the FTC, the Plaintiff States, and the private plaintiffs have developed an agreement to coordinate discovery in these two enforcement actions with discovery in the following lawsuits:

1. *Meijer, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No. 1:05-CV-02195-CKK;

2. *Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Public Limited Company, et al.*, Civil Action No. 1:05-CV-02210-CKK;

3. *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al.*, Civil Action No.1:05-CV-02257-CKK;

4. *Valley Wholesale Drug Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02321-CKK;

5. *American Sales Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02335-CKK;

6. *SAJ Distributors, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02459-CKK; and

7. *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02327-CKK.[2]

The grounds for this motion, as more fully set forth in the attached memorandum, are that coordination of discovery in the lawsuits will reduce the costs of the litigation to the Court, third

---

[2] Counsel for Plaintiff Federal Trade Commission advises the Court that in conversations with Richard A. Feinstein, counsel for plaintiffs in *Valley Wholesale Drug Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02321-CKK, and with Kevin Love, counsel for plaintiffs in *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02327-CKK, plaintiffs in the lawsuits identified in Schedules B and C attached to the proposed order consent to the entry of this order in their lawsuits.

parties, the Plaintiffs and the Defendants.

Counsel for Plaintiff Federal Trade Commission advises the Court, pursuant to Local Rule 7(m), that in a March 6, 2006, conversation, Charles E. Koob, Esq., counsel for Defendant Warner Chilcott, advised Plaintiffs that this proposal was unacceptable to Defendants.

Respectfully submitted,

Dated: March 10, 2006

/s/
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone:    (202) 326-3759
Facsimile:    (202) 326-3384
Counsel for Plaintiff
Federal Trade Commission


/s/
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470
Counsel for the Plaintiff States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:05-cv-2179-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) | |
| Defendants. | ) | |
| | | |
| STATE OF COLORADO, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:05-cv-2182-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
JOINT MOTION TO COORDINATE DISCOVERY
IN LIEU OF CONSOLIDATION OF CASES**

On November 5, 2005, the Federal Trade Commission, 34 States and the District of Columbia filed these actions seeking the invalidation of an anticompetitive contract between Defendants Warner Chilcott and Barr Pharmaceuticals. Defendants have moved to consolidate these government enforcement actions with at least seven tag-along putative class actions that raise a host of issues wholly unrelated to these enforcement actions. Because the consolidation of all the pending lawsuits would unduly delay the government enforcement efforts, the FTC and

the Plaintiff States opposed the motion to consolidate and, in the alternative, proposed that discovery in the litigation be coordinated to avoid duplicative costs.

To that end, Plaintiffs in all pending lawsuits – including the Private Plaintiffs in the putative class actions – have negotiated a joint proposal to coordinate discovery, attached as a proposed order, which Plaintiffs in all lawsuits present to the Court for its approval.

## SUMMARY OF LAWSUITS

The FTC and the Plaintiff States filed these lawsuits asking the Court to invalidate a non-competition clause in a contract between Warner Chilcott and Barr.[1] In the two months after the government enforcement actions were filed, numerous Private Plaintiffs filed putative class actions seeking treble damages for injuries due to the antitrust violations identified in the government enforcement cases.[2] Defendants filed a motion to consolidate the government

---

[1] In Civil Action No. 1:05-cv-2179-CKK, the FTC seeks an injunction under section 5 of the FTC Act, 15 U.S.C. § 45(a), enjoining Warner Chilcott and Barr from maintaining or enforcing the covenant not to compete. In Civil Action No. 1:05-cv-2183-CKK, the 34 Plaintiff States and the District of Columbia seek a similar injunction under section 1 of the Sherman Act, 15 U.S.C. § 1, and the corresponding state statutes, and equitable civil penalties under the applicable state statutes

As set forth in the February 8, 2006, Civil Rule 16.3 Report to the Court, the FTC, the Plaintiff States and Defendants agree, subject to the Court's approval, to the consolidation of these two government enforcement actions.

[2] These lawsuits include *Meijer, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No. 1:05-CV-02195-CKK; *Louisiana Wholesale Drug Co., Inc. v. Warner Chilcott Public Limited Company, et al.*, Civil Action No. 1:05-CV-02210-CKK; *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al.*, Civil Action No.1:05-CV-02257-CKK; *Valley Wholesale Drug Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02321-CKK; *American Sales Company, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02335-CKK; *SAJ Distributors, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02459-CKK; and *Vista Healthplan, Inc. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No.1:05-CV-02327-CKK.

enforcement actions with these tag-along lawsuits, even though Defendants do not dispute that the private litigation raises numerous that simply are not relevant to the government enforcement actions.

The FTC and the Plaintiff States – as well as the Private Plaintiffs – all oppose Defendants' motion to consolidate because the discovery and other pretrial proceedings in the cases are different and because the consolidation of these cases would unduly delay the government enforcement actions. Indeed, developments since the motion to consolidate was briefed confirm these concerns. Defendants have advised the Court that they will need until April 7, 2007, to complete all discovery in the private lawsuits. Defendants also have advised the Court that discovery in the streamlined government enforcement actions will take just as long, even though the government lawsuits do not raise issues such as, *inter alia,* class certification, causation, injury-in-fact, and the calculation of treble damages, all of which are central to the private lawsuits.[3]

Nevertheless, in their opposition to the motion to consolidate, the FTC and the Plaintiff States advised the Court that there are ways in which the parties to the various lawsuits could cooperate in discovery, fashioned after the approach that was endorsed by United States District

---

[3]  *Compare* Civil Rule 16.3 Report to the Court ¶ 8(a), Civil Action No. 1:05-cv-2179-CKK and Civil Action No. 1:05-cv-2182-CKK, *with* Civil Rule 16.3 Report to the Court ¶ 8(a) *Meijer, Inc. et al. v. Warner Chilcott Holdings Company III, Ltd.,* Civil Action No. 05 Civ. 2195 (CKK), dated February 9, 2006.

