IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF COLORADO, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:05-cv-2182-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) |
| Defendants. | ) |

**EXHIBITS FILED IN SUPPORT OF
PLAINTIFF STATES' MOTION FOR LEAVE TO
FILE PER SE MOTION FOR SUMMARY JUDGMENT**

# EXHIBIT A

```
                                                              1

                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

WALGREEN CO., et al.,          :    CV No. 06-494(CKK)
         Plaintiffs,           :    April 4, 2006
V                              :
WARNER CHILCOTT HOLDINGS       :    10:30 a.m.
COMPANY, III, LTD., et al.     :
         Defendants.           :    Washington, DC
...............................
STEPHANIE COHEN, et al.,       :    CV No. 06-401(CKK)
         Plaintiffs,           :    April 4, 2006
V                              :
WARNER CHILCOTT PUBLIC         :    10:30 a.m.
LIMITED COMPANY, et al.        :
         Defendants.           :    Washington, DC
...............................
SAJ DISTRIBUTORS, INC.         :
et al.,                        :    CV No. 05-2459(CKK)
         Plaintiffs,           :    April 4, 2006
V                              :
WARNER CHILCOTT HOLDINGS       :    10:30 a.m.
COMPANY, III, LTD., et al.     :
         Defendants.           :    Washington, DC
...............................
AMERICAN SALES COMPANY, INC    :    CV No. 05-2335(CKK)
         Plaintiffs,           :    April 4, 2006
V                              :
WARNER CHILCOTT HOLDINGS       :    10:30 a.m.
COMPANY, III, LTD., et al.     :
         Defendants.           :    Washington, DC
...............................
VISTA HEALTHPLAN, INC.,        :
et al.,                        :    CV No. 04-2327(CKK)
         Plaintiffs,           :    April 4, 2006
V                              :
WARNER CHILCOTT HOLDINGS       :    10:30 a.m.
COMPANY, III, LTD., et al.     :
         Defendants.           :    Washington, DC
...............................

         TRANSCRIPT OF INITIAL STATUS CONFERENCE
         BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
              UNITED STATES DISTRICT COURT JUDGE
```

1  reports or for --
2           THE COURT: Done.
3           MR. MEIER: My understanding was everything is over.
4           MS. WALKER: So we would back up to do the exchange.
5           MR. MEIER: Yes.
6           THE COURT: I'll pick a date within -- we can pick a
7  date within December.
8           MS. WALKER: Your Honor, I just wanted to raise one
9  issue as to your preference. We would anticipate filing a
10 summary judgment motion, and if we are closing --
11          THE COURT: I've learned the hard way. Okay? The way
12 we do this is you get all your discovery done. I'll set a
13 status. I bring you all in, or we will do it separate, the
14 government with one set, the private plaintiffs in another set,
15 and then I'll set a briefing schedule. Otherwise, the briefing
16 schedule is set, your changes, and we constantly are moving it
17 back. I want to come in, set dates and not move them.
18          MS. WALKER: That's fine, Your Honor.
19          THE COURT: Fifty percent of my ECF things are people
20 asking for additional time for something. So I'm getting -- I
21 want you to know up front you're going to have to stick to these
22 dates.
23          MR. MEIER: Your Honor, if I may. Markus Meier again
24 with the FTC. We do intend to try to file a summary judgment
25 motion before the close of discovery. I assume that is not

1  accepted.
2        THE COURT: No. No. Don't do that. They will file a
3  56(f) and nothing will happen. Don't do that. It's a waste of
4  time. And I don't want to have a bunch of little motions that
01:05:30 5  are extended while they get discovery and then you try and do
6  it. Discovery is done and then you file it.
7        What I'm going to do is set a couple of dates today.
8  We've done the outside dates. I'm going to give you a date you
9  come back, you know, to give me a case management that has
01:05:51 10 within these dates, sets something out.
11       I will set a status date as of today. I'll break it
12 down to the government people versus the privates, since you're
13 finishing, and at that point when I bring you back you tell me
14 what kind of motions you're going to file and we will figure out
01:06:07 15 a schedule that works and then you're stuck with the schedule.
16       I don't want to have any movements here. There's too
17 many people and it's going to take too long. I have too many
18 other cases. I need to get these so I don't hold everything up
19 either. So I don't want it beforehand.
01:06:20 20       MR. MEIER: Thank you.
21       THE COURT: All right. So we've got the two outside
22 date for discovery. I'll leave it to you to figure out the in
23 between.
24       Now, when can you get me a case management order that
01:06:35 25 is going to have some of the management issues that you've

