IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STATE OF COLORADO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-2182-CKK |
| ) | |
| WARNER CHILCOTT HOLDINGS ) | |
| COMPANY III, LTD., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF STATES' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE A PER SE MOTION FOR SUMMARY JUDGMENT**

Plaintiff States respectfully file this reply memorandum in support of their motion for leave to file a motion for summary judgment asserting that the agreement between Defendants Barr Pharmaceuticals, Inc. ("Barr") and Warner Chilcott constitutes a per se violation of the Sherman Act and state antitrust laws.

In our initial motion papers, Plaintiff States argued that Defendants could oppose the proposed per se summary judgment motion without requiring additional discovery under Rule 56(f), Fed. R. Civ. P. Defendants' twenty-one page opposition brief proves our point. Only two pages of Defendants' opposition is devoted to a discussion of Rule 56(f). Opposition at 20-21. The remainder of Defendants' brief is spent discussing the FTC's investigation of Defendants,[1] disputing

---

[1] It is our understanding that the FTC disagrees with Defendants' characterization of that agency's investigation. *See* Opposition at 2-3, 5-6 & 13. In any event, the history of the FTC investigation is irrelevant to the Court's consideration of whether a Rule 56(f) request should be granted.

what the Court meant at the April 4 status conference,[2] and arguing that the Barr-Warner Chilcott agreement does not deserve condemnation under the per se rule.

Plaintiff States disagree with Defendants' statement of the law regarding application of the per se rule.[3] We believe that, if the Court were to grant us leave to file a motion for summary judgment, we would demonstrate that the Barr-Warner Chilcott agreement is per se illegal. The present motion, however, does not address the underlying merits of the proposed per se summary judgment motion – only whether Defendants need discovery to obtain "facts essential" to oppose it. For this reason, Plaintiff States will only address in this reply memorandum assertions made by Defendants concerning the per se rule which are relevant for the Court's consideration of the present motion. As set forth below, Defendants' opposition substantially misstates the law.

---

[2] At the April 4 Status Conference, the Court said that "if you have a discussion with [Defendants] and they agree that, based on the record you've got, there's not going to be a factual dispute fine. If there is, then forget it, *because they are going to file a 56(f)*" Transcript at 56 (emphasis added). Defendants fail to include the italicized portion of the quoted sentence in their opposition brief. Opposition at 7. In so doing, they change the meaning of the Court's statement.

[3] As just one example, Defendants state that the Supreme Court, in *Texaco, Inc. v. Dagher*, 126 S. Ct. 1276 (2006), "rejected the application of the per se standard to a horizontal agreement between competitors." Opposition at 12. This statement is flatly wrong. In *Dagher*, the Supreme Court affirmed that "[p]rice- fixing agreements between two or more competitors, otherwise known as horizontal price-fixing agreements, fall into the category of arrangements that are per se unlawful." 126 S. Ct. at 1279. The Supreme Court concluded, however, that the price restriction at issue was not subject to the per se rule because it constituted "*price setting by a single entity* – albeit a joint venture – and not a pricing agreement between competing entities with respect to competing products." 126 S. Ct. at 1280 (emphasis added).

## ARGUMENT

In reviewing the present motion for leave, it is important to keep in mind what Defendants do not – and cannot – dispute:

- The question of whether an agreement is per se illegal "can often be resolved on a motion . . . for summary judgment."[4]

- The determination as to whether a horizontal agreement between competitors is per se illegal is a question of law.[5]

- The Court has broad discretion to grant or deny a Rule 56(f) request.[6]

- If the evidence being sought "'pertains to information already available to [the non-moving party],'" it is not an appropriate subject for a Rule 56(f) request.[7]

- If the evidence being sought is irrelevant to resolution of the summary judgment motion, the Rule 56(f) request is futile and should be denied.[8]

---

[4] *The Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of Rhode Island*, 373 F. 3d 57, 61 (1st Cir. 2004) (*citing Addamax Corp. v. Open Software Foundation, Inc.*, 152 F. 3d 48, 50-51 (1st Cir. 1998)). *See, e.g., Arizona v. Maricopa County Medical Society*, 457 U.S. 332 (1982) (Supreme Court reversed lower court's denial of summary judgment on agreement by medical profession setting maximum fees for health services provided to insureds); *Citizen Publishing Co. v. United States*, 394 U.S. 131, 134-35 (1969) (summary judgment that joint operating agreement between two newspapers that pooled profits pursuant to an inflexible ratio reduced incentives to compete, was a per se Section 1 violation "plain beyond peradventure").

[5] *See, e.g., Craftsmen Limousine, Inc. v. Ford Motor Co.*, 363 F. 3d 761, 772 (8th Cir. 2004).

