IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF COLORADO, et al.,<br><br>                          Plaintiffs,<br>     v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., et al.<br>                          Defendants. | Civil Action No. 1:05-CV-02182-CKK |

**FTC Statement to Correct Misrepresentations in Defendants' Opposition to Plaintiff States' Motion for Leave to File Summary Judgment Motion**

Because defendants' opposition to the Plaintiff States' motion for leave misrepresents facts concerning the FTC's pre-complaint investigation, the Commission submits this statement to correct the record. The Commission takes no position on the pending motion.

Defendants refer to the Commission's pre-complaint investigation no less than four times in their response. *See* Def. Opp. Mem. at 2-3, 5, 6, 13. They emphasize repeatedly what they claim was "the FTC's original determination" not to challenge the agreement at issue in this case. *Id*. at 2. Further, the defendants would have the Court believe that, as of the time they entered into their March 2004 agreement, the FTC staff's conduct indicated that the agreement was lawful: "With every reason to believe their conduct was legal and pro-competitive – given the FTC Merger Division's review – the parties entered into the option and supply agreements contemplated in the letter of intent in March 2004 . . . ." *Id.* at 6.

Defendants know better. In fact, more than a month before they entered into the final agreement, they were aware that Commission staff had significant concerns about the defendants' agreement and was investigating the transaction. On February 17, 2004, FTC staff informed the

defendants by letter that staff had "determined to investigate [Warner Chilcott's] acquisition of an option to exclusively license Barr's ANDA for Ovcon," because "the transaction, if consummated, has the potential to significantly reduce competition by eliminating the only generic alternative to Ovcon." Attachment A. Defendants thus knew full well there was an ongoing Commission investigation when they entered into their March 2004 agreement.

Defendants' efforts to make relevant to this litigation their interactions in 2003 with some FTC staff members – along with what they deem the Commission's lack of dispatch in issuing its complaint – are a sideshow. In any event, however, the defendants have made representations to the Court concerning the Commission's pre-complaint investigation that are misleading.

Respectfully submitted,

Dated: June 21, 2006

| | /s/ |
|---|---|
| WILLIAM BLUMENTHAL | MARKUS H. MEIER (D.C. Bar # 459715) |
| (D.C. Bar #339283) | BRADLEY S. ALBERT |
| General Counsel | THOMAS H. BROCK (D.C. Bar # 939207) |
| | |
| JOHN A. SINGER (D.C. Bar # 411894) | Attorneys for Plaintiff |
| Attorney | Bureau of Competition |
| Office of the General Counsel | Federal Trade Commission |
| Federal Trade Commission | 600 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20580 |
| | Telephone:   (202) 326-3759 |
| | Facsimile:    (202) 326-3384 |