# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF COLORADO, et al.

v.

WARNER CHILCOTT HOLDINGS
COMPANY III, LTD., et al.

Civil Action No. 1:05-cv-02182-CKK

---

PLAINTIFF STATES' OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND DEFENDANTS' FIRST SET OF INTERROGATORIES

---

Plaintiff States[1], pursuant to the Federal Rules of Civil Procedure and the Local Rules of

this Court, submit these responses and objections to Defendants' First Request for Production of

Documents and Defendants' First Set of Interrogatories, dated April 7, 2006 (the "Discovery

Requests").

## PRELIMINARY STATEMENT

1.     These responses and objections are based on information presently available to

the Plaintiff States, and are made without prejudice to, and are not a waiver of, Plaintiff States'

rights to rely on other facts or documents at trial.

2.     Plaintiff States will produce responsive documents only to the extent that such

documents are in the possession, custody, or control of the Plaintiff States.  Plaintiff States'

possession, custody, or control does not include any potential constructive possession that may

be conferred by Plaintiff States' abilities to obtain, through subpoena or otherwise, the

---

[1] The Plaintiff States are Colorado, Maryland, Alaska, Arizona, Arkansas, California, Delaware, Florida, Idaho,
Illinois, Iowa, Kansas, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Nevada, New York, North

production of documents from other public entities, including agencies or subdivisions of the

Plaintiff States that are not represented by the Attorneys General in this action, and/or any other

third parties.

3.    Plaintiff States, individually and as a group, reserve the right to supplement,

clarify, revise, or correct any or all of their responses and objections, and to assert additional

objections or privileges, in subsequent supplemental response(s).  Where privileged documents

are protected by applicable state laws or rules, the fact that a state's response does not

specifically delineate a state law or rule shall not be deemed to be a waiver of that privilege.

4.    Any response or objection by a Plaintiff State to a document request is not a

representation that such documents exist, but only that such documents will be produced if any

such documents: 1) exist, 2) can be located during a reasonable search, and 3) are not privileged

or otherwise protected from disclosure.

5.    Publicly available documents including, but not limited to, periodicals, court

documents, and materials available on the Internet, will not be produced, as such documents are

available from some other source that is more convenient, less burdensome, and less expensive.

6.    Subject to the above statements, and the General and Specific Objections set forth

below, Plaintiff States will produce for inspection and copying such relevant, non-privileged

documents as may be responsive to the Discovery Requests at a mutually agreeable date to be

determined.

## GENERAL OBJECTIONS

Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, and
Vermont, the Commonwealths of Kentucky, Massachusetts and Virginia, and the District of Columbia.

2

1.    Plaintiff States object to the Discovery Requests ("Discovery Request" as defined above includes each instruction, definition, document request, and interrogatory) to the extent that they purport to impose any requirement or discovery obligation greater or different than those established by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    Plaintiff States object to the Discovery Requests to the extent that they seek information or documents protected from disclosure by the work product privilege, attorney-client privilege, deliberative process privilege, joint litigation privilege, common interest doctrine, enforcement privilege, investigative privilege, the informants' privilege, any other applicable privilege, and to the extent that it seeks joint party or co-counsel communications, the mental impressions, conclusions, opinions or legal theories of any attorney for any of the Plaintiff States, or any other plaintiff in this litigation, and any other communications or documents that are otherwise protected from disclosure under applicable privileges, laws, or rules. Should any such disclosure by Plaintiff State occur, it is inadvertent and shall not constitute a waiver of any privilege.

3.    Plaintiff States object to the Discovery Requests to the extent that they seek information or the production of documents that are confidential or otherwise not public under state or federal law and are protected through law or rule by the physician-patient privilege, psychiatrist-patient privilege, psychologist-patient privilege, social worker-client privilege, pharmacist or pharmacy-patient privilege or any other recognized privileges.

4.    Plaintiff States object to the Discovery Requests to the extent that they seek information or documents that are protected from disclosure under state or federal law. Applicable federal laws and regulations prohibiting the disclosure of information and documents include, but are not limited to:  42 U.S.C. § 1396r-8(b)3(d) (rebate information provided by drug

manufacturers to state Medicaid departments are prohibited from disclosure); 42 U.S.C. § 405

(social security numbers and the related records are confidential); 38 U.S.C. § 5701 (all files,

records, reports, and other documents pertaining to any claim by a veteran are confidential); 42

U.S.C. § 1320d-6 (offense to use or cause to be used unique health identifier, or to obtain or

disclose identifiable health information); 42 U.S.C. § 1396a(a)(7) (patient information may only

be disclosed or used for purposes directly connected with the administration of the Medicaid

Program); and 45 C.F.R. § 164.502 (prohibiting use or disclosure of protected health information

except in limited circumstances).

     5.     Plaintiff States object to the Discovery Requests to the extent they seek

information or documents that are protected from disclosure under one or more of the state laws,

rules, or regulations set forth in Exhibit A (incorporated by reference). Where privileged

documents are protected by applicable state laws, rules, or regulations, the fact that a state's

response does not specifically delineate a state law, rule, or regulation shall not be deemed to be

a waiver of that privilege.

     6.     Plaintiff States object to the Discovery Requests to the extent they seek

information or documents obtained from the Federal Trade Commission that are confidential

pursuant to the Federal Trade Commission Act, as amended, 15 U.S.C. § 41 et seq., and Rules

4.6 and 4.11 of the Commission's Rules of Practice, 16 C.F.R. §§ 4.6 and 4.11.

     7.     Plaintiff States object to the Discovery Requests as unduly burdensome,

redundant, repetitive, and duplicative to the extent they seek production of documents received

by the Federal Trade Commission (FTC) in connection with the investigation of the activities

that led to the States filing the complaint in this matter.

8.     Plaintiff States object to the Discovery Requests to the extent they seek information or documents that came into existence prior to January 1, 2003, as such documents are not reasonably calculated to lead to the discovery of admissible evidence.

9.     Plaintiff States object to the Discovery Requests to the extent they seek information or documents regarding any products other than Ovcon and any generic versions of Ovcon, as such documents are not reasonably calculated to lead to the discovery of admissible evidence.

