EXHIBIT 5
PART 2

forfeit and pay a civil penalty of not more than Ten Thousand Dollars ($10,000.00) per violation, in addition to other penalties that may be imposed by the court, as the court shall deem necessary and proper. For the purposes of this section, the district court issuing an injunction shall retain jurisdiction, and in such cases, the Attorney General, acting in the name of the state, or a district attorney may petition for recovery of civil penalties."

OREGON:  Pursuant to Oregon Revised Statutes ("ORS") § 646.760(1), "The court may assess for the benefit of the state a civil penalty of not more than $250,000 for each violation of ORS 136.617, 646.705 to 646.805 and 646.990 [Oregon's Antitrust Laws]."

RHODE ISLAND:  Rhode Island's civil penalties statute is R.I. General Laws § 6-36-10.  It provides for a penalty of not more than $50,000 for each violation.  Penalties are assessed for violating R.I. General Laws §§ 6-36-1 through 26.

SOUTH CAROLINA:  Pursuant to Section 39-5-110(a), Code of Laws of SC, 1976, as amended, "(a) If a court finds that any person is willfully using or has willfully used a method, act or practice declared unlawful by Section 39-5-20, the Attorney General, upon petition to the court, may recover on behalf of  the State a civil penalty of not exceeding five thousand dollars per violation."

TENNESSEE:  The Attorney General of Tennessee is not seeking civil penalties in this action and is seeking only injunctive relief.

TEXAS:  The State of Texas calculates civil penalties pursuant to Texas Business & Commerce Code § 15.20 (a), which states in relevant part: "Every person adjudged to have violated any of these prohibitions [Tex. Bus. & Comm. Code § 15.05 (a-c)] shall pay a fine to the state not to exceed $1 million if a corporation . . . ."

UTAH: Pursuant to Utah's Antitrust Act (Utah Code Ann. §§ 76-10- 911 to 77-10-926, as amended, the "Act") the Utah Attorney General may bring an action on behalf of the State of Utah and seek the imposition of civil penalties under the following provisions of the Act:

§ 76-10-918. Attorney general may bring action for injunctive relief, damages or civil penalty.

(1) The attorney general may bring an action for appropriate injunctive relief, and for damages or a civil penalty in the name of the state, any of its political subdivisions or agencies, or as parens patriae on behalf of natural persons in this state, for a violation of this act.

(2) Any individual who violates this act is subject to a civil penalty of not more than $100,000 for each violation. Any person, other than an individual, who violates this act is subject to a civil penalty of not more than $500,000 for each violation.

§ 76-10-919 (3).

(3) The state or any of its political subdivisions may recover the actual damages it sustains, or the civil penalty provided by the Utah Antitrust Act, in addition to injunctive relief, costs of suit, and a reasonable attorney's fee.

VERMONT: Pursuant to 9 V.S.A. §2458, "(a) Whenever the attorney general . . . has reason to believe that any person is using or is about to use any method, act or practice declared by section 2453 of this title to be unlawful . . . and that proceedings would be in the public interest, the attorney general . . . may bring an action in the name of the state against such person to restrain by temporary or permanent injunction the use of such method, act or practice . . . (b) . . . the attorney general . . . may request and the court is authorized to render any other temporary

37

or permanent relief, or both, as may be in the public interest including, but not limited to: (1) the imposition of a civil penalty of not more than $10,000.00 for each violation; (2) an order for restitution of cash or goods on behalf of a consumer or a class of consumers similarly situated; (3) an order requiring reimbursement to the state of Vermont for the reasonable value of its services and its expenses in investigating and prosecuting the action."

VIRGINIA: Pursuant to Section 59.1-9.11 of the Virginia Antitrust Act, "[i]n any action or proceeding brought under Section 59.1-9.15(a) the court may assess for the benefit of the Commonwealth a civil penalty of not more than $100,000 for each willful or flagrant violation of this chapter. No civil penalty shall be imposed in connection with any violation for which any fine or penalty is imposed pursuant to federal law."

## INTERROGATORY NO. 5:

Identify the basis for the amount set forth in your response to Interrogatory No. 4, including, but not limited to, the methodology used to calculate the amount and the statutory and/or common law basis for the amount.

## RESPONSE TO INTERROGATORY NO. 5:

Subject to and without waiving any stated General Objections, the Plaintiff States respond as follows:

ALASKA: See response to Interrogatory 4. The maximum civil penalty will be calculated based on the number of violations that occurred in Alaska pursuant to AS 45.50.551(b).

ARIZONA: Arizona Revised Statutes § 44-1407.

ARKANSAS:  Under A.C.A. §4-75-315 the State of Arkansas may seek civil penalties up to $1,000 per violation.

Under A.C.A. § 4-88-113, the State of Arkansas may seek civil penalties up to $10,000 per violation.

CALIFORNIA:  California, in addition to pursuing its remedies under the Clayton and Sherman Acts, seeks penalties of $2,500 for each violation under California Business & Professions Code Sections 16720 et. seq, 17200 et. seq and 17500 et. se, pursuant to, inter alia, California Business & Professions Code Sections 16750, 17206, 17536, 172025, and 17534.5, and whatever other relief and remedy might be available thereunder.

COLORADO: Pursuant to §6-4-112(2) Colo. Rev. Stat., "In determining the amount of a civil penalty, the court shall consider, among other things: The nature and extent of the violation; the number of consumers affected by the violation; whether the violation was an isolated incident or a continuous pattern and practice of behavior; whether the violation was the result of willful conduct; whether the defendant took affirmative steps to conceal such violations; and whether, given the size and wealth of the defendant, the civil penalty will be an effective deterrent against future violations."

DELAWARE:  "In determining the size of civil penalties, the Court must consider a number of factors including: (1) the good or bad faith of the defendant; (2) the injury to the public; (3) the defendant's ability to pay; (4) the desire to eliminate the benefits derived by a violation; and (5) the necessity of vindicating the authority of the [government]." *United States v. Reader's Digest Association, Inc.*, F.Supp. 770, 772 (D.Del. 1980), *aff'd*, 662 F.2d 995, 967 (3rd Cir. 1981).

DISTRICT OF COLUMBIA:  See response to Interrogatory No. 4.

FLORIDA:  The statutory basis is cited in response to Interrogatory No. 4.

IDAHO:  Please see Idaho's answer to Interrogatory No. 4.

ILLINOIS:  The basis for the amounts set forth in the response of Illinois to Interrogatory No. 4 is the language of 740 ILCS 10/7(4).

