# EXHIBIT 6

Privilege Log - State Of Colorado et al v. Warner Chilcott Holdings Company III., Ltd., et al

| Bates Prefix | Bates Begin | Bates End | Author | Recipient | Date | Doc Type | Reason Withheld | Document Description | State |
|---|---|---|---|---|---|---|---|---|---|
| AK | 00001 | 00001 | David Capana | Ed Sniffen, Alaska Department of Law, Attorney General's Office | 08/19/05 | e-mail | Attorney Work Product | E-mail transmitting Alaska utilization data | AK |
| AK | 00002 | 00002 | David Capana | Ed Sniffen, Alaska Department of Law, Attorney General's Office | 08/19/05 | spreadsheet | Attorney Work Product | Spreadsheet describing Alaska Medicaid Utilization of Ovcon 1/1/04 to 7/31/05 | AK |
| ARK | ARK001 | ARK005 | Bradford Phelps | Leigh Ann Crouch | 8/23/2005 | e-mail | Attorney Work Product | Request for information by an attorney (includes response to request for information in e-mail string). | AR |
| ARK | ARK004 | ARK006 | Bradford Phelps | Sharon Diskersen | 7/8/2005 | e-mail | Attorney Work Product | Request for Information by an attorney (Includes response to request for information in e-mail string). | AR |
| ARK | ARK006 | ARK006 | Bradford Phelps | Walter Verduzeo | 5/18/2005 | e-mail | Attorney Work Product | Request for Information by an attorney (Includes response to request for information in e-mail string). | AR |
| ARK | ARK009 | ARK010 | Bradford Phelps | Sharon Diskersen | 5/18/2005 | e-mail | Attorney Work Product | Request for information by an attorney (Includes response to request for information in e-mail string). | AR |
| ARK | ARK011 | ARK012 | Bradford Phelps | Leigh Ann Crouch | 7/8/2005 | e-mail | Attorney Work Product | Request for information by an attorney (includes response to request for information in e-mail string). | AR |
| ARK | ARK013 | ARK016 | Bradford Phelps | Walter Verduzeo | 8/23/2005 | e-mail | Attorney Work Product | Request for information by an attorney (Includes response to request for information in e-mail string). | AR |
| ARK | ARK017 | ARK020 | Bradford Phelps | Walter Verduzeo | 5/18/2005 | e-mail | Attorney Work Product | Request for Information by an attorney (Includes response to request for information in e-mail string). | AR |
| ARK | ARK021 | ARK023 | Bradford Phelps | | 5/18/2005 | e-mail | Attorney Work Product | Request for Information by an attorney (Includes response to request for information in e-mail string). | AR |
| ARK | ARK024 | ARK025 | Walter Verduzeo | | 5/26/2005 | e-mail | Attorney Work Product | Response to Request for Information by an attorney | AR |
| ARK | ARK026 | ARK028 | Bradford Phelps | Leigh Ann Crouch | 8/23/2005 | e-mail | Attorney Work Product | Response to Request for Information by an attorney (Includes response to request for Information in e-mail string). | AR |
| ARK | ARK030 | ARK032 | Bradford Phelps | David Bastion, Director of Program Integrity, AHCCCS | | e-mail | Attorney Work Product | Response to Request for information by an attorney (Includes response to request for Information In e-mail string). | AR |
| AZ-OVCON | 00001 | 00003 | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | 05/31/05 | Fax coversheet | Attorney Work Product | fax requesting Ovcon purchase data | AZ |
| AZ-OVCON | 00004 | 00004 | Constance Copeland, AZDOA | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | 06/01/05 | e-mail | Attorney Work Product | e-mail regarding contact for Pacificare members | AZ |
| AZ-OVCON | 00005 | 00005 | Ray Hernandez, AHCCCS | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | 06/06/05 | memo | Attorney Work Product | memo requesting purchase data for Ovcon | AZ |
| AZ-OVCON | 00006 | 00006 | Ray Hernandez, AHCCCS | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | 06/03/05 | memo | Attorney Work Product | memo requesting purchase data for Ovcon | AZ |
| AZ-OVCON | 00007 | 00009 | Ray Hernandez, AHCCCS | Ray Hernandez, AHCCCS | 08/11/05 | Fax coversheet | Attorney Work Product | fax with updated list of NDC's for Ovcon | AZ |
| AZ-OVCON | 00010 | 00010 | Ray Hernandez, AHCCCS | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | 08/12/05 | memo | Attorney Work Product | memo with requested purchase data for Ovcon | AZ |
| AZ-OVCON | 00011 | 00014 | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | Maureen Herie, Walgreens | | Fax coversheet | Attorney Work Product | fax with request for Ovcon purchase data | AZ |
| AZ-OVCON | 00015 | 00029 | Maureen Herie, Walgreens | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | 06/23/05 | e-mail | Attorney Work Product | e-mail regarding Ovcon claims | AZ |
| AZ-OVCON | 00030 | 00043 | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | Judith Jesse, Office of the Attorney General of Virginia | 06/30/05 | e-mail | Attorney Work Product | e-mail regarding State of Arizona Ovcon utilization | AZ |
| AZ-OVCON | 00046 | 00046 | Judith Jesse, Office of the Attorney General of Virginia | All data contacts | 10/27/05 | e-mail | Attorney Work Product | e-mail regarding Ovcon purchase data | AZ |
| AZ-OVCON | 00047 | 00051 | Judith Jesse, Office of the Attorney General of Virginia | Elaine Boughner, Legal Assistant, Office of the Attorney General of Arizona | 04/13/06 | e-mail | Attorney Work Product | e-mail regarding Arizona's MMCAP purchases | AZ |

1

| | | | | | | |
|---|---|---|---|---|---|---|
| AnnMarie Marcarlie, Office of the California Attorney General | Judith Jesus, Office of the Attorney General of Virginia | 9/12/2006 | e-mail | Attorney Work Product | Oxxon | CA |
| AnnMarie Marcarlie, Office of the California Attorney General | Judith Jesus, Office of the Attorney General of Virginia | 9/12/2006 | e-mail | Attorney Work Product | Oxxon | CA |
| Duane Trump, Office of the California Attorney General | AnnMarie Marcarlie, Office of the California Attorney General | 9/6/2005 | e-mail | Attorney Work Product | Oxxon Numbers | CA |
| Duane Trump, Office of the California Attorney General | AnnMarie Marcarlie, Office of the California Attorney General | 9/6/2005 | e-mail | Attorney Work Product | Oxxon Numbers | CA |
| Vic Walker | Duane Trump, Office of the California Attorney General | 9/6/2005 | e-mail | Attorney Work Product | Oxxon | CA |
| AnnMarie Marcarlie, Office of the California Attorney General | Duane Trump, Office of the California Attorney General | 9/1/2005 | e-mail | Attorney Work Product | Oxxon Oral Contraceptives | CA |
| Ron LaSalle | Duane Trump, Office of the California Attorney General | 9/1/2005 | e-mail | Attorney Work Product | Oxxon Purchases | CA |
| Gary Howe | Duane Trump, Office of the California Attorney General | 8/17/2005 | Fax | Attorney Work Product | Oxxon Purchases | CA |
| UCSD | Duane Trump, Office of the California Attorney General | estimated 8/2005 | e-mail | Attorney Work Product | Oxxon | CA |
| Catherine Takazaki | Duane Trump, Office of the California Attorney General | 8/16/2005 | e-mail | Attorney Work Product | Antitrust Investigation of Oxxon | CA |
| UC Davis | Duane Trump, Office of the California Attorney General | estimated 8/2005 | e-mail | Attorney Work Product | Oxxon | CA |
| Barbara Lara | Duane Trump, Office of the California Attorney General | 9/21/2005 | e-mail | Attorney Work Product | Oxxon Report | CA |
| Vic Walker | Duane Trump, Office of the California Attorney General | 9/20/2005 | e-mail | Attorney Work Product | Oxxon report | CA |
| Clark Hemphill | Duane Trump, Office of the California Attorney General | 9/12/2005 | e-mail | Attorney Work Product | Investigation Re: Oxxon | CA |
| Dan Dong | Duane Trump, Office of the California Attorney General | 9/5/2005 | e-mail | Attorney Work Product | Calif. Investigation Re: Oxxon | CA |
| Clark Hemphill | Duane Trump, Office of the California Attorney General | 9/12/2005 | e-mail | Attorney Work Product | Investigation Re: Oxxon | CA |
| Diane Zaba | Duane Trump, Office of the California Attorney General | 9/17/2005 | e-mail | Attorney Work Product | Investigation Re: Oxxon | CA |
| Howard Schwartz | Duane Trump, Office of the California Attorney General | 9/26/2005 | e-mail | Attorney Work Product | Oxxon | CA |
| Barbara Lara | Duane Trump, Office of the California Attorney General | 9/21/2005 | e-mail | Attorney Work Product | Oxxon Report | CA |
| Diane Zaba | Duane Trump, Office of the California Attorney General | 9/11/2005 | e-mail | Attorney Work Product | Oxxon | CA |
| Piter Williams | Duane Trump, Office of the California Attorney General | 9/10/2005 | e-mail | Attorney Work Product | Oxxon | CA |
| Anita Cooper, AAG | Lawyers at Department of Health including Kenneth Campbell, General Counsel, Department of Health; Phillip Husband, Associate General Counsel, Department of Health; Mario Danford, Counsel, Department of Health | | e-mails | Attorney Work Product; Attorney/Client Privilege | Legal advice re: responding to discovery requests | DC |
| Anita Cooper, AAG | Anne Sturtz, General Counsel, Department of Mental Health | | e-mails | Attorney Work Product; Attorney/Client Privilege | Legal advice re: responding to discovery requests | DC |
| Phillip Husband, Associate General Counsel, Department of Health | Department of Health staff | | e-mails | Attorney Work Product; Attorney/Client Privilege | Legal advice re: responding to discovery requests | DC |

