IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, *et al.,* ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Civil Action Nos. | 1:05-cv-2179-CKK |
| ) | | 1:05-cv-2182-CKK |
| WARNER CHILCOTT HOLDINGS ) | | |
| COMPANY III, LTD., *et al.,* ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFFS' JOINT MOTION TO COMPEL
DEFENDANT BARR TO PRODUCE DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37(a), plaintiff Federal Trade Commission and Plaintiff States, through their undersigned counsel, hereby jointly move the Court for an order to compel defendant Barr Pharmaceuticals, Inc., to produce documents responsive to the Federal Trade Commission's and the Plaintiff States' Joint First Request for the Production of Documents, Request Nos. 1, 12, 13, 14, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42.

The grounds for this motion, as more fully set forth in the attached memorandum, are that Fed. R. Civ. P. 26(b)(1) requires defendant Barr to produce documents responsive to plaintiffs' discovery requests relating to matters Barr has placed at issue in its affirmative defenses. Barr objected to these requests and instead has sought to exclude from production documents highly relevant to its affirmative defenses.

Counsel for the Federal Trade Commission advises the Court, pursuant to Local Rule 7(m), that in a June 22, 2006, conversation we discussed these issues with counsel for defendant

Barr Pharmaceuticals in a good-faith effort to resolve the issues and to narrow the areas of disagreement; that we were unable to resolve this disagreement; and that this motion to compel production is opposed.

Dated July 14, 2006                   Respectfully submitted,

_____/s/_____
MARKUS H. MEIER (D.C. Bar # 459715)
BRADLEY S. ALBERT
THOMAS H. BROCK (D.C. Bar # 939207)
Attorneys for Plaintiff
Bureau of Competition
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Telephone: (202) 326-3759
Facsimile:  (202) 326-3384


_____/s/_____
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470
Counsel for the Plaintiff States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Civil Action Nos.  1:05-cv-2179-CKK <br> )                                   1:05-cv-2182-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT
MOTION TO COMPEL DEFENDANT BARR TO PRODUCE DOCUMENTS**

The Federal Trade Commission, thirty-four States and the District of Columbia filed these actions seeking injunctive relief to invalidate a five-year anticompetitive agreement between defendants in which defendant Barr agreed not to market its generic form of Ovcon, a branded contraceptive sold by defendant Warner Chilcott. Barr has raised nineteen separate affirmative defenses to these charges.[1] One way or another, many of these defenses rest on the argument that Barr's agreement not to sell generic Ovcon had little effect on competition due to the availability of numerous contraceptives other than Ovcon, including approximately twenty other contraceptives marketed by Barr.[2]

Therefore, in their document request to Barr, the FTC and the Plaintiff States sought the production of documents relating to Barr's other contraceptive products. Barr has objected to

---

[1] *See* Barr Pharmaceuticals' Answer to Plaintiff's First Amended Complaint, dated December 19, 2005, Civ. Action No. 1:05-cv-2179-CKK (Document No. 19).

[2] Defendants' Joint Memorandum in Opposition to Plaintiff States' Motion for Leave to File Per Se Motion for Summary Judgment dated June 8, 2006, at 5, Civ. Action No. 1:05-cv-2182-CKK (Document No. 45-1).

these document requests to the extent we seek the production of documents relating to contraceptives other than Ovcon.[3]

The requested documents are likely to lead to the discovery of admissible evidence – and thus meet the standards for discovery under Rule 26(b)(1), Fed. R. Civ. P. – for two reasons.

- First, defendants maintain that their five-year noncompete agreement was not anticompetitive because there are other contraceptive products. To develop evidence on this issue, we need discovery relating to these contraceptives, including those produced or sold by Barr.

- Second, defendants argue that the challenged restraint was ancillary to a supply contract in which Barr agreed to produce Ovcon for Warner Chilcott, and that Barr's agreement not to market generic Ovcon was necessary because, without it, Barr would have the incentive to cut off the supply of Ovcon to Warner Chilcott in order to divert the demand for Ovcon to Barr's other contraceptive products. To respond to this argument, we need discovery relating to Barr's profitability and the costs of producing, marketing, and distributing its other contraceptives.

For these reasons, we move the Court for an order compelling Barr to produce the documents relating to all of Barr's contraceptive products responsive to Plaintiffs' Document Requests Nos. 1, 12, 13, 14, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42.

---

[3]   Barr's response to plaintiffs' document requests is attached as Exhibit 1.

# ARGUMENT

**I.      The Federal Rules of Civil Procedure Permit Discovery on any Matter Relevant to the Defense of any Party.**

Fed. R. Civ. P. 26(b)(1) expressly provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim *or defense* of any party . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). A defendant must produce all discovery that is relevant to its defenses to a plaintiff's claims. *See Mitchell v. Nat'l R.R. Passenger Corp.*, 208 F.R.D. 455, 458 (D.D.C. 2003) (motion to compel granted where plaintiff sought discovery relevant to responding to defendants' defense). "Relevance for discovery purposes is broadly and liberally construed." *Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005) (citations omitted). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Once a party establishes relevance, the party objecting to a document request has the burden to show why discovery should not be allowed. *Doe*, 231 F.R.D. at 30.

