# EXHIBIT B

**15 USCA § 26 (§ 16 Clayton Act)**
§ 26. Injunctive relief for private parties; exception; costs
Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws, including sections 13, 14, 18, and 19 of this title, when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings, and upon the execution of proper bond against damages for an injunction improvidently granted and a showing that the danger of irreparable loss or damage is immediate, a preliminary injunction may issue: Provided, That nothing herein contained shall be construed to entitle any person, firm, corporation, or association, except the United States, to bring suit for injunctive relief against any common carrier subject to the jurisdiction of the Surface Transportation Board under subtitle IV of Title 49. In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff.

**Alaska**
Alaska Stat. § 45.50.580: Injunction by attorney general
(a) In addition to any other relief provided by AS 45.50.562 -- 45.50.596, the attorney general may bring an action to enjoin a violation of AS 45.50.562 -- 45.50.596. This action may be brought as a sole action or in conjunction with another action that the attorney general is authorized to bring.

(b) The court may make additional orders or judgments as may be necessary to restore to a person in interest any money or property, real or personal, that may have been acquired by an act prohibited by AS 45.50.562 -- 45.50.596, and as may be necessary to prevent continuing or future violations of AS 45.50.562 -- 45.50.596.

Alaska Stat. § 45.50.577: Enforcement by attorney general.
(a) The attorney general may bring a civil action in superior court to secure monetary relief as provided in this section on behalf of the state and its agencies injured either directly or indirectly by reason of any violation of AS 45.50.562 -- 45.50.570.

(b) The attorney general may bring a civil action in superior court in the name of the state, as parens patriae on behalf of governmental entities or persons doing business or residing in this state, to secure monetary relief as provided in this section for injuries directly or indirectly sustained by persons by reason of any violation of AS 45.50.562 -- 45.50.570.

(c) The court shall exclude from the amount of monetary relief awarded in an action under (a) or (b) of this section any amount of monetary relief that

(1) duplicates amounts that have been awarded for the same injury; or

(2) is properly allocable to persons who have excluded their claims under (e) of this section.

(d) The court shall award the attorney general as monetary relief three times the total damage sustained as described in (a) or (b) of this section and, additionally, the costs of the action, including reasonable attorney fees.

(e) In any action brought under (b) of this section, the attorney general, at the times, in the manner, and with the content the court directs, shall cause notice of the action to be given by publication. Any governmental entity or person on whose behalf an action is brought under (b) of this section may elect to exclude from civil action the portion of the state claim for monetary relief attributable to that governmental entity or person by filing notice of the election with the court within the time specified in the attorney general's notice given in accordance with this subsection.

(f) The final judgment in an action under (a) or (b) of this section is res judicata as to any claim under AS 45.50.576 by any governmental entity or person on whose behalf the action was brought and who fails to give notice of election to exclude under (e) of this section within the period specified in the attorney general's notice given under (e) of this section.

(g) An action under (b) of this section may not be dismissed or compromised without the approval of the court, and notice of any proposed dismissal or compromise shall be given by publication at the times, in the manner, and with the content the court directs in accordance with (e) of this section and AS 45.50.584.

(h) Monetary relief recovered in an action under this section shall be (1) distributed in the manner the court, in its discretion, authorizes; or (2) deemed a civil penalty by the court and deposited in the general fund, and may be appropriated to the Alaska permanent fund (AS 37.13.010(a)) or for any other public purpose. A distribution procedure authorized by the court under this subsection must afford each governmental entity or person participating in the civil action a reasonable opportunity to secure that entity's or person's appropriate portion of the net monetary relief.

(i) Only the attorney general, in a suit brought under this section, may seek monetary relief for injury indirectly sustained for a violation of AS 45.50.562 -- 45.50.570.

Alaska Stat. § 45.50.590: Powers of the attorney general

If the attorney general determines, upon complaint or otherwise, that a person has engaged in, or engages in, or is about to engage in an act or practice prohibited or declared unlawful by AS 45.50.562 -- 45.50.596, or that a person has assisted or participated in a plan, scheme, agreement, or combination of the nature described in AS 45.50.562 -- 45.50.596, or when the attorney general believes it to be in the public interest, the attorney general may commence an investigation. The attorney general may compel production of documentary material and take testimony, under oath, before the institution of an action under AS 45.50.562 -- 45.50.596.

## **Arizona**

Ariz. Rev. Stat. Ann. § 44-1407: Civil penalty and injunctive enforcement
The attorney general or a county attorney with the permission or at the request of the attorney general may bring an action for appropriate injunctive or other equitable relief and civil penalties and as determined by the court, taxable costs, such other fees and expenses reasonably incurred and reasonable attorney fees, in the name of the state for a violation of this article. The court may assess for the benefit of the state a civil penalty of not more than one hundred fifty thousand dollars for each violation of this article.

Ariz. Rev. Stat. Ann. § 44-1408: Damages; injunctive relief
A. The state, a political subdivision or any public agency threatened with injury or injured in its business or property by a violation of this article may bring an action for appropriate injunctive or other equitable relief, damages sustained and, as determined by the court, taxable costs and reasonable attorney's fees.

## Arkansas
Ark. Code Ann. § 4-75-315
(a) In addition to the other remedies provided in this subchapter, whenever the Attorney General has reason to believe that any person is engaging, has engaged, or is about to engage in any act or practice declared unlawful by this subchapter, the Attorney General may bring an action in the name of the state against that person:
 (1) To obtain a declaratory judgment that the act or practice violates the provisions of this subchapter;
 (2) To enjoin any act or practice that violates the provisions of this subchapter by issuance of a temporary restraining order or preliminary or permanent injunction, without bond, upon the giving of appropriate notice;
 (3) To recover on behalf of the state and its agencies actual damages or restitution for loss incurred either directly or indirectly; and
 (4) To recover civil penalties of up to one thousand dollars ($1,000) per violation of this subchapter, or any injunction, judgment, or consent order issued or entered into under the provisions of this subchapter and reasonable expenses, investigative costs, and attorney's fees.

(b) The Attorney General also may bring a civil action in the name of the state, as parens patriae on behalf of natural persons residing in this state, to secure monetary relief as provided under this section for injury, directly or indirectly sustained by those persons because of any violation of this subchapter, in accordance with the following provisions:
 (1) The court in which the action is commenced shall award the Attorney General as monetary relief the actual damages sustained or restitution for loss incurred as a result of the violations of this subchapter and the cost of suit, including a reasonable attorney's fee. The court shall exclude from the amount of monetary relief awarded in the action any amount which duplicates amounts that have been awarded for the same injury already or which are allocable to persons who have excluded their claims under subdivision (b)(3)(A) of this section.
 (2) (A) In any action brought under this section, the Attorney General shall, at the time, in the manner, and with the content as the circuit court may direct, cause notice of the parens patriae action to be given by publication.

(B) If the court finds that notice given solely by publication would deny due process of law to any person, the court shall direct the Attorney General to give the notice as may be required by due process of law.

(3)    (A) Any person on whose behalf an action is brought under this section may elect to exclude from the adjudication the portion of the Attorney General's claim for monetary relief attributable to him or her by filing notice of the election with the court, within the time period specified, in the notice of the action given to the persons to be benefited by the action.

(B) Any person failing to give the notice shall be barred during the pendency of the action from commencing an action in his or her own name for the injury alleged in the action and the final judgment in the action shall be res judicata as to any claim which could be brought by the person under this subchapter based on the facts alleged or proven in the action.

(C)    (i) The provisions of §§ 4-75-315 -- 4-75-319 shall apply only to actions instituted by the Attorney General.

(ii) Nothing in the provisions set forth in §§ 4-75-315 -- 4-75-319 shall be deemed to expand or create additional rights or remedies available to persons proceeding under any action instituted by one (1) or more persons or an entity other than the Attorney General for violations of the provisions of this subchapter.

(4) All damages shall be distributed in a manner that will afford each person a reasonable opportunity to secure his or her appropriate portion of the net monetary relief, including a distribution under the theory of cy pres, subject to approval by the court.

(c)    (1) In lieu of instigating or continuing an action or proceeding, or to conclude an investigation commenced or contemplated by this subchapter, the Attorney General may accept a consent decree with respect to any act or practice alleged to be a violation of this subchapter.

(2) The consent decree may include a stipulation for the payment of civil penalties, the Attorney General's reasonable expenses, investigative costs and attorney's fees, an agreement to pay damages or to allow for restitution of money, property, or other things received in connection with a violation of this act, and agreed to injunctive provisions.

(3) Before any consent decree entered into under this section is effective, it must be approved by the circuit court, the federal district court, or if an action has already been commenced, the court in which the action is pending and an entry made in that court in the manner required for making an entry of judgment.

(4) If the consent decree submitted to the court is to settle an action brought under subsection (b) of this section, notice of the proposed settlement shall be given in the manner as the court directs.

(5) Once court approval is received, any breach of the conditions of the consent decree shall be treated as a violation of a court order, and shall be subject to all penalties provided by law for violation of court orders.

(d) In addition to actions under state law, the Attorney General may proceed under any antitrust laws in the federal courts on behalf of this state or any of its agencies, or as parens patriae on behalf of natural persons in this state.

Ark. Code Ann. § 4-88-113

(a) In any proceeding brought by the Attorney General for civil enforcement of the provisions of this chapter, prohibiting unlawful practices as defined in this chapter, the circuit court may make such orders or judgments as may be necessary to:

    (1) Prevent the use or employment by such person of any prohibited practices;

    (2)    (A) Restore to any purchaser who has suffered any ascertainable loss by reason of the use or employment of the prohibited practices any moneys or real or personal property which may have been acquired by means of any practice declared to be unlawful by this chapter, together with other damages sustained.

        (B) In determining the amount of restitution to be awarded under this section, the court shall consider affidavits from nontestifying purchasers, provided that:

            (i) The affidavits are offered as evidence of a material fact;

            (ii) The affidavits are more probative on the point for which they are offered than any other evidence which the Attorney General can procure through reasonable efforts;

            (iii) The interests of justice will be best served by admission of the affidavits; and

            (iv) The Attorney General makes the names and addresses of the affiants available to the adverse party sufficiently in advance to provide the adverse party with a fair opportunity to communicate with them; and

    (3) Assess penalties to be paid to the state, not to exceed ten thousand dollars ($10,000) per violation, against persons found to have violated this chapter.

(b) Upon petition of the Attorney General, the court may order the suspension or forfeiture of franchises, corporate charters, or other licenses or permits or authorization to do business in this state.

(c) Any person who violates the terms of an injunction issued under this chapter shall forfeit and pay to the state a civil penalty of not more than ten thousand dollars ($10,000) for any single action brought by the Attorney General.

(d)    (1) Every person who directly or indirectly controls another person who is in violation of or liable under this chapter and every partner, officer, or director of another person who is in violation of or liable under this chapter shall be jointly and severally liable for any penalties assessed and any monetary judgments awarded in any proceeding for civil enforcement of the provisions of this chapter, provided that the persons to be held jointly and severally liable knew or reasonably should have known of the existence of the facts by reason of which the violation or liability exists.

    (2) There is contribution as in cases of contract among the several persons so liable.

    (3) Every person subject to liability under subdivision (d)(1) of this section shall be deemed, as a matter of law, to have purposefully availed himself or herself of the privileges of conducting activities within Arkansas sufficient to subject the person to the personal jurisdiction of the circuit court hearing an action brought pursuant to this chapter.

(e) As compensation for his services under this chapter, the Attorney General shall be entitled to all expenses reasonably incurred in the investigation and prosecution of suits, including, but not limited to, expenses for expert witnesses, to be paid by the defendant when judgment is rendered for the state, and, in addition, shall recover attorney's fees and costs.

(f) Any person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees.

## California

Cal. Const. art. 5, § 13

Subject to the powers and duties of the Governor, the Attorney General shall be the chief law officer of the State. It shall be the duty of the Attorney General to see that the laws of the State are uniformly and adequately enforced. The Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices, and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions as to the Attorney General may seem advisable. Whenever in the opinion of the Attorney General any law of the State is not being adequately enforced in any county, it shall be the duty of the Attorney General to prosecute any violations of law of which the superior court shall have jurisdiction, and in such cases the Attorney General shall have all the powers of a district attorney. When required by the public interest or directed by the Governor, the Attorney General shall assist any district attorney in the discharge of the duties of that office.

Cal. Bus. & Prof. Code § 16750

(a) Any person who is injured in his or her business or property by reason of anything forbidden or declared unlawful by this chapter, may sue therefor in any court having jurisdiction in the county where the defendant resides or is found, or any agent resides or is found, or where service may be obtained, without respect to the amount in controversy, and to recover three times the damages sustained by him or her, interest on his or her actual damages pursuant to Section 16761, and preliminary or permanent injunctive relief when and under the same conditions and principles as injunctive relief is granted by courts generally under the laws of this state and the rules governing these proceedings, and shall be awarded a reasonable attorneys' fee together with the costs of the suit.

This action may be brought by any person who is injured in his or her business or property by reason of anything forbidden or declared unlawful by this chapter, regardless of whether such injured person dealt directly or indirectly with the defendant.

The amendments to this section adopted at the 1959 Regular Session of the Legislature do not apply to any action commenced prior to September 18, 1959.

(b) The state and any of its political subdivisions and public agencies shall be deemed a person within the meaning of this section.

(c) The Attorney General may bring an action on behalf of the state or of any of its political subdivisions or public agencies to recover the damages provided for by this section, or by any comparable provision of federal law, provided that the Attorney General shall notify in writing any political subdivision or public agency of his or her intention to bring any such action on its behalf, and at any time within 30 days thereafter, such political subdivision or public agency may, by formal resolution of its governing body or as otherwise specifically provided by applicable law, withdraw the authority of the Attorney General to bring the intended action. In any action brought pursuant to this section on behalf of any political subdivision or public agency of the state, the state shall retain for deposit in the Attorney General antitrust account within the General Fund, out of the proceeds, if any, resulting from such action, an amount equal to the expense incurred by the Attorney General in the investigation and prosecution of such action or an amount equal to 10 percent of the total recovery obtained by the Attorney General, whichever is greater.

(d) In any antitrust action brought on behalf of the state in which the Attorney General is the class representative of political subdivisions, public agencies, or citizens of the state who have been affected by the matters set forth in the complaint, the state shall retain for deposit in the Attorney General antitrust account within the General Fund, the proceeds, if any, of any attorneys' fees awarded by the court in which such case is located, to the Attorney General, resulting from such class representation.

(e) In any action brought by the Attorney General pursuant to either state or federal antitrust laws for the recovery of damages by the state or any of its political subdivisions or public agencies, in addition to his or her other powers and authority, the Attorney General may enter into contracts relating to the investigation and the prosecution of such action with any other party plaintiff who has brought a similar action for the recovery of damages and with whom the Attorney General finds it advantageous to act jointly, or to share common expenses or to cooperate in any manner relative to such action. In any such action, notwithstanding the provisions of <u>Section 12520 of the Government Code</u>, the Attorney General may undertake, among other things, either to render legal services as special counsel to, or to obtain the legal services of special counsel from any department or agency of the United States, of this state or any other state or any department or agency thereof, any county, city, public corporation or public district of this state or of any other state, that has brought or intends to bring a similar action for the recovery of damages, or their duly authorized legal representatives in such action. The Attorney General may also enter into any agreement authorized by Chapter 5 (commencing with Section 6500) of Division 7 of Title 1 of the Government Code with any governmental entity enumerated in this subdivision, notwithstanding any provision to the contrary contained in <u>Section 6500 of the Government Code.</u> Every contract or agreement entered into pursuant to this subdivision (e) shall be approved by the Department of General Services.

(f) The amounts paid into the Attorney General antitrust account within the General Fund pursuant to subdivisions (c), (d) and (e) arising from the same action or companion actions shall not cumulatively exceed the greater of ten percent (10%) of the total recovery in all actions resulting from the Attorney General's representation or an amount equal to the expenses incurred by the Attorney General in the investigation and prosecution of such actions. Any excess shall be

paid into the General Fund.

