# EXHIBIT A



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Ave., N.W.
Washington, DC 20580

Direct Line (202) 326-2813
E-mail: TBrock@ftc.gov

June 12, 2006

## VIA E-MAIL AND WEBSITE SERVICE

Karen N. Walker, Esq.
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005

  Re: Federal Trade Commission, *et al.,* v. Warner Chilcott Holdings Company III, Ltd.,
     *et al.,* Civil Action Nos. 1:05-cv-2179-CKK, 1:05-cv-2182-CKK (D.D.C.)

Dear Karen:

  I have reviewed Barr's Objections and Responses to Plaintiffs' First Request for the
Production of Documents. Please let me know when you expect to produce the responsive
documents.

  There are several specific issues that I want to address at this time. Our resolution of
these issues may eliminate the need for us to address other concerns I have about your response;
in other instances, we will not be able to assess the significance of your objections until we
receive your document production and have had a chance to review it.

  I will discuss your objections by paragraph number assigned in your response.

### General Objections

  Paragraph 3. Barr has generally objected to our requests to the extent we seek any
documents beyond Barr's "knowledge, possession, care, custody, or control" Please let me know
if you are prepared to produce non-privileged documents in the possession of outside counsel for
Barr.

Karen N. Walker, Esq.
June 12, 2006
Page 2

Paragraphs 5, 11 and 12. Barr has generally objected to our document requests both to the extent they seek information that plaintiffs already "sought and obtained" through prior discovery and to the extent that the requests would require Barr "to perform[] searches duplicative of earlier searches" performed in responding to "any subpoenas or other requests" of the Commission. We agree that Barr need not produce any documents that it has produced in the course of FTC investigation file number 041-00341 (the investigation which gave rise to the complaint here), and, in Instruction K to our document request, we explicitly waived the production of those documents.

However, I have two concerns about your objections in paragraphs 5, 11 and 12. First, please let me know whether Barr's position is that it need not produce documents responsive to our document requests if those documents were produced to the FTC either (i) in any FTC investigations (including investigations unrelated to the complaint in this matter), or (ii) in other litigation filed by the FTC in which Barr was a party or subject to a nonparty subpoena.

Second, Barr objects to performing searches duplicative of earlier searches performed in response to subpoenas or other requests of the Federal Trade Commission for similar documents. Here, too, I am uncertain whether this means (i) that Barr will not search any files that were in existence when it prepared its response to the FTC's investigation in file number 041-0034; or (ii) that Barr will not search any files that it actually searched in preparing its response to the FTC's investigation in file number 041-0034. Please explain the limitations Barr purports to impose on its production under this objection.[1]

Paragraph 14 and 19. Defendant has objected to the production of documents "that are not reasonably accessible because of undue burden or cost." I cannot assess your objection until I know the location and types of files or document repositories that you believe are not reasonably accessible and the basic type of documents they contain. Therefore, I ask that you provide a description of the location(s) of the materials that defendant deems not reasonably accessible, the basis for your conclusions, and all other information regarding these storage sites necessary for me to evaluate your objection.

Paragraph 36. We are willing to work with you to address the specific objections you have raised regarding Instruction D. However, with respect to your general objection 36(5), I ask you (i) to tell me whether defendant has a system of back-up tapes (or similar electronic file

---

[1]    I encourage you to reevaluate your general objections 11 and 12. If your position were endorsed, the FTC would be forced to conduct comprehensive litigation discovery in every single investigation conducted pursuant to Part 2 of 16 C.F.R., or risk losing the opportunity for complete discovery in those few cases in which a lawsuit is filed. This result would be equally disadvantageous for private parties, which would be subject to the more expansive discovery requests in many investigations that are closed before litigation is filed.

Karen N. Walker, Esq.
June 12, 2006
Page 3

preservation system) in place since 2000; and (ii) to provide me with the documents setting forth the policies governing the company's electronic document retention system.

**Specific Objections**

I have numerous concerns about your specific objections, but I cannot assess their importance until I review your production. For example, in Request No. 17, we ask for copies of Warner Chilcott's purchase orders for Ovcon. Barr offers to produce documents "sufficient to show Warner Chilcott's purchases of Ovcon from Barr." Obviously, I will not be able to assess the need to pursue our request for the purchase orders until I see the documents you are willing to produce.

