# EXHIBIT B



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Ave., N.W.
Washington, DC 20580
Direct Line (202) 326-2813
E-mail: TBrock@ftc.gov

June 23, 2006

**VIA E-MAIL AND WEBSITE SERVICE**

Karen N. Walker, Esq.
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005

   Re: Federal Trade Commission, *et al.*, v. Warner Chilcott Holdings Company III, Ltd., *et al.*, Civil Action Nos. 1:05-cv-2179-CKK, 1:05-cv-2182-CKK (D.D.C.)

Dear Karen:

  This letter confirms our conversation of June 22, 2006.

  Document Requests. As I requested, please let me know when Barr will produce the responsive documents.

  We discussed the following specific issues set forth in my June 12, 2006, letter:

    General Objection Paragraph 3. Barr will produce the non-privileged documents in possession of outside counsel for Barr.

    General Objections Paragraphs 5, 11, and 12. I appreciate your clarification of Barr's general objections in paragraphs 5, 11, and 12. Based on our conversation, I understand that Barr will search files for responsive documents even if those files have been searched either in the investigation leading to this litigation or in earlier administrative matters. Further, Barr will produce all responsive documents in those files except for documents that were produced to the Commission in the course of Investigation File No. 041-0034, or that the Commission received and retained from two earlier investigations.

Karen N. Walker, Esq.
June 23, 2006
Page 2

After our call, I confirmed that, pursuant to the January 5, 2006, letter from Mark Kovner, the Commission destroyed the documents Barr produced in HSR Transaction No. 2005-1243. We have retained copies of documents filed by Barr in the Commission's review of HSR Transaction No. 2003-1000, and so it will not be necessary for Barr to produce any of those documents responsive to our discovery requests here.

General Objections Paragraph 36. Barr has withdrawn its general objection 36(5). Still, I ask Barr to provide me with information regarding its document preservation system in place since 2000 and documents regarding the company's electronic document retention system.

Specific Objections. As discussed in our various letters, the Commission has sought documents relating to Barr's oral contraceptives; throughout its response to our document request, Barr limited its production to documents relating to Ovcon.

At this point, we have reached an impasse and, therefore, the FTC will file a motion to compel the production of documents relating to Barr's other contraceptive products. Still, if you can develop a specific counterproposal to narrow the areas of disagreement based on your conversations with your client, I will consider it. To this end, we will not file a motion to compel before next Tuesday.

Depositions. Barr will propose dates for all Barr employees whom I identified in my June 7, 2006, letter, who will appear for depositions. Mr. Killion's deposition may be scheduled as one of the last depositions of the Barr employees. The parties do not waive any rights by participating in these cooperative efforts.

While you said that Barr will propose dates for the depositions of these employees, we did not specifically confirm that, like Bruce Downey, these individuals will be available for deposition in your offices here in Washington. Please let me know if that is the case.

Thank you for your cooperation.

Sincerely,

/s/

Thomas H. Brock

cc:    Contact Attorneys (via website service)