# EXHIBIT B

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Karen N. Walker
To Call Writer Directly:
202 879-5096
kwalker@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200

August 1, 2006

**Via Electronic Mail and Electronic Filing Service**

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Avenue, N.W.
Washington, DC   20580

Re:   *Ovcon Antitrust Litigation*

Dear Tom:

I received your letter of yesterday regarding your pending motion to compel and other issues. In short, your offer to "narrow" issues before the Court in connection with your pending motion to compel provides little narrowing whatsoever. To be clear, Barr offered multiple compromises, including, but not limited to, producing documents regarding other contraceptives in response to some of your requests. You rejected any such compromises and chose instead to file a motion to compel seeking vast amounts of information. (In fact, I find it quite ironic that your letter complains that Barr's recent production contained over 250,000 pages, yet if your motion to compel were granted, millions of pages of irrelevant documents would be involved.) In response to your motion, Barr argued to the Court that any order requiring the production of documents regarding other drugs be limited to certain requests. Barr believes that result should be either a fully negotiated compromise or the correct conclusion reached by the Court. Barr believes production of such information should obviate the need for the more burdensome and irrelevant requests posed. In the absence of any willingness on your part to compromise on such other requests, your one-sided effort to "have your cake and eat it too" is unacceptable.

Regarding your Request Number 41, Barr's objection is not that requests for tangible things are not permissible under Rule 34. It is that, as a prescription drug manufacturer, it would be highly irregular for Barr to distribute prescription drug products to unlicensed persons, including parties to civil litigation. Accordingly, Barr stands by its objection to produce actual product. Barr is willing to produce packaging material for Ovcon, and, if it would resolve the *entire* pending discovery dispute, would consider producing readily available packaging material for some of its other contraceptives.

Thomas H. Brock, Esq.
August 1, 2006
Page 2

      Finally, you have requested new dates for the deposition of Timothy Catlett. Accordingly, we will cancel his deposition dates of August 14 and 15. Mr. Catlett can be available for deposition in Woodcliff Lake, New Jersey on September 6 and 7.

                                      Sincerely,

                                      /s/ Karen N. Walker

                                      Karen N. Walker

cc:  Contact Attorneys Via DealRoom