# EXHIBIT D



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Ave., N.W.
Washington, DC 20580

Direct Line (202) 326-2813
E-mail: TBrock@ftc.gov

August 10, 2006

**VIA E-MAIL AND WEBSITE SERVICE**

Karen N. Walker, Esq.
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005

    Re:    Federal Trade Commission, *et al.*, v. Warner Chilcott Holdings Company III, Ltd., *et al.*, Civil Action Nos. 1:05-cv-2179-CKK, 1:05-cv-2182-CKK (D.D.C.)

Dear Karen:

    I received your letter of August 9, 2006.

    I will not address your attempt to reduce our discovery dispute to ad hominem attacks – such as your accusation that, in our meet and confer, I was "screaming" or that I did not make my position clear – that are included in your August 9 letter to me but are written to the Court as an audience. I suggest, though, that both us of will be under significant pressure as the litigation proceeds. And, I endorse your suggestion that, as experienced counsel, we both engage in discussions that are civil. Therefore, both of us should make a renewed effort to avoid comments that would adversely affect the professional working relationship that we have enjoyed to date.

    Contrary to the suggestion in your August 9 letter, Barr has not voiced any willingness to provide the information regarding its 22,000 documents that we seek in our motion to compel. In our August 4 meet and confer, I specifically asked whether Barr would name the custodian of the documents. At various times, you explicitly stated that Barr had no obligation to and would not provide that information. I explained in our phone call that your alternatives – which, ultimately, would not give us information sufficient to attribute an individual document to a particular Barr employee – as unacceptable. And, as we say in our brief, Barr has regularly been able to identify individual custodians of documents in the past.

Karen N. Walker, Esq.
August 10, 2006
Page 2


      I am glad that Barr is now willing to consider providing us additional information regarding the "source location" of the documents it produced. However, this proposal is inadequate if this is just another way of offering to produce the name of the physical file drawers in which documents are maintained, without identifying the individual custodians of the documents. Regardless, Barr's provision of that information will resolve only one of numerous defects in Barr's production that I raised in our conversations and that we have delineated in our motion and brief. Therefore, unless Barr is prepared to provide us the other information that we seek in our motion, it will be necessary for the Court to intervene.

      On a related matter, Barr has now produced two sets of documents in response to our request for the production of documents. Please let me know whether this completes Barr's production or, if not, when Barr expects to complete its production.

      On another matter relating to the document production, Barr has not yet provided us with a privilege log describing the documents that it has withheld from production, the privilege asserted, and sufficient information for us (and the Court) to assess the privilege. Obviously, we will need the privilege log far enough in advance of the depositions to ensure that we have the opportunity to resolve any disputes regarding Barr's assertions of privilege. Please let me know when Barr will make its privilege log available.

      Thank you for your cooperation.


                                          Sincerely,

                                          /s/

                                          Thomas H. Brock


cc:     Contact Attorneys (via website service)