IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION, *et al.*,

            Plaintiffs,

v.

WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*,

            Defendants.

Civil Action Nos. 1:05-CV-02179-CKK
                       1:05-CV-02182-CKK

Judge Colleen Kollar-Kotelly

## DEFENDANT BARR PHARMACEUTICAL INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL (PRIVILEGE LOG)

Barr opposes the FTC's most recent motion to compel over a garden variety discovery disagreement on the grounds that it is unnecessary and unreasonable.  Through their motion, the Government Plaintiffs seek production of a privilege log (even though the FTC already has one privilege log from Barr and will have Barr's supplemental log next week) and a "completion date" for all pending discovery (even though no other party in this litigation has been subjected to such a requirement, Barr has already produced nearly 300,000 pages, and the discovery cutoff is still several weeks away).   In short, the Government Plaintiffs alone (again not joined by the Direct Purchaser, Third Party Payor, or Consumer Plaintiffs) move to compel a privilege log and the production of documents when such relief is unnecessary to the point of being moot.

I.  **THE MOTION TO COMPEL IS UNNECESSARY BECAUSE BARR HAS ALREADY PROVIDED ONE PRIVILEGE LOG AND IS WILLING TO PROVIDE A SUPPLEMENTAL LOG PROMPTLY.**

   A.  **Barr Produced A Privilege Log During The Pre-Complaint Investigation That Already Covers Many Of The Responsive Withheld Documents.**

At this stage in the litigation, the FTC has had a privilege log regarding Barr's Ovcon documents since July 1, 2004, related to Barr's production of some 14,000 pages of Ovcon-related documents to the FTC during the pre-complaint phase of its investigation.[1]  In response to Government Plaintiffs' first requests for production subsequent to the filing of this action, Barr indicated that many of the requests were in fact covered by Barr's prior production.  (*See, e.g.* Barr's Resps. to Gov't Pls.' Joint First Req. Nos. 8-12, attached as Ex. A.)

The FTC pretends that no log has been provided to them.  This is incorrect.  Barr produced a fifteen-page privilege log to the FTC over two years ago.  (*See* July 1, 2004 letter from M. Kovner to A. Ginsburg and attached privilege log, attached as Ex. B.)  Because of the overlap between the pre-complaint production and many of the FTC's subsequent requests, the log provided during the pre-complaint investigation covered both documents withheld from that production, *as well as* documents withheld from Barr's response to Government Plaintiffs' first request for documents during the pendency of this action.  This is because many of the categories of documents included in plaintiffs' request overlapped with Barr's pre-complaint production.  Barr so indicated in its responses.  (*See, e.g.*, Ex. A, Resp. No. 8) ("Barr states that it has already produced documents responsive to this request," *i.e.*, for documents relating to "Barr's plans for Generic Ovcon").  Accordingly, Barr believes that the vast majority of responsive privileged documents appear on this original log (with the exception of later-generated documents).

---

[1]  Since the challenged transaction was consummated in March 2004 (*see* D.E. # 14, FTC First Am. Compl. ¶ 46), it is reasonable that most relevant privileged documents would have been included in that log.

### B.     Barr Has Agreed To And Intends To Serve A Supplemental Privilege Log Promptly.

Government Plaintiffs have been apprised that Barr intends to provide a supplemental privilege log promptly; in fact, by the end of next week. (*See* August 28, 2006 letter from K. Walker to T. Brock, attached as Ex. C.) Barr has been engaged in massive supplemental searches in response to plaintiffs' requests, and has indicated that it will serve a supplemental or superseding log by September 8, 2006. Notably, given that the only Barr deposition scheduled *prior* to that date has been rescheduled at Government Plaintiffs' request, there is no longer even the unpersuasive argument that Government Plaintiffs need a new log prior to deposing *any* Barr witness. (*See* August 24, 2006 letter from T. Brock to K. Walker requesting rescheduling of deposition of T. Catlett, attached as Ex. D.) Government Plaintiffs will have Barr's updated privilege log prior to its first deposition of a Barr witness, currently scheduled for September 11, 2006. Since the FTC promptly will have not only Barr's original privilege log, but also a supplemental one, the relief it requests by its motion is moot.[2]

