# EXHIBIT C



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Thomas H. Brock, Esq.
Bureau of Competition
Federal Trade Commission
Room 360
600 Pennsylvania Ave., N.W.
Washington, DC 20580

Direct Line (202) 326-2813
E-mail: TBrock@ftc.gov

August 9, 2006

## VIA E-MAIL AND WEBSITE SERVICE

Karen N. Walker, Esq.
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Re:    Federal Trade Commission, *et al.,* v. Warner Chilcott Holdings Company III, Ltd., *et al.*, Civil Action Nos. 1:05-cv-2179-CKK, 1:05-cv-2182-CKK (D.D.C.)

Dear Karen:

I received your letter of August 8, 2006, after close of business, in which you stated that you were willing to provide us, in "a few weeks," an index of the documents that Barr has produced in response to our document request dated May 5, 2006.

Your letter last night does not address the wide range of deficiencies in Barr's document production. For example, Barr apparently decided to produce the documents directly from the sources as kept in the usual course of business. As I explained in our conversation, I will not agree to Barr switching gears now and simply providing an "index" of documents, if that means a list of the document requests to which its documents are responsive rather than providing us with meaningful information regarding the organization of the documents as they were produced.

Second, Barr's hard-copy document production is incomplete and Barr's preparation of an index of the documents that it has produced will not somehow make its production complete. For example, Barr has not produced file and folder labels indicating the location in which

Karen N. Walker, Esq.
August 9, 2006
Page 2

individual documents were maintained. This is particularly important because these materials might allow us to distinguish the documents that were drawn from files maintained by individuals – rather than Barr's central file system – and thus permit us to attribute the documents to a particular custodian. Barr's production of its electronic materials is similarly deficient. Your preparation of an index of the produced materials would not solve these deficiencies in Barr's production.

Third, we cannot wait "a few weeks" to get an index. The first deposition of a witness from Barr management is now scheduled for September 6, 2006. That deposition was already rescheduled once due to Barr's delay in responding to our May 5, 2006, document request. Therefore, we need you to provide the organizational materials more promptly than in "a few weeks." We believe this is only practical since Barr already has had three months to prepare a proper response to our document request.

Due to our conversation last Friday – which ended with your acknowledgment that I should take the matter to Court – I spent the weekend preparing a motion to compel Barr to comply with the provisions of Rule 34, Fed. R. Civ. P. in responding to our document request. I plan to file that motion by close of business today because your offer to provide an "index" of the documents in "a few weeks" does not solve the host of deficiencies in Barr's production. Nevertheless, I will consider foregoing an application to the Court (or withdrawing the motion after it is filed) if Barr will agree to the following:

1.  Producing each document in an organized format by grouping or identifying the documents by the physical or electronic folder from which the document was drawn, as kept in the usual course of business.

2.  In the case of a document that Barr maintains in hard copy files, (i) producing a copy of or identifying the label of the folder in which the document was retained; (ii) producing the name and the physical location of the file drawer in which the folder is kept; and (iii) producing the identification of the custodian(s) of the file by identifying the person(s) whose workpapers are routinely included in the file drawer.

3.  In the case of documents that are maintained in an electronic format on personal computer or servers, (i) producing documents identifying the personal computer or server from which the documents were drawn, if applicable; (ii) producing documents' metadata, including information regarding the network path in which the file was retained; and (iii) producing, for each document produced, an optical character recognition or an extracted text file, if the data are available in that format.

4.  Completing these corrections to Barr's production of documents no later than August 21, 2006.

Karen N. Walker, Esq.
August 9, 2006
Page 3


Please call me if you want to discuss this matter.

Sincerely,

/s/

Thomas H. Brock

cc:    Contact Attorneys (via website service)