IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WARNER CHILCOTT HOLDINGS ) <br> COMPANY III, LTD., *et al.*, ) <br> ) <br> Defendants. ) | Civil Action Nos.   1:05-cv-2179-CKK <br> 1:05-cv-2182-CKK |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF EXPEDITED MOTION TO COMPEL DEFENDANT BARR TO PRODUCE A PRIVILEGE LOG AND TO COMPLETE PRODUCTION OF DOCUMENTS**

This motion (Doc. No. 56-1, Case No. 05-2179) addresses the failure of defendant Barr Pharmaceuticals, Inc., to produce a privilege log pursuant to Rule 26(b)(5), Fed. R. Civ. P., and to complete its production of documents in response to our First Request for the Production of Documents.

**ARGUMENT**

**I.    Barr's Failure to Produce a Privilege Log.**

In its response to our motion to compel the production of a privilege log, Barr represented that "it will serve a supplemental or superseding log by September 8, 2006." Based on this representation to the Court, and upon the production of an adequate privilege log by Barr, this portion of our motion will be moot. We will advise the Court if there are any further problems.[1]

---

[1] This is the first instance in which Barr committed itself to a date for its production of a privilege log. And, while we regret having to interfere with the Court's docket, we respectfully note that Barr made this commitment only after we filed this motion.

## II.     Barr Should Be Ordered to Complete Its Document Production.

In the second half of our motion, we move the Court for an order directing Barr to complete its production of documents responsive to our First Request for the Production of Documents.  We served our request on Barr on May 5, 2006.  Because Barr has little excuse for its failure to complete its document production in four months, it devotes most of its brief to diverting the Court's attention to issues unrelated to our motion to compel.

First, Barr repeatedly points to delays in discovery in its litigation with the private plaintiffs.  *See* Barr's Response at 1, 3, 4 n.4, 5.  However, the Case Management Order is clear: Barr's discovery disputes with the private plaintiffs is not an excuse to delay discovery in the government enforcement actions.  In fact, under paragraph 3 of the Order, the Court explicitly instructed Barr (and the private plaintiffs) "to implement this order and the corresponding orders in the other Pending Cases *in a manner so as not to delay discovery or other proceedings in the lawsuits filed by the Government Plaintiffs."*  Case Management Order  (Doc. No. 42, Case No. 05-2179) ¶ 3 (Apr. 14, 2006) (italics added).

Second, Barr's suggestion that the Commission has not responded to Barr's requests for documents relating to the FTC's merger review of the Ovcon transaction is both diversionary and wrong.  As we informed defendants more than two months ago:

> "[W]e searched for documents relating to the merger shop's review of the Ovcon agreement.  We included all of the privileged documents on our revised [privilege] log.  We did not produce any non-privileged documents from that review because none exist in our files."  Letter from Bradley S. Albert, Esq., to Andrew M. Lacy, Esq., dated June 21, 2006.  (Exhibit A).

In other words, as of  June, we produced all responsive, non-privileged documents and provided Barr a privilege log.  As of today, Barr has done neither.

Third, Barr suggests that under the Case Management Order it has the discretion to produce responsive documents any time before the discovery cut-off date of October 18, 2006. Barr's Response at 4, 6. The Court directed the parties to serve their discovery requests so that discovery would be completed by that date. Case Management Order (Doc. No. 42, Case No. 05-2179) ¶ 9 (Apr. 14, 2006). The Case Management Order did not give Barr license to delay its discovery responses until October 18, 2006, regardless of when the request was served.[2]

Fourth, Barr questions the significance of its failure to complete its document production before depositions commence because, after all, "Barr has already produced nearly 300,000 pages of documents available to plaintiffs for use in depositions." Barr's Response at 6. However, if Barr does not complete its production of responsive documents promptly, its selective production of documents that Barr itself labeled "junk" – such as documents relating to "beer pong" and "Saturday Night Live" – is meaningless.[3] And, worse, Barr's unilateral decision to delay the production of truly responsive documents – or to withhold others outright – runs roughshod over our depositions of Barr's personnel beginning in just two weeks.[4]

---

[2]   Similarly, Barr claims that much of its production has been delayed because it elected to withdraw objections that it originally asserted in its initial response to our document request. Barr's Response at 5. If this rationale were accepted, it would reward a litigant for being intransigent in its initial response to a discovery request.

[3]   Barr summarily dismisses our complaint about its production of 15,000 pages of spreadsheets because, Barr maintains, these responsive documents had the value "0" in the first column. Barr's Response at 5 n.5. Still, Barr refrains from offering the Court any explanation of even the remote relevance of these documents to the case.

[4]   In its response, Barr also offered (for the first time) to "entertain any requests for certain files to be expedited, as apparently the Government Plaintiffs have done with other parties." Barr's Response at 6. Therefore, we wrote Barr on September 4, 2006, asking if it would expedite production by providing us responsive documents of a custodian ten days before the deposition of that custodian. *See* Exhibit B. Barr has not responded to our request.

## CONCLUSION

For the reasons set forth above, we respectfully move the Court for an order compelling Barr to complete its production of documents responsive to our First Request for the Production of Documents.

Respectfully submitted,

Dated: September 8, 2006

/s/
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
Telephone: (202) 326-3759
Counsel for Plaintiff
Federal Trade Commission


/s/
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Counsel for the Plaintiff States