IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** *et al.*, | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| v. | ) Civil Action Nos. 1:05-cv-2179-CKK <br> )                                  1:05-cv-2182-CKK |
| **WARNER CHILCOTT HOLDINGS COMPANY III LTD.,** *et al.,* | ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

The United States District Court for the District of Columbia presents its compliments to the Ontario Superior Court of Justice in the Province of Ontario, Canada, and requests international judicial assistance to compel the testimony of a witness to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Canada compel the oral testimony of Debbie Rak, an employee of Patheon, Inc., a company located in Missisauga, Ontario, Canada.

**I.      Summary of Action**

The Plaintiff Federal Trade Commission ("FTC" or "Commission"), an agency of the United States Government that is responsible for enforcement of certain of the competition laws of the United States, filed this civil action on November 7, 2005, in the United States District Court for the District of Columbia. Named as Defendants in the FTC's complaint were Warner

Chilcott Holdings Company III, Ltd., and several of its direct and indirect subsidiaries, Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc. (collectively "Warner Chilcott"); and Barr Pharmaceuticals, Inc. ("Barr"). The FTC alleges in this civil action that Warner Chilcott and Barr entered into a horizontal agreement in restraint of trade that constituted an unfair method of competition in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 (2005). Among the factual allegations in the FTC's complaint are that Warner Chilcott sells Ovcon 35 ("Ovcon"), an oral contraceptive that is not subject to patent protection; that Barr is the only company approved by the United States Food and Drug Administration to sell a generic version of Ovcon in competition with Warner Chilcott; and that Warner Chilcott and Barr entered into an agreement through which Warner Chilcott paid Barr $20 million dollars in return for Barr's agreement to stay out of the market for Ovcon for five years and to be available as a supplier of the drug.

On November 7, 2005, 34 States and the District of Columbia also jointly filed a similar civil lawsuit against Warner Chilcott and Barr, alleging that the same conduct violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and the competition laws of those States. This Court consolidated the two lawsuits for the purposes of discovery.

Plaintiffs are seeking permanent injunctions against future violations of the law and other equitable relief.

This Court has jurisdiction over this action pursuant to Sections 5(a) and 13(b) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a) and 53(b) (2005), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1367 (2005). This Court has ordered that all fact discovery, such as oral depositions, be concluded by October 18, 2006. This Court has under consideration a request by

Plaintiffs to permit a deposition of a foreign national, which is the subject of this request, beyond that date.

## II.     Reasons for the Request

Warner Chilcott and Barr, in defending this lawsuit, generally deny the allegations of the FTC and the States and allege, among other things, that their conduct was reasonable, based upon legitimate business and economic justifications, and that it has not injured competition. This Court has made no determination as to whether the facts are as alleged or, if so, whether they would constitute an unfair method of competition in violation of the Federal Trade Commission Act or other laws.

Among the facts claimed to be at issue in the lawsuit is whether the agreement preventing Barr from entering the market with a generic version of Ovcon and the $20 million payment from Warner Chilcott to Barr were necessary for Warner Chilcott to assure adequate, reliable supply of Ovcon. The Plaintiffs will argue that the agreement and payment were not necessary because, among other things, there were other firms with the ability, capacity, and interest to manufacture Ovcon at the time of the agreement, and one of those firms is Patheon, Inc., of Missisauga, Ontario, Canada. Whether Patheon, Inc., was a viable alternative supplier of Ovcon is thus relevant to Plaintiffs' theory of the case. Plaintiffs state that Debbie Rak is the Patheon employee with the most direct knowledge about the facts at issue.

## III.    Assistance Required

This Court respectfully requests that the Ontario Superior Court of Justice compel Debbie Rak, Site Manager, Patheon, Inc., 7070 Mississauga Road, Suite 350, Mississauga, Ontario, Canada L5N 7J8 to appear before a qualified Court Reporter or Official Examiner and give

testimony pursuant to the Canada Evidence Act, R.S. 85, c. C-5, Part II, and S.60 of the Ontario Evidence Act, R.S.O. 1990, c. E23.  The testimony thus given is expected to be offered as evidence at the trial of this case pursuant to Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure for the United States District Courts.

This Court requests that, so far as consistent with applicable Canadian and Ontario law, the testimony be taken pursuant to the provisions of the Federal Rules of Civil Procedure for the United States District Courts, the Rules of the United States District Court for the District of Columbia, and the discovery orders that have been entered by this Court in this action.  The Court further requests that testimony be recorded stenographically and videotaped and that United States counsel for the parties be permitted to examine Ms. Rak.

This Court has jurisdiction under the Federal Rules of Civil Procedure for the United States District Courts to order the testimony from any person within its jurisdiction regarding any matter that is relevant to the subject matter of the pending action.  The evidence sought from Ms. Rak is relevant to determining whether the purported anticompetitive agreement violates the competition laws of the United States.  The evidence is not otherwise obtainable through this Court's compulsory process, given Ms. Rak's presence outside this jurisdiction, and is necessary in order to do justice in this case.  Therefore, this Court respectfully requests that, in the interest of justice, the Ontario Superior Court of Justice issue appropriate orders, subpoenas, or other process necessary to compel the testimony of Debbie Rak in the manner described herein.

The FTC agrees to provide appropriate payment for expenses and conduct money as the witness would be entitled to before the Ontario Superior Court of Justice, and to reimburse the Ontario Superior Court of Justice for its reasonable costs incurred in complying with this request.

Pursuant to 28 U.S.C. § 1782, this Court stands ready to extend similar assistance to the Courts of Ontario in like cases.

Dated: _____    _____
                                 Honorable Collen Kollar-Kotelly
                                 United States District Judge