Other issues unique to the private cases unpredictably will arise in the course of the private lawsuits. Just last week, for example, Defendants jointly filed a forty-page brief in support of a motion to dismiss one of the private lawsuits, Civil Action No. 1:05CV02327, on the grounds, *inter alia*, that the plaintiffs in that case sought monetary damages that are barred by *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977). These issues are irrelevant to the government enforcement actions.

Judge Thomas F. Hogan in *FTC v. Mylan Laboratories, Inc.*, Civ. No. 1-98-cv-3114 (TFH).[4] To this end, the FTC, the Plaintiff States and the Private Plaintiffs present to the Court a proposal to coordinate discovery similar to the *Mylan* order, attached as a proposed order.

## DISCUSSION

The consolidation of government antitrust enforcement actions with private lawsuits is inappropriate because the government antitrust enforcement efforts are not to be delayed by their consolidation with private treble damage actions.[5] Government enforcement actions must be given priority. At the same time, the Federal Rules of Civil Procedure must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. To this end, the Court has broad authority to "adopt[] special procedures for managing potentially difficult or protracted actions . . . ." Rule 16(c)(12), Fed. R. Civ. P. The order Plaintiffs propose to govern the coordination of discovery will assist the Court and the parties in achieving these sometimes competing goals.

First, the proposed order explicitly recognizes the priority to be extended to the government enforcement actions. Under paragraph 2, the proposal makes clear the expectation that the participation of the parties to the private lawsuits would be arranged in a way "not to delay the discovery or other proceedings" in the government enforcement actions. This language is drawn directly from the order entered by Judge Hogan in the *Mylan* case.

Second, the proposal would facilitate the discovery by the Private Plaintiffs and

---

[4] The papers from *Mylan* are attached as exhibits to FTC's Brief in Opposition to Motion to Consolidate dated January 17, 2006.

[5] *See* FTC's Brief in Opposition to Motion to Consolidate dated January 17, 2006.

Defendants in the private litigation. Subject to the entry of a protective order in all cases, paragraph 3 would provide the Private Plaintiffs access to the discovery that the government enforcement agencies have taken in the investigations before these lawsuits were filed in order to eliminate the need to duplicate that discovery by either the Private Plaintiffs or Defendants.[6]

Third, the proposal would require the parties to coordinate written discovery directed either to other parties to the litigation or to persons who are not parties to lawsuits. Paragraph 8 would require the government plaintiffs and the Private Plaintiffs to use their best efforts to serve written discovery on Defendants at the same time. Under paragraph 10, a party would give notice to all other parties before serving subpoenas on non-parties seeking the production of documents, and the other parties must use good faith to serve other subpoenas on the third party at the same time. Further, paragraphs 7 and 11 specify that written discovery in any of the lawsuits would be shared among all parties to the lawsuits.

Finally, the proposal would require the parties to coordinate depositions both of parties and non-parties. Under paragraph 13 and 14, the government enforcement agencies and the Private Plaintiffs would coordinate the depositions both of Defendants' personnel and of non-parties. Similarly, under paragraph 15, Plaintiffs and Defendants would give all parties advance notice of all non-party depositions so that Plaintiffs and Defendants can participate in a deposition noticed in one case as if it were noticed in all lawsuits.

---

[6] Also, under paragraph 5, the Private Plaintiffs and Defendants would proceed separately from the government enforcement actions with discovery relating to the class certification issues under Rule 23, Fed. R. Civ. P. Although this discovery likely is not pertinent to the government enforcement actions, the government agencies would be notified of this discovery; would have the discretion to participate in this discovery; and would have access to the discovery if they do not participate.

## CONCLUSION

The FTC and the Plaintiff States respectfully suggest that there is no perfect solution for simultaneously processing the government enforcement lawsuits and the seven tag-along private treble damage actions. However, it is clearly inappropriate either to consolidate the cases outright or to keep the cases separate for all purposes. As explained in the FTC's and Plaintiff States' January 17, 2006 memoranda, the consolidation of these cases would cause unacceptable delays in the antitrust enforcement efforts of the federal and state governments. And, yet, the FTC and the Plaintiff States appreciate how the complete lack of cooperation among the parties to the lawsuits might impose unnecessary and duplicative costs on the Court, third parties, and the litigants themselves.

The proposed order is the best compromise for these cases. Therefore, the FTC and the Plaintiff States, with the consent of the Private Plaintiffs, move the Court for an order to coordinate discovery in the various lawsuits pursuant to the terms of the proposed order.

Respectfully submitted,


Dated: March 10, 2006

\_\_\_\_\_/s/_____
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone:   (202) 326-3759
Facsimile:   (202) 326-3384

Counsel for Plaintiff Federal Trade Commission

                                /s/
_____
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470

Counsel for the Plaintiff States