1  talked about and obviously these dates? Give me a time.
2  Let me give you a moment to sort of chat among
3  yourselves. Why don't I take a short break in here and give you
4  a chance to talk about when you can propose it. I need a quick
5  turnaround because if you can't do it, I'll do it. So let me --
6  10 minutes, does that work?
7  **(Recess began at 11:39 a.m.)**
8  **(Recess ended at 11:56 a.m.)**
9  THE COURT: All right. Let me just sort of go over
10 what I'm going to do and you can fill me in on certain of the
11 dates.
12 I will sign the protective orders which are -- since
13 they are different parties, I will actually sign them instead of
14 just doing a minute entry, in nine of them, and then you will
15 let me know tomorrow for the last two cases.
16 MR. PERWIN: Your Honor, I've have a chance to look
17 at -- the protective order is fine. Your Honor can enter it in
18 the Walgreen case as well.
19 THE COURT: And you need additional --
20 MR. SINK: I'm looking at it right now, Your Honor. I
21 hope to have an answer soon; by the end of the today certainly.
22 THE COURT: I will also go ahead and sign the order
23 setting up the executive committee for the six direct
24 purchasers.
25 I will then set a date for when you would be providing

1  me with this case management order which would separate the
2  government people from the private plaintiffs.
3        Obviously, the protective orders you don't need to
4  touch on the executive committee, but anything else that
01:25:53 5  involves how you want to manage it, other than the docketing
6  which I'll check on.
7        We've set out the two dates. I'll set December 22nd as
8  the government's scheduled date and March 2nd of '07 as the
9  plaintiffs, which would cover everything.
01:26:32 10       You're going to be -- and have you figured out a date
11  when you're going to be able to submit one? Hopefully agree to.
12       MS. NUSSBAUM: Your Honor, we thought that if we could
13  have until Friday, April 14th, we could have a draft CMO and
14  also explore VERA law or some similar vendor in terms of what
01:26:54 15  the court suggested. So we would need to discuss that with all
16  the other parties.
17       THE COURT: So that's for the private plaintiffs.
18       Would that work for the government as well or do you
19  need something?
01:27:06 20       MR. MEIER: Friday, the 14th, works for the government,
21  Your Honor.
22       THE COURT: All right. In terms of the direct
23  purchasers, you're going to be filing -- let me clarify this.
24  You're going to be filing an amended complaint in -- is it the
01:27:30 25  first one, 05-2195?

1     MS. NUSSBAUM: Yes, Your Honor. We would do an amended
2 consolidated class action complaint and we will file it under
3 that case number.
4     THE COURT: Okay. And then I assume that, since all of
01:27:45  5 you, including the counsel representing the parties, will be in
6 that one case, that the other five cases can be dismissed.
7     MS. NUSSBAUM: That's correct, Your Honor.
8     Can we have until April 14th to file that?
9     THE COURT: All right. And I'll work out some way of
01:28:06 10 doing a master file for docketing, and I'll put an order out.
11 So if it's something that's going to cover everything
12 across-the-board, you file it once. We will either do a
13 designation or some other way of doing it. But I'll do that.
14     And the only other thing I think we need is status
01:28:34 15 dates. Besides status dates, anything else that we need to talk
16 about in terms of dates or anything else?
17     MR. MEIER: Excuse me, Your Honor. Markus Meier again
18 with the FTC.
19     At the risk of angering the court, I understand --
01:28:56 20     THE COURT: Judges never get angry.
21     MR. MEIER: I understand Your Honor's position on the
22 summary judgment motion, but if I may be heard on that.
23     I understand the court's concerns and I understand how
24 these things can blow out of control. But, on the other hand,
01:29:11 25 we believe -- the government plaintiffs believe that there are a