[6] See, e.g., *Messina v. Krakower*, 439 F. 3d 755, 762 (D.C. Cir. 2006).

[7] *See, e.g., Mason Tenders District Council Pension Fund v. Messera*, 958 F. Supp. 869, 894-95 (S.D.N.Y. 1997) (quoting *Frankel v. ICD Holdings S.A.*, 930 F. Supp. 54, 66 (S.D.N.Y. 1996)); *see also Walters v. City Of Ocean Springs*, 626 F.2d 1317, 1321-22 (5th Cir. 1980).

[8] *See, e.g., Law Office of Azita Mojarad v. Aguirre*, 2006 U.S. Dist. LEXIS 17090, *39 (D.D.C., March 27, 2006)

Rather than dispute any of these critical propositions, Defendants make various arguments which are either irrelevant or incorrect.

1. <u>Timing of Motion</u> – Defendants argue that, because there would only be "five months" left before the close of discovery, the Court should require Plaintiff States to delay filing their motion until that time. Opposition at pp. 8-9. This assertion is entirely irrelevant as to whether Defendants need additional discovery under Rule 56(f).

Defendants' assertion also makes no sense. The length of the remaining period for discovery has little bearing on the amount of discovery that will take place during that period. In the case at bar, the Plaintiff States, in conjunction with the FTC, have served discovery requests on Defendants and thirteen third parties. Defendants, in turn, have served discovery requests on the Plaintiff States and various third parties. The parties also will take depositions of numerous fact witnesses and, at the end of the discovery period, engage in extensive and expensive expert discovery. If Plaintiff States prevail on a motion for summary judgment, much of this discovery will be avoided.[9] Moreover, if the Court concludes that the Barr-Warner Chilcott agreement is anticompetitive now, rather than six months from now, it means that consumers in the United States will be able to purchase generic Ovcon without months of additional, unnecessary delay.

2. <u>Specific areas for which additional discovery is requested</u> – Defendants assert that, before they can answer the proposed summary judgment motion, they must obtain evidence on

---

[9] As the Supreme Court observed in *FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411 (1990), the "per se rules avoid 'the necessity for an incredibly complicated and prolonged economic investigation into the entire history of the industry involved, as well as related industries, in an effort to determine at large whether a particular restraint has been unreasonable.'" *Id.* at 432 (*quoting Northern Pacific R. Co. v. United States*, 356 U.S. 1, 5 (1958)).

four issues. Opposition at 20-21. However, the four issues listed are irrelevant to the Court's consideration of whether the Defendants' agreement is per se illegal. *See* I ABA Section of Antitrust Law, *Antitrust Law Developments* 58 (5th ed. 2002) ("Certain agreements are treated as illegal per se with virtually no factual inquiry. For example, . . . market allocation agreements among competitors rarely have plausible procompetitive justifications, and all a plaintiff usually needs to prove to establish illegality is that such an agreement exists.").[10]

Defendants assert that they need discovery concerning whether the agreement at issue "was reasonable in relation to the development and preservation of Defendants' businesses." Opposition at 20 (Issue 1). But no amount of discovery on that issue could help Defendants. Under the antitrust laws an imminent competitor is not permitted to agree to sacrifice its own market entry to rescue a seller from a possible supply problem; nor is an incumbent seller permitted to avoid business difficulties related to unreliable supply or new competition for its most profitable product, by paying an imminent competitor not to compete.[11] Moreover, even

---

[10] Defendants argue that *California Dental Ass'n v. FTC*, 526 U.S. 756 (1999), mandates that this court allow them to conduct discovery. Opposition at 21. However, that decision has no relevance to the present motion, as it did not involve either a motion for summary judgment or, for that matter, an analysis of the per se rule. *California Dental* involved a challenge to a trade association's rules regarding member advertising. *Id.* at 763. The Supreme Court observed that, in general, restrictions on advertising price or quality of services are subject to summary condemnation. *Id*. at 771. However, the Supreme Court concluded that, because of the "striking disparities between the information available to the professional and the patient," the dental association's restrictions on advertising dental services potentially could prevent "false or deceptive advertising." *Id.* at 771-72. For this reason, it held that a full rule of reason analysis, rather than a "quick look" rule of reason analysis, should be applied. *California Dental* is thus entirely irrelevant to whether the agreement between Defendants can be reviewed on a motion for summary judgment without any further discovery being required under Rule 56(f).

[11] The Supreme Court dealt with just this type of situation in *Palmer v. BRG of Georgia, Inc.*, 498 U.S. 46, 49-50 (1990) (per curiam). In *Palmer*, two companies, which had competed in providing bar review courses in Georgia, stopped competing. Instead, one competitor became

assuming *arguendo* that this information is relevant, Defendants already have access to evidence regarding their own business conditions, so additional discovery on this point is unnecessary.