10.    Plaintiff States object to the Discovery Requests to the extent that they are overbroad, vague, ambiguous, duplicative, unduly burdensome, or seek information or documents not reasonably calculated to lead to the discovery of admissible evidence or are otherwise unclear as to the precise information sought.

11.    Plaintiff States object to the Discovery Requests to the extent that they seek production of documents not maintained in the ordinary course of business.

12.    Plaintiff States object to the Discovery Requests to the extent they seek information or the production of documents not in the possession, custody or control of the Plaintiff States.

13.    Plaintiff States object to the Discovery Requests and to the Definitions of "Plaintiff State" and "Plaintiff States" to the extent that they improperly seek to impose discovery obligations on agencies or subdivisions of Plaintiff States, or any agents thereof, other than each Plaintiff State's Attorney General, in that Office's capacity as the Plaintiff State's antitrust enforcement agency that has investigated and is prosecuting this law enforcement action in its sovereign and/or proprietary capacity, and/or any agency or subdivision of a Plaintiff State to the extent that a Plaintiff State's Attorney General is representing such agency or subdivision

5

in this action. The Attorneys General of the Plaintiff States are each bringing this action pursuant to federal and state laws as set forth in the complaint and are individually representing the following entities:

ALASKA: The Attorney General of Alaska, in his capacity as the chief law enforcement officer for the State of Alaska, brings this law enforcement action on behalf of the State of Alaska pursuant to AS 45.50.471 *et seq.* and AS 45.50.562 *et seq.* The Attorney General of Alaska does not represent any department, agency, political subdivision, or other instrumentality of the State of Alaska as a plaintiff in this enforcement action.

ARIZONA: The Attorney General of Arizona, in his sovereign capacity as the chief civil law enforcement officer for the State of Arizona, brings this law enforcement action on behalf of the State of Arizona pursuant to A.R.S. § 44-1407. The Attorney General of Arizona does not represent any department, agency, political subdivision, or other instrumentality of the State of Arizona as a plaintiff in this enforcement action.

ARKANSAS: The Attorney General of Arkansas, in his sovereign capacity as the chief law enforcement officer for the State of Arkansas, brings this law enforcement action on behalf of the State of Arkansas pursuant to A.C.A. § 4-88-101, et seq. and A.C.A. § 4-75-301 et seq. The Attorney General of Arkansas does not represent any department, agency, political subdivision, or other instrumentality of the State of Arkansas as a plaintiff in this enforcement action.

CALIFORNIA: The State of California by Attorney General Bill Lockyer is appearing in its sovereign capacity as paren patriae on behalf of its citizens, its economy and its general welfare, and is appearing as chief law enforcement officer of the State of California to protect the people of the state and to enforce the California Cartwright Act and the California Unfair

6

Competition Act pursuant to California Business & Professions Code Sections 16754, 16754.5, 17204 and 17206.

COLORADO: The Attorney General of Colorado, in his sovereign capacity as the chief civil law enforcement officer for the State of Colorado, brings this law enforcement action on behalf of the State of Colorado pursuant to §6-4-112 Colo. Rev. Stat. The Attorney General of Colorado does not represent any department, agency, political subdivision, or other instrumentality of the State of Colorado as a plaintiff in this enforcement action.

DELAWARE: The Attorney General of Delaware, in his sovereign capacity as the chief civil law enforcement officer for the State of Delaware, brings this law enforcement action on behalf of the State of Delaware pursuant to 6 *Del.C.* § 2107. The Attorney General of Delaware does not represent any department, agency, political subdivision, or other instrumentality of the State of Delaware as a plaintiff in this enforcement action.

DISTRICT OF COLUMBIA: The Attorney General for the District of Columbia, in his capacity as the chief legal officer for the District of Columbia, brings this civil law enforcement action on behalf of the District of Columbia pursuant to D.C. Official Code § 28-4501 et seq.

FLORIDA: The Attorney General of Florida, in his sovereign capacity as the chief legal officer for the State of Florida, brings this law enforcement action on behalf of the State of Florida pursuant to §542.28 and §501.207(3) Florida Statutes. The Attorney General of Florida does not represent any department, agency, political subdivision, or other instrumentality of the State of Florida as a plaintiff in this enforcement action.

IDAHO: The Attorney General of Idaho, in his sovereign capacity as the chief civil law enforcement officer for the State of Idaho, brings this law enforcement action on behalf of the State of Idaho, pursuant to Idaho Code § 48-108 of the Idaho Competition Act. The Attorney

7

General of Idaho does not represent any department, agency, political subdivision, or other instrumentality of the State of Idaho as a plaintiff in this enforcement action.

ILLINOIS: The Attorney General of Illinois, in her sovereign capacity as the chief civil law enforcement officer for the State of Illinois, brings this law enforcement action in the name and on behalf of the people of the State of Illinois pursuant to 740 ILCS 10/7(4). The Attorney General of Illinois does not represent any department, agency, county, municipality, township, or other political subdivision organized under the authority of the State of Illinois, as a plaintiff in this enforcement action.

IOWA: The Attorney General of Iowa in his sovereign capacity as the chief civil law enforcement officer for the State of Iowa, brings this law enforcement action in the name and on behalf of the people of the State of Iowa pursuant to Iowa Code Chapter 553. The Attorney General of Iowa does not represent any department, agency, county, municipality, township, or other political subdivision organized under the authority of the State of Iowa, as a plaintiff in this enforcement action.

KANSAS: The Attorney General of Kansas, in his sovereign capacity as the chief civil law enforcement officer for the State of Kansas, brings this law enforcement action on behalf of the State of Kansas pursuant to K.S.A. §75-702 and §50-103. The Attorney General of Kansas does not represent any department, agency, political subdivision, or other instrumentality of the State of Kansas as a plaintiff in this enforcement action.

KENTUCKY: The Attorney General of Kentucky, in his capacity as chief law enforcement officer of the Commonwealth of Kentucky, brings this civil law enforcement action on behalf of the Commonwealth of Kentucky pursuant to KRS 367.175. The Attorney General

8

does not represent any department, agency, political subdivision or other instrumentality of the Commonwealth as a plaintiff in this enforcement action.