IOWA:  The amount is the maximum set by statute.

KANSAS:  Please see Kansas's answer to Interrogatory No. 4.

KENTUCKY:  The amount of the penalty will be determined by the number of violations determined by the Court in this matter.

LOUISIANA:  Answered in answer to Interrogatory No. 4.

MAINE:  Pursuant to 10 M.R.S.A. sec. 1104(3), "[e]ach course of conduct that constitutes a violation of section 1101 or 1102 is a civil violation for which a civil penalty of not more than $100,000 for each defendant may be adjudged."

MARYLAND:  Pursuant to Md. Com. Law Code Ann., Section 11-209(a)(4), "In addition to the equitable remedies or other relief authorized by this section, the court may assess against any person who violates section 11-204 of this subtitle a civil penalty not exceeding $100,000, for each violation, to be paid to the General Fund of the State."

MASSACHUSETTS:  See response to Interrogatory 4.

MICHIGAN:  Pursuant to MCL 445.777 the Court may assess for the benefit of the State of Michigan a civil penalty of not more than $50,000.00 for each violation of the Michigan Antitrust Reform Act.

MINNESOTA:  Under Minn. Stat. §§ 8.31 and 325D.56 (2004), the State of Minnesota is entitled to civil penalties up to $25,000 and $50,000, respectively, for each violation of

Minnesota's antitrust law. *See State by Humphrey v. Alpine Air Products, Inc.*, 490 N.W.2d 888, 896-97 (Minn. Ct. App. 1992), *aff'd* 500 N.W.2d 788 (Minn. 1993).

MISSISSIPPI:  Pursuant to Mississippi Code Ann. §75-24-19 (1)(b) the State of Mississippi may recover up to $10,000 per violation.

Pursuant to Mississippi Code Ann. §75-21-7, the State of Mississippi may recover up to $2,000 per violation.  Each month in which "such person, corporation or association shall violate [the Mississippi Antitrust Law] shall be a separate violation..."

MISSOURI:  As noted above, the Missouri Attorney General is not seeking imposition of a civil penalty in this action.  The methodology used to determine the amount associated with any relief sought under Section 416.071 RSMo is to be determined by the Court.

NEVADA:  Pursuant to Nev. Rev. Stat. § 598A.170, "Civil penalty in action brought by Attorney General for engaging in prohibited activity.  Persons who engage in activities prohibited by this chapter are civilly liable, at the suit of the Attorney General, in an amount not to exceed 5 percent of the gross income realized by the sale of commodities or services sold by such persons in this state in each year in which the prohibited activities occurred."

NEW YORK:  Please see Response to Interrogatory No. 4 and N.Y. Gen. Bus. Law § 340 et seq.

NORTH CAROLINA:  Pursuant to N.C. Gen. Stat. § 75-15.2, "In determining the amount of the civil penalty, the court shall consider all relevant circumstances, including, but not limited to, the extent of the harm caused by the conduct constituting a violation, the nature and persistence of such conduct, the length of time over which the conduct occurred, the assets, liabilities, and net worth of the person, whether corporate or individual, and any corrective action taken by the defendant."

NORTH DAKOTA:  See Response to Interrogatory No. 4.

OHIO:  See Ohio's answer to Interrogatory 4 and O.R.C. §1331.03 and O.R.C. §109.82.

OKLAHOMA:  Pursuant to 15 O.S. 2001 §761.1(C) "Any person who is found to be in violation of the Oklahoma Consumer Protection Act in a civil action or who willfully violates the terms of any injunction or court order issued pursuant to the Consumer Protection Act shall forfeit and pay a civil penalty of not more than Ten Thousand Dollars ($10,000.00) per violation, in addition to other penalties that may be imposed by the court, as the court shall deem necessary and proper. For the purposes of this section, the district court issuing an injunction shall retain jurisdiction, and in such cases, the Attorney General, acting in the name of the state, or a district attorney may petition for recovery of civil penalties."

OREGON:  See answer to Interrogatory No. 4.

RHODE ISLAND:  See answer to Interrogatory No. 4.

SOUTH CAROLINA:  See answer to Interrogatory No. 4.

TENNESSEE:  See Tennessee's response to Interrogatory No. 4.

TEXAS:  The State of Texas maintains that each violation by a corporation of Texas Business & Commerce Code § 15.05 constitutes a separate act for which civil penalties may be imposed against the violator under Section 15.20.

UTAH:  See response to Interrogatory 4, particularly Utah Code Ann. § 76-10-918 (2).

VERMONT:  Please see response to Interrogatory #4 and the Vermont Consumer Fraud Act more generally, 9 V.S.A. §2451 et seq.

VIRGINIA:  The Commonwealth of Virginia may recover civil penalties of up to $100,000 for each "willful or flagrant violation" of the Virginia Antitrust Act, Section 59.1-9.11, Va. Code Ann. (2001).

**INTERROGATORY NO. 6:**

Identify by month, if possible, and if not, by quarter or year, from 2000 to date: (a) all combined hormonal contraceptive products, both brands and generics, for which your state has either purchased or for which your state has reimbursed some or all of the costs of purchase by third-parties; (b) the number purchased or reimbursed of each of the combined hormonal contraceptives identified in response to subsection (a) of this Interrogatory; (c) the price per unit paid by your state for each of the combined hormonal contraceptives identified in response to subsection (a) of this Interrogatory; and (d) the total dollars paid for each of the combined hormonal contraceptives identified in response to subsection (a) of this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff States object to this request on the grounds that it is overbroad, vague, and unduly burdensome, seeks documents that are not relevant to this action, seeks information in the possession, custody, or control of entities other than those represented in this enforcement action by the Plaintiff States, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff States further object to this request, as such information is available from some other source that is more convenient, less burdensome, and less expensive. Specifically, with respect to purchases and/or reimbursements made by state Medicaid programs, such data is maintained and made publicly available by the U.S. Department of Health and Human Services through the Centers for Medicare and Medicaid Services at http://www.cms.hhs.gov. Subject to and without waiving any stated Specific or General Objections, the responding Plaintiff States answer as follows:  To the extent that the Plaintiff States possess any information that is responsive to this request, that is not privileged or

43

otherwise prohibited from disclosure by law, and that was not previously produced to the Defendants, such information will be contained in documents produced by Plaintiff States in response to defendants' First Request for the Production of Documents.