| | Bates | Author | Recipient | Date | Type | Privilege | Description | Code |
|---|---|---|---|---|---|---|---|---|
| | | Anne Stortz, General Counsel, Department of Mental Health | Department of Mental Health staff | | | Attorney Work Product Attorney/Client Privilege | Legal advice re: responding to discovery requests | DC |
| | 004651 | Debbie McCall | Debbie McCall | 8/22/2005 | e-mails | Attorney Work Product | Status report in connection with request for information made by an attorney. (Includes attorney's original request for information in e-mail string) | DE |
| | 004652 | Debbie McCall | Michael Undorf | 8/23/2005 | e-mail | Attorney Work Product | E-mail cover for a report prepared in connection with request for information made by an attorney. | DE |
| | 004653 | Specific author unknown, provided by Debbie McCall | Michael Undorf | No Date | e-mail attachment (004652) | Attorney Work Product | Report prepared in connection with a request for information made by an attorney. | DE |
| | 004654 | Cynthia Denemark | Michael Undorf | 8/25/2006 | e-mail | Attorney Work Product | Out of Office Reply in connection with request for information made by an attorney. | DE |
| | 004655 / 004656 | Joyce Talley | Michael Undorf | 8/22/2005 | e-mail | Attorney Work Product | Response to request for information by an attorney (includes attorney's original request for information in e-mail string). | DE |
| | 004657 | Ann Woolfolk | Michael Undorf | 8/25/2006 | e-mail | Attorney Work Product | Inquiry response of attorney for the DE Department of Health and Social Services in connection with a request for information made by an attorney (includes 3 additional e-mails within the string in connection with attorney's request including the attorney's original request for information). | DE |
| | 004659 / 4660.00 | Cynthia Denemark | Michael Undorf | 8/25/2005 | e-mail | Attorney Work Product | Out of Office Reply in connection with request for information made by an attorney. | DE |
| | 004660 | Karen M Parkse-Bender | Michael Undorf | 8/26/2005 | e-mail | Attorney Work Product | Inquiry in connection with request for information made by an attorney (includes 8 additional e-mail messages in the string all relating to the attorney's request including attorney's original request for information | DE |
| | 004661 / 004664 | Karen M Parkse-Bender | Michael Undorf | 9/9/2005 | e-mail | Attorney Work Product | E-mail cover for a report in connection with a request for information made by an attorney (includes 2 additional e-mail messages in the string all relating to attorney's request) | DE |
| | 004667 / 004668 | Karen M Parkse-Bender | Michael Undorf | No Date | e-mail attachment (004667) | Attorney Work Product | Report prepared in connection with a request for information made by an attorney. | DE |
| | 004669 | Specific author unknown, provided by Karen M Parkse-Bender | Michael Undorf | 9/9/2005 | e-mail | Attorney Work Product | Status report in connection with request for information made by an attorney. (Includes 10 additional e-mails within the string including the attorney's original request for information) | DE |
| | 004672 / 004677 | Karen M Parkse-Bender | Michael Undorf | 9/9/2005 | e-mail | Attorney Work Product | Explanation of acronyms utilized in document 004669 and includes document 004672 within the e-mail string. | DE |
| FLOVC | 00001 | L. Daugherty | Elizabeth Arthur, Florida Attorney General's Office; Samantha Hunter, Florida Attorney General's Office | 4/2/2006 | spreadsheet | Attorney Work Product | Oxcon purchase data | FL |
| | 00001 | Layne Lindelak, Attorney, IA Atty General Office | Susan Parker, IA Dept of Human Services | 8/25-26/2005 | email | Attorney Work Product | Message exchanges re Oxcon Medicaid Data | IA |
| | | Susan Parker, IA Dept of Human Services | Layne Lindelak, Attorney, IA Atty General Office | 09/09/05 | email | Attorney Work Product | Message re Oxcon Medicaid Data | IA |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Jack Dwyer, Attorney, IA Atty General Office | Susan Parker, IA Dept of Human Services | 4/11-12/2008 | email | Attorney Work Product | Message exchange re prescription drug data | IA |
| | | | Brett Delange, Idaho Attorney General | Department of Health and Welfare, Medicaid | 08/09/05 | | Attorney Work Product | State of Idaho, Department of Health and Welfare, Ovcon Utilization, Claims for from Date of Service, 1/1/2004 – 7/31/2005. | ID |
| | | | Lynette Bakker, Kansas Assistant Attorney General | Dmeka Diehnn | | | Attorney Work Product | Information regarding request for information by an attorney (includes e-mail string) | KS |
| | | | Reid Stacey, KDHPF | Mary Lesperance, KDHPF; Reid Stacey, KDHPF; Nailion Lee, KDHPF | 04/25/06 | e-mail | Attorney Work Product | Information provided in response to request for information by an attorney (includes e-mail string) | KS |
| | | | Lynette Bakker, Kansas Assistant Attorney General | Mary Lesperance, KDHPF; Reid Stacey, KDHPF; Nailion Lee, KDHPF | 04/27/06 | e-mail | Attorney Work Product | Information regarding request for information by an attorney with clarifications | KS |
| | | | Reid Stacey, KDHPF | Lynette Bakker, Kansas Assistant Attorney General; Mary Lesperance, KDHPF | 05/05/06 | e-mail | Attorney Work Product | Response to information regarding request for information by an attorney | KS |
| | | | Lynette Bakker, Kansas Assistant Attorney General | Jennifer Flory, KDHPF | 05/05/06 | e-mail | Attorney Work Product | Response to information regarding request for information by an attorney | KS |
| | | | | Jennifer Flory, KDHPF | 05/07/06 | | Attorney Work Product | Print out of State Employee payments. | KS |
| | | | KDHPF | Lynette Bakker, Kansas Assistant Attorney General; Reid Stacey, KDHPF | 05/07/06 | | Attorney Work Product | Print screen pages of Medicaid database regarding EAC prices. | KS |
| | | | Mary Lesperance, KDHPF | Lynette Bakker, Kansas Assistant Attorney General; Reid Stacey, KDHPF | 05/08/06 | e-mail | Attorney Work Product | Response to information regarding request for information by an attorney (Medicaid) | KS |
| | | | Lynette Bakker, Kansas Assistant Attorney General | Harvey Hills, KDHPF | 05/08/06 | | Attorney Work Product | Table of figures showing total Payments by Medicaid for Ovcon from 2003 to 2006. | KS |
| | | | Lynette Bakker, Kansas Assistant Attorney General | Harvey Hills, KDHPF | 05/08/06 | | Attorney Work Product | Table of figures showing total Payments by Medicaid for Ovcon from 2003 to 2006. | KS |
| | | | Mary Lesperance, KDHPF | Lynette Bakker, Kansas Assistant Attorney General | 05/08/06 | e-mail | Attorney Work Product | E-mail clarifying information requested by an attorney. | KS |
| | | | Reid Stacey, KDHPF | Lynette Bakker, Kansas Assistant Attorney General; Jennifer Flory, KDHPF | 05/08/06 | e-mail | Attorney Work Product | E-mail providing information requested by an attorney | KS |
| | | | | Lynette Bakker, Kansas Assistant Attorney General; Mary Lesperance, KDHPF | 05/08/06 | e-mail | Attorney Work Product | E-mail providing information requested by an attorney | KS |
| | | | Reid Stacey, KDHPF | Lynette Bakker, Kansas Assistant Attorney General | 05/09/06 | | Attorney Work Product | Ovcon NDC numbers | KS |
| | | | Denise Deech, Kansas Attorney General's Office | Lynette Bakker, Kansas Assistant Attorney General | 05/09/06 | | Attorney Work Product | Ovcon claims information | KS |
| | | | Denise Deech, Kansas Attorney General's Office | Lynette Bakker, Kansas Assistant Attorney General | 05/09/06 | | Attorney Work Product | Ovcon pricing information | KS |
| MA-OVC | 00001 | 00003 | David Czolanski, Group Insurance Commission, Commonwealth of Massachusetts | Mary Freeley, Office of the Attorney General of Massachusetts | 05/19/06 | fax | Attorney Work Product | Fax with response to information requested by attorney. | MA |
| | | | Maryland Department of Health and Mental Hygiene | Meredyth Andrus, Maryland Attorney General's Office | | spreadsheet | Attorney Work Product | Medicaid purchase data for reimbursed Ovcon prescriptions from 1/04 to 7/05 | MD |
| | | | Michigan Department of Civil Service | Michelle Rick, Michigan Attorney General's Office | | spreadsheet | Attorney Work Product | data regarding state purchase of Ovcon | MI |
| | | | Michigan Department of Community health | Michelle Rick, Michigan Attorney General's Office | | spreadsheet | Attorney Work Product | data regarding state purchase of Ovcon | MI |
| MO-AGO | 00001 | | Division of Medical Services Medicaid Payments Database, Missouri Department of Social Services | Richard Williams / Michael Rolley (MO AGO – Medical Fraud Division) | 8/26/2005 | spreadsheet | Attorney Work Product | Missouri Medicaid Reimbursements Report for Ovcon NDC 00430062414 (1 page) | MO |
| MS | M8001 | M8001 | LANA FUOUA, LEGAL ASSISTANT | VICKI VEAZY | 09/17/05 | e-mail | Attorney Work Product | E-mail concerning Mississippi State Hospitals purchases | MS |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| MS | MS002 | THERESA HANNA | LANA FUQUA, LEGAL ASSISTANT | 06/17/05 | e-mail | Attorney Work Product | e-mail concerning Mississippi EMPLOYEE HEALTH PLAN purchases | MS |
| MS | MS005 | CHAD HAYDEN | LANA FUQUA, LEGAL ASSISTANT | 6/17/2005 | E-MAIL | Attorney Work Product | e-mail concerning Mississippi EMPLOYEE HEALTH PLAN purchases | MS |
| MS | MS008 | THERESA HANNA | LANA FUQUA, LEGAL ASSISTANT | 6/20/2005 | E-MAIL | Attorney Work Product | e-mail concerning Mississippi EMPLOYEE HEALTH PLAN purchases | MS |
| MS | MS010 | BILL MOUNGER | LANA FUQUA, LEGAL ASSISTANT | 6/28/2005 | E-MAIL | Attorney Work Product | e-mail concerning Mississippi EMPLOYEE HEALTH PLAN purchases | MS |
| MS | MS011 | VICKI VEAZY | LANA FUQUA, LEGAL ASSISTANT | 7/18/2005 | E-MAIL | Attorney Work Product | E-mail concerning Mississippi State Hospital purchases | MS |
| MS | MS012 | VICKI VEAZY | LANA FUQUA, LEGAL ASSISTANT | 6/28/2005 | E-MAIL | Attorney Work Product | E-mail concerning Mississippi State Hospital purchases | MS |
| MS | MS013 | CHAD HAYDEN | LANA FUQUA, LEGAL ASSISTANT | 7/18/2005 | E-MAIL | Attorney Work Product | e-mail concerning Mississippi UNIV MEDICAL CENTER purchases | MS |
| MS | MS014 | THERESA HANNA | LANA FUQUA, LEGAL ASSISTANT | 7/18/2005 | E-MAIL | Attorney Work Product | e-mail concerning Mississippi EMPLOYEE HEALTH PLAN purchases | MS |
| MS | MS015 | THERESA HANNA | LANA FUQUA, LEGAL ASSISTANT | 8/12/2005 | E-MAIL | Attorney Work Product | e-mail concerning Mississippi EMPLOYEE HEALTH PLAN purchases | MS |
| MS | MS016 | DIV. OF MEDICAID | LANA FUQUA, LEGAL ASSISTANT | | REPORT | Attorney Work Product | MEDICAID PURCHASE INFORMATION | MS |
| OV | 00001 | North Dakota Medicaid Division | TODD A Sattler, North Dakota Office of the Attorney General | | spreadsheet | Attorney Work Product | data regarding state purchase of Ovcon between 1/1/04 and 7/26/05 | ND |
| | | Vickie Langston, Social Services Program Specialist II, Nevada Medicaid | Brian Armstrong, Senior Deputy Attorney General, Office of the Attorney General Nevada Department of Justice; Darrell Faircloth, Deputy Attorney General, Office of the Attorney General Nevada Department of Justice; Coleen Lawrence, Chief of Program Services, Nevada Medicaid; John Liveratti, Chief of Compliance, Nevada Medicaid | 11/16/2005 | | Attorney Work Product | Response is a request by an attorney for a report regarding the amount of Nevada Medicaid purchases of Ovcon by two Warner Chilcott NDC codes | NV |
| | | Vickie Langston, Social Services Program Specialist II, Nevada Medicaid | Brian Armstrong, Senior Deputy Attorney General, Office of the Attorney General Nevada Department of Justice; Darrell Faircloth, Deputy Attorney General, Office of the Attorney General Nevada Department of Justice; Coleen Lawrence, Chief of Program Services, Nevada Medicaid; John Liveratti, Chief of Compliance, Nevada Medicaid | 11/16/2005 | word document | Attorney Work Product | Email cover for and request of a report by an attorney regarding the amount of Nevada Medicaid purchases of Ovcon by three Warner Chilcott NDC codes | NV |
| | | Michael West, Auditor, Office of the Attorney General Nevada Department of Justice | Brian Armstrong, Senior Deputy Attorney General, Office of the Attorney General Nevada Department of Justice | 11/17/2005 | Spreadsheet | Attorney Work Product | Response is a request by an attorney for a report regarding the amount of Nevada Medicaid purchases of Ovcon by three Warner Chilcott NDC codes | NV |
| | | Michael West, Auditor, Office of the Attorney General Nevada Department of Justice | Brian Armstrong, Senior Deputy Attorney General, Office of the Attorney General Nevada Department of Justice | 11/17/2005 | Email | Attorney Work Product | Email cover for and request of a report by an attorney regarding the amount of Nevada Medicaid purchases at Ovcon by Warner Chilcott NDC codes | NV |
| | | Michael West, Auditor, Office of the Attorney General Nevada Department of Justice | Brian Armstrong, Senior Deputy Attorney General, Office of the Attorney General Nevada Department of Justice | 11/17/2005 | Spreadsheet | Attorney Work Product | Response is a request by an attorney for a report regarding the amount of Nevada Medicaid purchases of Ovcon by one Warner Chilcott NDC code | NV |
| | | Michael West, Auditor, Office of the Attorney General Nevada Department of Justice | Brian Armstrong, Senior Deputy Attorney General, Office of the Attorney General Nevada Department of Justice | 11/17/2005 | Spreadsheet | Attorney Work Product | Response is a request by an attorney for a report regarding the amount of Nevada Medicaid purchases of Ovcon by one Warner Chilcott NDC code | NV |