**II.     Information Relating to Barr's Other Contraceptives Are Relevant to Barr's Affirmative Defenses and Matters Barr Has Put at Issue in This Litigation.**

Each of the disputed document requests seeks documents relating to Barr's other contraceptives.[4] In response to each request, defendant Barr offers a rote set of objections that

---

[4]     *See* Exhibit 1. The disputed document requests include Request Nos. 1 (organization chart and personnel directory for Barr's division involved in activities relating to contraceptives); 12 (effect any brand or generic contraceptive would have on sales, revenues, or profits of Barr contraceptive products); 13 (rebates for contraceptives); 14 (distribution of Barr contraceptive samples); 22 (contraceptive placebo pills); 23 (good manufacturing practices); 24 (facility capacities); 25 (other products used to produce contraceptive products); 26 (revenues and costs of producing, manufacturing, marketing, and selling Barr contraceptive products); 27 (contracts); 29 (effect of contraceptive products on Barr's distribution of contraceptive samples); 30 (Barr's strategies to distribute contraceptive samples), 32, 33, 34 (financial reports relating

the request "is ambiguous, vague, overly broad, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence." Then, subject to these and other general and specific objections, Barr unilaterally limits its production to these requests to documents relating to Ovcon, but excludes the production of documents relating to any of Barr's other twenty contraceptives.

Documents relating to Barr's contraceptives other than Ovcon are relevant to this case for two reasons. First, the documents relating to Barr's other contraceptives are directly relevant to Barr's Affirmative Defense Nos. 5, 7, 8, 9, 10, 14, and 15. In each of these affirmative defenses, Barr asserts that the assessment of the competitive effects of the challenged agreement must take into account the availability of contraceptives other than Ovcon. Barr asserts that the FTC "has not properly alleged either a relevant product market or a relevant geographic market;" that Barr's actions have not "injured competition in any relevant market;" and that the agreement has "pro-competitive effects that benefit competition as a whole in any relevant market." Elsewhere, defendants assert that their agreement "enabled Ovcon to aggressively compete

---

contraceptive products); 35 (pricing plans regarding Barr's contraceptive products); 36 (analyses relating to generic substitution with any Barr contraceptive product); 37 (analyses relating to the average age of users of Barr's contraceptive products); 38 (contracts); 39 (advantages of exclusive supply agreements); 40 (advantages of non-exclusive supply agreements); (one-month supply of products); and 42 (benefits or savings generic drugs provide to consumers).

4

against the numerous other hormonal contraceptives in the marketplace,"[5] which, defendants contend, "are virtually identical [to] and equally effective" as Ovcon.[6]

With this backdrop, defendants insist that they need discovery about "the availability of competitive products."[7] Thus, defendants seek the production of a broad range of documents from Plaintiff States to assess the impact of a new generic product on "the combined hormonal contraceptive market."[8] And, in one of the private lawsuits, Barr itself seeks the production of documents relating to "*any* prescription pharmaceutical used to prevent pregnancy that contains hormones, *including, but not limited to, Ovcon 35, oral contraceptives, transdermal patches, vaginal rings, and pills.*"[9]

In sum, Barr contends that its agreement with Warner Chilcott must be assessed in the context of a market of contraceptives which would include the twenty contraceptives sold by Barr, but it then refuses to produce documents about those very products. But if Barr has put at issue in this litigation the production, marketing, sale, and substitutability of its other contraceptives, we are entitled to the documents as requested. *See*, *e.g.*, *United States v. IBM*, 66

---

[5] Defendants' Joint Memorandum in Opposition to Plaintiff States' Motion for leave to File Per Se Motion for Summary Judgment dated June 8, 2006, at 19, Civ. Action No. 1:05-cv-2182-CKK (Document No. 45-1).

[6] *Id.* at 5.

[7] *Id.* at 10.

[8] *See* Defendants' Joint Motion to Compel Answers to Interrogatories and the Production of Documents at 2, dated July 10, 2006, Civ. Action No. 1:05-cv-2182-CKK (Document No. 51); *see id.* at 10.

[9] Barr's First Set of Interrogatories to Direct Purchaser Plaintiffs, Definitions and Instructions ¶ 14, dated May 23, 2006, *Meijer, Inc. v. Warner Chilcott Holdings Co.*, Civ. Action No. 1:05-CV-2195-CKK (emphasis added).

F.R.D. 180, 184-85 (S.D.N.Y. 1974) (plaintiff entitled to discovery relating to products included within defendant's purported product market definition).