(g) The district attorney of any county may prosecute any action on behalf of such county or any city or public agency or political subdivision located wholly within such county which the Attorney General is authorized to bring pursuant to subdivision (c) of this section, whenever it appears that the activities giving rise to such prosecution or the effects of such activities occur primarily within such county. The district attorney shall file with the Attorney General at least 30 days prior to the filing of any such action a copy of the proposed complaint together with a confidential memorandum and report explaining the facts giving rise to the proposed prosecution and supporting the filing of the new complaint. Prior to entering into any stipulated or consent judgment or other settlement of any such action, the district attorney shall file with the Attorney General at least 30 days prior to the execution thereof a copy of the proposed settlement together with a memorandum of explanation of the settlement. The Attorney General may waive any time requirements provided in this subdivision. In any investigation or action undertaken or brought by a district attorney pursuant to this section, if the Attorney General deems it necessary and in the public interest, the Attorney General may take full charge of any such investigation or prosecution, and the Attorney General shall have all the powers granted by Section 12550 of the Government Code in respect thereto.

(h) In any action prosecuted pursuant to the provisions of subdivision (g) a district attorney may exercise all of the powers conferred on the Attorney General by subdivision (e) provided that every contract or agreement entered into pursuant to this subdivision by a district attorney shall first be approved by the governing authority of the agency in his or her county.

(i) In any action brought pursuant to subdivision (g) a district attorney may represent any political subdivision located within his or her county directly, in which case he or she shall notify in writing such political subdivision of his or her intention to bring any such action on its behalf, and at any time within 30 days thereafter, that political subdivision may, by formal resolution of its governing body or as otherwise specifically provided by applicable law, withdraw the authority of the district attorney to bring the intended action. In any action in which a district attorney directly represents any political subdivision located within his county, the district attorney shall retain out of the proceeds, if any, resulting from such action, an amount equal to the expense incurred by the district attorney in the investigation and prosecution of such action or an amount equal to 10 percent of the total recovery obtained by the district attorney, whichever is greater. In any action brought pursuant to subdivision (g) in which the county, through the district attorney, is the class representative of political subdivisions located within such county, the district attorney shall retain the proceeds, if any, of any attorneys' fees awarded by the court in which such action is pending to the district attorney, resulting from such class representation. All proceeds retained by a district attorney pursuant to this subdivision shall be deposited in the appropriate account as provided by law.

(j) Nothing in this section shall be construed to authorize any district attorney to exercise the powers conferred upon the Attorney General by an act of Congress of September 30, 1976, (P.L. 94-905; 90 Stat.1983) also known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976, except at the direction of the Attorney General.

Cal. Bus. & Prof. Code § 16754

The Attorney General, or the district attorney of any county, subject to the notice requirements of subdivision (g) of Section 16750, shall initiate civil actions or criminal proceedings for violation of this chapter. Civil actions and criminal proceedings for violation of this chapter initiated by the Attorney General or district attorney may be brought in the superior court in and for any county where the offense or any part thereof is committed or where any of the offenders reside or where any corporate defendant does business. In any civil action or criminal proceeding brought by a district attorney pursuant to this section, the Attorney General shall have all of the powers set forth in Section 12550 of the Government Code.

Cal. Bus. & Prof. Code § 16760

(a)    (1) The Attorney General may bring a civil action in the name of the people of the State of California, as parens patriae on behalf of natural persons residing in the state, in the superior court of any county which has jurisdiction of a defendant, to secure monetary relief as provided in this section for injury sustained by those natural persons to their property by reason of any violation of this chapter. The court shall exclude from the amount of monetary relief awarded in the action any amount of monetary relief (A) which duplicates amounts which have been awarded for the same injury, or (B) which is properly allocable to (i) natural persons who have excluded their claims pursuant to paragraph (2) of subdivision (b), and (ii) any business entity.
(2) The court shall award the state as monetary relief three times the total damage sustained as described in paragraph (1), the interest on the total damages pursuant to Section 16761, and the costs of suit, including a reasonable attorney's fee.
(3) The court may, in its discretion, award a reasonable attorney's fee to a prevailing defendant upon a finding that the Attorney General or district attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

(b)    (1) In any action brought under this section, the Attorney General shall, at any time, in any manner, and with any content as the court may direct, cause notice thereof to be given by publication. If the court finds that notice given solely by publication would deny due process of law to any person or persons, the court may direct further notice to the person or persons according to the circumstances of the case.
(2) Any person on whose behalf an action is brought under paragraph (1) of subdivision (a) may elect to exclude from adjudication the portion of the claim for monetary relief attributable to him or her by filing notice of that election with the court within the time as specified in the notice given pursuant to paragraph (1).
(3) The final judgment in an action under paragraph (1) of subdivision (a) shall be res judicata as to any claim under this section by any person on behalf of whom the action was brought and who fails to give notice within the period specified in the notice given pursuant to paragraph (1).

(c) An action under paragraph (1) of subdivision (a) shall not be dismissed or compromised without the approval of the court, and notice of any proposed dismissal or compromise shall be given in any manner as the court directs.

(d) In any action under this chapter, where there has been a determination that a defendant agreed to fix prices, damages may be proved and assessed in the aggregate by statistical or sampling methods, by the pro rata allocation of illegal overcharges or of excess profits, or by any other reasonable system of estimating aggregate damages as the court in its discretion may permit without the necessity of separately proving the individual claim of, or amount of damage to, persons on whose behalf the suit was brought.

(e) Monetary relief recovered by the Attorney General under this section shall be distributed as follows:

(1) In any manner as the superior court having jurisdiction over the action in its discretion may authorize to insure, to the extent possible, that each person be afforded a reasonable opportunity to secure his or her appropriate portion of the monetary relief. In exercising its discretion, the court may employ cy pres or fluid recovery mechanisms as a way of providing value to persons injured as a result of a violation of this chapter.

(2) The Attorney General shall retain that portion of the monetary relief awarded by the court as costs of suit and attorney's fee for deposit in the Attorney General Antitrust Account within the General Fund.

(3) To the extent that the monetary relief awarded by the court is not exhausted by distribution under paragraphs (1) and (2), the remaining funds shall be treated under the provisions of Article 3 (commencing with Section 1530) and Article 4 (commencing with Section 1540) of Chapter 7 of Title 10 of Part 3 of the Code of Civil Procedure as if it were unclaimed property, as defined in Section 1300 of the Code of Civil Procedure.

(f) The powers granted in this section are in addition to and not in derogation of the powers granted to the Attorney General by common law in respect to bringing actions parens patriae.

(g) The district attorney of any county may prosecute any action on behalf of the natural persons residing in the county which the Attorney General is authorized to bring pursuant to subdivision (a), whenever it appears that the activities giving rise to the prosecution or the effects of the activities occur primarily within that county. Prior to bringing the action, a district attorney shall comply with the notice requirements provided in subdivision (g) of Section 16750. In any action brought pursuant to this subdivision, the provisions of subdivisions ( a) to (e), inclusive, shall be applicable, except that the portion of monetary relief awarded by the court as attorney's fee and costs shall be retained by the district attorney for deposit in the appropriate account as provided by law.

Cal. Bus. & Prof. Code § 16760

Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor or, with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

Cal. Gov't Code § 12510
The Attorney General is head of the Department of Justice.

Cal. Gov't Code § 12511
The Attorney General has charge, as attorney, of all legal matters in which the State is interested, except the business of The Regents of the University of California and of such other boards or officers as are by law authorized to employ attorneys.

**Colorado**
Colo. Rev. Stat. § 6-4-111: Enforcement by the attorney general
(1) The attorney general shall have the authority to institute actions or proceedings to prevent or restrain violations of this article.

(2) The attorney general may bring a civil action on behalf of any governmental or public entity, with the written consent of such entity, injured, either directly or indirectly, in its business or property by reason of any violation of this article and, if successful, shall recover any actual damages sustained by such entity. If the violation alleged and proved is determined by the court to be a *per se* violation of this article, the attorney general may recover three times the actual damages sustained by such entity.

(3)        (a) The attorney general may bring a civil action as *parens patriae* on behalf of natural persons residing within the state injured in their business or property by reason of any violation of this article and, if successful, shall recover any actual damages sustained by such natural persons. If the violation alleged and proved is determined by the court to be a *per se* violation of this article, the attorney general may recover three times the actual damages sustained by such natural persons.
           (b) In any *parens patriae* action brought pursuant to paragraph (a) of this subsection (3), the attorney general shall cause notice to be given to the proposed *parens* group by publication or as otherwise directed by the court, and all proposed *parens* group members shall have the right to elect to have their particular claim excluded from that proceeding. No dismissal or compromise settlement of an action brought by the attorney general as *parens patriae* shall be entered without the approval of the court and notice to all proposed *parens* group members.
           (c) In any *parens patriae* action in which actual or treble damages are recovered, the court, in its discretion, may determine that the amount of damages recovered is too small to make a refund to *parens* group members practicable. In that event, the court may direct such damages to be paid to the general fund of the state or to some other governmental or public entity as the court deems appropriate or may require that damages be paid as rebates or price reductions to future consumers.

(4) In any action brought pursuant to this section, the attorney general, if successful, shall be entitled to recover the costs of investigation, expert fees, costs of the action, and reasonable attorney fees.

Colo. Rev. Stat. § 6-4-112: Civil Penalties

(1) The attorney general may bring a civil action on behalf of the state to seek the imposition of a civil penalty for any violation of this article. The court, upon finding a violation of this article, shall impose a civil penalty to be paid to the general fund of the state in an amount not to exceed one hundred thousand dollars for each such violation; except that the election by the attorney general to seek a civil penalty shall preclude the attorney general from filing criminal charges against the person assessed a civil penalty based upon the same conduct or from pursuing an action against such person for damages pursuant to section 6-4-111 (2) and (3).

(2) In determining the amount of a civil penalty, the court shall consider, among other things: The nature and extent of the violation; the number of consumers affected by the violation; whether the violation was an isolated incident or a continuous pattern and practice of behavior; whether the violation was the result of willful conduct; whether the defendant took affirmative steps to conceal such violations; and whether, given the size and wealth of the defendant, the civil penalty will be an effective deterrent against future violations.

## District of Columbia
D.C. Code § 28-4507(a):
Whenever the District of Columbia government is injured in its business or property by a violation of this chapter, the Attorney General may bring a civil action in the name of the District of Columbia for damages, or for appropriate injunctive or other equitable, relief, or for both, without prejudice to the right of the District of Columbia to bring similar or identical actions under any other statute. In such an action, in addition to any appropriate injunctive or equitable relief, the court may award the District of Columbia damages and the cost of suit, including reasonable attorney's fees.

D.C. Code § 28-4507(b) - (in pertinent part)
The Attorney General may bring a civil action in the name of the District of Columbia as parens patriae on behalf of any individual residing in the District of Columbia in any court of competent jurisdiction for injury sustained by such individual to such individual's property by reason of any violation of this chapter.

DC Code § 28-4508 – (in pertinent part)
Any person who is injured in that person's business or property by reason of anything forbidden by this chapter may bring a civil action for damages, for appropriate injunctive or other equitable relief, or for both.

## Delaware
Del. Code. Ann. tit. 6, § 2105: General power of Attorney General
The Attorney General shall have full power and authority on behalf of the State and its public bodies to investigate suspected violations of this chapter [The Delaware Antitrust Act] or of federal antitrust laws, and may institute such proceedings as are provided for violations thereof.

Del. Code. Ann. tit. 29 § 2504. Powers, duties and authority of the State Department of Justice
The State Department of Justice and the Attorney General shall have the following powers, duties and authority:

(1) To continue to exercise the powers and perform the duties by the Constitution, statutes and common law vested in and imposed upon the Attorney General prior to January 1, 1969;

(2) Notwithstanding any other laws, to provide legal advice, counsel and services for administrative offices, agencies, departments, boards, commissions and officers of the state government concerning any matter arising in connection with the exercising of their official powers or duties and to publish or cause to be published such opinions in book form every 2 years. The courts, counties and incorporated municipalities are excepted from this chapter;

(3) Notwithstanding any other laws, to represent as counsel in all proceedings or actions which may be brought on behalf of or against them in their official capacity in any court, except in actions in which the State has a conflicting interest, all officers, agencies, departments, boards, commissions and instrumentalities of state government;

(4) To investigate matters involving the public peace, safety and justice and to subpoena witnesses and evidence in connection therewith; provided, however, that nothing in this subdivision shall restrict the general powers of the General Assembly to investigate matters involving the public peace, safety and justice and to subpoena witnesses and evidence in connection therewith;

(5) To direct the activities of state detectives;

(6) To have charge of all criminal proceedings as prior to January 1, 1969;

(7) To recommend revisions in the Constitution and statutes of this State with particular reference to law enforcement;

(8) To draft or cause to be drafted such bills or amendments as may be requested by any state officer or any department, division, commission or other state agency and otherwise render assistance, aid, information, counsel and advice in the preparation and drafting of any such proposed legislation; and

(9) To represent witnesses for the State or individuals who have cooperated with state investigative agencies when they are sued as a result of, or on account of, their cooperation with any agency of the State in any investigation or prosecution conducted by the State unless such representation creates a conflict with the interests of the State.

Del. Code. Ann. tit. 29, § 2507: Prohibition on employment of attorneys by state officers, departments, boards, agencies, commissions or instrumentalities

No officer, department, board, agency, commission or instrumentality of state government shall employ any person to act as attorney, counsel, solicitor, legal assistant or other legal advisor to such officer, department, board, agency, commission or instrumentality except as otherwise set forth in this chapter. However, such special counsel may be employed by such officer, department, board, agency, commission or instrumentality with the approval of the Attorney General and the Governor upon such terms and conditions as the Attorney General and the Governor may prescribe. The special counsel so appointed shall have such powers, duties and responsibilities as designated by the Attorney General in addition to those powers prescribed in subdivision (3) of § 2504 of this title. Expenses of such employment shall be paid by the State Treasurer out of general funds not otherwise appropriated upon the approval of the Attorney General and the Governor.

**<u>Florida</u>**

Fla. Stat. Ann. § 542.27: Enforcement authority

(1)  The Attorney General, or a state attorney with written permission from the Attorney General, acting jointly or independently, may commence and try all criminal prosecutions under this chapter. Criminal prosecutions under this chapter shall be commenced by indictment. With respect to commencement and trial of such prosecutions, the Attorney General or a state attorney shall have all the powers and duties vested by law with respect to criminal prosecutions generally. Incident to any investigation commenced under this chapter, the Attorney General may participate in and appear before a grand jury in assistance of any state attorney, irrespective of the provisions of chapter 905.

(2)  The Attorney General is authorized to institute or intervene in civil proceedings seeking the full range of relief afforded by this chapter or by federal laws pertaining to antitrust or restraints of trade on behalf of the state, its departments, agencies, and units of government. In addition, the Attorney General, as chief state legal officer, may institute any action authorized under this chapter, federal laws pertaining to antitrust or restraints of trade, or similar laws of other states on behalf of natural persons in the state.

(3)  Whenever the Attorney General, by her or his own inquiry or as a result of a complaint, suspects that a violation of this chapter or federal laws pertaining to restraints of trade is imminent, occurring, or has occurred, the Attorney General may investigate such suspected violation.

## Idaho

Idaho Code § 48-108: Civil Actions and Settlements by the Attorney General

(1) Whenever the attorney general has reason to believe that any person is engaging, has engaged, or is about to engage in any act or practice declared unlawful by this act, the attorney general may bring an action in the name of the state against that person:

    (a)  To obtain a declaratory judgment that the act or practice violates the provisions of this act;

    (b)  To enjoin any act or practice that violates the provisions of this act by issuance of a temporary restraining order or preliminary or permanent injunction, without bond, upon the giving of appropriate notice;

    (c)  To recover on behalf of the state and its agencies actual damages or restitution;

    (d)  To recover civil penalties of up to fifty thousand dollars ($50,000) per violation of sections 48-104 or 48-105, Idaho Code, or any injunction, judgment or consent order issued or entered into pursuant to this act and reasonable expenses, investigative costs and attorney's fees; and

    (e)  To obtain an order requiring divestiture of any assets (i) acquired in violation of section 48-106, Idaho Code, to the extent determined necessary by the district court to avoid the creation of a monopoly or any likely substantial lessening of competition resulting from such transaction found violative of section 48-106, Idaho Code, or (ii) to restore competition in any line of Idaho commerce which has been eliminated by a violation of section 48-105, Idaho Code.