For immediate purposes, though, I must focus on your refusal to produce discovery regarding any of Barr's products other than Ovcon. Specifically, Request Nos. 1, 12, 13, 14, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42 seek the production of documents relating to some aspect of the production, marketing, sale, or distribution of Barr's other contraceptives products or Finished Drug Products. In its responses, however, Barr objected to these document requests and instead purports to limits its production of documents to those relating to Ovcon only.

We agree that information about Barr's other products should not be relevant to whether Barr's agreement not to compete with a generic version of Ovcon violates the antitrust laws. However, defendants have raised nineteen separate Affirmative Defenses in their Answers to the First Amended Complaint, and many of these affirmative defenses explicitly put at issue in this litigation matters that relate directly to Barr's production, marketing, sale, and distribution of products, in addition to Ovcon. By way of example:

- Defendants claim that their agreement to delay entry of a generic version of Ovcon did not harm "competition and/or consumers" (Barr's Ninth Affirmative Defense to First Amended Complaint), because "[t]here are 10 competitors selling 65 undifferentiated" contraceptive products and "any analysis shows that all CHCs compete with each other are directly interchangeable." (Presentation to the Federal Trade Commissioners Against Any Enforcement Action at 13, 16 (Oct. 2005).[2] Since defendants apparently intend to argue that all contraceptive products, including Barr's, are "directly interchangeable" with Ovcon and each other, we are entitled to take discovery from Barr about these purportedly competitive alternatives. (See Request Nos. 12, 13, 14, 26, 29, 30, 32, 33, 34, 35, 36, 37, 42). We ask that you withdraw your blanket objection to these requests and produce the

---

[2]      See also Barr's Affirmative Defense Nos. 7, 8, 10, 14, and 15 (each relating in some way to the purported relevant product marketing for evaluating defendants' conduct).

Karen N. Walker, Esq.
June 12, 2006
Page 4

responsive documents that relate to Barr's production, marketing, sale, and distribution of contraceptive products, in addition to Ovcon.

• Defendants argue that the exclusivity provision of the agreement that prevents Barr from competing with its own generic version of Ovcon is "the only way to eliminate Barr's incentive not to perform" because otherwise "Barr would have the incentive to choke off WC's Ovcon supply and control pharmacy substitution." (Presentation to the Federal Trade Commissioners, at 27).[3] Since defendants apparently intend to put at issue Barr's incentives to perform under the supply contract, we are entitled to take discovery that is reasonably calculated to lead to the discovery of admissible evidence that relates to these incentives, including the substitutability of contraceptive products, the costs and profitability of Barr's other contraceptive products, and information about each of Barr's manufacturing facilities that is, or could be, used to produce contraceptive products. (See Request Nos. 12, 13, 23, 24, 25, 26, 27, 28, 32, 33, 34, 35, 37, 38, 39, 40, 41). We ask that you withdraw your blanket objection to these requests and produce the responsive documents that relate to Barr's production, marketing, sale, and distribution of Barr's products, in addition to Ovcon.

• Defendants further argue that an "alternate contract" – such as one that did not prevent Barr from competing with a generic version of Ovcon – "would have required onerous monitoring and enforcement." (Presentation to the Federal Trade Commissioners, at 27). Since defendants apparently intend to argue that they could not realize the benefits of their supply agreement without the exclusivity provision, we are entitled to take discovery about Barr's other supply arrangements to examine the feasibility of less restrictive alternatives. (See Request Nos. 27, 38, 39, 40).

We would be willing to consider appropriate limitations to our discovery requests, if defendants were to agree to withdraw certain affirmative defenses. Otherwise, we are entitled to take discovery on any and all matters defendants may raise in this litigation. I will call you this week to discuss this matter and hopefully we can resolve this the other issues I have raised then.

Please call me if you have any questions.

Sincerely,

/s/

Thomas H. Brock

---

[3]    *See also* Barr's Fifth Affirmative Defense (conduct is "reasonable, based on independent, legitimate business and economic justifications").

Karen N. Walker, Esq.
June 12, 2006
Page 5

cc:     Contact Attorneys (via website service)