In contrast, many of the plaintiffs have produced no privilege logs whatsoever to date. Meanwhile, the FTC's log is so lacking in specificity that at this point it is virtually useless to defendants. (*See, e.g.*, FTC Privilege Log Entry No. 2, attached as Ex. E) (reflecting, from

---

[2] Government Plaintiffs suggest that Barr's purported "failure" to produce a privilege log on a "timely" basis may constitute a waiver of privilege claims (*see* Gov't Pls.' Joint Mot. to Compel at 4 n.3.). But the cases they cite do not support this conclusion. *See Avery Dennison Corp. v. Four Pillars, et al.*, 190 F.R.D. 1, 2 (D.D.C. 1999) (warning parties who had neither complied with a Court Order to produce documents for *in camera* inspection nor produced *any* privilege log whatsoever that "[f]ailure to produce a privilege log may be deemed a waiver of the privilege."). *See also Banks v. Office of the Senate Sergeant-at-Arms*, 222 F.R.D. 7, 20-21 (D.D.C. 2004) (holding that even though defendant failed to produce any documents or a privilege log after service of three separate requests for documents, because a privilege log was ultimately provided, "the issue of waiver is not raised.")

Unlike the parties in the cited cases, Barr has already produced hundreds of thousands of pages of documents as well as a privilege log. Government Plaintiffs cite no authority to support the waiving of privilege claims as to a supplemental privilege log that will be produced several weeks before the close of discovery and before the deposition of any of Barr witnesses.

"5/21/-04-7/19/05 & undated," "Charts (approximately 500-550)" from "WC-Barr Team" to "WC-Barr Team" described as "containing *factual* analysis concerning WC-Barr investigation.") (emphasis added). Entries such as this clearly do not permit defendants to "assess [the FTC's] claims of privilege and to challenge any unwarranted privilege claims." (Pls.' Mot. to Compel at 1.)

In short, even though the FTC's privilege log is defective and the private plaintiffs have not yet provided privilege logs to Barr, Barr still agreed to unilaterally produce its supplemental privilege log by September 8. Thus, the FTC's extensive discussion at page 3 of its motion is completely unwarranted.[3] Accordingly, the FTC's request is simply moot.

## II. THE MOTION TO COMPEL IS UNREASONABLE BECAUSE IT DEMANDS A COMPLETION DATE FOLLOWED BY NO OTHER PARTY AND BECAUSE DISCOVERY IS ONGOING.

### A. The Government Plaintiffs Demand A Deadline Neither Required Under the Joint Case Management Order, Nor Met By Any Other Litigant.

In their motion, Government Plaintiffs demand that Barr "complete" its supplemental document production, apparently meaning immediately. First, under the Joint Case Management Order, the parties agreed to close fact discovery on October 18, 2006. Second, Barr would note that no other commercial entity in this case has "completed" its document production to date. For example, co-defendant Warner Chilcott is still performing supplemental searches, as are the private plaintiffs in this case.[4] The FTC, meanwhile, has not yet produced documents from its

---

[3] Contrary to Government Plaintiffs' assertion, Barr never "refused" to provide a supplemental privilege log "only when all plaintiffs produce their logs." Gov't Pls.' Joint Mot. to Compel at 3. In the letter the FTC cites, Barr simply requested, as a common courtesy, that in exchange for advising plaintiffs (including the FTC) when Barr's supplemental privilege log would be ready, for plaintiffs to likewise advise Barr when their privilege logs would be produced. (*See* August 21, 2006 letter from K. Walker to T. Brock, attached as Ex. F) (explaining that Barr sought a "commitment from plaintiffs as to when they would provide such logs.")

[4] In fact, defendants have yet to receive *any* documents from many of the private plaintiffs in this case.