1  set of very limited undisputed facts that are already in hand.
2         As Mr. Koob said, it was a publicly announced --
3         THE COURT: Can I ask -- let me interrupt if I may.
4         Why don't you have a discussion with the defendants as
5  to whether they are going to file -- based on what you're going
6  to come up with. They may oppose it. The question I have is
7  whether they are going to ask for discovery on it, because then
8  we get a 56(f) and it's a waste of everybody's time.
9         So the question is if you have a discussion with them
10 and they agree with you that, based on the record you've got,
11 there's not going to be a factual dispute, fine. If there is,
12 then forget it because then they are going to file a 56(f).
13 Under our circuit's law it's very hard to frankly say no, you
14 can't have the discovery.
15        We can set a short turnaround time once discovery is
16 done on this, but if they think they are going to have
17 discovery -- and I won't know the case well enough, frankly,
18 which is why I think the circuit tells us in general to let them
19 have discovery unless it's futile, pretty much, and there's a
20 few other little exceptions there. So that's why I've learned
21 that it's just not worthwhile. It's a waste of most people's
22 time to figure it out.
23        But if you can agree that there's a set of facts that
24 there's a legal issue we can deal with, then I don't have a
25 problem with it.

1   MR. MEIER: We certainly think that's the case, Your
2  Honor, but I'm not sure if the defendants will agree, but we
3  will take a run at that.
4   THE COURT: All right.
5   MR. SINK: Your Honor, Robert Sink for the plaintiffs
6  Cohen. We agree to the protective order.
7   THE COURT: All right. So that's for the consumer.
8  Then I'll go ahead and enter all orders in all 11 cases.
9   MR. KOOB: Your Honor, Charles Koob again for Warner
10 Chilcott.
11   One date that I don't think Your Honor mentioned. I
12 think Mr. Love said that he was going to file an amended
13 complaint and we need a date for that. That deals with the
14 indirect purchasers and the motion to dismiss that Your Honor
15 has denied without prejudice.
16   MR. LOVE: I thought we had picked April 14th as well.
17   THE COURT: In other words, all of the amended
18 complaints will be April 14th.
19   MR. LOVE: And, Your Honor, if we can, we would also
20 like to file our proposed CMO for structuring third-party payor
21 case by that date as well.
22   THE COURT: All right.
23   MR. LOVE: With the liaison counsel.
24   THE COURT: That sounds good. So let me look at status
25 dates.

# EXHIBIT B

ATTORNEY GENERAL OF TEXAS
GREG ABBOTT

May 12, 2006

By Email

Charles E. Koob
Simpson, Thacher & Bartlett, LLP         ckoob@stblaw.com
425 Lexington Ave.
New York, N.Y. 10017

Karen N. Walker
Kirkland & Ellis, LLP                    kwalker@kirkland.com
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Re: Colorado, et al. v. Warner Chilcott Holdings, et al., C.A. No. 1:05CV02182 (CKK)

Dear Counsel:

    This letter is written on behalf of Plaintiff States in the above captioned matter.

    Plaintiff States, the FTC, Defendants and a variety of private plaintiffs and third parties are now engaged in what will soon become expensive and burdensome discovery. Plaintiff States believe that filing a Motion For Summary Judgment may quickly resolve this litigation, because it is our position that discovery is not necessary to resolve the merits of this case. Plaintiff States' motion would assert that the Option and License Agreement and the Supply Agreement attached thereto as Exhibit A (the "Agreements") entered into between Warner Chilcott and Barr Laboratories constitute per se violations of the Sherman Act and state antitrust law.

    Plaintiff States' summary judgment motion would be based on an analysis of the terms of the Agreements themselves and the competitive relationship between your clients. Since the written Agreements speak for themselves, no additional discovery is needed for the Court to reach a conclusion as to whether, by their terms, the Agreements constitute per se violations of the antitrust laws. Moreover, no additional discovery is necessary to establish that Barr sought and obtained approval to market a generic version of Ovcon, and that it publicly announced its intention to do so.

    Plaintiff States intend to reference the following materials in the summary judgment motion: the Option and License Agreement; the Supply Agreement attached as Exhibit A thereto; Defendants' Answers to the Plaintiff States' Complaint; the Ovcon Transitional Support and Supply Agreement between Bristol-Myers Squibb Co. and Warner Chilcott, Inc.; Defendants' public filings and press releases; and Board of Directors' minutes.