Defendants also assert that they need discovery concerning whether their agreements "injured competition in any relevant market." Opposition at 20 (Issue 2). Notwithstanding Defendants' assertions, market definition is irrelevant in per se cases involving horizontal market allocation agreements.[12]

Moreover, Defendants assert that they need discovery as to whether their agreement has "pro-competitive effects that benefit competition as a whole in any relevant market," Opposition at 20 (Issue 3), and whether their agreements "have harmed competition and/or consumers. . . ." *Id.* at 20-21 (Issue 4). Again, it is black-letter law that the consideration of whether the agreement has pro-competitive effects or anti-competitive effects is not relevant if an agreement is among those types deemed to be per se illegal.[13] In this regard, the leading antitrust treatise

---

the exclusive distributor for the other in Georgia, and both companies agreed not to compete outside of Georgia. *Id.* at 47. The Supreme Court condemned the agreement as "unlawful on its face." *Id.* at 50. *See Engine Specialties, Inc., v. Bombardier Limited*, 605 F. 2d 1 (1st Cir. 1979) (agreement where one potential competitor agreed not to enter the market, but instead became an exclusive dealer of another competitor, is per se illegal)*; see also United States v. Sealy, Inc.*, 388 U.S. 350, 357-58 (1967) (Horizontal market allocation agreement condemned as unlawful per se "without the necessity for an inquiry in each particular case as to their business or economic justification . . . ."); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 221-22 (1940) (same).

[12] *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 432-34 (1990) (reversing D.C. Circuit decision which required that the FTC prove defendants actually had market power before it would enjoin a per se illegal agreement)*; see also Jefferson Parish Hospital District No. 2 v. Hyde*, 466 U.S. 2, 15-16 no. 25 (1984) ("The rationale for per se rules in part is to avoid a burdensome inquiry into actual market conditions . . . .").

[13] *See, e.g., Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768 (1984) ("agreements, such as horizontal price fixing and market allocation, are thought so inherently anticompetitive that each is illegal per se without inquiry into the harm it has caused"); *United*

captions one section "**Per se unlawful restraints dispense with proof of power or anticompetitive effect.**" XI H. Hovenkamp, Antitrust Law § 1910c (2d ed. 2005) (emphasis in original).

\* \* \*

The language of Fed. R. Civ. P. Rule 56(f) is clear: "*Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition*, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (Emphasis added) Defendants could have submitted an affidavit stating what "facts essential" to justify their opposition to a per se summary judgment motion they would be unable to produce by affidavit. They chose not to do so.[14] Instead, for the most part, they attempt to steer the Court's attention to assertions not relevant to the Court's consideration of the Rule 56(f) issue.

---

*States v. Sealy, Inc.*, 388 U.S. 350, 357-58 (1967) (market impact irrelevant if agreement is per se illegal); *Northern Pacific Railway Co. v.. United States*, 356 U.S. 1, 5 (1958) (certain types of agreements, including horizontal market allocation agreements are "conclusively presumed to be unreasonable and therefore illegal without elaborate inquiry as to the precise harm they have caused . . . .").

[14] In contrast, *see Barry v. United States Capitol Guide Board*, No. Civ. A. 04-0168, 2005 WL 1026703, *7 (D.D.C., May 2, 2005), a case cited by Defendants. Opposition at 20. In *Barry*, Defendant's counsel *submitted an affidavit* that demonstrated to the Court that "discovery may likely reveal disputed issues of material fact." *Barry* was an unlawful termination case, and the requested discovery was intended to show that the stated reason for the plaintiff's termination was, in fact, a pretext. The discovery sought was thus material to the plaintiff's cause of action. In the case at bar, however Defendants have made no showing, by affidavit or otherwise, that the information they would seek in discovery "may likely reveal disputed issues of material fact."

## CONCLUSION

For the reasons set forth above, and for the reasons stated in our initial papers, Plaintiff States' motion should be granted.

Respectfully submitted,

STATE OF COLORADO

JOHN W. SUTHERS
Attorney General

/s/ Devin M. Laiho
DEVIN M. LAIHO
Assistant Attorney General
Consumer Protection Section
Attorneys for the State of Colorado
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: 303-866-5079
Devin.Laiho@state.co.us


STATE OF TEXAS

GREG ABBOTT
Attorney General

William J. Shieber
Assistant Attorney General
Texas Office of the Attorney General
Antitrust and Civil Medicaid Fraud Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-1710
William.Shieber@oag.state.tx.us

On Behalf Of The Plaintiff States