LOUISIANA: The Attorney General of Louisiana brings this litigation on behalf of the State of Louisiana in its sovereign capacity, pursuant to Art. IV, Section 8 of the Louisiana Constitution, Louisiana Revised Statutes 51: 138, 51:1404 and 13:5036. The Louisiana Attorney General is not representing any state agency as a plaintiff in this enforcement action.

MAINE: The Attorney General of Maine, in his sovereign capacity as the chief civil law enforcement officer for the State of Maine, brings this law enforcement action on behalf of the State of Maine pursuant to 10 M.R.S.A. § 1104. The Attorney General of Maine does not represent any department, agency, political subdivision, or other instrumentality of the State of Maine as a plaintiff in this enforcement action.

MARYLAND: The Attorney General of Maryland, in his capacity as chief law enforcement officer of the State of Maryland, brings this civil law enforcement action on behalf of the State of Maryland pursuant to § 11-209(a), Md. Com. Law Code Ann. (2005). The Attorney General does not represent any department, agency, political subdivision or other instrumentality of the State as a plaintiff in this enforcement action.

MASSACHUSETTS: The Attorney General of Massachusetts, in his sovereign capacity as the chief civil law enforcement officer for the Commonwealth of Massachusetts, brings this law enforcement action on behalf of the Commonwealth of Massachusetts pursuant to G.L. c. 12, § 10, G.L. c. 93A, § 4 and G.L. c. 93, § 9. The Attorney General does not represent any department, agency, political subdivision, or other instrumentality of the Commonwealth of Massachusetts as a plaintiff in this enforcement action.

MICHIGAN:  The Attorney General of Michigan brings this law enforcement action on behalf of the State of Michigan pursuant to MCL 445.777. The Attorney General of Michigan does not represent any department, agency or political subdivision of the State of Michigan as a plaintiff in this enforcement action.

MINNESOTA:  The Attorney General of Minnesota brings this law enforcement action on behalf of the State of Minnesota pursuant to his common law and statutory authority, including Minn. Stat. ch. 8 and Minn. Stat. § 325D.59 (2004).  The Attorney General of Minnesota does not represent any department, agency or political subdivision of the State of Minnesota as a plaintiff in this enforcement action.

MISSISSIPPI:  The Attorney General of Mississippi, in his sovereign capacity as the chief law enforcement officer of the State of Mississippi, brings this enforcement action on behalf of the State of Mississippi and as parens patriae on behalf of the citizens of Mississippi. While the State of Mississippi is a party to this action, no individual Mississippi state agency is a party.  In this action, Mississippi is not seeking damages, restitution or other monetary relief on behalf of any Mississippi state agency.  However, the Mississippi Attorney General always represents any Mississippi state agency if the agency were to be subpoenaed or deposed as a non-party.

MISSOURI:  The Attorney General of Missouri, in his sovereign capacity as the chief law enforcement officer for the State of Missouri, brings this law enforcement action on behalf of the State of Missouri pursuant to § 416.061.2 RSMo (2000) which states "It shall be the duty of the attorney general to institute civil proceedings to prevent and restrain violations of sections 416.011 through 416.161," and § 27.060 RSMo.

NEVADA:  The Attorney General of Nevada, in his sovereign capacity as the chief civil law enforcement officer for the State of Nevada, brings this law enforcement action on behalf of the State of Nevada pursuant to Nev. Rev. Stat. § 598A.070. The Attorney General of Nevada does not represent any department, agency, political subdivision, or other instrumentality of the State of Nevada as a plaintiff in this enforcement action.

NEW YORK:  The Attorney General of New York, in his capacity as the chief law enforcement officer for the State of New York, brings this civil law enforcement action in the name of and on behalf of the people of the state pursuant to N.Y Gen. Bus. Law § 340 et. seq. and applicable federal law cited in the Plaintiff States' Complaint.  The Attorney General of New York does not represent any agency, political subdivision or other instrumentality of the State as a plaintiff in this enforcement action.

NORTH CAROLINA:  The Attorney General of North Carolina, in his sovereign capacity as the chief civil law enforcement officer of the State, brings this law enforcement action on behalf of the State pursuant to N.C. Gen. Stat. §§ 75-1 et seq. The Attorney General of North Carolina does not represent any department, agency, political subdivision or other instrumentality of the State of North Carolina as a plaintiff in this enforcement action.

NORTH DAKOTA:  The Attorney General of North Dakota, in his sovereign capacity as the chief law enforcement officer of the State of North Dakota, brings this law enforcement action on behalf of the State of North Dakota pursuant to N.D.C.C. Section 51-08.1-07. The Attorney General of North Dakota does not represent any department, agency, political subdivision, or other instrumentality of the State of North Dakota, as a plaintiff in this enforcement action.

OHIO: The Ohio Attorney General brings this action as Ohio's chief law enforcement officer and as the "attorney at law" for the State of Ohio in its sovereign and quasi-sovereign capacity and as parens patriae on behalf of the citizens of Ohio. While the State of Ohio is a party, no individual Ohio state agency is a party to this action.

OKLAHOMA: The Attorney General of Oklahoma, in his sovereign capacity as the chief civil law enforcement officer for the State of Oklahoma, brings this law enforcement action on behalf of the State of Oklahoma pursuant to the Oklahoma Antitrust Reform Act, 79 O.S. 2001 §201, et seq., and the Oklahoma Consumer Protection Act, 15 O.S. 2001 §751, et. seq. The Attorney General of Oklahoma does not represent any department, agency, political subdivision, or other instrumentality of the State of Oklahoma as a plaintiff in this enforcement action.

OREGON: The Attorney General of Oregon, in his sovereign capacity as the chief law civil enforcement officer for the State of Oregon, brings this law enforcement action pursuant to Oregon Revised Statute § 646.760. The Attorney General of Oregon does not represent any department, agency, political subdivision, or other instrumentality of the State of Oregon, save the State itself, as a plaintiff in this enforcement action.