## Exhibit A: State Laws, Rules and Regulations

**ALASKA:** Alaska objects to the discovery requests to the extent they call for confidential information protected by AS 45.50.521. Alaska also objects to the discovery requests to the extent that they request information protected by one or more of the following laws relating to disclosure of patient and health care records: AS 09.25.120(a)(3) and (4); AS 47.05.020 and .030; AS 47.30 .845; 7 AAC 37.010 - .130; 22 AAC 05.095(a); and 42 U.S.C. Sec. 1396(a)(7).

**ARIZONA:** Arizona objects to the Discovery Requests to the extent that they seek information and documents protected under A.R.S. § 12-2234 (attorney- client privilege); A.R.S. § 12-2291 *et seq.* (medical records); A.R.S. § 41-1959 (information concerning persons involved with adult protective services actions); A.R.S. § 44-1406 (antitrust investigative materials); A.R.S. § 44-1525 (consumer fraud investigative materials); A.R.S. § 8-701(J) (healthy families program records); A.R.S. § 36-160 (records of recipients of Department of Health Services).

**ARKANSAS:** Arkansas objects to the Discovery Requests to the extent that they call for disclosure of patient or medical information, such documents are considered confidential under Ark. Code Ann. § 5-55-104 (e) or Ark. Code Ann. § 25-19-105 (b)(2). Also such documents requested are considered working papers of the Attorney General under Ark. Code Ann. § 25-19-105 (b)(7). In addition, Arkansas objects to the extent that request calls for documents that are privileged under Rule 502 of the Arkansas Rules of Evidence, specifically section 6 concerning public officers or agencies. Also, if this request calls for documents or information that are part

44

of an ongoing investigation, any such documents or information are considered confidential under Ark. Code Ann. § 4-88-111(d).

CALIFORNIA: California objects to the Discovery Requests to the extent they seek information and documents that are the work of the Office of the Attorney General or are investigatory files privileged under Cal. Evidence Code Section 1040 et. seq. and Cal. Government Code Section 11800 et. seq., to the extent that they seek documents which are confidential or contain trade secrets and proprietray information and are protected under Cal. Evid. Code Section 1060 et. seq. and Cal. Civil Code Section 3426, to the extent that they seek disclosure of patient or medical information protected under Cal. Evidence Code Sections 990 et. seq. and the Cal. Health & Safety Codes, and to the extent that they seek information which is subject to the attorney client privilege or the work product privilege under common law or state law. The State of California reserves the right to make objections based upon other applicable provisions or principles of law.

COLORADO: Colorado objects to these Discovery Requests to the extent they seek information and documents protected by § 24-72-204(2)(a)(I), Colo. Rev. Stat. (2005), which permits the Attorney General to withhold production of investigatory files compiled for law enforcement purposes. Colorado also objects to these Discovery Requests to the extent they seek information and documents protected by § 24-72-204(3)(a)(IV) Colo. Rev. Stat. (2005), which compels the Attorney General to withhold the production of documents that contain trade secrets, are financial data furnished by or obtained from any person, or contain privileged or confidential commercial information. Colorado further objects to these Discovery Requests to the extent that Defendants seek information protected under § 26-1-114(1), Colo. Rev. Stat. (2005) (concerning the prohibition on disclosing the names of applicants for public assistance

45

and welfare). Colorado further objects to this Request to the extent it seeks medical information whose disclosure is subject to criminal penalty as a class six felony under section 18-4-412, Colo. Rev. Stat. (2005).

DELAWARE: Delaware objects to the Discovery Requests to the extent that they call for disclosure of: protected health information in violation of 16 *Del.C.* § 1230, *et seq.*; information and records in violation of 16 *Del.C.* § 5161; privileged information under Rules 502, 503, 508 and 509 of the Delaware Rules of Evidence. The State of Delaware reserves the right to make objections based upon other applicable provisions or principles of law.

DISTRICT OF COLUMBIA: The District of Columbia objects to these Discovery Requests to the extent they seek information or the production of documents that are confidential under D.C. Official Code § 28-4505(k) and D.C. Official Code § 2-534.

FLORIDA: The State of Florida objects to these Discovery Requests to the extent they call for information, or the production of documents or portions thereof, that are privileged or confidential under Fla. Stat. Ch. 119 (2005) (public records exemptions generally); Fla. Stat. Ch. 395.3025, Ch. 395.4025, and Ch. 456.057 (2005) (medical records generally); Fla. Stat. Ch. 112.0455, Ch. 119.0712, Ch. 408.061, Ch. 408.7056, Ch. 440.132, Ch. 455.229, Ch. 624.91, Ch. 744.7081, and Ch. 945.6032 (2005) (medical records and data in control of a state department, agency, or office); Fla. Stat. Ch. 322.125, Ch. 322.126, Ch. 395.0193, Ch. 395.0197, Ch. 466.022, and Ch. 766.101 (2005) (medical records used by administrative or peer review boards); Fla. Stat. Ch. 381.0031, Ch. 381.004, Ch. 381.775, Ch. 382.008, Ch. 384.29, Ch. 384.30, Ch. 392.65, Ch. 760.50, and Ch. 960.003 (2005) (records relating to public health issues, HIV/AIDS, and sexually transmitted diseases); Fla. Stat. Ch. 110.1091, Ch. 125.585, Ch. 166.0444, Ch. 310.102, Ch. 397.501, and Ch. 1012.978 (2005) (records used by employee

assistance and substance abuse programs); Fla. Stat. Ch. 112.08 and Ch. 1012.31 (2005) (medical records of public employees); Fla. Stat. Ch. 394.4615, Ch. 394.921 and Ch. 394.907 (2005) (medical records relating to mental health); Fla. Stat. Ch. 392.3035, Ch. 392.3036, Ch. 400.022 and Ch. 400.0255 (2005) (hospital and health care facility records); Fla. Stat. Ch. 409.175, Ch. 409.910 and Ch. 413.341(2005) (medical records relating to social welfare); Fla. Stat. Ch. 440.125, Ch. 440.132 and Ch. 440.3851 (2005) (medical records relating to Worker's Compensation); Fla. Stat. Ch. 636.064, Ch. 641.515 and Ch. 641.55 (2005) (medical records relating to insurance); Fla. Stat. Ch. 760.40, Ch. 943.325 and Ch. 951.27 (2005) (records relating to genetic testing); Fla. Stat. Ch. 945.10, Ch. 951.27, Ch. 960.003, Ch. 985.31 and Ch. 985.311 (2005) (medical records of inmates and offenders); and Fla. Stat. Ch. 1002.22 (2005) (student medical records). The State of Florida reserves the right to make objections based upon other applicable provisions or principles of law.