| | | From | To | Date | Email | Privilege | Description | State |
|---|---|---|---|---|---|---|---|---|
| | | Michael West, Auditor, Office of the Attorney General Nevada Department of Justice | Bden Armstrong, Senior Deputy Attorney General, Office of the Attorney General Nevada Department of Justice | 11/17/2005 | | Attorney Work Product | Email cover for and request of a report regarding the amount of Nevada Medicaid purchases of Oxcon by Warner Chilcott NDC codes | NV |
| | | Ioannou, John, AAG | Abbott, Stephen, Principal Accountant (BPIC), CCHitmes, Joly, Bureau Chief | 7/18/2005 | | Attorney Work Product | Prescription Drug Data Request - Oxcon | NY |
| | | Vure-Weis, Lisa | Cleppe, Carl, CC Eldior Hoffman | 7/18/2005 | | Attorney Work Product | Fwd: Re: Prescription Drug Data Request - Oxcon | NY |
| | | Phillips, Valerie | Ioannou, John, CC Richard Levy, General Counsel | 7/19/2005 | | Attorney Work Product | Re: Fwd: Prescription Drug Data Request -Oxcon | NY |
| | | Rivera, Christine | Ioannou, John | 7/25/2005 | | Attorney Work Product | Re: Prescription Drug Data Request -Oxcon | NY |
| | | Vure-Weis, Lisa | Knipp, Sandra, CC Eldior Hoffman | 7/28/2005 | | Attorney Work Product | Re: Prescription Drug Data Request -Oxcon | NY |
| | | Militoro, Michael | Hoffmann, Elinor, Vure-Weis, Lisa, CC Ioannou, John | 7/27/2005 | | Attorney Work Product | Re: Prescription Drug Data Request -Oxcon | NY |
| | | K.M. Waznalley, Pharm D. R. Ph. (DOCS) | Ioannou, John | 8/1/2005 | | Attorney Work Product | Atty General Request | NY |
| | | Knipp, Sandra | Vure-Weis, Lisa | 8/10/2005 | | Attorney Work Product | Re: Fwd: Prescription Drug Data Request - Oxcon | NY |
| | | Heywood, NJ | Hoffmann, Elinor | 8/29/2005 | | Attorney Work Product | Re: Prescription Drug Data Request -Oxcon | NY |
| | | Beth Finnerty | John D. Graubard and William Godian | 6/23/2005 | | Attorney Work Product | Access letter to FTC | OH |
| | | John A. Guthrie | Jason Helmandoller, Patrice Faig | 6/24/2005 | | Attorney Work Product, communications in anticipation of potential litigation | Correspondence w/ Medical Fraud Unit of the OAG re: Oxcon purchases | OH |
| | | Jason Helmandoller | Patrice Faig, Beth Finnerty, John A. Guthrie | 6/24/2005 | | Attorney Work Product, communications in anticipation of potential litigation | Correspondence w/ Medical Fraud Unit of the OAG re: Oxcon purchases | OH |
| | | Patrice Faig | John A. Guthrie, Jason Helmandoller | 8/8/2005 | | Attorney Work Product, communications in anticipation of potential litigation | Correspondence w/ Medical Fraud Unit of the OAG re: Oxcon purchases | OH |
| | | Jason Helmandoller | Patrice Faig, Beth Finnerty, John A. Guthrie | 8/8/2005 | | Attorney Work Product, communications in anticipation of potential litigation | Correspondence w/ Medical Fraud Unit of the OAG re: Oxcon purchases | OH |
| | | Patrice Faig | Gretchen Weaver, Connie Hammond, Mitch Gentile | 8/17/2005 | | Attorney Work Product, communications in anticipation of potential litigation | Correspondence w/ Department of Mental Health's Central Pharmacy re: Oxcon purchases | OH |
| | | Gretchen Weaver | Connie Hammond, Mitch Gentile, Patrice Faig | 8/17/2005 | fixed letter and spreadsheets | Attorney Work Product, communications in anticipation of potential litigation | Correspondence w/ Department of Mental Health's Central Pharmacy re: Oxcon purchases | OH |
| CROV | 00001 | Greg A. Wardland, University of Oregon Health Center Pharmacy | Tim Noel, Oregon Department of Justice | 09/11/03 | | Attorney Work Product | Cover letter and printouts for purchases and dispensing of Oxcon | OH |
| CROV | 00004 | Linda Sariwalk, Oregon State University Pharmacy | Melissa Curtis | 08/29/05 | e-mail | Attorney Work Product | e-mail stating no purchases of Oxcon 35 | OR |
| CROV | 00005 | Corlyn Cacpcam, OIT Student Health Center | Melissa Curtis | 08/30/05 | e-mail | Attorney Work Product | e-mail stating the number of purchases of Oxcon 35 | OR |
| CROV | 00008 | Thanh Duy, Western Oregon University | Melissa Curtis | 08/30/05 | e-mail | Attorney Work Product | e-mail stating no purchases of Oxcon 35 | OR |
| | | Maureen Glynn | Jacqueline Kelley, John Young | 4/1/06 | e-mail | Attorney Work Product | DHS Purchasing data for Oxcon | RI |
| | | Maureen Glynn | Jacqueline Kelley, John Young | 4/1/06 | e-mail | Attorney Work Product | DHS Purchasing data for Oxcon | RI |
| | | Maureen Glynn | Jacqueline Kelley, John Young | 4/1/06 | e-mail | Attorney Work Product | DHS Purchasing data for Oxcon | RI |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| OVSC | 0001 | 0002 | Frances Debery, SC Attorney General's Office | Rob Tester, SC Employee Insurance Program; Voight Shealy, SC Materials Management Office; Cheryl Ruff, SC DHHS; C. Harvid Jones, Jr., SC Attorney General's Office | 5/25/05 | Email | Attorney work product | Request for information on Oxcon usage | SC |
| OVSC | 0003 | | Frances Debery, SC Attorney General's Office | Allen Register, SC Materials Management Office | 5/25/05 | Email | Attorney work product | Request for information on Oxcon usage | SC |
| OVSC | 0004 | 0006 | Rob Tester, SC Employee Insurance Program; rtester@eip.sc.gov | Frances Debery, SC Attorney General's Office | 5/26/05 | Spreadsheet | Attorney work product | Oxcon usage information | SC |
| OVSC | 0005 | 0006 | Frances Debery, SC Materials Management Office | Allen Register, SC Materials Management Office | undated | Email | Attorney work product | Request for information on Oxcon usage | SC |
| OVSC | 0007 | | Cheryl Ruff, SC DHHS | Frances Debery, SC Attorney General's Office; C. Harvid Jones, Jr., SC Attorney General's Office; George Burnell, SC DHHS; Diane Godsley, SC DHHS | 6/7/2005 | Email | Attorney work product | Oxcon usage information | SC |
| OVSC | 0008 | | Cheryl Ruff, SC DHHS | Frances Debery, SC Attorney General's Office, C. Harvid Jones, Jr., SC Attorney General's Office; George Burnell, SC DHHS; Diane Godsley, SC DHHS | 6/7/2005 | Spreadsheet | Attorney work product | Oxcon usage information | SC |
| OVSC | 0009 | | Frances Debery, SC Attorney General's Office | None | 6/7/2005 | Email | Attorney work product | Oxcon usage information | SC |
| OVSC | 00051 | | Blue Cross/Blue Shield of Tennessee | Tennessee Attorney General's Office | 06/25/05 | | Attorney Work Product | | TN |
| OVSC | 00061 | | John Deere | Tennessee Attorney General's Office | 06/25/05 | | Attorney Work Product | | TN |
| TXOVCON | 100001 | | Texas Medicaid Agency | Texas Attorney General's Office | | spreadsheet | Attorney Work Product | Oxcon utilization for Medicaid for January 2004 through 8/22/05 | TX |
| UT OVCON | 00001 | | Ronald Ockey, Utah Assistant Attorney General | Duane Park, Utah State Medicaid Office | 08/26/05 | e-mails | Attorney Work Product | e-mail requesting Oxcon reimbursement data, with attached e-mail from Judith Jesse, Virginia Attorney General's Office to Ronald J. Ockley and other States Attorney General's Offices, producing Oxcon NDC codes | UT |
| UT OVCON | 00007 | | Ronald Ockey, Utah Assistant Attorney General | Duane Park, Utah State Medicaid Office | 09/19/05 | e-mail | Attorney Work Product | e-mail re-requesting Oxcon reimbursement data | UT |
| UT OVCON | 00008 | | Ronald Ockey, Utah Assistant Attorney General | Duane Park, Utah State Medicaid Office | 01/04/06 | e-mail | Attorney Work Product | e-mail re-requesting Oxcon reimbursement data, with attached e-mail from Judith Jesse, Virginia Attorney General's Office, re-sending Oxcon NDC codes | UT |
| UT OVCON | 00015 | | Ronald Ockey, Utah Assistant Attorney General | Tim Motley, Utah State Medicaid Office | 03/29/06 | e-mail | Attorney Work Product | e-mail re-requesting Oxcon reimbursement data | UT |
| UT OVCON | 00016 | 00017 | Tim Motley, Utah State Medicaid Office | Ronald Ockey, Utah Assistant Attorney General | 03/31/06 | e-mail | Attorney Work Product | e-mail responding to e-mail dated 3/29/06 (UT OVCON 0016-0017) | UT |
| UT OVCON | 00019 | | Tim Motley, Utah State Medicaid Office | Ronald Ockey, Utah Assistant Attorney General | 04/06/06 | e-mail | Attorney Work Product | e-mail sending Utah Medicaid Oxcon reimbursement data | UT |