Second, in 2004, when defendants entered into the anticompetitive agreement, they also entered a supply contract under which, until April 2009, Barr could supply only Warner Chilcott with Ovcon.[10] In their affirmative defenses, Warner Chilcott and Barr each assert that Barr's agreement not to compete in the sale of a generic Ovcon was "based upon independent, legitimate business and economic justifications," and "was reasonable in relation to the development and preservation of its business."[11] Defendants have argued that this restraint on Barr's ability to compete is the only way to ensure Barr's performance under the supply agreement because otherwise Barr would have the incentive to choke off Warner Chilcott's Ovcon supply. In this light, the FTC and the Plaintiff States must take discovery relating to these incentives, including the substitutability of contraceptive products, the costs and profitability of Barr's other contraceptive products, and information about each of Barr's manufacturing facilities that are, or could be, used to produce contraceptive products.

Barr cannot meet its burden to show why discovery on its other contraceptives should not be allowed. *See Doe*, 231 F.R.D. at 30. Barr apparently refuses to provide discovery on its other contraceptives inasmuch as *we* believe that the Court, without engaging in market analysis or market definition, can condemn defendants' naked five-year restraint on Barr's sale of generic Ovcon. But we are entitled to discovery regarding any matter relevant to the "defense" of any

---

[10] *See* Barr Pharmaceutical's Answer to Plaintiff FTC's First Amended Complaint ¶ 48, Civil Action No. 1:05-CV-2179-CKK (Document No. 19).

[11] *Id.* Affirmative Defenses Nos. 5 and 6.

party, and not simply those issues relevant to our case-in-chief. Fed. R. Civ. P. 26(b)(1); *see also Mitchell*, 208 F.R.D. at 458 (motion to compel granted where plaintiff sought discovery to respond to defendant's defense); *IBM*, 66 F.R.D. at 184-85 (plaintiff entitled to seek discovery relating to products defendant argued were included in a relevant product market even though plaintiff alleged the products were excluded). And, Barr cannot seriously dispute that it has raised in its affirmative defenses a host of issues regarding the production, marketing, sale, pricing, and profitability of its other contraceptives. Thus, unless we have complete discovery regarding Barr's other contraceptives, we will not have access to all facts relevant to Barr's affirmative defenses.

### III. Barr's Proposals to Produce Limited Discovery About Other Contraceptives Are Inadequate

During our conference pursuant to Local Rule 7(m), Barr insisted that we narrow the scope of our document requests. Barr proposed limiting production to materials relating to four of what Barr termed as its "key" oral contraceptives.[12] But Barr apparently contends that all of Barr's contraceptive products are substitutes for Ovcon. Thus, we are entitled to discovery about all of those contraceptives, and not just some small subset of Barr's "key" products.

Alternatively, Barr suggested that it restrict its production of documents about its other contraceptives to only certain types of information – such as "summary transactional data" – and with respect to only certain issues – such as the "interchangeability" or "substitutability" of those

---

[12] Letter dated June 27, 2006, from Karen N. Walker, Esq., to Thomas H. Brock, Esq.

contraceptives and Ovcon.[13] However, this proposal is so amorphous that Barr would retain significant discretion in deciding which documents to produce and we could never assess whether Barr's production was responsive or comprehensive. And, even if Barr's production of these categories of documents were complete, we would not receive documents on other relevant issues, such as the financial performance of Barr's other contraceptives and the purported incentives that Barr would have to breach its agreement to supply Ovcon to Warner Chilcott.

## CONCLUSION

For the foregoing reasons, the FTC and Plaintiff States respectfully request this Court to order Barr to produce all documents responsive to Plaintiffs' Joint First Request for Production of Documents, Request Nos. 1, 12, 13, 14, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42.[14]

---

[13] Letter dated June 29, 2006, from Karen N. Walker, Esq., to Thomas H. Brock, Esq.

[14] We note that Fed. R. Civ. P. 37(a)(4) provides that if the Court grants a motion to compel, the other side may be required to pay "the reasonable expenses incurred in making the motion, including attorney's fees." The award of expenses is intended to "deter the abuse implicit in carrying or forcing a discovery dispute to court *when no genuine dispute exists*." *Cobell v. Norton*, 213 F.R.D. 1, 15 (D.D.C. 2003) (emphasis added) (quoting Fed. R. Civ. P. 37(a)(4) (advisory committee note). Inasmuch as Barr is seeking identical discovery in parallel litigation, *see* notes 8 through 10 *supra,* we respectfully suggest that the Court should consider ordering Barr to pay the FTC and the Plaintiff States the reasonable expenses incurred in filing this motion.

Dated July 14, 2006                                     Respectfully submitted,

                                              /s/
MARKUS H. MEIER (D.C. Bar # 459715)
BRADLEY S. ALBERT
THOMAS H. BROCK (D.C. Bar # 939207)
Attorneys for Plaintiff
Bureau of Competition
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Telephone: (202) 326-3759
Facsimile:  (202) 326-3384


                                              /s/
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Meredyth Smith Andrus
Assistant Attorney General
STATE OF MARYLAND
200 St. Paul Street
Baltimore, MD 21202
(410) 576-6470
Counsel for the Plaintiff States