(2)  The attorney general also may bring a civil action in the name of the state, as parens patriae on behalf of persons residing in this state, to secure monetary relief as provided under this act for

injury directly or indirectly sustained by those persons because of any violation of sections 48-104 or 48-105, Idaho Code, in accordance with the following provisions:

(a)  The district court shall award the attorney general as monetary relief the total damages sustained for violations of sections 48-104 or 48-105, Idaho Code, and the cost of suit, including a reasonable attorney's fee.  The court shall increase any damage recovery to an amount not in excess of three (3) times the damages sustained if the court finds that the violation at issue constituted a per se violation of section 48-104, Idaho Code, or an intentional violation of section 48-105, Idaho Code.  The court shall exclude from the amount of monetary relief awarded in such action any amount which duplicates amounts which have been awarded for the same injury already or which are allocable to persons who have excluded their claims pursuant to subsection (2)(c) of this section.

(b)  In any action brought under this section, the attorney general shall, at such times, in such manner, and with such content as the district court may direct, cause notice of the parens patriae action to be given by publication.  If the court finds that notice given solely by publication would deny due process of law to any person, the court shall direct the attorney general to give such notice as may be required by due process of law.

(c)  Any person on whose behalf an action is brought under this section may elect to exclude from such adjudication the portion of the attorney general's claim for monetary relief attributable to him by filing notice of such election with the court within the time period specified in the notice of such action given to the persons to be benefited by the action.  Any person failing to give such notice shall be barred during the pendency of such action from commencing an action in his or her own name for the injury alleged in such action and the final judgment in such action shall be res judicata as to any claim which could be brought by such person under this act based on the facts alleged or proven in such action.

(d)  All damages shall be distributed in such a manner that will afford each person a reasonable opportunity to secure his appropriate portion of the net monetary relief.

(3)  In lieu of instigating or continuing an action or proceeding, or to conclude an investigation commenced or contemplated under section 48-109, Idaho Code, the attorney general may accept a consent decree with respect to any act or practice alleged to be a violation of this act.  The consent decree may include a stipulation for the payment of civil penalties, the attorney general's reasonable expenses, investigative costs and attorney's fees, an agreement to pay damages or to allow for restitution of money, property or other things received in connection with a violation of this act, and agreed to injunctive provisions.  Before any consent decree entered into pursuant to this section is effective, it must be approved by the district court and an entry made in the district court in the manner required for making an entry of judgment.  If the consent decree submitted to the court is to settle an action brought under subsection two (2) of this section, notice of the proposed settlement shall be given in such manner as the court directs.  Once court approval is received, any breach of the conditions of the consent decree shall be treated as a violation of a court order, and shall be subject to all penalties provided by law for violation of court orders, including the penalties set forth in section 48-111, Idaho Code.

(4) The attorney general may proceed under any antitrust laws in the federal courts on behalf of this state or any of its political subdivisions or agencies.

**Illinois**

740 Ill. Comp. Stat. 10/6(2): Penalty; Investigation
The Attorney General, with such assistance as he may from time to time require of the State's attorneys in the several counties, shall investigate suspected criminal violations of [the Illinois Antitrust Act] and shall commence and try all prosecutions under [the Illinois Antitrust Act].

740 Ill. Comp. Stat. 10/7(1): Civil Action Remedies
The Attorney General…shall bring suit in the Circuit Court to prevent and restrain violations of Section 3 of [the Illinois Antitrust Act]."

740 Ill. Comp. Stat. 10/7(2): Civil Actions and Remedies
The Attorney General may bring an action on behalf of this State, counties, municipalities, townships and other political subdivisions organized under the authority of this State to recover damages under this subsection or by any comparable Federal Law.

740 Ill. Comp. Stat. 10/7(4): Civil Actions and Remedies
In lieu of any criminal penalty otherwise prescribed for a violation of this Act, and in addition to any action under this Act or any Federal antitrust law, the Attorney General may bring an action in the name and on behalf of the people of the State against any person…to recover a penalty not to exceed $1,000,000 from every corporation or $100,000 from every other person for any act herein declared illegal….

740 Ill. Comp. Stat. 10/7.2: Investigation by Attorney General
Whenever it appears to the Attorney General that any person has engaged in…or that any person has assisted or participated in any agreement or combination…he may, in his discretion, conduct an investigation as he deems necessary in connection with the matter and has the authority prior to the commencement of any civil or criminal action…to subpoena witnesses….

15 Ill. Comp. Stat. 205/4: Duties of Attorney General
First--To appear for and represent the people of the State before the supreme court in all cases in which the State or the people of the State are interested.

Second--To institute and prosecute all actions and proceedings in favor of or for the use of the State, which may be necessary in the execution of the duties of any State officer.

Third--To defend all actions and proceedings against any State officer, in his official capacity, in any of the courts of this State or the United States.

Fourth--To consult with and advise the several State's Attorneys in matters relating to the duties of their office; and when, in his judgment, the interest of the people of the State requires it, he shall attend the trial of any party accused of crime, and assist in the prosecution.  When the Attorney General has requested in writing that a State's Attorney initiate court proceedings to enforce any provisions of the Election Code or to initiate a criminal prosecution with respect to a violation of the Election Code, and when the State's Attorney has declined in writing to initiate those proceedings or prosecutions or when the State's Attorney has neither initiated the proceedings or prosecutions nor responded in writing to the Attorney General within 60 days of

the receipt of the request, the Attorney General may, concurrently with or independently of the State's Attorney, initiate such proceedings or prosecutions.

Fifth--To investigate alleged violations of the statutes which the Attorney General has a duty to enforce and to conduct other investigations in connection with assisting in the prosecution of a criminal offense at the request of a State's Attorney.

Sixth--To consult with and advise the governor and other State officers, and give, when requested, written opinions upon all legal or constitutional questions relating to the duties of such officers respectively.

Seventh--To prepare, when necessary, proper drafts for contracts and other writings relating to subjects in which the State is interested.

Eighth--To give written opinions, when requested by either branch of the general assembly, or any committee thereof, upon constitutional or legal questions.

Ninth--To enforce the proper application of funds appropriated to the public institutions of the State, prosecute breaches of trust in the administration of such funds, and, when necessary, prosecute corporations for failure or refusal to make the reports required by law.

Tenth--To keep, a register of all cases prosecuted or defended by him, in behalf of the State or its officers, and of all proceedings had in relation thereto, and to deliver the same to his successor in office.

Eleventh--To keep on file in his office a copy of the official opinions issued by the Attorney General and deliver same to his successor.

Twelfth--To pay into the State treasury all moneys received by him for the use of the State.

Thirteenth--To attend to and perform any other duty which may, from time to time, be required of him by law.

Fourteenth--To attend, present evidence to and prosecute indictments returned by each Statewide Grand Jury.

## <u>Iowa</u>
Iowa Code § 13.2: Duties
It shall be the duty of the attorney general, except as otherwise provided by law to:
  1. Prosecute and defend all causes in the appellate courts in which the state is a party or interested.
  2. Prosecute and defend in any other court or tribunal, all actions and proceedings, civil or criminal, in which the state may be a party or interested, when, in the attorney general's judgment, the interest of the state requires such action, or when requested to do so by the governor, executive council, or general assembly.

    3. Prosecute and defend all actions and proceedings brought by or against any state officer in the officer's official capacity.

    4. Prosecute and defend all actions and proceedings brought by or against any employee of a judicial district department of correctional services in the performance of an assessment of risk pursuant to chapter 692A.

**Iowa Code § 553.1: Short Title**
This chapter shall be known and may be cited as the "Iowa Competition Law."

**Iowa Code § 553.2: Construction**
This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction shall not be made in such a way as to constitute a delegation of state authority to the federal government, but shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices.

**Iowa Code § 553.7: Attorney General to Enforce**
The attorney general, with such assistance as may be required from time to time of the county attorneys in their respective counties, shall institute all criminal and civil actions and proceedings brought under this Act in the name of the state.

**Iowa Code § 714.16: Consumer Frauds**
3. When it appears to the attorney general that a person has engaged in, is engaging in, or is about to engage in any practice declared to be unlawful by this section or when the attorney general believes it to be in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in, is engaging in or is about to engage in, any such practice, the attorney general may:

    a. Require such person to file on such forms as the attorney general may prescribe a statement or report in writing under oath or otherwise, as to all the facts and circumstances concerning the sale or advertisement of merchandise by such person, and such other data and information as the attorney general may deem necessary;

    b. Examine under oath any person in connection with the sale or advertisement of any merchandise;

    c. Examine any merchandise or sample thereof, record, book, document, account or pape as the attorney general may deem necessary; and

    d. Pursuant to an order of a district court impound any record, book, document, account, paper, or sample of merchandise that is produced in accordance with this section, and retain the same in the attorney general's possession until the completion of all proceedings in connection with which the same are produced.

4.     a. To accomplish the objectives and to carry out the duties prescribed by this section, the attorney general, in addition to other powers conferred upon the attorney general by this section, may issue subpoenas to any person, administer an oath or affirmation to any person, conduct hearings in aid of any investigation or inquiry, prescribe such forms and promulgate such rules as may be necessary, which rules shall have the force of law.

b. Subject to paragraph "c", information, documents, testimony, or other evidence provided to the attorney general by a person pursuant to paragraph "a" or subsection 3, or provided by a person as evidence in any civil action brought pursuant to this section, shall not be admitted in evidence, or used in any manner whatsoever, in any criminal prosecution or forfeiture proceeding against that person. If a criminal prosecution or forfeiture proceeding is initiated in a state court against a person who has provided information pursuant to paragraph "a" or subsection 3, the state shall have the burden of proof that the information provided was not used in any manner to further the criminal investigation, prosecution, or forfeiture proceeding.

c. Paragraph "b" does not apply unless the person has first asserted a right against self-incrimination and the attorney general has elected to provide the person with a written statement that he information, documents, testimony, or other evidence at issue are subject to paragraph "b". After a person has been provided with such a written statement by the attorney general, a claim of privilege against self-incrimination is not a defense to any action or proceeding to obtain the information, documents, testimony, or other evidence. The limitation on the use of evidence in a criminal proceeding contained in this section does not apply to any prosecution or proceeding for perjury or contempt of court committed in the course of the giving or production of the information, documents, testimony, or other evidence…

7. A civil action pursuant to this section shall be by equitable proceedings. If it appears to the attorney general that a person has engaged in, is engaging in, or is about to engage in a practice declared to be unlawful by this section, the attorney general may seek and obtain in an action in a district court a temporary restraining order, preliminary injunction, or permanent injunction prohibiting the person from continuing the practice or engaging in the practice or doing an act in furtherance of the practice. The court may make orders or judgments as necessary to prevent the use or employment by a person of any prohibited practices, or which are necessary to restore to any person in interest any moneys or property, real or personal, which have been acquired by means of a practice declared to be unlawful by this section, including the appointment of a receiver in cases of substantial and willful violation of this section. If a person has acquired moneys or property by any means declared to be unlawful by this section and if the cost of administering reimbursement outweighs the benefit to consumers or consumers entitled to the reimbursement cannot be located through reasonable efforts, the court may order disgorgement of moneys or property acquired by the person by awarding the moneys or property to the state to be used by the attorney general for the administration and implementation of this section. Except in an action for the concealment, suppression, or omission of a material fact with intent that others rely upon it, it is not necessary in an action for reimbursement or an injunction, to allege or to prove reliance, damages, intent to deceive, or that the person who engaged in an unlawful act had knowledge of the falsity of the claim or ignorance of the truth. A claim for reimbursement may be proved by any competent evidence, including evidence that would be appropriate in a class action.

In addition to the remedies otherwise provided for in this subsection, the attorney general may request and the court may impose a civil penalty not to exceed forty thousand dollars per violation against a person found by the court to have engaged in a method, act, or practice declared unlawful under this section; provided, however, a course of conduct shall not be

considered to be separate and different violations merely because the conduct is repeated to more than one person.  In addition, on the motion of the attorney general or its own motion, the court may impose a civil penalty of not more than five thousand dollars for each day of intentional violation of a temporary restraining order, preliminary injunction, or permanent injunction issued under authority of this section.  A penalty imposed pursuant to this subsection is in addition to any penalty imposed pursuant to section 537.6113.  Civil penalties ordered pursuant to this subsection shall be paid to the treasurer of state to be deposited in the general fund of the state.

**<u>Kansas</u>**

Kan. Stat. Ann. § 75-702:
The attorney general shall appear for the state, and prosecute and defend all actions and proceedings, civil or criminal, in the supreme court, in which the state shall be interested or a party, and shall also, when required by the governor or either branch of the legislature, appear for the state and prosecute or defend, in any other court or before any officer, in any cause or matter, civil or criminal, in which this state may be a party or interested or when the constitutionality of any law of this state is at issue and when so directed shall seek final resolution of such issue in the supreme court of the state of Kansas.

Kan. Stat. Ann. § 50-103:
(a) The attorney general may bring an action:
     (1)  To obtain a declaratory judgment that an act or practice violates this act;
     (2)  to obtain a temporary restraining order prohibiting violations of this act;
     (3)  to enjoin violations of this act;
     (4)  to recover reasonable expenses and investigation fees;
     (5)  to obtain civil penalties as authorized by this act;
     (6)  to forfeit the charter and for the dissolution of the corporate existence
     of any corporation holding a charter under the laws of the state of Kansas;
     (7)  to enjoin any person, within or without this state, which has violated or is violating
     this act, and their officers, agents, representatives, or consignees, from doing business
     within this state, either directly or indirectly;
     (8)  to recover actual damages on behalf of any person or persons by reason of violations
     of this act; or
     (9)  to void any contract or agreement in violation of any of the provisions of this act.

(b)  In any action brought by the attorney general, the court may without requiring bond of the attorney general:
     (1)  Make such orders or judgments as may be necessary to prevent violations of this act;
     (2)  make such orders or judgments as may be necessary to enforce any remedy available
     to the attorney general; or
     (3)  grant other appropriate relief.

Kan. Stat. Ann. § 50-109(a)-(b):
The attorney general shall:
(a)  Enforce this act throughout the state;

(b)  cooperate with state and local officials, officials of other states and officials of the federal government in the administration of comparable statutes;

Kan. Stat. Ann. § 50-162:
Whenever it appears to the attorney general that the state of Kansas or any city, town, political subdivision or other governmental agency, body or authority established under the laws of the state of Kansas has been so injured or damaged by any conspiracy, combination or agreement in restraint of trade or commerce or similar unlawful actions, as to entitle the state of Kansas, a city, a town, or political subdivision, or other such governmental agency, body or authority to a right to bring any action or proceeding for the recovery of damages under the provisions of any state or federal antitrust or other similar law, the attorney general shall have the authority to institute and prosecute any such actions or proceedings on behalf of the state of Kansas or any city, town, political subdivision or other governmental agency, body or authority in such actions or proceedings.

Kan. Stat. Ann. § 75-704:
The attorney general shall consult with and advise county attorneys, when requested by them, in all matters pertaining to their official duties.  The attorney general shall also, when required, give his or her opinion in writing, without fee, upon all questions of law submitted to him or her by the legislature, or either branch thereof, or by the governor, secretary of state, state treasurer, state board of education, or commissioner of insurance.

**Kentucky**
Ky. Rev. Stat. Ann. § 15.020: Chief law officer and adviser; duty to attend to litigation, write opinions, draft writings; communication with Legislative Research Commission; when to appear for Commonwealth
The Attorney General is the chief law officer of the Commonwealth of Kentucky and all of its departments, commissions, agencies, and political subdivisions, and the legal adviser of all state officers, departments, commissions, and agencies, and when requested in writing shall furnish to them his written opinion touching any of their official duties, and shall prepare proper drafts of all instruments of writing required for public use, and shall exercise all common law duties and authority pertaining to the office of the Attorney General under the common law, except when modified by statutory enactment. He shall communicate with the Legislative Research Commission as required by KRS 418.075. Except as otherwise provided in KRS 48.005(8) and 2000 Ky. Acts ch. 483, sec. 8, he shall appear for the Commonwealth in all cases in the Supreme Court or Court of Appeals wherein the Commonwealth is interested, and shall also commence all actions or enter his appearance in all cases, hearings, and proceedings in and before all other courts, tribunals, or commissions in or out of the state, and attend to all litigation and legal business in or out of the state required of him by law, or in which the Commonwealth has an interest, and any litigation or legal business that any state officer, department, commission, or agency may have in connection with, or growing out of, his or its official duties, except where it is made the duty of the Commonwealth's attorney or county attorney to represent the Commonwealth. When any attorney is employed for any said agency, the same shall have the approval of such agency before such employment. If any funds of any kind or nature whatsoever are recovered by or on behalf of the Commonwealth, in any action, including an ex rel. action where the Attorney General has entered an appearance or is a party according to statutory or

common law authority, those funds shall be handled under KRS 48.005.