4

Merger Division's review and approval of the Ovcon transaction, an issue that is still being disputed by the parties and may eventually have to be resolved by the Court.

Despite the fact that not every shred of paper has been produced by every other party in this case, however, the parties have proceeded with depositions without hindrance. (*See*, *e.g.*, Depositions of H. Goldman, S. Barger, S. Cohen, M. Lazar, R. Reardon, and R. Fowble (cover pages attached as Ex. G).)

### B. Discovery Is Ongoing And While Barr Has Already Produced A Huge Amount of Documents, The Breadth Of The FTC's Demands Have Necessitated Exhaustive and Burdensome Supplemental Searches.

The supplemental electronic sweeps required by the FTC's demands have netted hundreds of thousands of documents that had to be reviewed for responsiveness. Barr originally *objected* to many of these searches, and only after discussions with the FTC agreed to perform such supplemental searches. Having done so, Barr's concerns about the requests being unduly burdensome have only been borne out, as hundreds of thousands of electronic "hits" have had to be reviewed at great burden and expense to Barr. The FTC revisits the subject of its *prior* motion to compel, arguing that Barr's large production is overbroad (an ironic assertion given that Barr specifically objected that the FTC's requests were overbroad). But this complaint is also moot given that Barr has since provided the FTC with the source index it previously demanded. (*See* Ex. C, enclosing Barr Source Index.)[5]

Barr has already produced nearly 300,000 pages and, due to the onerous demands of the Government plaintiffs as to the scope of electronic documents that must be searched, is still

---

[5] Plaintiffs' complaint that certain attachments contain blank or irrelevant pages is unfounded. The so-called "blank" pages that Government Plaintiffs refer to are actually spreadsheets containing a "0" value in one of the columns. (*See*, *e.g.*, Barr-Ovcon-15200, Barr-Ovcon-20033, attached as Ex. H.) As for the other examples given by Government Plaintiffs, it is standard practice to produce responsive documents along with all non-privileged attachments (without regard to whether the attachment itself was relevant).

5

culling through the hundreds of thousands of "hits" generated. A substantial number of responsive documents have been produced and Barr's supplemental production should be substantially complete by the end of September and fully complete by the discovery cutoff. Moreover, the citation plaintiffs refer to at page 6, implying that Barr had previously guaranteed its production would be "substantially complete" by the end of July, referred only to the documents to which Barr did not object in its responses. Barr's position could not have been clearer:

> As for the timing of Barr's production, we expect to begin production of materials *we agreed to produce and we have already begun to collect* within the next several weeks. We would produce that information on a rolling basis and hope to substantially complete that production by the end of July. Because we seek to avoid duplicative searches, *we would like to resolve the disputed scope issues before commencing more burdensome searches* of the Company.

(*See* June 27, 2006 Letter from K. Walker to T. Brock, attached as Ex. E to Gov't Pls.' Joint Motion to Compel.) (emphasis added) Since then, Barr has agreed to search for and produce many of the non-Ovcon and electronic files originally objected to, and it is these documents that have necessitated supplemental search, review, and production efforts.

Government Plaintiffs' only argument for requiring a "drop dead" date for all responsive documents is so that such documents may be used in depositions. However, Barr has already produced nearly 300,000 pages of documents available to plaintiffs for use in depositions. Moreover, Barr is certainly willing to entertain any requests for certain files to be expedited, as apparently the Government Plaintiffs have done with other parties.

**Conclusion**

For the foregoing reasons, Barr respectfully requests that the Court deny the Government Plaintiffs' Joint Motion to Compel.

Dated: September 1, 2006

/s/ Karen N. Walker
_____
Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Chong S. Park (D.C. Bar # 463050)
KIRKLAND & ELLIS LLP
655 15th Street, NW
Suite 1200
Washington, DC  20005
Tel.  (202) 879-5000
Fax  (202) 879-5200

*Counsel for Barr Pharmaceuticals, Inc.*