May 12, 2006
Mr. Charles Koob
Ms. Karen Walker

Page 2

    At the Initial Status Conference, the Court directed Plaintiff States to consult with defendants prior to filing a summary judgment motion to confirm that Defendants do not anticipate filing an opposition pursuant to Fed. R. Civ. P. Rule 56(f). If your clients do intend to rely on Rule 56(f), they will be required to file sworn affidavits asserting that they cannot "for reasons stated present by affidavit facts essential to justify [their] opposition" to the motion. Plaintiff States do not believe that Defendants need additional discovery before they can "present by affidavit facts essential to justify their opposition" to a motion asserting that the Agreements are per se illegal.

    If I do not hear from you by May 19, 2006, Plaintiff States will understand that your clients do not intend to file affidavits pursuant to Rule 56(f) in opposition to Plaintiff States' per se summary judgment motion.

    Please feel free to contact me if you wish to discuss this matter.

    Sincerely yours,

    /s/ William J. Shieber

    William J. Shieber
    Assistant Attorney General
    Texas Office of the Attorney General
    Antitrust and Civil Medicaid Fraud Division
    P.O. Box 12548
    Austin, Texas 78711-2548
    (512) 463-1710
    (512) 320-0975 (fax)
    William.Shieber@oag.state.tx.us

cc:    Devin Laiho, Colorado Department of Law    (*devin.laiho@state.co.us*)
    Thomas Brock, FTC    (*tbrock@ftc.gov*)
    Markus Meier, FTC    (*mmeier@ftc.gov*)
    Brad Albert, FTC    (*balbert@ftc.gov*)
    Peter Thomas, Simpson Thacher & Bartlett LLP    (*pthomas@stblaw.com*)
    Mark Kovner, Kirkland & Ellis LLP    (*mkovner@kirkland.com*)
    Chong S. Park, Kirkland & Ellis LLP    (*cpark@kirkland.com*)

# EXHIBIT C

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

202 879-5000

www.kirkland.com

Karen N. Walker
To Call Writer Directly:
202 879-5096
kwalker@kirkland.com

Facsimile:
202 879-5200

May 17, 2006

**VIA EMAIL AND U.S. MAIL**

William J. Shieber
Texas Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

Re:   **In re Ovcon 35 Antitrust Litigation (C.A. 1-05-2182 and related cases)**

Dear Will:

   We are in receipt of your letter of Friday afternoon regarding your demand that Defendants agree to the premature filing of a summary judgment motion in this action. As an initial matter, we believe you misrepresented the rulings of the Court at the April 4, 2006 status conference, wherein the Court ruled that summary judgment motions would be briefed *after* the close of discovery. (Tr. at 51.) Although the Government Plaintiffs raised the issue *again* at the end of the status conference, the Court did not authorize plaintiffs to file a motion for summary judgment unless Defendants were willing to stipulate to the necessary facts. Specifically, the Court instructed the Government Plaintiffs that "if you have a discussion with [the Defendants] and they agree with you that, based on the record you've got, there's not going to be a factual dispute, fine. If there is, then forget about it. . . ." The Court only authorized an early summary judgment motion if "you can agree that there's a set of facts that there's a legal issue we can deal with, then I don't have a problem with it." (Tr. at 56.)

   Defendants do not so agree. Defendants believe that at this time there are numerous factual disputes. Contrary to the assertions in your letter, Defendants submit that the agreements reached between Warner Chilcott and Barr concerning Ovcon 35 were lawful license and exclusive supply arrangements imposing either no restraint of trade whatsoever or whose pro-competitive benefits outweigh any potential adverse effects. Defendants dispute that the transactions at issue are susceptible to per se treatment at all, but instead are subject to a Rule of Reason analysis. Regardless of the legal framework, numerous factual issues are raised by the allegations of the complaints and Warner Chilcott and Barr's defenses -- including, *inter alia*, the background of the agreements, the supply circumstances faced by Warner Chilcott, the supply capacities of both Bristol Myers and Barr, the availability of competitive non-AB rated products,

Chicago    London    Los Angeles    Munich    New York    San Francisco

May 17, 2006
Page 2

and the relevant market for contraceptive drugs. These and other issues all require factual investigation, expert analysis, and presentation to the Court.

Sincerely,

Karen N. Walker

cc: Devin Laiho
Linda Nussbaum
Kevin Love
Charles Koob
Peter Thomas