RHODE ISLAND: The Attorney General represents the State of Rhode Island. The Attorney General is vested with authority to investigate alleged antitrust violations and pursue court actions concerning alleged violations of antitrust laws, pursuant to Rhode Island General Laws Section 6-36-9 and 6-36-11. The Attorney General of Rhode Island does not represent any department, agency, political subdivision, or other instrumentality of the State of Rhode Island as a plaintiff in this enforcement action.

SOUTH CAROLINA: The Attorney General of South Carolina pursuant to his statutory and common law authority as the chief law officer is authorized to maintain this action on behalf

12

of the State of South Carolina. The Attorney General of South Carolina does not represent any department, agency, political subdivision, or other instrumentality of the State of South Carolina as a plaintiff in this enforcement action.

TENNESSEE:  The Attorney General of Tennessee brings this law enforcement action on behalf of the State of Tennessee pursuant to his common law and statutory authority including, but not limited to, TENN. CODE ANN. § 8-6-109.  No individual state agency is a party to this litigation.  However, the Tennessee Attorney General always represents any Tennessee state agency if the agency were to be subpoenaed or deposed as a non-party.

TEXAS:  The Attorney General of Texas, in his sovereign capacity as the chief law enforcement officer for the State of Texas, brings this law enforcement action on behalf of the State of Texas pursuant to Texas Business & Commerce Code § 15.01 et seq.  The Attorney General of Texas does not represent any department, agency, political subdivision, or other instrumentality of the State of Texas as a plaintiff in this enforcement action.

UTAH:  The Attorney General of Utah, in his capacity as the chief law enforcement officer of the State of Utah, brings this law enforcement action on behalf of the State of Utah pursuant to the Utah Antitrust Act, Utah Code Ann. §§ 76-10-911 to 76-10-926, including, without limitation, Utah Code Ann. §§ 76-10-916 (3) and 76-10-918 (1) and the common law of Utah. The Attorney General of Utah does not represent any department, division, agency, commission, board, council, committee, authority, institution, political subdivision, or other entity or instrumentality of the State of Utah as a plaintiff in this enforcement action.

VERMONT:  The Attorney General of Vermont, in his sovereign capacity as the chief civil law enforcement officer for the State of Vermont, brings this law enforcement action on behalf of the State of Vermont pursuant to 3 V.S.A. Section 158. The Attorney General of

13

Vermont does not represent any department, agency, political subdivision, or other instrumentality of the State of Vermont as a plaintiff in this enforcement action.

VIRGINIA: The Attorney General of Virginia, in his sovereign capacity as the chief civil law enforcement officer for the Commonwealth of Virginia, brings this law enforcement action on behalf of the Commonwealth of Virginia pursuant to Section 59.1-9.15, Va. Code Ann. (2001). The Attorney General of Virginia does not represent any department, agency, political subdivision, or other instrumentality of the Commonwealth of Virginia as a plaintiff in this enforcement action.

14.     Plaintiff States object to the Discovery Requests as unduly burdensome, redundant and repetitive, to the extent they seek production of documents already received in response to discovery served in this action, or to the extent they seek documents otherwise in the possession of defendants or easily accessible to defendants.

15.     Plaintiff States object to Defendants' document requests to the extent they seek the production of documents relating to the testimony of Plaintiffs expert witnesses in a manner or at a time other than that set forth in the scheduling order entered by the Court and in Rule 26(a)(2) of the Federal Rules of Civil Procedure.

16.     Plaintiff States object to Defendants' document requests to the extent they seek the production of documents prepared by experts retained or specially employed by Plaintiff who are not expected to be called as a witness at trial on the grounds that Defendant has not shown the exceptional circumstances warranting such discovery and because such discovery is permitted only by deposition or interrogatory, as specified by the Federal Rules of Civil Procedure.

17.    Plaintiff States object to the Discovery Requests and the definition of "Document" as overly broad and unduly burdensome to the extent that they impose obligations beyond those required by Rule 34(a) of the Federal Rules of Civil Procedure.

18.    Plaintiff States object to the Discovery Requests and the definition of "Relating to" as vague, overly broad, and unduly burdensome to the extent they seek information or documents that are neither relevant to any issues that are involved in this litigation, nor are reasonably calculated to lead to the discovery of admissible evidence.

19.    Plaintiff States incorporate by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The fact that any specific response may not reiterate a general objection does not waive any general objection to that request.

### SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**

All documents relating to communications with third parties that relate to the Transaction or the Litigation including but not limited to: (i) documents sufficient to identify all third parties with whom the Plaintiff State has communicated regarding the Transaction or the Litigation and the substance and date of those communications; and (ii) all statements, declarations, letters, e-mails, affidavits, and transcripts of investigational hearings and depositions of, from, or to third parties relating to the Transaction or the Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Subject to and without waiving any stated Specific or General Objections, the responding Plaintiff States answer as follows:  To the extent that any documents are responsive to this

15

request, are not privileged or otherwise prohibited from disclosure by law, and were not

previously produced to the Defendants, Plaintiff States will produce such documents.


**REQUEST FOR PRODUCTION NO. 2**

All transcripts, notes and other records of *exparte* investigatory interviews,

whether conducted in person or on the telephone, relating to the Transaction, the Litigation, oral

contraceptives, combined hormonal contraceptives, or sampling of oral contraceptives or

combined hormonal contraceptives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and

unduly burdensome, seeks documents that are not relevant to this action, and seeks documents

that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

without waiving any stated Specific or General Objections, the responding Plaintiff States

answer as follows: To the extent that any documents are responsive to this request, are not

privileged or otherwise prohibited from disclosure by law, and were not previously produced to

the Defendants, Plaintiff States will produce such documents.


**REQUEST FOR PRODUCTION NO. 3**

All documents, data compilations, and other information submitted to the

Plaintiff State by any third party or obtained from any third party in connection with its review of

the Transaction or the Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and unduly burdensome, seeks documents that are not relevant to this action, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any stated Specific or General Objections, the responding Plaintiff States answer as follows: To the extent that any documents are responsive to this request, are not privileged or otherwise prohibited from disclosure by law, and were not previously produced to the Defendants, Plaintiff States will produce such documents.