IDAHO: Idaho objects to the Discovery Requests to the extent that they may seek information or documents that are the work of the Office of the Idaho Attorney General or are protected from disclosure under Idaho Code Section 9-335 (ongoing investigative materials); Rule 502, Idaho Rules of Evidence (I.R.E.) (attorney-client privilege); and Rule 503, I.R.E. (physician and psychotherapist privilege).

ILLINOIS: Illinois objects to these Discovery Requests to the extent that they seek information or documents protected by 305 ILCS 5/11-9 of the Public Aid Code, 410 ILCS 310/7 of the Aids Registry Act, 735 ILCS 5/8-802 governing privileged communications between healthcare practitioner and patient, and 740 ILCS 110/3 and 740 ILCS 110/10 of the Mental Health and Developmental Disabilities Act.

IOWA:  Iowa objects to these requests to the extent they request documents protected by the work product doctrine.

KANSAS:  The State of Kansas objects to these Discovery Requests to the extent they call for information or the production of documents or portions thereof that are privileged or confidential under K.S.A. §45-221(a)(25) (Attorney work product relating to Kansas's and States' investigation) or K.S.A. §60-426 (Lawyer-client privilege).  The State of Kansas also objects to these Discovery Requests to the extent they call for notes, preliminary drafts, research data in the process of analysis, memoranda or other records in which opinions are expressed or policies or actions are proposed (K.S.A. §45-221(a)(20)).  The State of Kansas further objects to the extent that the Request seeks disclosure of trade secrets in violation of K.S.A. §60-3320 and K.S.A. §60-432.  The State of Kansas reserves the right to make objections based upon other applicable provisions or principles of law.

KENTUCKY: The Commonwealth of Kentucky objects to these Discovery Requests to the extent that they seek production of medical information in violation of KRS 311.139 KRS 210.235; KRS 209.140; KRS 205.175; KRS 202B. 990; KRS 202A .991; KRS 194.060, and KRE 507 as codified by statute and objects to the extent that the Request seeks information subject to the Attorney - Client privilege in violation of KRE 503 as codified by statute. Commonwealth of Kentucky further objects to the extent that the Request seeks disclosure of trade secrets in violation of KRS 365.880.

LOUISIANA:  The State of Louisiana objects to these Discovery Requests to the extent that they seek information and documents which are confidential pursuant to LSA R.S. 1404, 44:4:1(31) and Medical-LSA R.S. 44:7.

48

MAINE:  The State of Maine objects to these Discovery Requests to the extent they seek intelligence or investigative information prohibited from dissemination under 16 M.R.S.A § 614.

MARYLAND:  Maryland objects to these Discovery Requests to the extent they seek information and documents protected by § 11-205, Md. Com. Law Code Ann. (2005) which limits disclosure of trade secrets and other materials compiled in the course of an investigation. Maryland also objects to these Discovery Requests to the extent that disclosure of investigative materials would be contrary to the public interest pursuant to §§ 10-611, 10-615 and 10-618, State Government Article, Annotated Code of Maryland.  Maryland further objects to these Discovery Requests to the extent that they seek patient or medical information or other confidential or privileged information.

MASSACHUSETTS:  The Commonwealth of Massachusetts objects to the Discovery Requests to the extent they seek privileged or confidential information protected by law. Pertinent state laws and regulations include, but are not limited to:  Massachusetts General Laws chapters 111, 112, 149 § 11, 214 § 1B and 233 § 20B; 247 Code of Massachusetts Regulations (C.M.R.) 9.01 *et seq.,* 251 C.M.R. 1.10 *et seq.,* 263 C.M.R. 6.01 *et seq.,* 268 C.M.R. 5.03, 950 C.M.R. 14.413.

MICHIGAN:  The State of Michigan further objects to the Discovery Requests to the extent they seek documents that are protected by MCL 15.243(1)(f)(i),(g),(h) &(l) and to the extent that they are protected pursuant to MRE 501.

MINNESOTA:  Minnesota objects to the Discovery Requests to the extent that they seek information and documents collected by the Attorney General's Office as part of an active investigation undertaken for the purpose of the commencement or defense of a pending civil legal action, which are protected from disclosure by Minn. Stat. § 13.39 (2004).  Minnesota also

objects to the extent the Discovery Requests seek information provided by others that may qualify as trade secret information protected by Minn. Stat. § 13.37 (2004). Minnesota further objects to the extent the Discovery Requests seek information or documents protected from disclosure by Minn. Stat. § 13.3805 (2004) (public health data); Minn. Stat. § 13.384 (2004) (medical data); Minn. Stat. § 13.46 (2004) (welfare data); Minn. Stat. § 144.335 (2004) (access to health records); and Minn. Stat. § 256B.27 (2004) (medical assistance cost reports). Minnesota reserves the right to make further objections based upon other applicable provisions or principles of law.

MISSISSIPPI: The State of Mississippi objects to the Discovery Requests to the extent that they call for disclosure of patient communications to a physician... hospital, nurse and/or pharmacist as such information is considered privileged under Miss. Code Ann. § 13-1-21 and Rule 503 of the Mississippi Rules of Evidence. Also, Mississippi objects to the extent that the Discovery Requests call for documents that are privileged under the Attorney-Client Privilege set forth in Rule 502 of the Mississippi Rules of Evidence. Furthermore, Mississippi objects to the extent that Discovery Requests call for the release of information obtained or maintained by the Mississippi Division of Medicaid regarding the prescription drug program, including trade secrets and manufacturer or labeler pricing as this information is confidential under Miss. Code Ann. § 43-13-117. The State of Mississippi reserves the right to make objections based upon other applicable statute and principles of law.

MISSOURI: Missouri objects to the Discovery Requests to the extent they seek protected health information as restricted by the Health Insurance Portability and Accountability Act of 1996 (HIPPA), or confidential patient information protected by state laws from disclosure, or legal work product and all communications created within the attorney general's

50

office relating to the matter, its investigation, or this litigation which are protected from disclosure under § 610.021 (1) and (4), RSMo 2000.