| UT OVCON | 00023 | 00035 | Ronald Ockey, Utah Assistant Attorney General | James Halsley, Esq., Office of General Counsel for the University of Utah | 04/27/06 | e-mail | Attorney Work Product | e-mail containing a request for information by an attorney, with responses to the attorney's original request for information in an e-mail string of five e-mails. | UT |
| OVVA | 1 | | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | Daniel L. Woodres, Medical Center Administrator, University of Virginia Health System | 7/15/2005 | Email | Attorney Work Product | Requested Purchase Data | VA |
| OVVA | 2 | | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | Andrew Wilson, Director, Pharmacy Services, Virginia Commonwealth University Health System | 7/15/2005 | Email | Attorney Work Product | Requested Purchase Data | VA |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| OWVA | 3 | 3 | Donald Price, Business Manager, Pharmacy Services, VA Commonwealth University Health System / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/18/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OWVA | 4 | 4 | William Nicholson, Virginia Department of Corrections / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/18/2005 | Email | Attorney Work Product | Requested Purchase Data | VA |
| OWVA | 6 | 5 | Mary P. Habel, Health Benefits Program, Virginia Department of Human Resource Management / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/18/2005 | Email | Attorney Work Product | Requested Purchase Data | VA |
| OWVA | 6 | 6 | Mary P. Habel, Health Benefits Program, Virginia Department of Human Resource Management / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/18/2005 | Email | Attorney Work Product | Provided NDC Codes | VA |
| OWVA | 7 | 7 | William Nicholson, Virginia Department of Corrections / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/18/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OWVA | 8 | 8 | Michael Chrystie, Contract Mgr., VA Dept of Mental Health & Retardation & Substance Abuse Serv. / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/18/2005 | Email | Attorney Work Product | Requested Purchase Data | VA |
| OWVA | 9 | 9 | Daniel L. Wendros, Medical Center Administration, University of Virginia Health System / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/19/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OWVA | 10 | 11 | Michael Chrystie, Contract Mgr., VA Dept of Mental Health & Retardation & Substance Abuse Serv. / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/20/2005 | Email | Attorney Work Product | Provided Update on Purchase Data Request | VA |
| OWVA | 12 | 15 | Dave Mair, Virginia Community College System, Office of Fiscal Services / Judith Jesse through Rita Waltz, System Counsel for VA Community College System, VA OAG | 7/20/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OWVA | 16 | 16 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office / Bobby Powell, Virginia Department of Medical Assistance Services | 7/20/2005 | Email | Attorney Work Product | Requested NDC Codes | VA |
| OWVA | 17 | 18 | Mary P. Habel, Health Benefits Program, Virginia Department of Human Resource Management / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/25/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OWVA | 19 | 19 | Paul Bierstikar, MMCAP Mgr./MN Department of Administration / Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 7/26/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OWVA | 20 | 20 | Tom Moore, Fairfax County Health Department / Judith Jesse through Robin Kurz, Special Counsel for Mental Health Serv., VA OAG | 7/27/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OWVA | 21 | 21 | Alan Whitehead, Alexandria Health Department / Judith Jesse through Robin Kurz, Special Counsel for Mental Health Serv., VA OAG | 7/27/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OWVA | 22 | 22 | Craig Pernick, Virginia Department of Health / Judith Jesse through Robin Kurz, Special Counsel for Mental Health Serv., VA OAG | 7/27/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OWVA | 23 | 23 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office / Paul Bierstikar, MMCAP Mgr./MN Department of Administration | 8/2/2005 | Email | Attorney Work Product | Requested Purchase Data | VA |
| OWVA | 24 | 25 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office / Bobby Powell, Virginia Department of Medical Assistance Services | 8/5/2005 | Email | Attorney Work Product | Provided clarification on request | VA |
| OWVA | 26 | 26 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 8/5/2005 | Email | Attorney Work Product | Requested additional purchase data | VA |
| OWVA | 27 | 30 | Mary P. Habel, Health Benefits Program, Virginia Department of Human Resource Management / William Nicholson, Virginia Department of Corrections | 8/9/2005 | Email | Attorney Work Product | Requested additional purchase data | VA |
| OWVA | 31 | 34 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 8/9/2005 | Email | Attorney Work Product | Requested additional purchase data | VA |
| OWVA | 35 | 35 | Donald Price, Business Manager, Pharmacy Services, VA Commonwealth University Health System | 8/9/2005 | Email | Attorney Work Product | Requested additional purchase data | VA |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| OVVA | 39 | Donald Price, Business Manager, Pharmacy Services, VA Commonwealth University Health System | 42 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 8/8/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OVVA | 43 | William Nicholson, Virginia Department of Corrections | 46 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 8/9/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OVVA | 47 | Bobby Powell, Virginia Department of Medical Assistance Services | 50 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 8/9/2005 | Email | Attorney Work Product | Provided NDC Codes | VA |
| OVVA | 51 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 55 | Abigail Cooke, Virginia Department of Medical Assistance Services | 8/10/2005 | Email | Attorney Work Product | Requested Purchase Data | VA |
| OVVA | 56 | Abigail Cooke through Steve Peryea, Analyst, Virginia Department of Medical Assistance Serv. | 56 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 9/1/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OVVA | 57 | Mary P. Hebel, Health Benefits Program, Virginia Department of Human Resource Management | 61 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 9/1/2005 | Email | Attorney Work Product | Provided Purchase Data | VA |
| OVVA | 62 | Paul Blembler, MMCAP Mgr./MN Department of Administration | 63 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 8/12/2005 | Email | Attorney Work Product | Requested clarification on MMCAP data | VA |
| OVVA | 82 | Paul Blembler, MMCAP Mgr./MN Department of Administration | 83 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 9/12/2005 | Email | Attorney Work Product | Provided clarification on MMCAP data | VA |
| OVVA | 84 | Michael Cyrysko, Contract Mgr., VA Dept of Mental Health & Retardation & Substance Abuse Serv. | 64 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 9/16/2005 | Email | Attorney Work Product | Requested clarification on purchase data | VA |
| OVVA | 65 | Michael Cyrysko, Contract Mgr., VA Dept of Mental Health & Retardation & Substance Abuse Serv. | 66 | Judith Jesse, Legal Assistant Senior, Virginia Attorney General's Office | 8/20/2005 | Email | Attorney Work Product | Provided clarification on purchase data | VA |
| VTOV | 00001 | | 00004 | Julie Brill, Vermont Attorney General's Office | 07/17/06 | e-mail | Attorney Work Product | e-mail string | VT |
| VTOV | 00005 | | 00005 | Julie Brill, Vermont Attorney General's Office | | spreadsheet | Attorney Work Product | spreadsheet with Ovcon claims summary | VT |
| VTOV | 00004 | | 00001 | Julie Brill, Vermont Attorney General's Office | | spreadsheet | Attorney Work Product | spreadsheet with updated Ovcon claims summary | VT |

# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------- x :

STATE OF COLORADO                                       :
by Attorney General John W. Suthers                     :
1525 Sherman Street, Fifth Floor                        :
Denver, Colorado 80203                                  :    Civil Action No: 1:05CV02182 (CKK)
                                                        :    Judge Colleen Kollar-Kotelly
                                                        :
COMMONWEALTH OF VIRGINIA                                :
by Attorney General Judith Williams Jagdmann            :
900 East Main Street                                    :
Richmond, Virginia 23219                                :    **JURY TRIAL DEMANDED**
                                                        :
                                                        :
STATE OF MARYLAND                                       :
by Attorney General J. Joseph Curran, Jr.               :
200 St. Paul Street                                     :
Baltimore, Maryland 21202                               :
                                                        :
                                                        :
STATE OF ALASKA                                         :
by Attorney General David W. Marquez                    :
1031 W. 4th Avenue #200                                 :
Anchorage, Alaska 99501                                 :
                                                        :
                                                        :
STATE OF ARIZONA                                        :
by Attorney General Terry Goddard                       :
1275 West Washington                                    :
Phoenix, Arizona 85007-2926                             :
                                                        :
                                                        :
STATE OF ARKANSAS                                       :
by Attorney General Mike Beebe                          :
323 Center Street, Suite 200                            :
Little Rock, Arkansas 72201                             :
                                                        :
                                                        :
STATE OF CALIFORNIA                                     :
by Attorney General Bill Lockyear                       :
1515 Clay St.                                           :
Oakland, California 94612                               :
                                                        :
                                                        :
STATE OF DELAWARE                                       :
by Attorney General M. Jane Brady                       :
Carvel State Office Building                            :
820 N. French Street                                    :
Wilmington, Delaware 19801                              :
                                                        :
                                                        :
                                                        :

DISTRICT OF COLUMBIA
by Attorney General Robert J. Spagnoletti
441 Fourth Street, NW, Suite 450N
Washington, District of Columbia 20001

STATE OF FLORIDA
by Attorney General Charles J. Crist, Jr.
PL-01 The Capitol
Tallahassee, Florida 32399

STATE OF IDAHO
by Attorney General Lawrence Wasden
650 W. State Street, Lower Level
Boise, Idaho 84720-0010

STATE OF ILLINOIS
by Attorney General Lisa Madigan
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601

STATE OF IOWA
by Attorney General Thomas J. Miller
2nd Floor, Hoover Office Building
East 13th Street and Walnut
Des Moines, Iowa 50319

STATE OF KANSAS
by Attorney General Phill Kline
120 SW 10th Street, 2nd Floor
Topeka, Kansas 66612

COMMONWEALTH OF KENTUCKY
by Attorney General Gregory D. Stumbo
1024 Capital Center Drive
Frankfort, Kentucky 40601

STATE OF LOUISIANA
by Attorney General Charles C. Foti, Jr.
1885 N. 3rd Street, 4th Floor
Baton Rouge, Louisiana 70802

STATE OF MAINE
by Attorney General G. Steven Rowe
6 State House Station
Augusta, Maine 04333-0006

2

COMMONWEALTH OF MASSACHUSETTS
by Attorney General Thomas F. Reilly
One Ashburton Place
Boston, Massachusetts 02108

STATE OF MICHIGAN
by Attorney General Michael A. Cox
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48913

STATE OF MINNESOTA
by Attorney General Mike Hatch
102 State Capitol
St. Paul, Minnesota 55155-1609

STATE OF MISSISSIPPI
by Attorney General Jim Hood
Post Office Box 22947
Jackson, Mississippi 39225

STATE OF MISSOURI
by Attorney General Jeremiah (Jay) W. Nixon
Post Office Box 899
Jefferson City, Missouri 65102

STATE OF NEVADA
by Attorney General George J. Chanos
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101

STATE OF NEW YORK
by Attorney General Eliot Spitzer
120 Broadway, Suite 26C
New York, New York 10271-0332

STATE OF NORTH CAROLINA
by Attorney General Roy Cooper
9001 Mail Service Center
Raleigh, NC 27699-9001

STATE OF NORTH DAKOTA
by Attorney General Wayne Stenehjem
P.O. Box 1054
Bismarck, North Dakota 58502-1054

3

STATE OF OHIO                                    :
by Attorney General Jim Petro                    :
Antitrust Section                                :
150 East Gay Street, 20th Floor                  :
Columbus, Ohio 43215                             :
                                                 :
STATE OF OKLAHOMA                                :
by Attorney General W.A. Drew Edmonson           :
4545 N. Lincoln Boulevard, Suite 260             :
Oklahoma City, Oklahoma 73105                    :
                                                 :
STATE OF OREGON                                  :
by Attorney General Hardy Myers                  :
1162 Court Street NE                             :
Salem, Oregon 97301                              :
                                                 :
STATE OF RHODE ISLAND                            :
by Attorney General Patrick C. Lynch             :
150 South Main Street                            :
Providence, Rhode Island 02903                   :
                                                 :
STATE OF SOUTH CAROLINA                          :
by Attorney General Henry D. McMaster            :
Rembert C. Dennis Building                       :
1000 Assembly Street, Suite 501                  :
Columbia, South Carolina 29211-1549              :
                                                 :
STATE OF TENNESSEE                               :
by Attorney General Paul G. Summers              :
P.O. Box 20207                                   :
Nashville, Tennessee 37202-0207                  :
                                                 :
STATE OF TEXAS                                   :
by Attorney General Greg Abbott                  :
Post Office Box 12548                            :
Austin, Texas 78711                              :
                                                 :
STATE OF UTAH                                    :
by Attorney General Mark L. Shurtleff            :
160 East 300 South, Fifth Floor                  :
Salt Lake City, Utah 84111                       :
                                                 :
and                                              :
                                                 :
                                                 :
                                                 :