Ky. Rev. Stat. Ann. § 367.175: Other Unlawful Acts
(1) Every contract, combination in the form of trust and otherwise, or conspiracy, in restraint of trade or commerce in this Commonwealth shall be unlawful.

(2) It shall be unlawful for any person or persons to monopolize, or attempt to monopolize or combine or conspire with any other person or persons to monopolize any part of the trade or commerce in this Commonwealth.

(3) The sale, delivery, holding, or offering for sale of any self-testing kits designed to tell persons their status concerning human immunodeficiency virus or acquired immunodeficiency syndrome or related disorders, and any advertising of such kits, shall be prohibited.

(4) In addition to any other penalties, violations of this section shall also be a Class C felony….

(8) In addition to the penalties contained in this section, the Attorney General, upon petition to the court, may recover, on behalf of the Commonwealth a civil penalty of not more than the greater of five thousand dollars ($5,000) or two hundred dollars ($200) per day for each and every violation of KRS 367.175.


**Louisiana**
La. Const. art. 4, § 8
As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to institute, prosecute, or intervene in any civil action or proceeding; (2) upon the written request of a district attorney, to advise and assist in the prosecution of any criminal case; and (3) for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action.

La. Rev. Stat. § 51:138: (Antitrust)
All suits for the enforcement of this Part (monopolies) shall be instituted in the district courts by the Attorney General, on his own motion or by direction of the governor, or by the district attorney, acting under instruction of the governor or Attorney General: but when the penalty of imprisonment is demanded, the prosecution shall be in accordance with the provisions regulating criminal procedure

La. Rev. Stat. § 51:1404: (Unfair Trade)
B. The attorney general may receive information and documentary material from the division and may receive and otherwise investigate complaints with respect to acts or practices declared to be unlawful by this chapter or other laws of this state, and inform the public with respect thereto. The attorney general may institute legal proceedings and take such other actions provided for herein or which are necessary or incidental to the exercise of his powers and functions.

La. Rev. Stat. § 51:1409: Private Actions
A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

La. Rev. Stat. § 13: 5036
The attorney general may institute and prosecute any and all suits he may deem necessary for the protection of the interests and rights of the state.

## Maine

Me. Rev. Stat. Ann. tit. 10, § 1107: Investigation by Attorney General
The Attorney General upon the Attorney General's own initiative or upon petition of 50 or more citizens of this State, shall investigate all seeming violations of sections 1102-A and 1105 to 1107, all contracts, combinations or conspiracies in restraint of trade or commerce, and all monopolies, and may require, by summons, the attendance and testimony of witnesses and the production of books and papers before the Attorney General relating to any such matter under investigation. The summons must be served in the same manner as summons for witnesses in criminal cases, and all provisions of law relating thereto apply to summonses issued under this section so far as they are applicable. All investigations or hearings thereunder or connected therewith to which witnesses are summoned or called upon to testify or to produce books, records or correspondence are public or private at the choice of the person summoned and must be held in the county where the act to be investigated is alleged to have been committed, or if the investigation is on petition it must be held in the county in which the petitioners reside. The expense of such investigation must be paid from the appropriation provided by Title 5, section 203.  [1991, c. 137, §4 (amd).]

If, upon investigation, it appears to the Attorney General that the laws of this State, including sections 1102-A or 1105 to 1107, have been violated in any respect, the Attorney General shall prosecute the guilty parties and present all available information bearing upon such apparent violation to the proper prosecuting officer of the United States.  [1991, c. 137, §4 (amd).]

Any Justice of the Superior Court may by order, upon application of the Attorney General, compel the attendance of witnesses, the production of books and papers, including correspondence, and the giving of testimony, before the Attorney General in the same manner and to the same extent as before the Superior Court. Any failure to obey such order may be punishable by such court as a contempt.  [1991, c. 137, §4 (amd).]

## Maryland

Md. Const. art V, § 3: Responsibilities of Attorney-General
(a) The Attorney General shall:
    (1) Prosecute and defend on the part of the State all cases pending in the appellate courts of the State, in the Supreme Court of the United States or the inferior Federal Courts, by or against the State, or in which the State may be interested, except those criminal appeals otherwise prescribed by the General Assembly.

(2) Investigate, commence, and prosecute or defend any civil or criminal suit or action or category of such suits or actions in any of the Federal Courts or in any Court of this State, or before administrative agencies and quasi legislative bodies, on the part of the State or in which the State may be interested, which the General Assembly by law or joint resolution, or the Governor, shall have directed or shall direct to be investigated, commenced and prosecuted or defended.

(3) When required by the General Assembly by law or joint resolution, or by the Governor, aid any State's Attorney or other authorized prosecuting officer in investigating, commencing, and prosecuting any criminal suit or action or category of such suits or actions brought by the State in any Court of this State.

(4) Give his opinion in writing whenever required by the General Assembly or either branch thereof, the Governor, the Comptroller, the Treasurer or any State's Attorney on any legal matter or subject.

(b) The Attorney General shall have and perform any other duties and possess any other powers, and appoint the number of deputies or assistants, as the General Assembly from time to time may prescribe by law.

(c) The Attorney General shall receive for his services the annual salary as the General Assembly from time to time may prescribe by law, but he may not receive any fees, perquisites or rewards whatever, in addition to his salary, for the performance of any official duty.

(d) The Governor may not employ any additional counsel, in any case whatever, unless authorized by the General Assembly.

Md. Const. art V, § 6: Notice of cases in which State has interest
It shall be the duty of the Clerk of the Court of Appeals and the Clerks of any intermediate courts of appeal, respectively, whenever a case shall be brought into said Courts, in which the State is a party or has interest, immediately to notify the Attorney General thereof.

Md. Code Ann. Com. Law, § 11-208: Cooperation with other governments
The Attorney General may cooperate with the federal government and other states in the enforcement of this subtitle.

Md. Code Ann. Com. Law, § 11-209: Civil enforcement
(a)       (1) The Attorney General shall institute proceedings in equity to prevent or restrain violations of § 11-204 of this subtitle and may require assistance from any State's Attorney for that purpose.

(2) In a proceeding under this section, the court shall determine whether a violation has been committed and enter any judgment or decree necessary to:
        (i) Remove the effects of any violation it finds; and
        (ii) Prevent continuation or renewal of the violation in the future.

(3) The court may exercise all equitable powers necessary for this purpose, including but not limited to injunction, restitution to any person of any money or real or personal property acquired from that person by means of any violation, divestiture of property or

business units, and suspension or termination of the right of a foreign corporation or association to do business in the State.

(4) In addition to the equitable remedies or other relief authorized by this section, the court may assess against any person who violates § 11-204 of this subtitle a civil penalty not exceeding $100,000 for each violation, to be paid to the General Fund of the State.

(b)    (1) The United States, the State, and any political subdivision organized under the authority of the State is a person having standing to bring an action under this subsection.

        (2)    (i) A person whose business or property has been injured or threatened with injury by a violation of § 11-204 of this subtitle may maintain an action for damages or for an injunction or both against any person who has committed the violation.

                (ii) The United States, the State, or any political subdivision organized under the authority of this State may maintain an action under subparagraph (i) of this paragraph for damages or for an injunction or both regardless of whether it dealt directly or indirectly with the person who has committed the violation. In any action under this subsection, any defendant, as a partial or complete defense against a damage claim, may, in order to avoid duplicative liability, prove that all or any part of an alleged overcharge was ultimately passed on to the United States, the State, or any political subdivision organized under the authority of this State, by a purchaser or seller in the chain of manufacture, production, or distribution who paid an alleged overcharge.

(3) If an injunction is issued, the complainant shall be awarded costs and reasonable attorney's fees.

(4) In an action for damages, if an injury due to a violation of § 11-204 of this subtitle is found, the person injured shall be awarded three times the amount of actual damages which results from the violation, with costs and reasonable attorney's fees.

(5) The Attorney General may bring an action on behalf of the State or any of its political subdivisions or as parens patriae on behalf of persons residing in the State to recover the damages provided for by this subsection or any comparable provision of federal law.

(c) An action brought by the Attorney General as parens patriae under subsection (b)(5) of this section is presumed superior to any class action brought on behalf of the same person.

(d)    (1) An action brought to enforce this subtitle shall be commenced within 4 years after the cause of action accrues.

(2) For the purposes of this subsection, a cause of action for a continuing violation accrues at the time of the latest violation.

(3) Whenever the State commences a criminal proceeding under this subtitle or the United States commences a criminal antitrust proceeding under the federal antitrust laws, any civil action under this section related to the subject matter of the criminal proceeding shall be commenced within 1 year after the conclusion of the proceeding or within 4 years after the cause of action accrued, whichever is later.

Md. Code Ann., State Gov't § 6-106:

(a) Supervision--Except as otherwise provided by law, the Attorney General has general charge of the legal business of the State.

(b) Counsel for officers and units--Except as otherwise provided by law, the Attorney General is the legal advisor and shall represent and otherwise perform all the legal work for each officer and unit of State government.

**Massachusetts**
Mass. Gen. Laws ch. 93, § 9: Civil actions by attorney general
The attorney general may bring a civil action in the name of the commonwealth to prevent and restrain violations of section four, five or six of this chapter; as parens patriae on behalf of natural persons residing in the commonwealth, to secure monetary relief for damages sustained by such natural persons to their property by reason of any violation of section four; and on behalf of the commonwealth and its public agencies and political subdivisions for damages sustained, together with costs of suit, for injuries to their property by reason of violations of section four, five or six; provided, however, that unless the attorney general has brought a criminal complaint pursuant to section ten, the attorney general may bring a civil action in the name of the commonwealth to recover a civil penalty of not more than twenty-five thousand dollars for any course of conduct, pattern of activity or activities which violate section four, five or six. In any action brought on behalf of the commonwealth and its public agencies and political subdivisions for damages sustained to their property, if the court finds that the violation was engaged in with malicious intent to injure the commonwealth, public agency or political subdivision, the court may award up to three times the amount of actual damages sustained together with the costs of suit, including reasonable attorneys fees.

In any parens patriae action brought under this section where there has been a judicial determination that a defendant agreed to fix prices in violation of section four of this chapter, damages may be proved and assessed in the aggregate by statistical or sampling methods or by such other reasonable system of estimating aggregate damages as the court permits; a final judgment shall be res judicata as to any claim by any person on whose behalf such action was brought; and any monetary recovery shall be distributed in such manner as the court in its discretion may authorize or may be deemed by the court to be a civil penalty.
The superior court shall have jurisdiction of actions brought under this section. Such actions may be brought in any county where a defendant resides or has his principal place of business or in which the violation occurred in whole or in part, or with the consent of a defendant, the superior court for Suffolk county.

The attorney general may conclude any civil action brought under this section, or any investigation commenced or contemplated under section eight, by the acceptance of a written assurance of discontinuance or consent decree. Any consent decree shall be filed with the superior court and shall constitute a final judgment.

Mass. Gen. Laws ch. 93, § 12: Civil actions; treble damages; attorneys fees; injunction; stay
Any person who shall be injured in his business or property by reason of a violation of the provisions of this chapter may sue therefor and recover the actual damages sustained, together with the costs of suit, including reasonable attorney fees. If the court finds that the violation was engaged in with malicious intent to injure said person, the court may award up to three times the

amount of actual damages sustained, together with the costs of suit, including reasonable attorneys fees.

Any person may sue for injunctive relief to prevent threatened damage to his business or property under the same conditions and principles as injunctive relief is granted by courts of equity.

Commencement of an action by the attorney general under section nine, whereunder the attorney general acts as parens patriae on behalf of natural persons residing in the commonwealth, shall serve to stay any civil action under this section or under the provisions of chapter ninety-three A on behalf of said natural persons against the same defendant which is based in whole or in part on any matter complained of in the action commenced by the attorney general.
The superior court shall have jurisdiction of actions brought under this section. Such actions may be brought in any county where a defendant resides or has his principal place of business or in which the violation occurred in whole or in part, or, with the consent of a defendant, in the superior court for Suffolk county

Mass. Gen. Laws ch. 93A, § 4: Actions by attorney general; notice; venue; injunctions
Whenever the attorney general has reason to believe that any person is using or is about to use any method, act, or practice declared by section two to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the commonwealth against such person to restrain by temporary restraining order or preliminary or permanent injunction the use of such method, act or practice. The action may be brought in the superior court of the county in which such person resides or has his principal place of business, or the action may be brought in the superior court of Suffolk county with the consent of the parties or if the person has no place of business within the commonwealth. If more than one person is joined as a defendant, such action may be brought in the superior court of the county where any one defendant resides or has his principal place of business, or in Suffolk county. Said court may issue temporary restraining orders or preliminary or permanent injunctions and make such other orders or judgments as may be necessary to restore to any person who has suffered any ascertainable loss by reason of the use or employment of such unlawful method, act or practice any moneys or property, real or personal, which may have been acquired by means of such method, act, or practice. If the court finds that a person has employed any method, act or practice which he knew or should have known to be in violation of said section two, the court may require such person to pay to the commonwealth a civil penalty of not more than five thousand dollars for each such violation and also may require the said person to pay the reasonable costs of investigation and litigation of such violation, including reasonable attorneys' fees. If the court finds any method, act, or practice unlawful with regard to any security or any contract of sale of a commodity for future delivery as defined in section two, the court may issue such orders or judgments as may be necessary to restore any person who has suffered any ascertainable loss of any moneys or property, real or personal, or up to three but not less than two times that amount if the court finds that the use of the act or practice was a willful violation of said section two, a civil penalty to be paid to the commonwealth of not more than five thousand dollars for each such violation, and also may require said person to pay the reasonable costs of investigation and litigation of such violation, including reasonable attorneys fees.

At least five days prior to the commencement of any action brought under this section, except when a temporary restraining order is sought, the attorney general shall notify the person of his intended action, and give the person an opportunity to confer with the attorney general in person or by counsel or other representative as to the proposed action. Such notice shall be given the person by mail, postage prepaid, to his usual place of business, or if he has no usual place of business, to his last known address.

Any district attorney or law enforcement officer receiving notice of any alleged violation of this chapter or of any violation of an injunction or order issued in an action brought under this section shall immediately forward written notice of the same together with any information that he may have to the office of the attorney general.

Any person who violates the terms of an injunction or other order issued under this section shall forfeit and pay to the commonwealth a civil penalty of not more than ten thousand dollars for each violation. For the purposes of this section, the court issuing such an injunction or order shall retain jurisdiction, and the cause shall be continued, and in such case the attorney general acting in the name of the commonwealth may petition for recovery of such civil penalty.

Mass. Gen Laws ch. 12, § 10: Violations of court orders; restraint of trade; institution of investigations and appropriate actions
He shall take cognizance of all violations of law or of orders of courts, tribunals or commissions affecting the general welfare of the people, including combinations, agreements and unlawful practices in restraint of trade or for the suppression of competition, or for the undue enhancement of the price of articles or commodities in common use, and shall institute or cause to be instituted such criminal or civil proceedings before the appropriate state and federal courts, tribunals and commissions as he may deem to be for the public interest, and shall investigate all matters in which he has reason to believe that there have been such violations. Whenever it appears to the attorney general that the commonwealth or any city, town, or other governmental agency, body or authority established under the laws of the commonwealth has been so injured or damaged by any conspiracy, combination or agreement in restraint of trade or commerce or similar unlawful action, as to entitle the commonwealth, a city, town, or other such governmental agency, body or authority to a right to bring any action or proceeding for the recovery of damages under the provisions of any federal anti-trust or other similar law, the attorney general shall have authority to institute and prosecute any such actions or proceedings on behalf of the commonwealth or of any city, town, or other governmental agency, body or authority established under the laws of the commonwealth, and shall have authority to intervene on behalf of the commonwealth or of any city, town or other governmental agency, body or authority in such actions or proceedings. For the purposes of this section, he may appoint necessary assistants, with such compensation as, with the approval of the governor and council, he may fix, and may expend such sums as may be approved by the governor and council. In criminal proceedings hereunder he may require district attorneys to assist him and under his direction to act for him in their respective districts.