**REQUEST FOR PRODUCTION NO. 4**

All documents, data compilations, and other information submitted to the Plaintiff State by any third party or obtained from any third party relating to oral contraceptives or combined hormonal contraceptives, including, but not limited to, documents, data compilations and other information relating to the marketing, sampling, sale, pricing, manufacture and insurance coverage thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and unduly burdensome, seeks documents that are not relevant to this action, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any stated Specific or General Objections, the responding Plaintiff States answer as follows: To the extent that any documents are responsive to this request, are not privileged or otherwise prohibited from disclosure by law, and were not previously produced to the Defendants, Plaintiff States will produce such documents.

**REQUEST FOR PRODUCTION NO. 5**

All analyses, databases (including record layouts), reports, studies, workpapers (including all spreadsheets), and other documents and data compilations, in both machine-readable form and hard copy, provided to, prepared by or on behalf of, or reviewed by the Plaintiff State relating to the Transaction, the Litigation, oral contraceptives, or combined hormonal contraceptives, and the marketing, sampling, sale, pricing, manufacture and insurance coverage of such contraceptives including, but not limited to, all financial, accounting, econometric, economic, statistical, or quantitative analyses relating to the Transaction, the Litigation, oral contraceptives or combined hormonal contraceptives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and unduly burdensome, seeks documents that are not relevant to this action, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff States further object to this document request to the extent that it requires the production of materials "in both machine-readable form and hard copy." Subject to and without waiving any stated Specific or General Objections, the Plaintiff States answer as follows: To the extent that any documents are responsive to this request, are not privileged or otherwise prohibited from disclosure by law, and were not previously produced to the Defendants, Plaintiff States will produce such documents in the format(s) in which they are maintained in Plaintiff States' files.

**REQUEST FOR PRODUCTION NO. 6**

All documents and data compilations, including reports, staff recommendations, memoranda, studies and analyses, prepared by, used by, prepared for, or received by the Plaintiff State relating to the Transaction or the Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and unduly burdensome, seeks documents that are not relevant to this action, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any stated Specific or General Objections, the responding Plaintiff States answer as follows: To the extent that any documents are responsive to this request, are not privileged or otherwise prohibited from disclosure by law, and were not previously produced to the Defendants, Plaintiff States will produce such documents.

**REQUEST FOR PRODUCTION NO. 7**

All documents referring or relating to any ANDA filing(s) made by any third party relating to Ovcon including but not limited to any communications between the Plaintiff State and the Food and Drug Administration relating to any such ANDA filings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Subject to and without waiving any stated General Objections, the responding Plaintiff States answer as follows: To the extent that any documents are responsive to this request, are not privileged or otherwise prohibited from disclosure by law, and were not previously produced to the Defendants, Plaintiff States will produce such documents.

**REQUEST FOR PRODUCTION NO. 8**

19

All documents and data compilations, including reports, recommendations, memoranda, studies, and analyses prepared by, used by, prepared for, or received by the Plaintiff State relating to competition among oral contraceptives or combined hormonal contraceptives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and unduly burdensome, seeks documents that are not relevant to this action, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any stated Specific or General Objections, the responding Plaintiff States answer as follows: To the extent that any documents are responsive to this request, are not privileged or otherwise prohibited from disclosure by law, and were not previously produced to the Defendants, Plaintiff States will produce such documents.

**REQUEST FOR PRODUCTION NO. 9**

All documents, whether prepared by the Plaintiff State or by third parties, relating to competition among or between Ovcon and any other products including, but not limited to, oral contraceptives or combined hormonal contraceptives.·

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and unduly burdensome, seeks documents that are not relevant to this action, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any stated Specific or General Objections, the responding Plaintiff States answer as follows: To the extent that any documents are responsive to this request, are not

20

privileged or otherwise prohibited from disclosure by law, and were not previously produced to

the Defendants, Plaintiff States will produce such documents.

**REQUEST FOR PRODUCTION NO. 10**

All documents and data compilations, including reports, recommendations, memoranda,

studies and analyses, prepared by, used by, prepared for, or received by the Plaintiff State

relating to generic pharmaceutical products, including, but not limited to, such generic

pharmaceutical products' effect on the price, availability, marketing, sampling, sales,

manufacture, insurance coverage, safety and development of oral contraceptives, combined

hormonal contraceptives and pharmaceutical products in general.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and

unduly burdensome, seeks documents that are not relevant to this action, and seeks documents

that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

without waiving any stated Specific or General Objections, the responding Plaintiff States

answer as follows: To the extent that any documents are responsive to this request, are not

privileged or otherwise prohibited from disclosure by law, and were not previously produced to

the Defendants, Plaintiff States will produce such documents.

**REQUEST FOR PRODUCTION NO. 11**

All documents and data compilations, including reports, recommendations, memoranda,

studies and analyses, prepared by, used by, prepared for or received by the Plaintiff State relating

21

to the purchase and/or distribution of oral contraceptives or combined hormonal contraceptives by any state agency or governmental entity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Plaintiff States object to this request on the grounds that it is overbroad, vague, and unduly burdensome, seeks documents that are not relevant to this action, seeks documents in the possession, custody, or control of entities other than the Plaintiff States, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any stated Specific or General Objections, the responding Plaintiff States answer as follows:  To the extent that any documents are responsive to this request, are not privileged or otherwise prohibited from disclosure by law, and were not previously produced to the Defendants, Plaintiff States will produce such documents.

## REQUEST FOR PRODUCTION NO. 12

All documents and data compilations, including reports, recommendations, memoranda, studies and analyses, prepared by, used by, prepared for or received by the Plaintiff State relating to: (a) the payments by the Plaintiff State for oral contraceptives or combined hormonal contraceptives, or (b) the reimbursement of third parties by the Plaintiff State for the purchase of oral contraceptives or combined hormonal contraceptives.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Plaintiff States object to this request on the grounds that it is overbroad, vague, and unduly burdensome, seeks documents that are not relevant to this action, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and

without waiving any stated Specific or General Objections, the responding Plaintiff States

answer as follows:  To the extent that any documents are responsive to this request, are not

privileged or otherwise prohibited from disclosure by law, and were not previously produced to

the Defendants, Plaintiff States will produce such documents.