NEVADA:  The State of Nevada objects to the Discovery Requests to the extent they seek information or documents that are protected from disclosure under Nevada state laws, rules, or regulations, including the following: Nev. Rev. Stat. § 49.035-49.115 (Lawyer and Client Privilege), Nev. Rev. Stat. § 49.117-49.123 (Proceedings of Review Committee Privilege), Nev. Rev. Stat. § 49.207-49.213 (Psychologist and Patient Privilege), Nev. Rev. Stat. § 49.215-49.245 (Doctor and Patient Privilege), Nev. Rev. Stat. § 49.246-49.249 (Marriage and Family Therapist and Client Privilege), Nev. Rev. Stat. § 49.251-49.254 (Social Worker and Client Privilege), Nev. Rev. Stat. § 49.2541-49.2549 (Victim's Advocate and Victim Privilege), Nev. Rev. Stat. § 49.265 (Committees for Review of Medical or Dental Care Privilege), Nev. Rev. Stat. § 49.325 (Trade Secrets Privilege), Nev. Rev. Stat. § 62H.220 (Juvenile Sex Offenders Records), Nev. Rev. Stat. § 433A.360 (Mental Health Records), Nev. Rev. Stat. § 441A.220 (Communicable Diseases Records), Nev. Rev. Stat. § 453.720 (Controlled Substances Addicts Records), Nev. Rev. Stat. § 449.720 (Medical Patient's Rights), Nev. Rev. Stat. § 458.280 (Alcohol and Drug Abuse Records), Nev. Rev. Stat. § 622.310 (Medical Records in Regulatory Proceedings), Nev. Rev. Stat. § 639.238 (Pharmacy Prescriptions Records).

NEW YORK:  The State of New York objects to these Discovery Requests to the extent that they seek information and documents not subject to disclosure under N.Y. PUB. OFF. LAW Art. 6. New York also objects to the extent that the Requests call for documents and information that are protected from disclosure under N.Y. GEN. BUS. LAW § 343 because they are part of an ongoing investigation.  New York further objects to these Discovery Requests to the extent that they seek information and documents protected from disclosure pursuant to other New York

State privileges, laws and regulations, including, but not limited to, privileges, laws and regulations that protect the confidentiality of patient information, e.g., N.Y. MENTAL HYGIENE LAW §§ 33.13 & 33.16; N.Y. PUBLIC HEALTH LAW §§ 17, 18; N.Y. PUBLIC HEALTH LAW ART. 27-f §§ 2780-2787; N.Y. PUBLIC OFF. LAW ART. 6-A.

NORTH CAROLINA:  The State of North Carolina objects to these requests to the extent they seek confidential and privileged information, including attorney work product, attorney-client communications, and information subject to the following rules or statutes: 45 CFR Parts 160-164 (HIPAA), Article 3 of N.C. Gen. Stat. Chapter 122C (mental health records), N.C. Gen. Stat. § 130A-12 (records of state and county public health officials),  N.C. Gen. Stat. § 130A-148 (communicable disease records), N.C. Gen. Stat. § 108A-80 (medical records of recipients of public assistance), N.C. Gen. Stat. § 135-37 (North Carolina State Health Plan),  N.C. Gen. Stat. §§ 143B-139.6 and 58-2-105 (Medicare and/or Medicaid records), and N.C. Gen. Stat. §§ 8-53 and 131E-97 (state and county hospital records).

NORTH DAKOTA:  The State of North Dakota objects to these Discovery Requests to the extent they seek information and documents protected by N.D.C.C. Sections 44-04-18.1 (medical records), 44-04-18.4 (trade secrets, proprietary, commercial and financial information), 44-04-18.12 (attorney general investigations and litigation), 44-04-18.9 (records relating to individual recipients of economic assistance or benefits), 44-04-19.1 (attorney work product).

OHIO: The State of Ohio objects to these Discovery Requests to the extent that they seek confidential information and documents protected by O.R.C § 1347.08, O.R.C § 149.43 and O.R.C. § 2317.02. Ohio further objects to the extent that these Discovery Requests seek documents that are confidential pursuant to O.R.C. § 5101.27 (release of information only for purposes directly related to the administration of the Medicaid program); O.R.C. § 5123.89

52

(records of mentally retarded are confidential); O.R.C. § 3793.13 (patient drug treatment information is confidential); O.R.C. § 2317.02 (physician/patient communications are privileged) O.R.C. § 4732.17 (psychologist/client communications are privileged); O.R.C. § 5101:1-1-03 (all records of Medicaid patients are confidential). [2]

OKLAHOMA:  The State of Oklahoma objects to these discovery requests to the extent they seek information and documents protected by 51 O.S. 2001 §24A.12, which permits the Attorney General to withhold production of investigatory reports and litigation files.

OREGON: The State of Oregon objects to these Discovery Requests to the extent they seek information and documents that contain confidential information protected from disclosure in accordance with the following statutes and rules:  Oregon Revised Statutes § ("ORS") 40.225 (attorney-client privilege); ORS 40.230 (psychotherapist-patient privilege); ORS 40.235 (physician-patient privilege); ORS 179.505 (prohibiting disclosure of certain health care records); ORS 410.150 (creating privilege for certain public assistance records), ORS 411.320 (creating privilege for certain other public assistance records); ORS 418.130 (prohibiting disclosure of certain records of  assistance for needy families); Oregon Administrative Rules ("OAR") 309-014-0035, 309-016-0430, 309-016-120, 309-032-0205, 309-032-0870, 309-032-1030, 309-032-1040, 309-032-1280, 309-035-0117, 309-040-0390, 309-041-0019, 309-041-0630, 309-041-0730, 309-043-0310, 309-043-0440 (making confidential various health records); OAR 410-010-0000, 410-010-0010, 410-010-0020, 410-010-0030, 410-010-0040, 410-010-0050, 410-010-0060 (protecting information regarding Department of Human Services clients); OAR 411-085-0310 (providing for confidentiality of records of nursing facility patients); OAR

---

[2] In this case Ohio did not issue an Investigative Demand, however, if Ohio had issued an Investigative Demand to obtain information and documents, then pursuant to O.R.C. §1331.16(L), all information and documents received pursuant to the Investigative Demand are deemed confidential and cannot be disclosed, unless disclosure is Ordered by a Court.

411-005-0035 (governing confidentiality of records of Seniors and People with Disabilities Division of Department of Human Services); OAR 413-010-0000, 413-010-0010, 413-010-0030, 413-010-0035, 413-010-0045, 413-010-0055, 413-010-0065, 413-010-0068, 413-010-0075 (protecting information regarding clients of State Office for Services to Children and Families, Department of Human Services).