4

STATE OF VERMONT                                    :
by Attorney General William H. Sorrell             :
109 State Street                                   :
Montpelier, Vermont 05609-1001                     :
                                                   :
                                                   :
          Plaintiffs,                              :
                                                   :
v.                                                 :
                                                   :
                                                   :
WARNER CHILCOTT HOLDINGS COMPANY                   :
III, LTD.                                          :
100 Enterprise Drive                               :
Rockaway, N.J. 07866-2129                          :
                                                   :
WARNER CHILCOTT CORPORATION                        :
100 Enterprise Drive                               :
Rockaway, N.J. 07866-2129                          :
                                                   :
WARNER CHILCOTT (US) INC.                          :
100 Enterprise Drive                               :
Rockaway, N.J. 07866-2129                          :
                                                   :
WARNER CHILCOTT COMPANY, INC.                      :
Union Street, Km. 1.1                              :
Fajardo, Puerto Rico 00738                         :
                                                   :
and                                                :
                                                   :
BARR PHARMACEUTICALS, INC.                         :
2 Quaker Road, P.O. Box 2900                       :
Pomona, N.Y. 10970-0519                            :
                                                   :
          Defendants.                              x
_____

## WARNER CHILCOTT'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott

Corporation, Warner Chilcott (US) Inc. and Warner Chilcott Company, Inc. (collectively,

"Warner Chilcott") answer the allegations of the states of Colorado, Maryland, Alaska, Arizona,

**Eighth Affirmative Defense**
**(No Injury to Competition)**

Plaintiffs' claims are barred, in whole or in part, because none of Warner

Chilcott's actions have injured competition in any relevant market.

**Ninth Affirmative Defense**
**(Pro-Competitive Effects)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott's

actions have pro-competitive effects that benefit competition as a whole in any relevant market.

Warner Chilcott's actions increased competition and are in furtherance of trade.

**Tenth Affirmative Defense**
**(No Consumer Harm)**

Plaintiffs' claims are barred, in whole or in part, because none of Warner

Chilcott's actions have harmed consumers.

**Eleventh Affirmative Defense**
**(No Injury to Any State)**

Plaintiffs' claims are barred, in whole or in part, because none of Warner

Chilcott's actions have harmed any state in its business or property or the general economy of

any state.

# EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STATE OF COLORADO
by Attorney General John W. Suthers
1525 Sherman Street, Fifth Floor
Denver, Colorado 80203

COMMONWEALTH OF VIRGINIA
by Attorney General Judith Williams Jagdmann
900 East Main Street
Richmond, Virginia 23219

STATE OF MARYLAND
by Attorney General J. Joseph Curran, Jr.
200 St. Paul Street
Baltimore, Maryland 21202

STATE OF ALASKA
by Attorney General David W. Marquez
1031 W. 4thAvenue #200
Anchorage, Alaska 99501

STATE OF ARIZONA
by Attorney General Terry Goddard
1275 West Washington
Phoenix, Arizona 85007-2926

STATE OF ARKANSAS
by Attorney General Mike Beebe
323 Center Street, Suite 200
Little Rock, Arkansas 72201

STATE OF CALIFORNIA
by Attorney General Bill Lockyer
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102

STATE OF DELAWARE
by Attorney General M. Jane Brady
Carvel State Office Building
820 N. French Street
Wilmington, Delaware 19801

Civil Action No: 1:05-CV-02182-CKK

Judge Colleen Kollar-Kotelly

**JURY TRIAL DEMANDED**

DISTRICT OF COLUMBIA
by Attorney General Robert J. Spagnoletti
441 Fourth Street, NW, Suite 450N
Washington, District of Columbia 20001

STATE OF FLORIDA
by Attorney General Charles J. Crist, Jr.
PL-01 The Capitol
Tallahassee, Florida 32399

STATE OF IDAHO
by Attorney General Lawrence Wasden
650 W. State Street, Lower Level
Boise, Idaho 83720-0010

STATE OF ILLINOIS
by Attorney General Lisa Madigan
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601

STATE OF IOWA
by Attorney General Thomas J. Miller
2nd Floor, Hoover Office Building
East 13th and Walnut
Des Moines, Iowa 50319

STATE OF KANSAS
by Attorney Phill Kline
120 SW 10th Street, 2nd Floor
Topeka, Kansas 66612

COMMONWEALTH OF KENTUCKY
by Attorney General Gregory D. Stumbo
1024 Capital Center Drive
Frankfort, Kentucky 40601

STATE OF LOUISIANA
by Attorney General Charles C. Foti, Jr.
1885 N. 3rd Street, 4th Floor
Baton Rouge, Louisiana 70802

STATE OF MAINE
by Attorney General G. Steven Rowe
6 State House Station
Augusta, Maine 04333-0006

2

COMMONWEALTH OF MASSACHUSETTS
by Attorney General Thomas F. Reilly
One Ashburton Place
Boston, Massachusetts 02108

STATE OF MICHIGAN
by Attorney General Michael A. Cox
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48913

STATE OF MINNESOTA
by Attorney General Mike Hatch
102 State Capitol
St. Paul, Minnesota 55155-1609

STATE OF MISSISSIPPI
by Attorney General Jim Hood
Post Office Box 22947
Jackson, Mississippi 39225

STATE OF MISSOURI
by Attorney General Jeremiah (Jay) W. Nixon
P.O. Box 899
Jefferson City, MO 65102

STATE OF NEVADA
by Attorney General George J. Chanos
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101

STATE OF NEW YORK
by Attorney General Eliot Spitzer
120 Broadway, Suite 26C
New York, New York 10271-0332

STATE OF NORTH CAROLINA
by Attorney General Roy Cooper
9001 Mail Service Center
Raleigh, NC 27699-9001

STATE OF NORTH DAKOTA
by Attorney General Wayne Stenehjem
P.O. Box 1054
Bismark, North Dakota 58592-1054

STATE OF OHIO

by Attorney General Jim Petrol
Antitrust Section
150 East Gay Street, 20thFloor
Columbus, Ohio 43215

STATE OF OKLAHOMA
by Attorney General W.A. Drew Edmonson
4545 N. Lincoln Boulevard, Suite 260
Oklahoma City, Oklahoma 73105

STATE OF OREGON
by Attorney General Hardy Myers
1162 Court Street NE
Salem, Oregon 97301

STATE OF RHODE ISLAND
by Attorney General Patrick C. Lynch
150 South Main Street
Providence, Rhode Island 02903

STATE OF SOUTH CAROLINA
by Attorney General Henry D. McMaster
Rembert C. Dennis Building
1000 Assembly Street, Suite 501
Columbia, South Carolina 29211-1549

STATE OF TENNESSEE
by Attorney General Paul G. Summers
P.O. Box 20207
Nashville, Tennessee 37202-0207

STATE OF TEXAS
by Attorney General Greg Abbott
P.O. Box 12548
Austin, Texas 78711

STATE OF UTAH
by Attorney General Mark L. Shurtleff
160 East 300 South, Fifth Floor
Salt Lake City, Utah 8411

        and


STATE OF VERMONT
By Attorney General William H. Sorrell

109 State Street
Montpelier, Vermont 05609-1001

                    PLAINTIFFS,

    v.

WARNER CHILCOTT HOLDINGS
COMPANY III, LTD.
100 Enterprise Drive
Rockaway, New Jersey 07866

WARNER CHILCOTT CORPORATION
100 Enterprise Drive
Rockaway, New Jersey 07866

WARNER CHILCOTT (US) INC.
100 Enterprise Drive
Rockaway, New Jersey 07866

WARNER CHILCOTT COMPANY, INC.
Union Street, Km. 1.1
Fajardo, Puerto Rico 00738

    and

BARR PHARMACEUTICALS, INC.
2 Quaker Road
Box 2900
Pomona, New York 10970

                    DEFENDANTS.

## BARR PHARMACEUTICALS' ANSWER
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant BARR PHARMACEUTICALS, INC. ("Barr") hereby responds to the allegations of the states of Colorado, Maryland, Alaska, Arizona, Arkansas, California, Delaware, Florida, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Nevada, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, and Vermont, and the

### Fifth Affirmative Defense

5.    Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Barr has been reasonable, based upon independent, legitimate business and economic justifications, and was taken without the purpose or effect of injuring competition.

### Sixth Affirmative Defense

6.    Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Barr was reasonable in relation to the development and preservation of its business.

### Seventh Affirmative Defense

7.    Plaintiffs' claims are barred, in whole or in part, because none of Barr's actions have injured competition in any relevant market.

### Eighth Affirmative Defense

8.    Plaintiffs' claims are barred, in whole or in part, because Barr's actions have pro-competitive effects that benefit competition as a whole in any relevant market.

### Ninth Affirmative Defense

9.    Plaintiffs' claims are barred, in whole or in part, because none of Barr's alleged actions have harmed competition and/or consumers.

### Tenth Affirmative Defense

10.    Plaintiffs' claims are barred, in whole or in part, because none of Barr's actions have harmed any state in its business or property.

### Eleventh Affirmative Defense

11.    Plaintiffs' claims are barred, in whole or in part, because none of Barr's actions have adversely affected, or caused injury to, the public interest.