Mass. Gen Laws ch. 12, § 3: Appearances for commonwealth, prosecution or defense; rendering of legal services
The attorney general shall appear for the commonwealth and for state departments, officers and commissions in all suits and other civil proceedings in which the commonwealth is a party or

interested, or in which the official acts and doings of said departments, officers and commissions are called in question, in all the courts of the commonwealth, except upon criminal recognizances and bail bonds, and in such suits and proceedings before any other tribunal, including the prosecution of claims of the commonwealth against the United States, when requested by the governor or by the general court or either branch thereof. All such suits and proceedings shall be prosecuted or defended by him or under his direction. Writs, summonses or other processes served upon such officers shall be forthwith transmitted by them to him. All legal services required by such departments, officers, commissions and commissioners of pilots for district one in matters relating to their official duties shall, except as otherwise provided, be rendered by the attorney general or under his direction.

## Michigan

Mich. Comp. Laws § 445.777: Action by attorney general or prosecuting attorney for injunctive or other equitable relief and civil penalties; assessment of penalty
The attorney general or a prosecuting attorney, with the permission of, or at the request of, the attorney general, may bring an action for appropriate injunctive or other equitable relief and civil penalties in the name of the state for a violation of this act. The court may assess for benefit of the state a civil penalty of not more than $50,000.00 for each violation of this act.

Mich. Comp. Laws § 445.778: Action by state, political subdivision, public agency, or other person for injunctive or other equitable relief, actual damages, interest, costs and attorney's fees; effect of flagrant violation
(1) The state, a political subdivision, or any public agency threatened with injury or injured directly or in directly in its business or property by a violation of this act may bring an action for appropriate injunctive or other equitable relief, actual damages sustained by reason of a violation of this act, and, as determined by the court, interest on the damages from the date of the complaint, taxable costs, and reasonable attorney's fees.

Mich. Comp. Laws § 14.29: Suits involving state departments
It shall be the duty of the attorney general, at the request of the governor, the secretary of state, the treasurer or the auditor general, to prosecute and defend all suits relating to matters connected with their departments.

## Minnesota

Minn. Stat. § 8.01 (2004), provides in relevant part that "The attorney general shall appear for the state in all causes in the supreme and federal courts wherein the state is directly interested; also in civil causes of like nature in all other courts of the state whenever, in the attorney general's opinion, the interests of justice require it."

Minn. Stat. § 8.31 (2004):  Additional duties of attorney general.
Subdivision 1.  Investigate offenses against the provisions of certain designated sections; assist in enforcement
The attorney general shall investigate violations of the law of this state respecting unfair, discriminatory, and other unlawful practices in business,  commerce, or trade, and specifically, but not exclusively, the Nonprofit Corporation Act (sections 317A.001 to 317A.909), the Act Against Unfair Discrimination and Competition (sections 325D.01 to 325D.07), the Unlawful

Trade Practices Act (sections 325D.09 to 325D.16), the Antitrust Act (sections 325D.49 to 325D.66), section 325F.67 and other laws against false or fraudulent advertising, the antidiscrimination acts contained in section 325D.67, the act against monopolization of food products (section 325D.68), the act regulating telephone advertising
 services (section <u>325E.39</u>), the Prevention of Consumer Fraud Act (sections 325F.68 to 325F.70), and chapter 53A regulating currency exchanges and assist in the enforcement of those laws as in this section provided.

Subdivision 3.  Injunctive relief
In addition to the penalties provided by law for violation of the laws referred to in subdivision 1, specifically and generally, whether or not injunctive relief is otherwise provided by law, the courts of this state are vested with jurisdiction to prevent and restrain violations of those laws, to require the payment of civil penalties, to require payment into the general fund, and to appoint administrators as provided in subdivision 3c.  On becoming satisfied that any of those laws has been or is being violated, or is about to be violated, the attorney general shall be entitled, on behalf of the state; (a) to sue for and have injunctive relief in any court of competent jurisdiction against any such violation or threatened violation without abridging the penalties provided by law; and (b) to sue for and recover for the state, from any person who is found to have violated any of the laws referred to in subdivision 1, a civil penalty, in an amount to be determined by the court, not in excess of $25,000.  All sums recovered by the attorney general under this section shall be deposited in the general fund.

Subdivision 3a.  Private remedies
In addition to the remedies otherwise provided by law, any person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.  The court may, as appropriate, enter a consent judgment or decree without the finding of illegality.  In any action brought by the attorney general pursuant to this section, the court may award any of the remedies allowable under this subdivision.

Minn. Stat. § 325D.59 (2004):  Authority of the attorney general
The attorney general may investigate any alleged violation of sections 325D.49 to 325D.66 and, having reasonable cause to believe that a violation is imminent, is occurring or has occurred, the attorney general may institute on behalf of the state of Minnesota, any of its departments and agencies, or any of its political subdivisions a court action seeking appropriate relief.  The investigatory authority of the attorney general under sections 325D.49 to 325D.66 shall include, but not be limited to, the authority provided for in section 8.31.

Minn. Stat. § 8.06 (2004) provides in relevant part that "The attorney general shall act as the attorney for all state officers and all boards or commissions created by law in all matters pertaining to their official duties."

## <u>Mississippi</u>
Miss. Code Ann. § 7-5-1:

The Attorney General provided for by Section 173 of the Mississippi Constitution shall be elected at the same time and in the same manner as the Governor is elected. His term of office shall be four (4) years and his compensation shall be fixed by the Legislature. He shall be the chief legal officer and advisor for the state, both civil and criminal, and is charged with managing all litigation on behalf of the state. No arm or agency of the state government shall bring or defend a suit against another such arm or agency without prior written approval of the Attorney General. He shall have the powers of the Attorney General at common law and is given the sole power to bring or defend a lawsuit on behalf of a state agency, the subject matter of which is of statewide interest, and he shall intervene and argue the constitutionality of any statute when notified of a challenge thereto, pursuant to the Mississippi Rules of Civil Procedure. His qualifications for office shall be as provided for chancery and circuit judges in Section 154 of the Mississippi Constitution.

Miss. Code Ann. 75-21-7:
Any person, corporation, partnership, firm or association of persons and the officers and representatives of the corporation or association violating any of the provisions of this chapter shall forfeit not less than one hundred dollars ($100.00) nor more than two thousand dollars ($2,000.00) for every such violation. Each month in which such person, corporation or association shall violate this chapter shall be a separate violation, the forfeiture and penalty in such case to be recovered alone by suit in the name of the state on the relation of the attorney general and by the consent of the attorney general suits may be brought by any district attorney, such suits to be brought in any court of competent jurisdiction.

Miss. Code Ann. § 75-21-37:
It shall be the duty of the district attorneys in their several districts, when requested by the attorney general, to enforce the civil features of the antitrust laws of this state by appropriate legal proceedings and suits at law or in equity; and their duty to enforce criminal features of said laws shall be the same as their duty to enforce other criminal statutes. All such suits shall be brought by and in the name of the State of Mississippi upon the relation of the attorney general or an authorized district attorney.

Miss. Code Ann. § 75-24-1:
There is hereby created and established within the office of the attorney general an "Office of Consumer Protection," which shall be charged with the administration of this chapter. The attorney general is hereby authorized and empowered to employ the necessary personnel to carry out the provisions of this chapter.

Miss. Code Ann. § 75-24-5 (1):
Unfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce are prohibited. ....

Miss. Code Ann. § 75-24-9:
Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice prohibited by Section 75-24-5, and that proceedings would be in the public interest, he may bring an action in the name of the state against such person to restrain by temporary or permanent injunction the use of such method, act or practice.

The action shall be brought in the chancery or county court of the county in which such person resides or has his principal place of business, or, with consent of the parties, may be brought in the chancery or county court of the county in which the State Capitol is located. The said courts are authorized to issue temporary or permanent injunctions to restrain and prevent violations of this chapter, and such injunctions shall be issued without bond.

Miss. Code Ann. § 75-24-19:
(1) Civil remedies.

> (a) Any person who violated the terms of an injunction issued under Section 75-24-9 shall forfeit and pay to the state a civil penalty in a sum not to exceed Ten Thousand Dollars ($10,000.00) per violation which shall be payable to the General Fund of the State of Mississippi. For the purposes of this section, the chancery or county court issuing an injunction shall retain jurisdiction, and the cause shall be continued, and in such cases the Attorney General acting in the name of the state may petition for recovery of civil penalties.

> (b) In any action brought under Section 75-24-9, if the court finds from clear and convincing evidence, that a person knowingly and willfully used any unfair or deceptive trade practice, method or act prohibited by Section 75- 24-5, the Attorney General, upon petition to the court, may recover on behalf of the state a civil penalty in a sum not to exceed Ten Thousand Dollars ($10,000.00) per violation. One-half ( 1/2 ) of said penalty shall be payable to the Office of Consumer Protection to be deposited into the Attorney General's special fund. All monies collected under this section shall be used by the Attorney General for consumer fraud education and investigative and enforcement operations of the Office of Consumer Protection. The other one-half ( 1/2 ) shall be payable to the General Fund of the State of Mississippi. The Attorney General may also recover, in addition to any other relief that may be provided in this section, investigative costs and a reasonable attorney's fee.

(2) No penalty authorized by this section shall be deemed to limit the court's powers to insure compliance with its orders, decrees and judgments, or punish for the violations thereof.

(3) For purposes of this section, a knowing and willful violation occurs when the court finds from clear and convincing evidence that the party committing the violation knew or should have known that his conduct was a violation of Section 75-24-5.

Miss. Code Ann. § 7-5-39: State Agencies in General
The attorney general shall also represent the state, in person or by his assistant, as counsel in all suits against the state in other courts than the supreme court at the seat of government, and he shall, in like manner, act as counsel for any of the state officers in suits brought by or against them in their official capacity, touching any official duty or trust and triable at the seat of government.  He may pursue the collection of any claim or judgment in favor of the state outside of the state.

## **Missouri**
Mo. Rev. Stat. § 27.060: To represent state in other cases

The attorney general shall institute, in the name and on the behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state, and enforce any and all rights, interests or claims against any and all persons, firms or corporations in whatever court or jurisdiction such action may be necessary; and he may also appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved.

Mo. Rev. Stat. § 416.061: Attorney general to prevent and restrain violations--consent judgments authorized

1. The several circuit courts of this state are invested with jurisdiction to prevent and restrain violations of section 416.031.

2. It shall be the duty of the attorney general to enforce the provisions of sections 416.011 to 416.161. It shall be the duty of the attorney general to institute civil proceedings to prevent and restrain violations of sections 416.011 to 416.161. The attorney general may employ special counsel in suits to enforce the provisions of sections 416.011 to 416.161 or in actions on behalf of the state or in his representative capacity under subsection 3 of this section in the federal courts brought under federal statutes pertaining to antitrust, trade regulation, restraint of trade or price fixing activities. The attorney general, at his discretion, may direct the appropriate county prosecuting attorney of any county in which any proceeding is instituted or brought by the state under sections 416.011 to 416.161 or in which any investigation of a violation of sections 416.011 to 416.161 is occurring to aid and assist him in the conduct of such investigations and proceedings. All reasonable and necessary expenses incurred by a county prosecuting attorney or his staff in assisting the attorney general shall be reimbursed from appropriations made to the attorney general.

3. The attorney general may represent, besides the state and any of its political subdivisions or public agencies, all other political subdivisions, school districts and municipalities within the state in suits to enforce the provisions of sections 416.011 to 416.161 or in actions brought in the federal courts under any federal statute pertaining to antitrust, trade regulation, restraint of trade or price fixing activities.

4. The attorney general is authorized to enter into consent judgments or decrees with any party defendant in an action brought under sections 416.011 to 416.161. However, no such consent judgment or decree shall become final until approved by the circuit court where filed or until a period of sixty days has elapsed since the filing of the consent judgment or decree whichever occurs first; provided, however, that no such approval may be entered by the circuit court until the thirty-first day after the filing of the consent judgment or decree.

5. A final judgment or decree rendered in any civil or criminal proceeding brought by the state under sections 416.011 to 416.161 shall be prima facie evidence against the defendant in any action or proceeding brought by any other party under sections 416.011 to 416.161 against the defendant as to all matters respecting which the judgment or decree would be an estoppel between the parties thereto, provided that any such action is maintained within one year of the date the judgment or* decree is entered. This subsection does not apply to consent judgments or

decrees entered before the taking of any testimony in the case or to judgments or decrees entered in actions brought in the state courts under section 416.121.

Mo. Rev. Stat. § 407.020: Unlawful practices, penalty--exceptions--civil damages
1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice.  The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice.  Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

2. Nothing contained in this section shall apply to:
(1) The owner or publisher of any newspaper, magazine, publication or printed matter wherein such advertisement appears, or the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher or operator has no knowledge of the intent, design or purpose of the advertiser; or
(2) Any institution or company that is under the direction and supervision of the director of the department of insurance, director of the division of credit unions, or director of the division of finance, unless the directors of such divisions specifically authorize the attorney general to implement the powers of this chapter or such powers are provided to either the attorney general or a private citizen by statute.

3. Any person who willfully and knowingly engages in any act, use, employment or practice declared to be unlawful by this section with the intent to defraud shall be guilty of a class D felony.

4. It shall be the duty of each prosecuting attorney and circuit attorney in their respective jurisdictions to commence any criminal actions under this section, and the attorney general shall have concurrent original jurisdiction to commence such criminal actions throughout the state where such violations have occurred.

Mo. Rev. Stat. § 407.100: Injunction--temporary restraining orders--receivers--restitution, when--civil penalty--venue
1. Whenever it appears to the attorney general that a person has engaged in, is engaging in, or is about to engage in any method, act, use, practice or solicitation, or any combination thereof, declared to be unlawful by this chapter, the attorney general may seek and obtain, in an action in a circuit court, an injunction prohibiting such person from continuing such methods, acts, uses, practices, or solicitations, or any combination thereof, or engaging therein, or doing anything in furtherance thereof.

**Nevada**

Nev. Rev. Stat. § 598A.070: Duties of Attorney General and district attorneys
1.  The Attorney General shall:
    (a) Enforce the provisions of this chapter.
    (b) Investigate suspected violations of the provisions of this chapter.
    (c) Institute proceedings on behalf of the State, its agencies, political subdivisions,
    districts or municipal corporations, or as parens patriae of the persons residing in the
    State for:
        (1) Injunctive relief to prevent and restrain a violation of any provision of this
        chapter.
        (2) Civil penalties for violations of the provisions of this chapter.
        (3) Criminal penalties for violations of the provisions of this chapter.

2.  Any district attorney in this state, with the permission or at the direction of the Attorney General, shall institute proceedings in the name of the State of Nevada for any violation of the provisions of this chapter.

Nev. Rev. Stat. § 228.110: Legal adviser on matters arising in Executive Department; limitation on employment of private attorney
1.  The Attorney General and his duly appointed deputies shall be the legal advisers on all state matters arising in the Executive Department of the State Government.

2.  No officer, commissioner or appointee of the Executive Department of the Government of the State of Nevada shall employ any attorney at law or counselor at law to represent the State of Nevada within the State, or to be compensated by state funds, directly or indirectly, as an attorney acting within the State for the State of Nevada or any agency in the Executive Department thereof unless the Attorney General and his deputies are disqualified to act in such matter or unless an act of the Legislature specifically authorizes the employment of other attorneys or counselors at law.

3.  All claims for legal services rendered in violation of this section shall be void.

**New York**

N.Y. Gen. Bus. Law § 342: Action to restrain and prevent
The attorney-general may bring an action in the name and in behalf of the people of the state against any person, trustee, director, manager or other officer or agent of a corporation, or against a corporation, foreign or domestic, to restrain and prevent the doing in this state of any act herein declared to be illegal, or any act in, toward or for the making or consummation of any contract, agreement, arrangement or combination herein prohibited, wherever the same may have been made.