**REQUEST FOR PRODUCTION NO. 13**

All documents and data compilations, including reports, recommendations, memoranda,

studies and analyses, prepared by, used by, prepared for or received by the Plaintiff State relating

to government programs, including, but not limited to, Medicaid, relating to: (a) any payments

made by the Plaintiff State for oral contraceptives or combined hormonal contraceptives, or (b)

the reimbursement of third parties by the Plaintiff State for the purchase of oral contraceptives or

combined hormonal contraceptives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and

unduly burdensome, seeks documents that are not relevant to this action, and seeks documents

that are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and

without waiving any stated Specific or General Objections, the responding Plaintiff States

answer as follows:  To the extent that any documents are responsive to this request, are not

privileged or otherwise prohibited from disclosure by law, and were not previously produced to

the Defendants, Plaintiff States will produce such documents.


**REQUEST FOR PRODUCTION NO. 14**

23

All documents, whether prepared by the Plaintiff State or by third parties, that support your contention in Paragraph 59 of the Complaint that "[i]f Barr had introduced its generic product into the market, the average price paid for Ovcon products would have decreased rapidly and substantially."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Any documents potentially responsive to Request No. 14 that are currently in the possession of the Plaintiff States were produced to the Plaintiff States and the Federal Trade Commission by the Defendants during the Plaintiff States' pre-complaint investigation. Pursuant to Instruction No. 20 of the Defendants' First Request for the Production of Documents, such documents need not be produced in response to this request. Subject to and without waiving any stated Specific or General Objections, the Plaintiff States respond as follows: To the extent that any documents are responsive to this request, are not privileged or otherwise prohibited from disclosure by law, and were not previously produced to the Defendants, Plaintiff States will produce such documents.

**REQUEST FOR PRODUCTION NO. 15**

All documents, whether prepared by the Plaintiff State or by third parties, that support your contention in Paragraph 66 of the Complaint that "[e]liminating competition from Barr was the primary purpose" of the Transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Any documents potentially responsive to Request No. 15 that are currently in the possession of the Plaintiff States were produced to the Plaintiff States and the Federal Trade Commission by the Defendants during the Plaintiff States' pre-complaint investigation. Pursuant

to Instruction No. 20 of the Defendants' First Request for the Production of Documents, such

documents need not be produced in response to this request.  Subject to and without waiving any

stated Specific or General Objections, the Plaintiff States respond as follows: To the extent that

any documents are responsive to this request, are not privileged or otherwise prohibited from

disclosure by law, and were not previously produced to the Defendants, Plaintiff States will

produce such documents..

**REQUEST FOR PRODUCTION NO. 16**

All documents, whether prepared by the Plaintiff State or by third parties, that

support your contention in Paragraph 67 of the Complaint that "[t]he Defendants could have

accomplished any of the purported competitive benefits of the Agreement by other less

restrictive means . . . ."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Any documents potentially responsive to Request No. 16 that are currently in the

possession of the Plaintiff States were produced to the Plaintiff States and the Federal Trade

Commission by the Defendants during the Plaintiff States' pre-complaint investigation.  Pursuant

to Instruction No. 20 of the Defendants' First Request for the Production of Documents, such

documents need not be produced in response to this request.  Subject to and without waiving any

stated Specific or General Objections, the Plaintiff States respond as follows: To the extent that

any documents are responsive to this request, are not privileged or otherwise prohibited from

disclosure by law, and were not previously produced to the Defendants, Plaintiff States will

produce such documents.

25

**REQUEST FOR PRODUCTION NO. 17**

All documents, whether prepared by the Plaintiff State or by third parties that

support your contention in Paragraph 69 of the Complaint that Defendants "deprived Plaintiff

States of the benefits of competition . . . ."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Any documents potentially responsive to Request No. 17 that are currently in the

possession of the Plaintiff States were produced to the Plaintiff States and the Federal Trade

Commission by the Defendants during the Plaintiff States' pre-complaint investigation.  Pursuant

to Instruction No. 20 of the Defendants' First Request for the Production of Documents, such

documents need not be produced in response to this request.  Subject to and without waiving any

stated Specific or General Objections, the Plaintiff States respond as follows: To the extent that

any documents are responsive to this request, are not privileged or otherwise prohibited from

disclosure by law, and were not previously produced to the Defendants, Plaintiff States will

produce such documents.


**REQUEST FOR PRODUCTION NO. 18**

All documents, whether prepared by the Plaintiff State or by third parties, that

you intend to use in support of your request in paragraph 5 of the Complaint's Request for Relief

for "the maximum civil penalties allowed by law."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Subject to and without waiving any stated General Objections, the Plaintiff States

respond as follows: To the extent that any documents are responsive to this request, are not

privileged or otherwise prohibited from disclosure by law, and were not previously produced to

the Defendants, Plaintiff States will produce such documents.


**REQUEST FOR PRODUCTION NO. 19**

All documents identified, referenced, or relied upon in your responses to Defendants'

First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Subject to and without waiving any stated General Objections, the Plaintiff States

respond as follows: To the extent that any documents are responsive to this request, are not

privileged or otherwise prohibited from disclosure by law, and were not previously produced to

the Defendants, Plaintiff States will produce such documents.


**REQUEST FOR PRODUCTION NO. 20**

All documents you intend to use in support of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Subject to and without waiving any stated General Objections, the Plaintiff States

respond as follows: To the extent that any documents are responsive to this request, are not

privileged or otherwise prohibited from disclosure by law, and were not previously produced to

the Defendants, Plaintiff States will produce such documents.

**SPECIFIC RESPONSES AND OBJECTIONS TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify every third party with whom you have communicated relating to the Transaction

or the Litigation, including in your response: (a) an indication of which of those third parties

initiated such communication with the Plaintiff State (as distinct from those the Plaintiff State

called or otherwise contacted first); and (b) those third parties who produced documents or data

to the Plaintiff State in connection with its investigation of the Transaction or the Litigation.