RHODE ISLAND: The State of Rhode Island objects to these Discovery Requests to the extent they seek information or the production of documents that are confidential pursuant to Rhode Island General Laws § § 5-37.5-1 through 11; or § § 38-2-1 through 15; or § § 23-6-1 through 26; or § 40.1-5-26; or §38-2-2; or § 40.6-12; or common law privileges, including but not limited, to attorney-client privilege, work-product doctrine, deliberative privilege, and law enforcement; disclosure would violate the privacy rights of third parties.

SOUTH CAROLINA: The State of South Carolina objects to these Discovery Requests to the extent they seek disclosure of medical records of patients in state facilities or whose treatment is paid for, in whole or part, at the expense of the state. SC Code § § 44-115-10, et seq. See also 42 U.S.C. 1396(a)(7).

TENNESSEE: The State of Tennessee objects to these Discovery Requests to the extent that they call for disclosure of patient or medical records as such records are protected by TENN. CODE ANN. § 10-7-504(a)(1) or any other exception to the Tennessee Public Records Act. The State of Tennessee further objects to these Discovery Requests to the extent that they call for disclosure of investigative files and information protected by TENN. CODE ANN. § 8-6-407.

TEXAS: The nature, scope and extent of responsive documents, if any exist, possessed by the Texas Attorney General and the state agencies on whose behalf the Texas Attorney General is facilitating discovery is currently unknown. As these documents are identified, the

Texas Attorney General will provide the relevant specific objections and citations, if any. The State of Texas objects to the Discovery Requests to the extent that they seek information that is confidential under 42 C.F.R. § 431.300, Texas Attorney General Open Records Decision No. 584 (1991), and Texas Human Resource Code § 12.003. In addition, Texas objects to this Request to the extent that it seeks confidential information protected by Section 5.08, Article 4495B of the Texas Medical Practices Act, which prohibits the disclosure of patient medical records.

UTAH:  The State of Utah further objects to the Discovery Requests to the extent they seek information which is confidential, privileged, private, controlled, protected, prohibited from disclosure by law, or whose disclosure is subject to criminal penalties, or is otherwise not public under federal and Utah laws and regulations, including, without limitation, the Health Insurance Portability and Accountability Act of 1996 (HIPPA) and the following provisions of Utah laws and regulations: Utah Government Records Access and Management Act ("GRAMA"), Title 63, Chapter 2, Utah Code Annotated (which subjects disclosure of controlled, private, or protected records to criminal penalty as a Class B misdemeanor) including, without limitation: § 63-2-302(a)(b) (records containing medical data on individuals; § 63-2-303 (medical, psychiatric, or psychological data about an individual); § 63-2-304 (trade secrets, commercial and financial information, records prepared solely in anticipation of litigation, records created or maintained for civil, criminal, or administrative enforcement purposes, attorneys' work product, attorney-client communications, non-public records received by Utah governmental entities from governmental entities outside of Utah, records relating to settlement negotiations, drafts, and other categories);  § 63-2-308 (records containing confidential business information); Utah Code Ann. § 26-1-17.5 (confidentiality of health records); Utah Code Ann. §§ 26-3-7 (disclosure of

identifiable health data); Utah Code Ann. 26-3-9 (identifiable health data not subject to subpoena or compulsory process); Utah Code Ann. §§ 26-6-27 and 26-6-28 (information regarding communicable or reportable disease); Utah Code Ann. §§ 26-6a-6 and 26-6a-7 (confidentiality and privileged nature of Aids test results; Class B misdemeanor for violation);  Utah Code Ann. §§ 26-18-104 and 26-18-108 (confidentiality of information obtained under Utah Code Ann. Title 26, Chapter 18, Part 2, concerning the Drug Utilization Review Board; violation of confidentiality provisions a Class B misdemeanor); Utah Code Ann., Title 26, Chapter 25 (confidentiality and privileged nature of treatment and condition information and communications ); Utah Code Ann., Title 26, Chapter 33a, including, without limitation §§ 26-33a-108 and 26-33a-109 (disclosure of identifiable health data prohibited; exceptions), 26-33a-110 (disclosure of identifiable health data a Class A misdemeanor), 26-33a-111 (identifiable health data not subject to subpoena or compulsory process); Utah Code Ann. §31A22-617(4)( c) (confidentiality and privileged nature of patient medical records); Utah Code Ann. §§ 58-17b-604, 58-17b-504 (disclosure of prescription or patient's medication profile; penalties for violation);  Utah Code Ann. § 58-60-509 (substance abuse counselor-client/patient privilege); Utah Code Ann. § 62-15-643  (confidentiality of information identifying mental health patient or former patient); Utah Code Ann. §§ 58-60-113, 58-60-114 (mental health therapist-client/patient privilege); Utah Code Ann. §§ 62A-3-311.11, 62A-3-312 (records and information in vulnerable adult abuse, neglect, or exploitation database are protected records under GRAMA); Utah Code Ann. §§ 62A-4a-116, 62A-4a-116.1 and 116.2 (records contained in the Management Information System and the Licensing Information System of the Division of Child and Family Services are protected records under GRAMA); Utah Code Ann. § 62A-15-707 (confidentiality of information identifying minor health patient or former patient); Utah Code Ann. § 76-7-313

(confidentiality and privileged nature of abortion information); Utah Cod Ann. § 76-10-917(8)

(confidentiality of information obtained during antitrust investigation); Utah Code Ann. § 78-24-

8 (privileged communications, including, without limitation, attorney-client privilege,

physician/surgeon-patient privilege; public officer privilege); Utah Rules of Evidence, 501, 504,

505, 506; Utah Medicaid Provider Manual, Section 1, General Information, Para. 10-2 (located

at http:/www.health.state.ut.us/medicaid) .

 The State of Utah reserves to right to assert any and all objections based upon other

applicable provisions or principles of law.

 VERMONT: The State of Vermont objects to these Discovery Requests to the extent that

they seek information and documents not subject to disclosure under 1 V.S.A. §315 et seq.

Vermont also objects to the extent that the Requests call for documents and information that are

protected from disclosure pursuant to other State laws and regulations including, but not limited

to, the following:  12 V.S.A. § 1612(a) (Vermont patient confidentiality); 33 V.S.A. § 111

(Vermont public-assistance applicant confidentiality); 42 U.S.C. § 1396a(7) (Medicaid patient

confidentiality); 1 V.S.A. §317(4) (work product); 1 V.S.A. § 317(9) (trade secrets); and V.R.E.

Rule 502 (lawyer-client privilege).