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF COLORADO, et al.,          )
                                    )
           Plaintiffs,              )
                                    )
     v.                             )
                                    )    Civil Action No: 1:05CV02182 (CKK)
WARNER CHILCOTT HOLDINGS COMPANY III, )
LTD.; WARNER CHILCOTT CORPORATION;   )    Judge Colleen Kollar-Kotelly
WARNER CHILCOTT (US) INC.; WARNER    )
CHILCOTT COMPANY, INC.; and BARR     )
PHARMACEUTICALS, INC.,               )
                                    )
           Defendants.              )

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE STATE OF COLORADO

Pursuant to Federal Rule of Civil Procedure 34, the State of Colorado shall

produce the documents described below within 30 days after service at the offices of Simpson

Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these requests:

1. "You", "yours" or "Plaintiff State" means the State of Colorado, its

employees, attorneys, accountants, economists, staff, consultants, experts, agents, and

representatives, including any third party representative or agent, wherever located, acting or

purporting to act for or on behalf of the Plaintiff State.

2. "Plaintiff States" means the states of Alaska, Arizona, Arkansas, California,

Colorado, Delaware, Florida, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Maryland,

Michigan, Minnesota, Mississippi, Missouri, Nevada, New York, North Carolina, North Dakota,

Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, and Vermont,

and the commonwealths of Kentucky, Massachusetts, and Virginia, and the District of Columbia.

3. "Complaint" means the First Amended Complaint filed December 2, 2005.

4. "Litigation" refers to the above-captioned case.

5. "Warner Chilcott" means Warner Chilcott Holdings Company III, Ltd.,

Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., as well

as their current and former parents, subsidiaries, and affiliates.

6. "Barr" means Barr Pharmaceuticals, Inc., as well as its current and former

parents, subsidiaries, and affiliates.

7. "Third party" or "third parties" means any person or entity other than Barr,

Warner Chilcott, or the Plaintiff States, including, but not limited to, those persons and entities

identified by the Plaintiff States in their February 24, 2006 Initial Disclosures, manufacturers,

wholesalers, distributors, retailers, formularies, insurers, the Food and Drug Administration, the

Federal Trade Commission, the U.S. Department of Health and Human Services, third party

payors, consumers, physicians, nurses, and other health care providers.

8. "Ovcon" is an oral contraceptive used to prevent pregnancy that is sold by

Warner Chilcott, and is used herein in the same manner as it is used in the Complaint.

9. "Transaction" means the letter of intent between Warner Chilcott and Barr,

Warner Chilcott's option to license, and its exercise of the option to license, Barr's Abbreviated

New Drug Application ("ANDA") for a generic form of Ovcon, and the related supply

agreement between Warner Chilcott and Barr, that are the subjects of this Litigation.

10. "Document" is used in the broadest possible sense and means, without

limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise

reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or communications, electronic mail/messages and/or "e-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks, magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by the Plaintiff State or anyone else.

11. "Relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reflecting, reporting, stating, or summarizing.

12. "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral, written, or electronic information between one or more persons or entities.

13. "Identify," when used in connection with a person, means the name, address, phone number, and contact information of the person, and: (i) if such person is a natural person, the person's employer, his or her position and job responsibilities at the relevant time, and his or her current employer and contact information; or (ii) if such person is not a natural person, its principal place of business and the identities of all natural persons presently or formerly employed by such person with whom the Plaintiff State has had contact. "Identify," when used in connection with documents, means the title of the document and the document's date, author, recipients, and source. "Identify," when used in connection with a communication or event, means the time, place, manner, and circumstances of the communication or event.

14. "Describe," "state," and "set forth" mean to indicate fully and unambiguously each relevant fact of which you have knowledge.

15. Documents requested are those in the actual or constructive possession, custody, or control of the Plaintiff State, or anyone acting on behalf of the Plaintiff State.

16. If you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

17. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for documents or for

withholding any responsive document. If you are withholding responsive information pursuant to any general objection, you should so expressly indicate. If, in responding to any Request, you claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to this Request.

18. You are to produce entire documents including all attachments, cover letters, memoranda and appendices, as well as the file, folder tabs and labels appended to or containing any documents. Copies which differ in any response from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Each document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether you consider the entire document to be relevant or responsive to these Requests. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document which you have redacted. Privileged redactions must be included in a privilege log; any non-privileged redactions must also be included in a log describing the basis for the redaction.

19. If any privilege is claimed as a ground for not producing a document or tangible thing, provide a privilege log describing the basis for the claim of privilege and all information necessary for defendants and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5). Separately, for each document and attachment withheld or redacted, the log shall include the following: (i) specific grounds for the claim of privilege; (ii) the title of the document or attachment; (iii) the date of the document or attachment; (iv) the author of the document or attachment; (v) the addressees and recipients of

the document or attachment or any copy thereof (including persons "cc'd," "bcc'd" or "blind

cc'd"); (vi) a description of the subject matter of the document or attachment in sufficient detail

to assess the claim of privilege; (vii) the bates range or page length of the document or

attachment; and (viii) the Requests to which the document or attachment are responsive. Any

attachment to an allegedly privileged document shall be produced unless the attachment is also

subject to a claim of privilege and the basis for such claim is described in a privilege log.

20. This request covers all documents in your possession, custody or control,

except documents that Warner Chilcott and Barr produced to the Plaintiff States or to the Federal

Trade Commission during its review of the Transaction in their original, unannotated form or

copies thereof. If documents responsive to any request were, but are no longer, in your

possession or subject to your control, or in existence, describe the document, including its date,

author(s), recipient(s) and contents, and state whether it: (i) is missing or lost; (ii) has been

destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) has been

disposed of in some other manner. If such a document was transferred to others or destroyed,

identify the person who directed that such documents be transferred or destroyed, state the

reason for such transfer or destruction, and, if transferred, identify the person to whom such

document was transferred.

21. Whenever necessary to bring within the scope of a Request a response that

might otherwise be construed to be outside its scope, the following constructions should be

applied:

      (a)     Construing the terms "and" and "or" in the disjunctive or conjunctive, as
            necessary, to make the Request more inclusive;

      (b)     Construing the singular form of any word to include the plural and the
            plural form to include the singular;

(c)     Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

(d)     Construing the masculine form to include the feminine form;

(e)     Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters; and

(f)     Construing negative terms to include the positive and vice-versa.

22. These requests are continuing in nature, and you must supplement your responses pursuant to Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR DOCUMENTS

1.   All documents relating to communications with third parties that relate to the Transaction or the Litigation including but not limited to: (i) documents sufficient to identify all third parties with whom the Plaintiff State has communicated regarding the Transaction or the Litigation and the substance and date of those communications; and (ii) all statements, declarations, letters, e-mails, affidavits, and transcripts of investigational hearings and depositions of, from, or to third parties relating to the Transaction or the Litigation.

2.   All transcripts, notes and other records of *ex parte* investigatory interviews, whether conducted in person or on the telephone, relating to the Transaction, the Litigation, oral contraceptives, combined hormonal contraceptives, or sampling of oral contraceptives or combined hormonal contraceptives.

3.   All documents, data compilations, and other information submitted to the Plaintiff State by any third party or obtained from any third party in connection with its review of the Transaction or the Litigation.

4.   All documents, data compilations, and other information submitted to the Plaintiff State by any third party or obtained from any third party relating to oral contraceptives

10. All documents and data compilations, including reports, recommendations, memoranda, studies and analyses, prepared by, used by, prepared for, or received by the Plaintiff State relating to generic pharmaceutical products, including, but not limited to, such generic pharmaceutical products' effect on the price, availability, marketing, sampling, sales, manufacture, insurance coverage, safety and development of oral contraceptives, combined hormonal contraceptives and pharmaceutical products in general.

11. All documents and data compilations, including reports, recommendations, memoranda, studies and analyses, prepared by, used by, prepared for or received by the Plaintiff State relating to the purchase and/or distribution of oral contraceptives or combined hormonal contraceptives by any state agency or governmental entity.

12. All documents and data compilations, including reports, recommendations, memoranda, studies and analyses, prepared by, used by, prepared for or received by the Plaintiff State relating to: (a) the payments by the Plaintiff State for oral contraceptives or combined hormonal contraceptives, or (b) the reimbursement of third parties by the Plaintiff State for the purchase of oral contraceptives or combined hormonal contraceptives..

13. All documents and data compilations, including reports, recommendations, memoranda, studies and analyses, prepared by, used by, prepared for or received by the Plaintiff State relating to government programs, including, but not limited to, Medicaid, relating to: (a) any payments made by the Plaintiff State for oral contraceptives or combined hormonal contraceptives, or (b) the reimbursement of third parties by the Plaintiff State for the purchase of oral contraceptives or combined hormonal contraceptives.

14. All documents, whether prepared by the Plaintiff State or by third parties, that support your contention in Paragraph 59 of the Complaint that "[i]f Barr had introduced its

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF COLORADO, et al.,                    )
                                              )
                Plaintiffs,                   )
                                              )
        v.                                    )
                                              )  Civil Action No: 1:05CV02182 (CKK)
WARNER CHILCOTT HOLDINGS COMPANY III,         )
LTD.; WARNER CHILCOTT CORPORATION;            )  Judge Colleen Kollar-Kotelly
WARNER CHILCOTT (US) INC.; WARNER             )
CHILCOTT COMPANY, INC.; and BARR              )
PHARMACEUTICALS, INC.,                        )
                                              )
                Defendants.                   )

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO THE STATE OF COLORADO

Pursuant to Federal Rule of Civil Procedure 33, the State of Colorado is hereby

requested to answer the following interrogatories. The requested answers must be provided

within thirty (30) days after service of these interrogatories.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these interrogatories:

1. "You", "yours" or "Plaintiff State" means the State of Colorado, its

employees, attorneys, accountants, economists, staff, consultants, experts, agents, and

representatives, including any third party representative or agent, wherever located, acting or

purporting to act for or on behalf of the Plaintiff State.