N.Y. Gen. Bus. Law § 343: Investigation by the attorney general
Whenever it shall appear to the attorney general, either upon complaint or otherwise, that any person or persons, partnership, corporation, company, trust or association shall have engaged in or engages in or is about to engage in any act or practice by this article prohibited or declared to be illegal, or that any person, persons, partnership, corporation, company, trust or association has

assisted or participated in any plan, scheme, agreement or combination of the nature described herein, or whenever he believes it to be in the public interest that an investigation be made, he may in his discretion either require or permit such person, persons, partnership, corporation, company, trust or association to file with him a statement in writing under oath or otherwise as to all the facts and circumstances concerning the subject matter which he believes is to be to the public interest to investigate. The attorney general may also require such other data and information as he may deem relevant and may make such special and independent investigations as he may deem necessary in connection with the matter. The attorney general, his deputy, assistant, or other officer designated by him, is empowered to subpoena witnesses, compel their attendance, examine them under oath before himself or a magistrate, a court of record or a judge or justice thereof, and require the production of any books or papers which he deems relevant or material to the inquiry. Any person, persons, partnership, corporation, company, trust or association subject to service of a summons within or without the state pursuant to article three of the civil practice law and rules shall be subject to the service of a subpoena properly issued pursuant to this section. Any subpoena served hereunder without the state shall be issued on an ex-parte order of the court based upon a showing that the information or testimony sought bears a reasonable relationship to the subject matter under investigation. All papers filed in connection with the obtaining of said order may be maintained under seal by the clerk of the court upon application of the attorney general to the court. Any person, persons, partnership, corporation, company, trust, or association, who has been served with subpoena pursuant to this section may make a motion, pursuant to section twenty-three hundred four of the civil practice law and rules, to quash, fix conditions, or modify such subpoena. Any and all papers previously sealed by the court may be made available to the person making such motion. Such power of subpoena and examination shall not abate or terminate by reason of any action or proceeding brought by the attorney general under this article. No person shall be excused from attending such inquiry in pursuance to the mandates of a subpoena, or from producing a paper or book, document or any other record, or from being examined or required to answer questions on the ground of failure to tender or pay a witness fee or mileage unless demand therefor is made at the time testimony is about to be taken and as a condition precedent to offering such production or testimony and unless payment thereof be not thereupon made. The provisions for payment of witness fee and/or mileage do not apply to any officer, director or person in the employ of any person, partnership, company, corporation, trust or association whose conduct or practices are being investigated. If a person subpoenaed to attend such inquiry fails to obey the command of the subpoena without good cause, or if a person in attendance upon such inquiry shall without reasonable cause refuse to be sworn or to answer a question or to produce a book, paper, document or other record when ordered to do so by the officer conducting such inquiry, or if a person, partnership, corporation, company, trust or association fails to perform any act hereunder required to be performed, he shall be guilty of a misdemeanor. The foregoing shall not prevent the attorney general from instituting civil contempt proceedings under section twenty-three hundred eight (b) of the civil practice law and rules against any person who violates any of the above provisions. It shall be the duty of all public officers, their deputies, assistants, clerks, subordinates or employees, and all other persons to render and furnish to the attorney general, his deputy or other designated representative, when so requested, all information and assistance in their possession or within their power. Any officer participating in such inquiry and any person examined as a witness upon such inquiry who shall disclose to any person other than the attorney general the name of any witness examined or any other information obtained upon such inquiry, except as so directed by

the attorney general shall be guilty of a misdemeanor. Such inquiry may upon written authorization of the attorney general be made public.

The misdemeanors provided in this section shall be punishable by a fine of not more than one thousand dollars or imprisonment for not more than one year, or both.

N.Y. Exec. Law § 63
The attorney-general shall:
1. Prosecute and defend all actions and proceedings in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state, or of any office thereof which requires the services of attorney or counsel, in order to protect the interest of the state, but this section shall not apply to any of the military department bureaus or military offices of the state. No action or proceeding affecting the property or interests of the state shall be instituted, defended or conducted by any department, bureau, board, council, officer, agency or instrumentality of the state, without a notice to the attorney-general apprising him of the said action or proceeding, the nature and purpose thereof, so that he may participate or join therein if in his opinion the interests of the state so warrant.

2. Whenever required by the governor, attend in person, or by one of his deputies, any term of the supreme court or appear before the grand jury thereof for the purpose of managing and conducting in such court or before such jury criminal actions or proceedings as shall be specified in such requirement; in which case the attorney-general or his deputy so attending shall exercise all the powers and perform all the duties in
respect of such actions or proceedings, which the district attorney would otherwise be authorized or required to exercise or perform; and in any of such actions or proceedings the district attorney shall only exercise such powers and perform such duties as are required of him by the attorney-general or the deputy attorney-general so attending. In all
such cases all expenses incurred by the attorney-general, including the salary or other compensation of all deputies employed, shall be a county charge.

3. Upon request of the governor, comptroller, secretary of state, commissioner of transportation, superintendent of insurance, superintendent of banks, commissioner of taxation and finance, commissioner of motor vehicles, or the state inspector general, or the head of any other department, authority, division or agency of the state, investigate the alleged commission of any indictable offense or offenses in violation of the law which the officer making the request is especially required to execute or in relation to any matters connected with such department, and to prosecute the person or persons believed to have committed the same and any crime or offense arising out of such investigation or prosecution or both, including but not limited to appearing before and presenting all such matters to a grand jury.

4. Cause all persons indicted for corrupting or attempting to corrupt any member or member-elect of the legislature, or the commissioner of general services, to be brought to trial.

5. When required by the comptroller or the superintendent of public works, prepare proper drafts for contracts, obligations and other instruments for the use of the state.

6. Upon receipt thereof, pay into the treasury all moneys received by him for debts due or penalties forfeited to the people of the state.

7. He may, on behalf of the state, agree upon a case containing a statement of the facts and submit a controversy for decision to a court of record which would have jurisdiction of an action brought on the same case. He may agree that a referee, to be appointed in an action to which the state is a party, shall receive such compensation at such rate per day as the court in the order of reference may specify. He may with the approval of the governor retain counsel to recover moneys or property belonging to the state, or to the possession of which the state is entitled, upon an agreement that such counsel shall receive reasonable compensation, to be fixed by the attorney-general, out of the property recovered, and not otherwise.

8. Whenever in his judgment the public interest requires it, the attorney-general may, with the approval of the governor, and when directed by the governor, shall, inquire into matters concerning the public peace, public safety and public justice. For such purpose he may, in his discretion, and without civil service examination, appoint and employ, and at pleasure remove, such deputies, officers and other persons as he deems necessary, determine their duties and, with the approval of the governor, fix their compensation. All appointments made pursuant to this subdivision shall be immediately reported to the governor, and shall not be reported to any other state officer or department. Payments of salaries and compensation of officers and employees and of the expenses of the inquiry shall be made out of funds provided by the legislature for such purposes, which shall be deposited in a bank or trust company in the names of the governor and the attorney-general, payable only on the draft or check of the attorney-general, countersigned by the governor, and such disbursements shall be subject to no audit except by the governor and the attorney-general. The attorney-general, his deputy, or other officer, designated by him, is empowered to subpoena witnesses, compel their attendance, examine them under oath before himself or a magistrate and require that any books, records, documents or papers relevant or material to the inquiry be turned over to him for inspection, examination or audit, pursuant to the civil practice law and rules. If a person subpoenaed to attend upon such inquiry fails to obey the command of a subpoena without reasonable cause, or if a person in attendance upon such inquiry shall, without reasonable cause, refuse to be sworn or to be examined or to answer a question or to produce a book or paper, when ordered so to do by the officer conducting such inquiry, he shall be guilty of a misdemeanor. It shall be the duty of all public officers, their deputies, assistants and subordinates, clerks and employees, and all other persons, to render and furnish to the attorney-general, his deputy or other designated officer, when requested, all information and assistance in their possession and within their power. Each deputy or other officer appointed or designated to conduct such inquiry shall make a weekly report in detail to the attorney-general, in form to be approved by the governor and the attorney-general, which report shall be in duplicate, one copy of which shall be forthwith, upon its receipt by the attorney-general, transmitted by him to the governor. Any officer participating in such inquiry and any person examined as a witness upon such inquiry who shall disclose to any person other than the governor or the attorney-general the name of any witness examined or any information obtained upon such inquiry, except as directed by the governor or the attorney-general, shall be guilty of a misdemeanor.

9. Bring and prosecute or defend upon request of the industrial commissioner or the state division of human rights, any civil action or proceeding, the institution or defense of which in his judgment is necessary for effective enforcement of the laws of this state against discrimination by reason of age, race, creed, color or national origin, or for enforcement of any order or determination of such commissioner or division made pursuant to such laws.

10. Prosecute every person charged with the commission of a criminal offense in violation of any of the laws of this state against discrimination because of race, creed, color, or national origin, in any case where in his judgment, because of the extent of the offense, such prosecution cannot be effectively carried on by the district attorney of the county wherein the offense or a portion thereof is alleged to have been committed, or where in his judgment the district attorney has erroneously failed or refused to prosecute. In all such proceedings, the attorney-general may appear in person or by his deputy or assistant before any court or any grand jury and exercise all the powers and perform all the duties in respect of such actions or proceedings which the district attorney would otherwise be authorized or required to exercise or perform.

11. Prosecute and defend all actions and proceedings in connection with safeguarding and enforcing the state's remainder interest in any trust which meets the requirements of subparagraph two of paragraph (b) of subdivision two of section three hundred sixty-six of the social services law.

12. Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney general may apply, in the name of the people of the state of New York, to the supreme court of the state of New York, on notice of five days, for an order enjoining the continuance of such business activity or of any fraudulent or illegal acts, directing restitution and damages and, in an appropriate case, cancelling any certificate filed under and by virtue of the provisions of section four hundred forty of the former penal law or section one hundred thirty of the general business law, and the court may award the relief applied for or so much thereof as it may deem proper. The word "fraud" or "fraudulent" as used herein shall include any device, scheme or artifice to defraud and any deception, misrepresentation, concealment, suppression, false pretense, false promise or unconscionable contractual provisions. The term "persistent fraud" or "illegality" as used herein shall include continuance or carrying on of any fraudulent or illegal act or conduct. The term "repeated" as used herein shall include repetition of any separate and distinct fraudulent or illegal act, or conduct which affects more than one person. In connection with any such application, the attorney general is authorized to take proof and make a determination of the relevant facts and to issue subpoenas in accordance with the civil practice law and rules. Such authorization shall not abate or terminate by reason of any action or proceeding brought by the attorney general under this section.

13. Prosecute any person for perjury committed during the course of any investigation conducted by the attorney-general pursuant to statute. In all such proceedings, the attorney-general may appear in person or by his deputy or assistant before any court or any grand jury and exercise all the powers and perform all the duties necessary or required to be exercised or performed in prosecuting any such person for such offense.

15. In any case where the attorney general has authority to institute a civil action or proceeding in connection with the enforcement of a law of this state, in lieu thereof he may accept an assurance of discontinuance of any act or practice in violation of such law from any person engaged or who has engaged in such act or practice. Such assurance may include a stipulation for the voluntary payment by the alleged violator of the reasonable costs and disbursements incurred by the attorney general during the course of his investigation. Evidence of a violation of such assurance shall constitute prima facie proof of violation of the applicable law in any civil action or proceeding thereafter commenced by the attorney general.

### North Carolina

N.C. Gen. Stat. Ann. § 75-9: Duty of Attorney General to investigate
The Attorney General of the State of North Carolina shall have power, and it shall be his duty, to investigate, from time to time, the affairs of all corporations or persons doing business in this State, which are or may be embraced within the meaning of the statutes of this State defining and denouncing trusts and combinations against trade and commerce, or which he shall be of opinion are so embraced, and all other corporations or persons in North Carolina doing business in violation of law; and all other corporations of every character engaged in this State in the business of transporting  property or passengers, or transmitting messages, and all other public service corporations of any kind or nature whatever which are doing business in the State for hire. Such investigation shall be with a view of ascertaining whether the law or any rule of the Utilities Commission or Commission of Banks [Commissioner of Banks] is being or has been violated by any such corporation, officers or agents or employees thereof, and if so, in what respect, with the purpose of acquiring such information as may be necessary to enable him to prosecute any such corporation, its agents, officers and employees for crime, or prosecute civil actions against them if he discovers they are liable and should be prosecuted.

N.C. Gen. Stat. Ann. § 114-2: Duties
It shall be the duty of the Attorney General:
(1)  To defend all actions in the appellate division in which the State shall be interested, or a party, and to appear for the State in any other court or tribunal in any cause or matter,  civil or criminal, in which the State may be a party or interested.
(2)  To represent all State departments, agencies, institutions, commissions, bureaus or other organized activities of the State which receive support in whole or in part from the State.
(3)  Repealed by Session Laws 1973, c. 702, s. 2.
(4)  To consult with and advise the prosecutors, when requested by them, in all matters pertaining to the duties of their office.
(5)  To give, when required, his opinion upon all questions of law submitted to him by the General Assembly, or by either branch thereof, or by the Governor, Auditor, Treasurer, or any other State officer.
(6)  To pay all moneys received for debts due or penalties to the State immediately after the receipt thereof into the treasury.
(7)  To compare the warrants drawn on the State treasury with the laws under which they purport to be drawn.
(8)  Subject to the provisions of G.S. 62-20:
a.         To intervene, when he deems it to be advisable in the public interest, in proceedings before any courts, regulatory officers, agencies and bodies, both State and federal, in a

representative capacity for and on behalf of the using and consuming public of this State. He shall also have the authority to institute and originate proceedings before such courts, officers, agencies or bodies and shall have authority to appear before agencies on behalf of the State and its agencies and citizens in all matters affecting the public interest.

b.        Upon the institution of any proceeding before any State agency by application, petition or other pleading, formal or informal, the outcome of which will affect a substantial number of residents of North Carolina, such agency or agencies shall furnish the Attorney General with copies of all such applications, petitions and pleadings so filed, and, when the Attorney General deems it advisable in the public interest to intervene in such proceedings, he is authorized to file responsive pleadings and to appear before such agency either in a representative capacity in behalf of the using and consuming public of this State or in behalf of the State  or any of its agencies.

N.C. Gen. Stat. Ann. § 147-17:  May employ counsel in cases wherein State is interested.
(a)        No department, officer, agency, institution, commission, bureau or other organized activity of the State which receives support in whole or in part from the State shall employ any counsel, except with the approval of the Governor. The Governor shall give his approval only if the Attorney General has advised him, as provided in subsection (b) of this section, that it is impracticable for the Attorney General to render the legal services. In any case or proceeding, civil or criminal, in or before any court or agency of this State or any other state or the United States, or in any other matter in which the State of North Carolina is interested, the Governor may employ such special counsel as he may deem proper or necessary to represent the interest of the State, and may fix the compensation for their services.
(b)        The Attorney General shall be counsel for all departments, officers, agencies, institutions, commissions, bureaus or other organized activities of the State which receive support in whole or in part from the State. Whenever the Attorney General shall advise the Governor that it is impracticable for him to render legal services to any State agency, officer, institution, commission, bureau or other organized activity, or to defend a State employee or former employee as authorized by Article 31A of Chapter 143 of the General Statutes, the Governor may authorize the employment of such counsel, as in his judgment, should be employed to render such services, and may fix the compensation for their services.
(c)        The Governor may direct that the compensation fixed under this section for special counsel shall be paid out of appropriations or other funds credited to the appropriate department, agency, institution, commission, bureau, or other organized activity of the State or out of the Contingency and Emergency Fund.

**North Dakota**

N.D. Cent. Code § 51-08.1-06: Official investigation.
1. If the attorney general has reasonable cause to believe that a person has information or is in possession, custody, or control of any document or other tangible object relevant to an investigation for violation of this chapter, the attorney general may serve upon the person, before bringing any action in the district court, a written demand to appear and be examined under oath, to answer written interrogatories under oath, and to produce the document or object for inspection and copying. The demand must:

a. Be served upon the person in the manner required for service of process in this state;
b. Describe the nature of the conduct constituting the violation under investigation;
c. Describe the document or object with sufficient definiteness to permit it to be fairly identified;
d. Contain a copy of the written interrogatories;
e. Prescribe a reasonable time at which the person must appear to testify, within which to answer the written interrogatories, and within which the document or object must be produced, and advise the person that a reasonable opportunity will be afforded for examination and notation of corrections upon any transcript of an oral examination, that a copy of one's own transcript can be obtained upon payment of reasonable charges, and that objections to or reasons for not complying with the demand may be filed with the attorney general at or before the designated time;
f. Specify a place for the taking of testimony or for production and designate a person who shall be custodian of the document or object; and
g. Contain a copy of subsection 2.