**RESPONSE TO INTERROGATORY NO. 1:**

The Plaintiff States object to this interrogatory to the extent that it requests information

that is privileged, including but not limited to communications between attorneys representing

plaintiffs in this litigation. Subject to and without waiving any stated General Objections, the

Plaintiff States respond as follows: Any communications between the Plaintiff States and third

parties were made to aid the Attorney General in developing the legal analysis of the Litigation

and are protected pursuant to the work product doctrine and/or the attorney-client privilege.


**INTERROGATORY NO. 2:**

Identify all relevant product and geographic market(s) and sub-markets within which you

contend Ovcon competes.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff States object to this interrogatory as premature to the extent that it calls for the

disclosure of information relating to the testimony of Plaintiff States' expert witness before the

deadlines set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure or an order of this

Court. Plaintiff States further object to this interrogatory as irrelevant to this action and not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving any stated Specific or General Objections, the responding Plaintiff States answer as

follows: The challenged agreement between Warner Chilcott and Barr is illegal without proof of

anticompetitive effects and without defining a relevant antitrust market because the agreement

restrains horizontal competition for five years from the only company with a generic version of Ovcon.

**INTERROGATORY NO. 3:**

Identify all products you contend compete with Ovcon in the relevant markets identified in your response to Interrogatory No. 2.

**RESPONSE TO INTERROGATORY No. 3:**

Plaintiff States object to this interrogatory as premature to the extent that it calls for the disclosure of information relating to the testimony of Plaintiff States' expert witness before the deadlines set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure or an order of this Court. Plaintiff States further object to this interrogatory as irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any stated Specific or General Objections, the responding Plaintiff States answer as follows: The challenged agreement between Warner Chilcott and Barr is illegal without proof of anticompetitive effects and without defining a relevant antitrust market because the agreement restrains horizontal competition for five years from the only company with a generic version of Ovcon.

**INTERROGATORY NO. 4:**

Identify the amount you contend in paragraph 5 of the Complaint's Request for Relief is "the maximum civil penalt[y] allowed" under the statutory and/or common law of the Plaintiff State.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving any stated General Objections, the Plaintiff States respond as follows:

ALASKA:  Pursuant to AS 45.50.551(b), Alaska is entitled to civil penalties of up to $5,000 for each violation of AS 45.50.471.

ARIZONA:  The maximum civil penalty allowed for violating Arizona's Antitrust Act is $150,000 per violation.

ARKANSAS:  The State of Arkansas is seeking civil penalties pursuant to A.C.A. § 4-75-315 and A.C.A. §4-88-113.

CALIFORNIA:  California, in addition to pursuing its remedies under the Clayton and Sherman Acts, seeks penalties of $2,500 for each violation under California Business & Professions Code Sections 16720 et. seq,  17200 et. seq and 17500 et. se, pursuant to, inter alia, California Business & Professions Code Sections 16750, 17206, 17536, 172025, and 17534.5, and whatever other relief and remedy might be available thereunder.

COLORADO:  Pursuant to §6-4-112(1) Colo. Rev. Stat., "(1) The attorney general may bring a civil action on behalf of the state to seek the imposition of a civil penalty for any violation of this article. The court, upon finding a violation of this article, shall impose a civil penalty to be paid to the general fund of the state in an amount not to exceed one hundred thousand dollars for each such violation; except that the election by the attorney general to seek a civil penalty shall preclude the attorney general from filing criminal charges against the person assessed a civil penalty based upon the same conduct or from pursuing an action against such person for damages pursuant to section 6-4-111 (2) and (3)."

DELAWARE:  "The Attorney General of the state of Delaware may bring an action for any violation or threatened violation of [the Delaware Antitrust Act].  In any such action, the

Court may assess against each defendant a civil penalty for the benefit of the State of not less than $1,000 nor more than $100,000 for each violation, or may award appropriate equitable relief, or may order a combination of civil penalty and equitable relief." 6 *Del.C.* § 2107.

DISTRICT OF COLUMBIA: The D.C. Antitrust Act does not contain a specific civil penalty provision. Under D.C. Official Code § 28-4508(a), a court may award "appropriate injunctive or other equitable relief," which could include disgorgement or other relief justified by the nature of the violation. The amount of any such relief would be determined by the Court.

FLORIDA: Pursuant to §542.21(2) *Florida Statutes* "[a]ny person who knowingly violates any of the provisions of s. 542.18 or s. 542.19, or who knowingly aids in or advises such violation, is guilty of a felony, punishable by a fine not exceeding $ 1 million if a corporation, or, if any other person, $ 100,000 or imprisonment not exceeding 3 years, or by both said punishments." Additionally, pursuant to §501.2075 *Florida Statutes* "[e]xcept as provided in s. 501.2077, any person, firm, corporation, association, or entity, or any agent or employee of the foregoing, who is willfully using, or has willfully used, a method, act, or practice declared unlawful under s. 501.204, or who is willfully violating any of the rules of the department adopted under this part, is liable for a civil penalty of not more than $ 10,000 for each such violation. Willful violations occur when the person knew or should have known that his or her conduct was unfair or deceptive or prohibited by rule."

IDAHO: Idaho's antitrust civil penalties statute is Idaho Code § 48-108(1)(d). It authorizes the Attorney General of Idaho "[t]o recover civil penalties of up to fifty thousand dollars ($50,000) per violation of sections 48-104 or 48-105, Idaho Code, or any injunction, judgment or consent order issued or entered into pursuant to this act and reasonable expenses,

investigative costs and attorney's fees." Accordingly, the maximum amount of civil penalties for the State of Idaho is the product of $50,000 times the number of violations found by the Court.

ILLINOIS: 740 ILCS 10/7(4) provides, *inter alia,* that "In lieu of any criminal penalty otherwise prescribed for a violation of this Act, and in addition to any action under this Act or any Federal antitrust law, the Attorney General may bring an action in the name and on behalf of the people of the State against any person, trustee, director, manager or other officer or agent of a corporation, or against a corporation, domestic or foreign, to recover a penalty not to exceed $1,000,000 from every corporation or $100,000 from every other person for any act herein declared illegal."