 VIRGINIA: The Commonwealth of Virginia objects to these Discovery Requests to the

extent they seek production of medical information and documents protected by Section 32.1-

127.1:03, Va. Code Ann. (2004).  The Commonwealth of Virginia also objects to these

Discovery Requests to the extent they seek production of information and documents protected

by Section 32.1-325.3, Va. Code Ann. (2004), which prohibits disclosure of applicants for and

recipients of medical assistance services.  The Commonwealth of Virginia further objects to

these Discovery Requests to the extent they seek production of information and documents

protected by Section 32.1-320(B)(1), Va. Code Ann. (2004), which prohibits the Attorney

General from disclosing any Medicaid patient's medical records or information. The

Commonwealth of Virginia further objects to these Discovery Requests to the extent they seek

production of information and documents protected by Section 8.01-399, Va. Code Ann. (2000),

which prohibits any practitioner of any branch of the healing arts from testifying in any civil

action.

DATED: May 10, 2006

Respectfully submitted,

PLAINTIFF STATES

STATE OF COLORADO
JOHN W. SUTHERS
Attorney General

/s/ _____
DEVIN M. LAIHO
Assistant Attorney General

Consumer Protection Section
Attorneys for the State of Colorado
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: 303-866-5079
Devin.Laiho@state.co.us

COMMONWEALTH OF VIRGINIA
JUDITH WILLIAMS JAGDMANN
Attorney General
Sarah Oxenham Allen
Jennifer L. Gobble
Assistant Attorneys General
Antitrust & Consumer Litigation Section
Attorneys for the Commonwealth of Virginia
900 East Main Street
Richmond, Virginia 23219
Telephone: 804-786-6557

STATE OF MARYLAND

J. JOSEPH CURRAN, JR.
Attorney General
MEREDYTH SMITH ANDRUS
Assistant Attorney General
Ellen S. Cooper
Chief, Antitrust Division
Attorneys for the State of Maryland
200 St. Paul Street
Baltimore, Maryland 21202
Telephone: 410-576-6470

STATE OF ALASKA
DAVID W. MARQUEZ
Attorney General
Clyde E. Sniffen, Jr
Assistant Attorney General
Fair Business and Commercial Section
Attorneys for the State of Alaska
Alaska Attorney General's Office
1031 W. 4th. Avenue # 200
Anchorage, Alaska 99501
Telephone: 907-269-5200

STATE OF ARIZONA
TERRY GODDARD
Attorney General
Nancy M. Bonnell
Antitrust Unit Chief
Public Advocacy Division
Attorneys for the State of Arizona
Office of the Attorney General
1275 West Washington
Phoenix, Arizona 85007-2926
Telephone: 602-542-7752

STATE OF ARKANSAS
MIKE BEEBE
Attorney General of Arkansas
Teresa Marks
Deputy Attorney General for Public Protection
Bradford J. Phelps
Assistant Attorney General
Attorneys for the State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: 501-682-3625

STATE OF CALIFORNIA
BILL LOCKYER
Attorney General
Richard M. Frank
Chief Deputy Attorney General
J. Thomas Greene
Chief Assistant Attorney General
Kathleen E. Foote
Senior Assistant Attorney General
Ann Marie Marciarille
Deputy Attorney General
Attorneys for the State of California
Office of the Attorney General
P.O. Box 70550
1515 Clay Street
Oakland, California 94612
Telephone: 510-622-2221

STATE OF DELAWARE
M. JANE BRADY
Attorney General
Michael A. Undorf
Deputy Attorney General
Attorneys for the State of Delaware
Delaware Department of Justice
820 N. French St., 5th Floor
Wilmington, Delaware 19801
Telephone: 302-577-8924

DISTRICT OF COLUMBIA
ROBERT J. SPAGNOLETTI
Attorney General
David M. Rubenstein
Deputy Attorney General
Public Safety Division
Bennett Rushkoff (#386925)
Chief, Consumer and Trade Protection Section
Don A. Resnikoff
Senior Assistant Attorney General
Anika Sanders Cooper (#458863)
Assistant Attorney General
Attorneys for the District of Columbia
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW, Suite 450N
Washington, District of Columbia 20001

Telephone: 202-727-6241

STATE OF FLORIDA
CHARLES J. CRIST, JR.
Attorney General
Patricia A. Conners
Director, Antitrust Division
Elizabeth G. Arthur
Assistant Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
Phone: 850-414-3300

STATE OF IDAHO
LAWRENCE G. WASDEN
Attorney General
Brett T. DeLange
Deputy Attorney General
Consumer Protection Unit
Office of the Attorney General
Attorneys for the State of Idaho
Len B. Jordan Building
650 W. State St., Lower Level
P. O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2424

STATE OF ILLINOIS
LISA MADIGAN
Attorney General
Robert W. Pratt
Chief, Antitrust Bureau
Attorneys for the State of Illinois
Office of the Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: 312-814-3722

STATE OF IOWA
THOMAS J. MILLER
Attorney General
John. F. Dwyer
Attorney
Layne M. Lindebak
Assistant Attorney General
Attorneys for the State of Iowa
2nd Floor, Hoover Office Building

East 13th & Walnut Street
Des Moines, Iowa 50319
Telephone: 515-281-7054

STATE OF KANSAS
PHILL KLINE
Attorney General
Lynette Bakker
Assistant Attorney General
Attorneys for the State of Kansas
120 SW 10th Street, 2nd Floor
Topeka, Kansas 66612
Telephone: 785-296-2215

COMMONWEALTH OF KENTUCKY
GREGORY D. STUMBO
David R. Vandeventer
Elizabeth Natter
Assistant Attorneys General
Consumer Protection Division
Attorneys for the Commonwealth of Kentucky
1024 Capital Center Dr.
Frankfort, Kentucky 40601
Telephone: 502-696-5389

STATE OF LOUISIANA
CHARLES C. FOTI, JR.
Attorney General
Jane Bishop Johnson
Assistant Attorney General
Attorneys for the State of Louisiana
1885 N. 3rd Street, 4th Floor
Baton Rouge, Louisiana 70802
Telephone: 225-326-6467

STATE OF MAINE
G. STEVEN ROWE
Attorney General
Christina Moylan
Assistant Attorney General
Attorneys for the State of Maine
6 State House Station
Augusta, Maine 04333-0006
Telephone: 207-626-8800