2. "Plaintiff States" means the states of Alaska, Arizona, Arkansas, California,

Colorado, Delaware, Florida, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Maryland,

Michigan, Minnesota, Mississippi, Missouri, Nevada, New York, North Carolina, North Dakota,

Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, and Vermont,

and the commonwealths of Kentucky, Massachusetts, and Virginia, and the District of Columbia.

3.  "Complaint" means the First Amended Complaint filed December 2, 2005.

4.  "Litigation" refers to the above-captioned case.

5.  "Warner Chilcott" means Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company, Inc., as well as their current and former parents, subsidiaries, and affiliates.

6.  "Barr" means Barr Pharmaceuticals, Inc., as well as its current and former parents, subsidiaries, and affiliates.

7.  "Third party" or "third parties" means any person or entity other than Barr, Warner Chilcott, or the Plaintiff States, including, but not limited to, those persons and entities identified by the Plaintiff States in their February 24, 2006 Initial Disclosures, manufacturers, wholesalers, distributors, retailers, formularies, insurers, the Food and Drug Administration, the Federal Trade Commission, the U.S. Department of Health and Human Services, third party payors, consumers, physicians, nurses, and other health care providers.

8.  "Ovcon" is an oral contraceptive used to prevent pregnancy that is sold by Warner Chilcott, and is used herein in the same manner as it is used in the Complaint.

9.  "Transaction" means the letter of intent between Warner Chilcott and Barr, Warner Chilcott's option to license, and its exercise of the option to license, Barr's Abbreviated New Drug Application ("ANDA") for a generic form of Ovcon, and the related supply agreement between Warner Chilcott and Barr, that are the subjects of this Litigation.

10.  "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" means

anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or communications, electronic mail/messages and/or "e-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks, magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by the Plaintiff State or anyone else.

11. "Relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reflecting, reporting, stating, or summarizing.

12. "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral, written, or electronic information between one or more persons or entities.

13. "Identify," when used in connection with a person, means the name, address, phone number, and contact information of the person and (i) if such person is a natural person, the person's employer, his or her position and job responsibilities at the relevant time, and his or her current employer and contact information; or (ii) if such person is not a natural person, its principal place of business and the identities of all natural persons presently or formerly employed by such person with whom the Plaintiff State has had contact. "Identify," when used in connection with documents, means the title of the document, and the document's date, author, recipients, and source. "Identify," when used in connection with a communication or event, means the time, place, manner, and circumstances of the communication or event.

14. "Describe," "state," and "set forth" mean to indicate fully and unambiguously each relevant fact of which you have knowledge.

15. These Interrogatories call for all information (including any information contained in or on any document or writing) that is known or available to you, including all information in the possession of, or available to, your attorneys, agents, or representatives, or any investigators or any other person acting on behalf of the Plaintiff State or under the direction or control of the Plaintiff State or its attorneys, agents, or representatives.

16. Each Interrogatory, including subparts, is to be answered by the Plaintiff State completely and fully, under oath. If you object to any part of an Interrogatory, set forth the basis for your objection and respond to all parts of the Interrogatory to which you do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

17. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the response. If you are withholding responsive information pursuant to any general objection, you should so expressly indicate. If, in responding to any Interrogatory, you claim any ambiguity in interpreting either the Interrogatory or a definition or instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to this Interrogatory.

18. If you cannot answer all or part of any Interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder; stating whatever information or knowledge you have concerning the unanswered portion; and detailing what you did in attempting to secure the unknown information.

19. If any privilege is claimed as a ground for not responding to an interrogatory, provide a privilege log describing the basis for the claim of privilege and all information necessary for defendants and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5). The privilege log shall include the following: (i) specific grounds for the claim of privilege; (ii) the title of any document or attachment being claimed as privileged and that is providing the basis for the non-response; (iii) the date of the privileged communication; (iv) the persons involved in the privileged communication; (v) a description of the subject matter of the document or attachment in sufficient detail to assess the claim of privilege; (vi) the Interrogatory to which the privileged information is responsive.

20. Whenever necessary to bring within the scope of an Interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

    (a)    Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;

    (b)    Construing the singular form of any word to include the plural and the plural form to include the singular;

    (c)    Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

    (d)    Construing the masculine form to include the feminine form;

    (e)    Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters; and

    (f)    Construing negative terms to include the positive and vice-versa.

21. These Interrogatories are continuing in nature, and you must supplement your responses pursuant to Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1.  Identify every third party with whom you have communicated relating to the Transaction or the Litigation, including in your response: (a) an indication of which of those third parties initiated such communication with the Plaintiff State (as distinct from those the Plaintiff State called or otherwise contacted first); and (b) those third parties who produced documents or data to the Plaintiff State in connection with its investigation of the Transaction or the Litigation.

2.  Identify all relevant product and geographic market(s) and sub-markets within which you contend Ovcon competes.

3.   Identify all products you contend compete with Ovcon in the relevant markets identified in your response to Interrogatory No. 2.

4.   Identify the amount you contend in paragraph 5 of the Complaint's Request for Relief is "the maximum civil penalt[y] allowed" under the statutory and/or common law of the Plaintiff State.

5.   Identify the basis for the amount set forth in your response to Interrogatory No. 4, including, but not limited to, the methodology used to calculate the amount and the statutory and/or common law basis for the amount.

6.   Identify by month, if possible, and if not, by quarter or year, from 2000 to date: (a) all combined hormonal contraceptive products, both brands and generics, for which your state has either purchased or for which your state has reimbursed some or all of the costs of purchase by third-parties; (b) the number purchased or reimbursed of each of the combined hormonal contraceptives identified in response to subsection (a) of this Interrogatory; (c) the price per unit paid by your state for each of the combined hormonal contraceptives identified in response to subsection (a) of this Interrogatory; and (d) the total dollars paid for each of the combined hormonal contraceptives identified in response to subsection (a) of this Interrogatory.

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION, *et al.*,

                               Plaintiff,

      v.

WARNER CHILCOTT HOLDINGS
COMPANY III, LTD., *et al.*,

                           Defendants.

Civil Action Nos.   1:05-CV-02179-CKK
                              1:05-CV-02182-CKK

**PLAINTIFF FEDERAL TRADE COMMISSION'S AND PLAINTIFF
STATES' JOINT FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS
FROM DEFENDANT BARR PHARMACEUTICALS, INC.**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Barr Pharmaceuticals, Inc.

shall produce one set of the documents described below within 30 days after service at the offices

of the Federal Trade Commission, c/o Bradley S. Albert, 601 New Jersey Avenue, NW,

Washington, DC 20580 and one set to Attorney General, c/o Devin M. Laiho, 1525 Sherman

Street, 5th Floor, Denver, CO 80203.

**DEFINITIONS**

A.    "Barr," "You," "Yours," or "the Company" refers to Barr Pharmaceuticals, Inc., Barr

        Laboratories, Inc., and Duramed, as well as their current and former parents, subsidiaries,

        affiliates, predecessors and successors.

9.    All documents that relate in any way to Barr's efforts or preparations to begin commercial

marketing of Generic Ovcon, including, but not limited to: product launch checklists, oral

contraceptive clinical communications status reports, and launch packs.

10.   All documents that relate in any way to the projected or anticipated effect that a generic

version of Ovcon would have on Warner Chilcott's sales, revenues, or profits of Ovcon.

11.   All documents that relate in any way to the projected or anticipated effect that any

Branded Contraceptive or Generic Contraceptive (other than a generic version of Ovcon)

would have Warner Chilcott's sales, revenues, or profits of Ovcon.

12.   All documents that relate in any way to the projected or anticipated effect that any

Branded Contraceptive or any Generic Contraceptive, including but not limited to Ovcon

Chewable, would have on Barr's sales, revenues, or profits of any Barr Contraceptive

Product, including but not limited to Barr's Generic Ovcon.

13.   For each rebate period from January 1, 1998 to the present, with respect to the sales of

any Barr Contraceptive Product, all documents that relate in any way to the Medicaid

Rebate Program under 42 U.S.C. § 1396r-8, including, but not limited to:

a.    agreements with the Department of Health and Human Services, or the Centers for

Medicaid and Medicare Services;

17

b.  submissions of Barr to the Department of Health and Human Services or the Center for Medicaid and Medicare Services or the Plaintiff States pursuant to the Medicaid Rebate Program; and

c.  calculations of the "manufacturer's best price," "average manufacturer price," "the manufacturer's average sales price," the "manufacturer's wholesale acquisition cost," and "sales made at a nominal price," as those terms are defined in 42 U.S.C. § 1396r-8.

14.  All documents that relate in any way to the inventory and distribution of Barr Contraceptive Product samples required to be maintained pursuant to 21 U.S.C. § 353(d)(3)(C).

15.  All documents that relate in any way to the Barr's manufacture, production, or sale of Ovcon or Generic Ovcon for Warner Chilcott.

16.  All documents that relate in any way to communications between Warner Chilcott and Barr concerning Ovcon, Ovcon Chewable, or Generic Ovcon.

17.  A copy of each Warner Chilcott purchase order for Ovcon or Generic Ovcon from Barr.