2. If a person objects to or otherwise fails to comply with the written demand served upon that person under subsection 1, the attorney general may file in the district court of the county in which the person resides, or in which the person maintains a principal place of business within this state, a petition for an order to enforce the demand. Notice of hearing the petition and a copy of the petition must be served upon the person, who may appear in opposition to the petition. If the court finds that the demand is proper, there is reasonable cause to believe there has been a violation of this chapter, and the information sought or document or object demanded is relevant to the violation, it shall order the person to comply with the demand, subject to modification the court may prescribe. Upon motion by the person and for good cause shown, the court may make any further order in the proceedings that justice requires to protect the person from unreasonable annoyance, embarrassment, oppression, burden, or expense.

3. Any procedure, testimony taken, or material produced under this section must be kept confidential by the attorney general before bringing an action against a person under this chapter for the violation under investigation, unless confidentiality is waived by the person being investigated and the person who has testified, answered interrogatories, or produced material, or disclosure is authorized by the court.

N.D. Cent. Code § 51-08.1-07: Civil penalty and injunctive enforcement by state
The attorney general, or a state's attorney with the permission or at the request of the attorney general, may bring an action for appropriate injunctive relief and civil penalties in the name of the state for a violation of this chapter. The trier of fact may assess for the benefit of the state a civil penalty of not more than fifty thousand dollars for each violation of this chapter.

N.D. Cent. Code § 51-08.1-08: Damages and injunctive relief
1. The state, a political subdivision, or any public agency threatened with injury or injured in its business or property by a violation of this chapter may bring an action for appropriate injunctive or other equitable relief, damages sustained and, as determined by the court, taxable costs and reasonable attorney's fees.

2. A person threatened with injury or injured in that person's business or property by a violation of this chapter may bring an action for appropriate injunctive or other equitable relief, damages sustained and, as determined by the court, taxable costs and reasonable attorney's fees. If the trier of fact finds that the violation is flagrant, it may increase recovery to an amount not in excess of three times the damages sustained.

3. In any action for damages under this section, the fact that the state, political subdivision, public agency, or person threatened with injury or injured in its business or property by any violation of the provisions of this chapter has not dealt directly with the defendant does not bar recovery.

4. In any action for damages under this section, any defendant, as a partial or complete defense against a claim for damages, is entitled to prove that the plaintiff purchaser, or seller in the chain of manufacture, production, or distribution, who paid any overcharge or received any underpayment passed on all or any part of the overcharge or underpayment to another purchaser or seller in that action.

N.D. Cent. Code § 54-12.-17: Consumer protection and antitrust division.
A consumer protection and antitrust division is created under the attorney general. This division consists of a director and such other personnel as may be appointed by the attorney general. The division shall act to enforce the consumer fraud laws and act with regard to the use or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, and shall make full investigation of such activities and maintain adequate facilities for filing reports, examining persons and merchandise in regard thereto, and storing impounded books, records, accounts, papers, and samples of merchandise relating to same. The division shall cooperate with other governmental agencies, national, state, or local, and with all peace officers of the state in regard thereto. The division also shall investigate antitrust violations and enforce antitrust laws.

## Ohio

Ohio Rev. Code Ann. § 109.02: Duties as chief law officer
The attorney general is the chief law officer for the state and all its departments…The attorney general shall appear for the state in the trial and argument of all civil and criminal causes in the supreme court in which the state is directly or indirectly interested.  When required by the governor or the general assembly, the attorney general shall appear for the state in any court or tribunal in a cause in which the state is a party, or in which the state is directly interested…

Ohio Rev. Code Ann. § 109.81: Antitrust cases…;
The attorney general shall act as the attorney at law in any antitrust case for the state. He may act as the attorney at law in any antitrust case for any political subdivision of the state, for the governing body of any political subdivision of the state, or, as parens patriae, for any natural person residing in the state. The attorney general shall do all things necessary under the laws of

any state or the federal government to properly conduct any antitrust case in which he acts as attorney at law, including the bringing of an action for equitable relief or for the recovery of damages…

See *Ohio v. United Transp., Inc.*, 506 F. Supp. 1278, 1283 (S.D. Ohio 1981)

**Oklahoma**

79 O.S. §205 of the Oklahoma Antitrust Reform Act provides as follows:

A.    1. Any person who is injured in his or her business or property by a violation of this act, may obtain appropriate injunctive or other equitable relief and monetary damages and shall recover threefold the damages sustained, and the cost of suit, including a reasonable attorney fee. The Attorney General may bring an action in the name of the state, as parens patriae on behalf of natural persons residing in the state for appropriate ***injunctive or other equitable relief*** and to secure monetary damages for injury sustained by such natural persons to their business or property by reason of any violation of this act… . (emphasis added)

74 O.S. §18(b) provides as follows:

A. The duties of the Attorney General as the chief law officer of the state shall be:

1. To appear for the state and prosecute and defend all actions and proceedings, civil or criminal, in the Supreme Court and Court of Criminal Appeals in which the state is interested as a party;

2. To appear for the state and prosecute and defend all actions and proceedings in any of the federal courts in which the state is interested as a party;

3. To initiate or appear in any action in which the interests of the state or the people of the state are at issue, or to appear at the request of the Governor, the Legislature, or either branch thereof, and prosecute and defend in any court or before any commission, board or officers any cause or proceeding, civil or criminal, in which the state may be a party or interested; and when so appearing in any such cause or proceeding, the Attorney General may, if the Attorney General deems it advisable and to the best interest of the state, take and assume control of the prosecution or defense of the state's interest therein;…

15 O.S. §761.1 of the Oklahoma Consumer Protection Act provides as follows:

C. Any person who is found to be in violation of the Oklahoma Consumer Protection Act in a civil action or who willfully violates the terms of any injunction or court order issued pursuant to the Consumer Protection Act shall forfeit and pay a civil penalty of not more than Ten Thousand Dollars ($10,000.00) per violation, in addition to other penalties that may be imposed by the court, as the court shall deem necessary and proper. For the purposes of this section, the district court issuing an injunction shall retain jurisdiction, and in such cases, the Attorney General, acting in the name of the state, or a district attorney may petition for recovery of civil penalties.

Oregon

ORS 180.060(5):
The Attorney General shall, when requested, perform all legal services for the state or any department or officer of the state.

ORS 180.060(8)
The Attorney General shall not appear on behalf of any officer, department, agency, board or commission without its consent in any action, suit, matter, cause or proceeding in any court or before any other federal or state regulatory body.

ORS 180.220(1)(b):
The Department of Justice shall have [] [f]ull charge and control of all the legal business of all departments, commissions and bureaus of the state, or of any office thereof, which requires the services of an attorney or counsel in order to protect the interests of the state.

ORS 180.220(2):
No state officer, board, commission, or the head of a department or institution of the state shall employ or be represented by any other counsel or attorney at law.

ORS 646.760(1):
The Attorney General may prosecute an action for appropriate injunctive relief and civil penalties in the name of the state for any violation of ORS 646.725 ["Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared to be illegal."] or 646.730 ["Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of trade or commerce, shall be in violation of ORS 136.617, 646.705 to 646.805 and 646.990."]."

Hawaii v. Standard Oil Co., 405 U.S. 251 (1972):
State qualifies as "person" for purposes of injunctive relief provisions of Clayton Act § 16, 15 U.S.C. § 26.


Rhode Island
R.I. Gen. Laws § 42-9-4
The attorney general shall draw and present all informations and indictments, or other legal or equitable process, against any offenders, as by law required, and diligently, by a due course of law or equity, prosecute them to final judgment and execution.

The duty of the attorney general under this section shall include the duty to prosecute all charges of violations of §§ 31-27-2.1, 31-27-2.3, and/or 31-27-2.5, jurisdiction over the adjudication of which is conferred upon the traffic tribunal under chapter 41.1 of title 31.

R.I. Gen. Laws § 42-9-5
The attorney general shall commence and prosecute to final judgment and execution those other legal or equitable processes, and shall perform those other duties which are or may be required of him or her by law; except insofar as he or she may have been required to act as the legal officer

of the department of health, those functions are hereby transferred to the chief counsel of the division of legal services of the department of health.

R.I. Gen. Laws § 42-9-6
Except as otherwise in the general laws provided, the attorney general, whenever requested, shall act as the legal adviser of the individual legislators of the general assembly, of all state boards, divisions, departments, and commissions and the officers thereof, of all commissioners appointed by the general assembly, of all the general officers of the state, and of the director of administration, in all matters pertaining to their official duties, and shall institute and prosecute, whenever necessary, all suits and proceedings which they may be authorized to commence, and shall appear for and defend the above-named individual legislators, boards, divisions, departments, commissions, commissioners, and officers, in all suits and proceedings which may be brought against them in their official capacity.

R.I. Gen. Laws § 42-9.1-2
There shall be established within the department of attorney general an office of health care advocate. The health care advocate shall be an assistant or special assistant attorney general to be appointed by the attorney general. The health care advocate is authorized to perform the following duties as the attorney general may direct:

(1) Appear as an amicus curiae in civil actions involving any health care quality standard or issue as determined by the attorney general;

(2) Intervene in or request initiation of administrative actions related to health care or health insurance by the state or any agency thereof as determined by the attorney general;

(3) Review complaints and conduct any investigations deemed by the attorney general necessary to assure quality health care delivery;

(4) Assist and cooperate with the director of any state department or person in charge of any state agency, in the investigation of any complaints, occurrences, conditions, or practices with respect to inadequacies in health care or health insurance;

(5) To take all necessary and appropriate action, including but not limited to public education, legislative advocacy, and where authorized by law to institute formal legal action, to secure and insure compliance with the provisions of titles 23 and 27 and to advocate for any changes necessary to support the goal of quality and affordable health care for all citizens of Rhode Island.

For the purposes of this section, "health care quality standard" shall mean any statute, ordinance, limitation, regulation, rule, order, license, stipulation, agreement, or permit of the state, or any agency of the state.

RI Gen.l Laws § 6-36-9 (a), (b) and (i)(5)

(a) *General power of investigation.* Whenever it appears to the attorney general, upon

reasonable cause, that any person has engaged in, engages in, or is about to engage in any act or practice prohibited by this chapter, or that any person has assisted or participated in any plan, scheme, agreement, or combination of the nature prohibited by this chapter, or whenever the attorney general believes it to be in the public interest that an investigation be made, he or she may in his or her discretion either require or permit the complainant to file with the attorney general a statement in writing under oath or otherwise as to all facts and circumstances concerning the subject matter which the attorney general believes to be in the public interest to investigate. The attorney general may also require any other data and information from the complainant that he or she deems relevant and may make any special and independent investigations that he or she deems necessary in connection with the matter. In addition, the attorney general may take any measures that will not violate due process of law to preserve the confidentiality of the complainant's identity.

(b) *Investigative demand.* (1) Whenever the attorney general has reason to believe that any person may have knowledge or be in possession, custody, or control of any documentary material pertinent to an investigation of a possible violation of this chapter, the attorney general may issue in writing and cause to be served upon the person an investigative demand by which the attorney general may:

(2) The power to issue investigative demands shall not abate or terminate by reason of the bringing of any action or proceeding under this chapter. The attorney general may issue successive investigative demands to the same person in order to obtain additional information pertinent to an ongoing investigation.

(i)(5) The attorney general shall have the authority, at any time, to modify or revoke any civil investigative demand and to stipulate to protective orders with respect to documents and information submitted in response to a demand. The protective orders may include provisions appropriate to the full and adequate protection of trade secrets.

RI Gen. Laws § 6-36-10 (b)  The attorney general may institute proceedings to prevent and restrain violations of this chapter as provided in subsection (a) of this section.

RI General Laws § 6-36-11 (b)   The attorney general shall investigate suspected violations of the provisions of this chapter and if he or she shall conclude that a violation is imminent, is occurring, or has occurred, he or she may institute on behalf of the state of Rhode Island or any of its departments, subdivisions, agencies, or its cities and towns, an action in superior court seeking appropriate relief. The attorney general may bring an action in federal court on behalf of the state of Rhode Island or any of its political subdivisions or agencies, or its cities and towns, to recover the damages provided for by the federal antitrust laws, and pursuant to the federal laws may undertake any measures that he or she deems necessary for the successful conduct of the action.

R.I. Gen. Laws § 6-36-12(a)

The attorney general may bring a civil action in superior court in the name of the state, as parens patriae on behalf of persons residing in this state, to secure monetary relief as provided in this section for injuries sustained by the persons to their property by reason of any violation of this chapter. The court shall exclude from the amount of monetary relief awarded in this action any amount of monetary relief:

(1) Which duplicates amounts which have been awarded for the same injury; or

(2) Which is properly allocable to persons who have excluded their claims pursuant to subsection (c)(1) of this section.

R.I. Gen. Laws § 6-36-14

(a) In any action brought by the attorney general pursuant either to this chapter or to the federal antitrust laws, or both, for the recovery of damages or other proper relief, the attorney general may enter into agreements relating to the investigation and litigation of the action with any other party plaintiff who has brought a similar action and with whom the attorney general finds it advantageous to act jointly or to share common expenses or to cooperate in any manner relative to the action. The attorney general may enter settlements with defendants that provide for the payment of money to plaintiffs.

(b) The attorney general may cooperate with officials of the federal government and of the several states in the investigation and enforcement of violations to the end that implementation of this chapter will be accomplished in the most equitable and efficient manner possible.

(c) The attorney general may establish a division of antitrust within the department of attorney general to enforce this chapter, and he or she may employ any assistant attorneys general, special assistant attorneys general, economic analysts, investigators, and clerical staff that may be required to support the division.

RI Gen. Laws § 6-36-15 - No provision of this chapter shall be construed to limit the common law powers of the attorney general.

R.I. Gen. Laws § 6-36-20   A final judgment or decree rendered in any civil or criminal proceeding under this chapter brought by or on behalf of the state of Rhode Island, any of its departments or agencies, or any of its political subdivisions to the effect that a defendant has violated this chapter shall be prima facie evidence against the defendant in any action or proceeding as to all matters respecting which the judgment or decree would be an estoppel as between the parties to it; provided, however, this section shall not apply to consent judgments or decrees entered before any testimony has been taken.

South Carolina

S.C. Code Ann. § 1-7-40. Appearance for State in Supreme Court and other courts and tribunals.

He shall appear for the State in the Supreme Court and the court of appeals in the trial and argument of all causes, criminal and civil, in which the State is a party or interested, and in these causes in any other court or tribunal when required by the Governor or either branch of the General Assembly.

S.C. Code Ann. § 39-5-50. Action for injunction against violation of article; additional orders or judgments to restore property acquired by illegal means.

(a) Whenever the Attorney General has reasonable cause to believe that any person is using, has used or is about to use any method, act or practice declared by § 39-5-20 to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the State against such person to restrain by temporary restraining order, temporary injunction or permanent injunction the use of such method, act or practice. Unless the Attorney General determines in writing that the purposes of this article will be substantially impaired by delay in instituting legal proceedings, he shall, at least three days before instituting any legal proceedings as provided in this section, give notice to the person against whom proceedings are contemplated and give such person an opportunity to present reasons to the Attorney General why such proceedings should not be instituted. The action may be brought in the court of common pleas in the county in which such person resides, has his principal place of business or conducts or transacts business. The courts are authorized to issue orders and injunctions to restrain and prevent violations of this article, and such orders and injunctions shall be issued without bond. Whenever any permanent injunction is issued by such court in connection with any action which has become final, reasonable costs shall be awarded to the State.


(b) The court may make such additional orders or judgments as may be necessary to restore to any person who has suffered any ascertainable loss by reason of the use or employment of such unlawful method, act or practice, any moneys or property, real or personal, which may have been acquired by means of any practice declared to be unlawful in this article, including the revocation of a license or certificate authorizing that person to engage in business in this State, provided the order declaring the practice to have been unlawful has become final.

S.C. Code Ann. § 1-7-90. Advice to General Assembly and Governor.

The Attorney General shall, when required by either branch of the General Assembly, attend during their sessions and give his aid and advice in the arrangement and preparation of legislative documents and business; and he shall give his opinion upon questions of law submitted to him by either branch thereof, or by the Governor.