IOWA: Iowa Code § 553.13 states "In addition to suit under section 553.12, the state may bring suit to assess a civil penalty against an enterprise whose conduct is prohibited under this chapter. The suit may be tried to the jury and the civil penalty provided for in this section shall be imposed by the court. The civil penalty assessed shall not exceed ten percent of the total value of the specific commodities by their brand, make, and size or of services either of which were the subject of the prohibited conduct sold in the relevant market in this state by the enterprise in each year in which this conduct occurred, but this penalty shall not exceed one hundred fifty thousand dollars. In computing this penalty, only the four most recent years in which the prohibited conduct occurred, as of commencement of suit under this section, shall be used in the computation.

KANSAS: Pursuant to K.S.A. § 50-160(a), "The commission of any act or practice declared to be in violation of the Kansas restraint of trade act shall render the violator liable to the state for the payment of a civil penalty in a sum set by the court of not less than $100 no more than $5,000 for each day such violation shall have occurred."

KENTUCKY: KRS 367.990(8) provides "In addition to the penalties contained in this section, the Attorney General, upon petition to the court, may recover, on behalf of the Commonwealth a civil penalty of not more than the greater of five thousand dollars ($5000) or two hundred dollars per day for each and every violation of KRS 367.175."

LOUISIANA: The Louisiana relevant penalty statute is La. R.S. 51:122. The relevant portion of the statute provides:

> Whoever violates this section shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, not more than three years, or both.

> Thus, under the statute, all persons determined to be involved in the violation of the statute are liable for a maximum of $5,000.

MAINE: Pursuant to 10 M.R.S.A. sec. 1104(3(A), "[i]n any action initiated by the Attorney General pursuant to this section to prevent and restrain violations of sections 1101 and 1102, the Attorney General may include an action to recover civil penalties by each defendant for each course of conduct alleged."

MARYLAND: Pursuant to Md. Com. Law Code Ann., Section 11-209(a)(4), "In addition to the equitable remedies or other relief authorized by this section, the court may assess against any person who violates section 11-204 of this subtitle a civil penalty not exceeding $100,000, for each violation, to be paid to the General Fund of the State."

MASSACHUSETTS: Pursuant to Massachusetts G.L. c. 93A, § 4, the Commonwealth is entitled to a civil penalty of not more than five thousand dollars for each violation of G.L. c. 93A § 2, plus reasonable costs of investigation and litigation of each such violation, including reasonable attorneys fees. In addition, pursuant to G.L. c. 93, the commonwealth may recover a civil penalty of not more than twenty-five thousand dollars for any course of conduct, pattern of activity or activities which violate section four five or six of the antitrust act.

33

MICHIGAN:  Pursuant to MCL 445.777 the Court may assess for the benefit of the State of Michigan a civil penalty of not more than $50,000.00 for each violation of the Michigan Antitrust Reform Act.

MINNESOTA:  Pursuant to Minn. Stat. § 325D.56 (2004), any person found to have violated Minnesota's antitrust law "shall be subject to a civil penalty of not more than $50,000." In addition, the Minnesota Attorney General may recover "a civil penalty, in an amount to be determined by the court, not in excess of $25,000," for a violation of Minnesota's antitrust law, pursuant to Minn. Stat. § 8.31 (2004).

MISSISSIPPI:  The State of Mississippi is seeking civil penalties under Mississippi Code Ann. §75-24-19 (1)(b) and §75-21-7.

MISSOURI:  The Missouri Attorney General is not seeking any civil penalty under the Missouri Antitrust Act in this action.  The Attorney General is, however, seeking relief under Section 416.071, RSMo, which authorizes the Court to grant such prohibitory and mandatory relief as to "deter" a defendant from committing further violations of the act and "such mandatory relief as is necessary to restore or preserve fair competition in the trade or commerce affected by the violation."

NEVADA:  Pursuant to Nev. Rev. Stat. § 598A.170, "Civil penalty in action brought by Attorney General for engaging in prohibited activity.  Persons who engage in activities prohibited by this chapter are civilly liable, at the suit of the Attorney General, in an amount not to exceed 5 percent of the gross income realized by the sale of commodities or services sold by such persons in this state in each year in which the prohibited activities occurred."

NEW YORK:  New York's civil penalties statute is N.Y. GEN BUS LAW § 342-a (2006) (cross-referencing N.Y. GEN BUS LAW § 341).  It provides for a penalty for corporations "not

exceeding one million dollars." Penalties are assessed "for the doing in this state of any act

herein declared to be illegal, or any act in, toward or for the making or consummation of any

contract, agreement, arrangement or combination herein prohibited, wherever the same may have

been made." Additional allowances not to exceed $20,000.00 may be awarded under N.Y. GEN

BUS LAW § 342 (injunctive relief).

NORTH CAROLINA: Pursuant to N.C. Gen. Stat. § 75-15.2, "In any suit instituted by

the Attorney General, in which the defendant is found to have violated G.S. 75-1.1 and the acts

or practices which constituted the violation were, when committed, knowingly violative of a

statute, the court may, in its discretion, impose a civil penalty against the defendant of up to five

thousand dollars ($ 5,000) for each violation. . . . ," and pursuant to N.C. Gen. Stat. § 75-8,

"Where the things prohibited in this Chapter are continuous, then in such event, after the first

violation of any of the provisions hereof, each week that the violation of such provision shall

continue shall be a separate offense."

NORTH DAKOTA: Pursuant to N.D.C.C. Sec. 51-08.1-07, "The attorney general, or a

state's attorney with the permission or at the request of the attorney general, may bring an action

for appropriate injunctive relief and civil penalties in the name of the state for a violation of this

chapter. The trier of fact may assess for the benefit of the state a civil penalty of not more than

fifty thousand dollars for each violation of this chapter."

OHIO: Ohio's maximum civil penalties/forfeiture is the amount of days the violations

are/were committed multiplied by $500.00 per day.

OKLAHOMA: Pursuant to 15 O.S. 2001 §761.1(C) "Any person who is found to be in

violation of the Oklahoma Consumer Protection Act in a civil action or who willfully violates the

terms of any injunction or court order issued pursuant to the Consumer Protection Act shall