COMMONWEALTH OF MASSACHUSETTS

THOMAS F. REILLY
Attorney General
Judith M. Whiting
Assistant Attorney General
Consumer Protection and Antitrust Division
Attorneys for the Commonwealth of Massachusetts
Office of the Attorney General
Commonwealth of Massachusetts
One Ashburton Place
Boston, Massachusetts 02108
Telephone: 617-727-2200, ext. 2959

STATE OF MICHIGAN
MICHAEL A. COX
Attorney General
Michelle M. Rick
Assistant Attorney General
Special Litigation Division
Antitrust Section
Attorneys for the State of Michigan
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48913
Telephone: 517-373-1123

STATE OF MINNESOTA
MIKE HATCH
Attorney General
Ann Beimdiek Kinsella
Manager, Health/Antitrust Division
Jennifer L. DeKarske
Assistant Attorney General
Attorneys for the State of Minnesota
445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101
Telephone: 651-215-1564


STATE OF MISSISSIPPI
JIM HOOD
Attorney General
Sondra Simpson McLemore
Special Assistant Attorney General
Attorneys for the State of Mississippi
Post Office Box 22947
Jackson, Mississippi 39225

Telephone: 601-359-3748

STATE OF MISSOURI
JEREMIAH (JAY) W. NIXON
Attorney General
Anne E. Schneider
Assistant Attorney General
Antitrust Counsel
Attorneys for the State of Missouri
P.O. Box 899
Jefferson City, Missouri 65102
Telephone: 573-751-8455

STATE OF NEVADA
GEORGE J. CHANOS
Attorney General
Eric Witkoski
Chief Deputy Attorney General
Consumer Advocate
Brian Armstrong
Senior Deputy Attorney General
Attorneys for the State of Nevada
Office of the Attorney General Nevada Department of Justice
Bureau of Consumer Protection
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Telephone: 702-486-3420

STATE OF NEW YORK
ELIOT SPITZER
Attorney General
Jay L. Himes
Bureau Chief, Antitrust Bureau
Elinor R. Hoffmann
Assistant Attorney General, Antitrust Bureau
Attorneys for the State of New York
New York State Department of Law
120 Broadway, Suite 26C
New York, New York 10271-0332
Telephone: 212-416-8269

STATE OF NORTH CAROLINA
ROY COOPER
Attorney General
K. D. Sturgis
Assistant Attorney General

64

Attorneys for the State of North Carolina
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
Telephone: 919-716-6000

STATE OF NORTH DAKOTA
WAYNE STENEHJEM
Attorney General
Todd A. Sattler, ID No. 05718
Assistant Attorney General
Consumer Protection and Antitrust Division
Attorneys for the State of North Dakota
Office of Attorney General
P.O. Box 1054
Bismarck, North Dakota 58502-1054
Telephone: 701-328-5570

STATE OF OHIO
JIM PETRO
Attorney General
Mitchell L. Gentile
Principal Attorney
Beth Finnerty
Deputy Attorney, Antitrust
Attorneys for the State of Ohio
Antitrust Section
150 East Gay Street, 20th Floor
Columbus, Ohio 43215
Telephone: 614-466-4328

STATE OF OKLAHOMA
W.A. DREW EDMONDSON
Attorney General
Thomas A. Bates
Julie Bays
Assistant Attorneys General
Attorneys for the State of Oklahoma
4545 N. Lincoln Blvd., Suite 260
Oklahoma City, Oklahoma 73105
Telephone: 405-522-1013

STATE OF OREGON
HARDY MYERS
Attorney General
Chin See Ming

Assistant Attorney General
Attorneys for the State of Oregon
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
Telephone: 503-947-4333

STATE OF RHODE ISLAND
PATRICK C. LYNCH
Attorney General
Edmund F. Murray, Jr.
Special Assistant Attorney General
Chief, Antitrust Unit
Maureen Glynn
Assistant Attorney General & Health Care Advocate
Attorneys for the State of Rhode Island
Rhode Island Department of Attorney General
150 South Main Street
Providence, Rhode Island 02903
Telephone: 401-274-4400 Ext.2401

STATE OF SOUTH CAROLINA
HENRY D. McMASTER
Attorney General
C. Havird Jones, Jr.
Senior Assistant Attorney General
Attorneys for the State of South Carolina
P. O. Box 11549
Columbia, South Carolina 29211
Telephone: 803-734-3680

STATE OF TENNESSEE
PAUL G. SUMMERS
Attorney General
S. Elizabeth Martin
Senior Counsel
Antitrust Division
Attorneys for the State of Tennessee
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, Tennessee 37202-0207
Telephone: 615-532-5732

STATE OF TEXAS
GREG ABBOTT
Attorney General of Texas

Barry R. McBee
First Assistant Attorney General
Edward D. Burbach
Deputy Attorney General for Litigation
Mark Tobey
Assistant Attorney General
Chief, Antitrust and Civil Medicaid Fraud Division
William J. Shieber
Mark A. Levy
Assistant Attorneys General
Attorneys for the State of Texas
P.O. Box 12548
Austin, Texas 78711
Telephone: 512-936-1847

STATE OF UTAH
MARK L. SHURTLEFF
Attorney General
Ronald J. Ockey
Assistant Attorney General
Attorneys for the State of Utah
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84111
Telephone: 801-366-0359

STATE OF VERMONT
WILLIAM H. SORRELL
Attorney General
Julie Brill
Assistant Attorney General
Attorneys for the State of Vermont
109 State Street
Montpelier, Vermont 05609-1001
Telephone: 802-828-3658

## CERTIFICATE OF SERVICE

     This is to certify that I have duly served the within **Plaintiff States' Objections and Responses to Defendants' First Request for Production of Documents and Defendants' First Set of Interrogatories** upon all parties herein via e-mail and by depositing copies of same with DHL for overnight delivery this 10th day of May, 2006, addressed as follows:

Charles E. Koob
Peter C. Thomas
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc.*

Robert Sink
Law Offices of Robert W. Sink
319 West Front St.
Media, PA 19063
(610) 566-0800

Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005-3964
(212) 838-7797

Thomas H. Brock
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2813

Karen N. Walker
Mark L. Kovner
Chong S. Park
KIRKLAND & ELLIS LLP
655 15th Street, NW
Suite 1200
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*

Kevin B. Love
Hanzman, Criden & Love, P.A.
7301 S.W. 57th Court, Suite 515
South Miami, Florida 33143
(305) 357-9000

Scott E. Perwin
Kenny Nachwalter, P.A.
110 Miami Center
201 South Biscayune Boulevard
Miami, FL 33131

/s/ _____
Brian L. Laughlin