Tennessee

Tenn. Code Ann. § 8-6-109
(a) The attorney general and reporter has and shall exercise all duties vested in the office by the Constitution of Tennessee and all duties and authority pertaining to the office of the attorney general and reporter under the statutory law. The attorney general and reporter is authorized to utilize and refer to the common law in cases in which the state of Tennessee is a party.
(b) In addition to the duties described in subsection (a), the attorney general and reporter, or assistants acting at the attorney general and reporter's discretion, has the following duties:
(1) The trial and direction of all civil litigated matters and administrative proceedings in which the state of Tennessee or any officer, department, agency, board, commission or instrumentality of the state may be interested;
(2) To attend to all business of the state, both civil and criminal in the court of appeals, the court of criminal appeals and the supreme                court;

(5) To give the governor, secretary of state, state treasurer, comptroller of the treasury, members of the general assembly and other state officials, when called upon, any legal advice required in the discharge of their official duties;

(6) To give the governor, secretary of state, state treasurer, comptroller of the treasury, members of the general assembly and other state officials, when called upon, written legal opinions on all matters submitted by them in the discharge of their official duties. Written opinions issued pursuant hereto shall be made available for public inspection. It is the legislative intent that when a request for a written legal opinion is from a member of the general assembly and concerns pending legislation, such request shall be replied to as expeditiously as possible;

(7) To report the decisions of the court of appeals, the court of criminal appeals and the supreme court of Tennessee in the manner prescribed by law;

(8) To examine and certify all bills of cost in the appellate courts of the state in which the state of Tennessee is interested before they are ordered to be paid by the state;

(9) To defend the constitutionality and validity of all legislation of statewide applicability, except as provided in subdivision (b)(10), enacted by the general assembly, except in those instances where the attorney general and reporter is of the opinion that such legislation is not constitutional, in which event the attorney general and reporter shall so certify to the speaker of each house of the general assembly;

(10) To exercise discretion to defend the constitutionality and validity of all private acts and general laws of local application enacted by the general assembly and of administrative rules or regulations of this state. However, a sufficient adversary relationship must exist before the discretion not to defend the constitutionality of all legislation of local application may be exercised. If such discretion not to defend is exercised, such decision shall be certified to the speaker of each house of the general assembly, in the same manner as provided in subdivision (b)(9);

(11) To notify the director of the fiscal review committee of any lawsuit filed in state or federal court, in which the state is a named party and the attorney general and reporter or assistants are representing the state, which contains as part of the pleadings an allegation which would raise an issue:

(A) Of insufficient funding of a law as enacted or amended, including any regulation authorized by such act; or

(B) That the implementation by a department, agency, or governmental entity of a law as enacted or amended, including any regulation authorized by such act, was accomplished in a manner which resulted in insufficient funding; which lawsuit, if adjudicated in the plaintiff's favor, would result in a mandated increase in state expenditures;

(12) To confer with the speaker of each house of the general assembly upon notification by the director of the fiscal review committee under § 3-7-109;

(13) To defend local education agencies and/or their present or past superintendents, board

members, teachers, or nonprofessional staff members, hereinafter referred to as employees, upon the formal request in writing of any such employee in any case involving a claim of injury or damage alleged to have been proximately caused by acts or omissions of such employees within their scope of employment with the local education agency in detecting, managing or removing asbestos from any building or structure owned or controlled by the local education agency when the local education agency has complied with the United States environmental protection agency regulations relative to asbestos in schools. In the event that the attorney general and reporter determines that the best interest of the state or employee requires private counsel, the employee shall be notified, and shall have the right to file for reimbursement of defense cost in accordance with chapter 42 of this title in the same manner as state employees; and

(14) To attend to any other duty which may devolve upon, or be imposed upon, the attorney general and reporter by law.

(c) Notwithstanding the provisions of § 8-6-106 to the contrary, in all cases in which the attorney general and reporter has certified to the speaker of each house of the general assembly the decision not to defend the constitutionality and validity of any law pursuant to the provisions of subsection (b), the speakers, acting jointly, may employ legal counsel to defend the constitutionality of such law. Such counsel shall be paid such compensation for their services as the speakers may deem just; the same to be paid out of any money in the state treasury not otherwise appropriated, upon the certification of the speakers to the commissioner of finance and administration.

(d) The attorney general and reporter, or assistants acting at the attorney general and reporter's discretion, shall notify the director of the office of legal services or the director's designee and the director of the fiscal review committee of any lawsuit filed in state or federal court, in which the state is a named party and the attorney general and reporter or assistants are representing the state, and in which the adjudication could result in a significant increase in state expenditures, in a decision on a policy issue which may result in a significant increase in state expenditures, or in a decision which may affect the bond rating of the state.

(e) Notwithstanding any provision of § 8-6-106, or other law to the contrary, in all cases within the provisions of subsection (d), the speaker of the senate and the speaker of the house of representatives, acting jointly, may employ legal counsel to advise them; provided, that the attorney general and reporter shall remain the state's sole representative in federal and state court proceedings. Such counsel shall be paid such compensation for services rendered as the speakers may approve and such compensation shall be paid out of any money in the state treasury not otherwise appropriated, upon the certification of the speakers to the commissioner of finance and administration.


Tenn. Code Ann. § 8-6-112

(a) The attorney general and reporter has the authority to conduct an investigation and has the authority to initiate the criminal prosecution of any judge, chancellor or judicial elected official and/or district attorney general whenever:

(1) The attorney general and reporter receives information sufficient to constitute probable cause to investigate whether any official may have violated any state criminal law; and

(2) A decision to prosecute the official by the district attorney general of the district in which the offense occurred or in which a portion of the offense occurred may result in a personal, financial

or political conflict of interest.

(b) If the attorney general and reporter initiates a criminal prosecution pursuant to the authority of this section, such attorney general and reporter, or a deputy or assistant attorney general, shall have the authority to exercise all of the powers and perform all of the duties before any court or grand jury with respect to such prosecution that the appropriate district attorney general would otherwise be authorized or required by law to exercise or perform.

(c) If the attorney general and reporter initiates a criminal prosecution pursuant to this section, the appropriate district attorney general shall fully cooperate with the attorney general and reporter and participate in the prosecution, unless the subject of such prosecution, to the extent requested or approved by the attorney general and reporter.

(d) If the attorney general and reporter concludes that an investigation or prosecution should be initiated pursuant to this section, the attorney general and reporter may, after giving notice to the executive director of the district attorneys general conference, request appointment as district attorney general pro tem by an appropriate court pursuant to § 8-7-106(a). The application shall be considered by the court in camera. The executive director may appear before the court to be heard on the request for appointment. The notice to the executive director, the application for appointment, and the proceedings on the application shall be confidential.

(e) The attorney general and reporter is hereby authorized to request the director of the Tennessee bureau of investigation to furnish such assistance as may be required by the attorney general and reporter in the performance of the attorney general and reporter's duties under this section. The Tennessee bureau of investigation is authorized to provide to the attorney general and reporter such assistance as the attorney general and reporter may request pursuant to this section.

Tenn. Code Ann. § 47-25-103
(a) Any violation of the provisions of either of § 47-25-101 or § 47-25- 102 is declared to be destructive of full and free competition and a conspiracy against trade, and any person who engages in any such conspiracy or who, as principal, manager, director, or agent, or in any other capacity, knowingly carries out any of the stipulations, purposes, prices, rates, or orders made in furtherance of such conspiracy, commits a Class E felony.

(b) Any violation of the provisions of § 47-25-101 or § 47-25-102 by a corporation shall upon conviction be punished by a fine not exceeding one million dollars ($1,000,000).
(c) The attorney general and reporter has the power to institute criminal proceedings against persons and corporations for violations of the provisions of § 47-25-101 or § 47-25-102, that involve the award of a contract by the state. However, the attorney general and reporter has jurisdiction to institute criminal proceedings that involve violations on contracts awarded by political subdivisions of the state upon the written request of the local district attorney general.

Tenn. Code Ann. § 8-6-301
(a) The attorney general and reporter, either in person or by assistant, shall represent all offices, departments, agencies, boards, commissions or instrumentalities of the state now in existence or

which may hereafter be created. All legal services required by such offices, departments, agencies, boards, commissions or instrumentalities of the state shall be rendered by, or under the direction of, the attorney general and reporter. This section shall not prevent the various offices, departments, agencies, boards, commissions or instrumentalities of the state from employing other attorneys, working solely under the supervision and at the direction of the agency, for the purpose of conducting investigations, advising, consulting, and assisting the office, department, agency, board, commission or instrumentality in the administration of its duties.

(b) The attorney general and reporter shall direct and supervise all investigations and litigation necessary to the administration of the duties of the various offices, departments, agencies, boards, commissions or instrumentalities of the state, and no such entities shall institute any civil proceeding except through the attorney general and reporter.

(c) Legal services provided by the office of legal services for the general assembly under the provisions of title 3, chapter 12, and attorneys employed by such office are exempt from the provisions of this section. The attorney general and reporter shall not represent such office before the general assembly or any committee thereof, nor shall direct or supervise such office or attorneys employed by such office.

Texas

Tex. Const. art. 4, § 22: The Attorney General shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party. . . .

Tex. Bus. & Com. Code § 15.20: Civil Suits by the State

(a) Suit to Collect Civil Fine.  The attorney general may file suit in district court in Travis County or in any county in the State of Texas in which any of the named defendants resides, does business, or maintains its principal office on behalf of the State of Texas to collect a civil fine from any person, other than a municipal corporation, whom the attorney general believes has violated any of the prohibitions in Subsection (a), (b), or (c) of Section 15.05 of this Act.  Every person adjudged to have violated any of these prohibitions shall pay a fine to the state not to exceed $1 million if a corporation, or, if any other person, $100,000.)

(b)  Suit for Injunctive Relief.  The attorney general may file suit against any person, other than a municipal corporation, in district court in Travis County, or in any county in the State of Texas in which any of the named defendants resides, does business, or maintains its principal office on behalf of the State of Texas to enjoin temporarily or permanently any activity or contemplated activity that violates or threatens to violate any of the prohibitions in Section 15.05 of this Act. In any such suit, the court shall apply the same principles as those generally applied by courts of equity in suits for injunctive relief against threatened conduct that would cause injury to business or property.  In any such suit in which the state substantially prevails on the merits, the state shall be entitled to recover the cost of suit.

Utah

Utah Code Ann. § 76-10-916 (3)

The attorney general may proceed under any antitrust laws in the state or federal courts on behalf of this state, any of its political subdivisions or agencies, or as parens patriae on behalf of natural persons in this state.

Utah Code Ann. § 76-10-918 (1)
The attorney general may bring an action for appropriate injunctive relief, and for damages or a civil penalty in the name of the state, any of its political subdivisions or agencies, or as parens patriae on behalf of natural persons in this state, for a violation of this act.

Utah Code Ann. § 67-5-3
Except where specifically authorized by the Utah Constitution, or statutes, no agency shall hire legal counsel, and the attorney general alone shall have the sole right to hire legal counsel for each such agency.   Where the Legislature has provided by statute for separate agency counsel, no such counsel may act as an assistant attorney general nor as a special assistant attorney general unless the attorney general shall so authorize.   Unless he hires such legal counsel from outside his office, the attorney general shall remain the sole legal counsel for that agency.

Utah Code Ann. § 67-5-17
(1)     When representing the governor, lieutenant governor, auditor, or treasurer, or when representing an agency under the supervision of any of those officers, the attorney general shall:
(a) keep the officer or the officer's designee reasonably informed about the status of a matter and promptly comply with reasonable requests for information;
(b) explain a matter to the extent reasonably necessary to enable the officer or the officer's designee to make informed decisions regarding the representation;
(c) abide by the officer's or designee's decisions, concerning the objectives of the representation and consult with the officer or designee as to the means by which they are to be pursued; and
(d) jointly by agreement, establish protocols with the officer to facilitate communications and working relationships with the officer or agencies under the officer's supervision.

(2)  Nothing in Subsection (1) modifies or supercedes any independent legal authority granted specifically by statute to the attorney general.

(3)  When the attorney general institutes or maintains a civil enforcement action on behalf of the state of Utah that is not covered under Subsection (1), the attorney general shall:
        (a) fully advise the governor, as the officer in whom the executive authority of the state is vested, before instituting the action, entering into a settlement or consent decree, or taking an appeal; and
        (b) keep the governor reasonably informed about the status of the matter and promptly comply with reasonable requests for information.
(4)  In a civil action not covered under Subsection (1) or (3), the attorney general shall:
        (a) keep the governor reasonably informed about the status of the matter and promptly comply with reasonable requests for information;
        (b) explain the matter to the extent reasonably necessary to enable the governor to make informed decisions regarding the representation; and
        (c) abide by the governor's decisions concerning the objectives of the representation and consult with the governor as to the means by which they are to be pursued.

(5)  The governor may appear in any civil legal action involving the state and appoint legal counsel to advise or appear on behalf of the governor.   The court shall allow the governor's appearance.


Vermont

9 V.S.A. § 2453: Practices prohibited; antitrust and consumer fraud
(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful.

(b) It is the intent of the legislature that in construing subsection (a) of this section, the courts of this state will be guided by the construction of similar terms contained in Section 5(a)(1) of the Federal Trade Commission Act as from time to time amended by the Federal Trade Commission and the courts of the United States.

(c) The attorney general shall make rules and regulations, when necessary and proper to carry out the purposes of this chapter, relating to unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce. The rules and regulations shall not be inconsistent with the rules, regulations and decisions of the Federal Trade Commission and the federal courts interpreting the Federal Trade Commission Act.

(d) Violation of a rule or regulation as made by the attorney general is prima facie proof of the commission of an unfair or deceptive act in commerce.

(e) The provisions of subsections (a), (c) and (d) of this section shall also be applicable to real estate transactions.


3 V.S.A. Section 152
Â§ 152. Scope of authority
The attorney general may represent the state in all civil and criminal matters as at common law and as allowed by statute. The attorney general shall also have the same authority throughout the state as a state's attorney. (Amended 1969, No. 266 (Adj. Sess.), Â§ 1, eff. April 8, 1970.)

Â§ 153. General powers; deputy, assistants
(a) The attorney general shall have the general supervision of criminal prosecutions, shall consult with and advise the state's attorneys in matters relating to the duties of their office, and shall assist them by attending the grand jury in the examination of any cause or in the preparation of indictments and informations when, in his judgment, the interests of the state require it.
(b) The attorney general may appoint a deputy attorney general with the approval of the governor, remove him at pleasure, and be responsible for his acts. Such deputy shall perform such duties as the attorney general shall direct, and in the absence or disability of the attorney general perform the duties of the attorney general. In case a vacancy occurs in the office of attorney general, such deputy shall assume and discharge the duties of such office until such vacancy is filled. Such appointment shall be in writing and be recorded in the office of the

secretary of state. Such deputy attorney general shall take the oath required by the constitution, shall be an informing officer and have the same authority throughout the state in civil or criminal matters as state's attorneys have in their respective counties.

(c) The attorney general may appoint such assistant attorneys general and special assistant attorneys general as may be necessary for the proper and efficient performance of his department, and with the approval of the governor, fix their pay, remove them at pleasure and be responsible for their acts. They shall have the same obligations, power and authority as the deputy attorney general except those relating to the absence or disability of the attorney general and vacancy in the office of attorney general. Their appointments and the revocation thereof shall be in writing and recorded in the office of the secretary of state. All assistant attorneys general and special assistant attorneys general shall be attorneys at law. (Amended 1965, No. 44, Â§ 1, eff. May 5, 1965; No. 125, Â§ 15, eff. July 2, 1965; 1979, No. 59, Â§ 13.)

3 V.S.A. Section 157

Â§ 157. Appearance for state

The attorney general shall appear for the state in the preparation and trial of all prosecutions for homicide and civil or criminal causes in which the state is a party or is interested when, in his judgment, the interests of the state so require.

Â§ 159. Opinions; state matters and actions

The attorney general shall advise the elective and appointive state officers on questions of law relating to their official duties and shall furnish a written opinion on such matters, when so requested. He shall have general supervision of matters and actions in favor of the state and of those instituted by or against state officers wherein interests of the state are involved and may settle such matters and actions as the interests of the state require. (Amended 1967, No. 9, eff. Feb. 23, 1967.)

Â§ 160. State claims

On receipt of notice thereof from the commissioner of finance and management, the attorney general shall forthwith notify state's attorneys of any claim of the state which should be prosecuted in their counties. Subject to the direction of the attorney general, such state's attorneys shall prosecute the same and be liable on their official bonds for neglect in respect thereto. The state's attorneys shall report to the attorney general, as often as may be required by him, such facts concerning such actions as will enable him to keep a record thereof and of the proceedings therein. (Amended 1959, No. 328 (Adj. Sess.), Â§ 8(c); 1983, No. 195 (Adj. Sess.), Â§ 5(b).)