UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------------------   x
STATE OF COLORADO                                        :
by Attorney General John W. Suthers                     :
1525 Sherman Street, Fifth Floor                        :
Denver, Colorado 80203                                  :   Civil Action No: 1:05CV02182 (CKK)
                                                        :   Judge Colleen Kollar-Kotelly
COMMONWEALTH OF VIRGINIA                                 :
by Attorney General Robert F. McDonnell                 :
900 East Main Street                                    :   JURY TRIAL DEMANDED
Richmond, Virginia 23219                                :
                                                        :
STATE OF MARYLAND                                       :
by Attorney General J. Joseph Curran, Jr.               :
200 St. Paul Street                                     :
Baltimore, Maryland 21202                               :
                                                        :
STATE OF ALASKA                                         :
by Attorney General David W. Marquez                    :
1031 W. 4th Avenue #200                                 :
Anchorage, Alaska 99501                                 :
                                                        :
STATE OF ARIZONA                                        :
by Attorney General Terry Goddard                       :
1275 West Washington                                    :
Phoenix, Arizona 85007-2926                             :
                                                        :
STATE OF ARKANSAS                                       :
by Attorney General Mike Beebe                          :
323 Center Street, Suite 200                            :
Little Rock, Arkansas 72201                             :
                                                        :
STATE OF CALIFORNIA                                     :
by Attorney General Bill Lockyear                       :
1515 Clay St.                                           :
Oakland, California 94612                               :
                                                        :
STATE OF DELAWARE                                       :
by Attorney General Carl C. Danberg                     :
Carvel State Office Building                            :
820 N. French Street                                    :
Wilmington, Delaware 19801                              :
                                                        :
                                                        :
                                                        :
```

DISTRICT OF COLUMBIA       :
by Attorney General Robert J. Spagnoletti :
441 Fourth Street, NW, Suite 450N   :
Washington, District of Columbia 20001  :
                :
STATE OF FLORIDA        :
by Attorney General Charles J. Crist, Jr.  :
PL-01 The Capitol         :
Tallahassee, Florida 32399      :
                :
STATE OF IDAHO         :
by Attorney General Lawrence Wasden  :
650 W. State Street, Lower Level    :
Boise, Idaho 84720-0010      :
                :
STATE OF ILLINOIS        :
by Attorney General Lisa Madigan   :
100 West Randolph Street, 13th Floor  :
Chicago, Illinois 60601       :
                :
STATE OF IOWA          :
by Attorney General Thomas J. Miller  :
2nd Floor, Hoover Office Building   :
East 13th Street and Walnut     :
Des Moines, Iowa 50319      :
                :
STATE OF KANSAS        :
by Attorney General Phill Kline    :
120 SW 10th Street, 2nd Floor    :
Topeka, Kansas 66612       :
                :
COMMONWEALTH OF KENTUCKY  :
by Attorney General Gregory D. Stumbo :
1024 Capital Center Drive      :
Frankfort, Kentucky 40601     :
                :
STATE OF LOUISIANA       :
by Attorney General Charles C. Foti, Jr.  :
1885 N. 3rd Street, 4th Floor     :
Baton Rouge, Louisiana 70802    :
                :
                :
                :

STATE OF MAINE                          :
by Attorney General G. Steven Rowe      :
6 State House Station                   :
Augusta, Maine 04333-0006               :
                                        :
COMMONWEALTH OF MASSACHUSETTS           :
by Attorney General Thomas F. Reilly    :
One Ashburton Place                     :
Boston, Massachusetts 02108             :
                                        :
STATE OF MICHIGAN                       :
by Attorney General Michael A. Cox      :
G. Mennen Williams Building, 6th Floor  :
525 W. Ottawa Street                    :
Lansing, Michigan 48913                 :
                                        :
STATE OF MINNESOTA                      :
by Attorney General Mike Hatch          :
102 State Capitol                       :
St. Paul, Minnesota 55155-1609          :
                                        :
STATE OF MISSISSIPPI                    :
by Attorney General Jim Hood            :
Post Office Box 22947                   :
Jackson, Mississippi 39225              :
                                        :
STATE OF MISSOURI                       :
by Attorney General Jeremiah (Jay) W. Nixon :
Post Office Box 899                     :
Jefferson City, Missouri 65102          :
                                        :
STATE OF NEVADA                         :
by Attorney General George J. Chanos    :
555 East Washington Avenue, Suite 3900  :
Las Vegas, Nevada 89101                 :
                                        :
STATE OF NEW YORK                       :
by Attorney General Eliot Spitzer       :
120 Broadway, Suite 26C                 :
New York, New York 10271-0332           :
                                        :
STATE OF  NORTH CAROLINA                :
by Attorney General Roy Cooper          :
9001 Mail Service Center                :
Raleigh, NC 27699-9001                  :

3

STATE OF NORTH DAKOTA                      :
by Attorney General Wayne Stenehjem        :
P.O. Box 1054                              :
Bismarck, North Dakota 58502-1054          :
                                           :
STATE OF OHIO                              :
by Attorney General Jim Petro              :
150 East Gay Street, 20th Floor            :
Columbus, Ohio 43215                       :
                                           :
STATE OF OKLAHOMA                          :
by Attorney General W.A. Drew Edmonson     :
4545 N. Lincoln Boulevard, Suite 260       :
Oklahoma City, Oklahoma 73105              :
                                           :
STATE OF OREGON                            :
by Attorney General Hardy Myers            :
1162 Court Street NE                       :
Salem, Oregon 97301                        :
                                           :
STATE OF RHODE ISLAND                      :
by Attorney General Patrick C. Lynch       :
150 South Main Street                      :
Providence, Rhode Island 02903             :
                                           :
STATE OF SOUTH CAROLINA                    :
by Attorney General Henry D. McMaster      :
Rembert C. Dennis Building                 :
1000 Assembly Street, Suite 501            :
Columbia, South Carolina 29211-1549        :
                                           :
STATE OF TENNESSEE                         :
by Attorney General Paul G. Summers        :
P.O. Box 20207                             :
Nashville, Tennessee 37202-0207            :
                                           :
STATE OF TEXAS                             :
by Attorney General Greg Abbott            :
Post Office Box 12548                      :
Austin, Texas 78711                        :
                                           :
STATE OF UTAH                              :
by Attorney General Mark L. Shurtleff      :
160 East 300 South, Fifth Floor            :
Salt Lake City, Utah 84111                 :

4

and                                            :
                                               :
STATE OF VERMONT                               :
by Attorney General William H. Sorrell         :
109 State Street                               :
Montpelier, Vermont 05609-1001                 :
                                               :
        Plaintiffs,                            :
                                               :
    v.                                         :
                                               :
WARNER CHILCOTT HOLDINGS COMPANY               :
III, LTD.                                      :
100 Enterprise Drive                           :
Rockaway, N.J. 07866-2129                      :
                                               :
WARNER CHILCOTT CORPORATION                    :
100 Enterprise Drive                           :
Rockaway, N.J. 07866-2129                      :
                                               :
WARNER CHILCOTT (US) INC.                      :
100 Enterprise Drive                           :
Rockaway, N.J. 07866-2129                      :
                                               :
WARNER CHILCOTT COMPANY, INC.                  :
Union Street, Km. 1.1                          :
Fajardo, Puerto Rico 00738                     :
                                               :
and                                            :
                                               :
BARR PHARMACEUTICALS, INC.                     :
2 Quaker Road, P.O. Box 2900                   :
Pomona, N.Y. 10970-0519                        :
                                               :
        Defendants.                            :
-------------------------------------------------  x

## WARNER CHILCOTT'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott

Corporation, Warner Chilcott (US) Inc. and Warner Chilcott Company, Inc. (collectively,

"Warner Chilcott") answer the allegations of the states of Colorado, Maryland, Alaska, Arizona,

Arkansas, California, Delaware, Florida, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine,

Michigan, Minnesota, Mississippi, Missouri, Nevada, New York, North Carolina, North Dakota,

Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, and Vermont,

the commonwealths of Kentucky, Massachusetts and Virginia, and the District of Columbia

("Plaintiffs") in their Second Amended Complaint ("Complaint") as follows:

**PLAINTIFFS' ALLEGATION**

1.      Warner Chilcott and Barr entered into an anticompetitive agreement not to
compete, in violation of the antitrust laws.

**ANSWER**

Paragraph 1 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is required, Warner Chilcott denies each and every allegation

contained in Paragraph 1 of the Complaint.

**PLAINTIFFS' ALLEGATION**

2.      Warner Chilcott is a pharmaceutical company that develops, manufactures, and
markets proprietary women's healthcare and dermatology prescription pharmaceutical products.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 2 of the Complaint.

**PLAINTIFFS' ALLEGATION**

3.      Barr is a pharmaceutical company that develops, manufactures, and markets
generic and proprietary prescription pharmaceutical products.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 3 of the Complaint.

**PLAINTIFFS' ALLEGATION**

4.    Warner Chilcott markets Ovcon, a proprietary prescription pharmaceutical product that contains norethindrone and ethinyl estradiol as its active pharmaceutical ingredients. Ovcon is an oral contraceptive product prescribed to women for the prevention of pregnancy.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 4 of the Complaint.

**PLAINTIFFS' ALLEGATION**

5.    Warner Chilcott is the exclusive marketer of Ovcon, pursuant to an agreement with Bristol-Myers Squibb.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 5 of the Complaint.

**PLAINTIFFS' ALLEGATION**

6.    Barr developed a generic version of Ovcon and submitted an abbreviated new drug application ("ANDA") for generic versions of Ovcon with the U.S. Food and Drug Administration ("FDA").

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except admits that the FDA has approved a Barr ANDA for a generic Ovcon.

**PLAINTIFFS' ALLEGATION**

7.     On or about March 24, 2004, Warner Chilcott and Barr entered into an Option and License Agreement (the "Agreement") not to compete.  Warner Chilcott exercised that option on May 6, 2004.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 7 of the Complaint, except admits that on or about March 24, 2004 Warner Chilcott and Barr entered into an option agreement, and further admits that Warner Chilcott exercised that option on May 6, 2004. Warner Chilcott respectfully refers the Court to the option agreement for the terms thereof.

**PLAINTIFFS' ALLEGATION**

8.     Prior to May 6, 2004, Barr planned on competing with Warner Chilcott by marketing its lower-priced generic version of Ovcon after obtaining FDA approval.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 8 of the Complaint.

**PLAINTIFFS' ALLEGATION**

9.     The Agreement prevented persons in the Plaintiff States from purchasing a less-expensive generic version of Ovcon.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 9 of the Complaint.

8

**PLAINTIFFS' ALLEGATION**

10.    The States request a finding that Warner Chilcott and Barr violated state and federal antitrust and related laws, a permanent injunction barring Warner Chilcott and Barr from engaging in similar conduct in the future, other equitable relief, civil penalties, and/or other relief for injuries caused by the illegal Agreement.

**ANSWER**

Warner Chilcott admits that Plaintiffs purport to allege claims against Warner

Chilcott, but denies each and every allegation contained in Paragraph 10 of the Complaint.

Warner Chilcott further denies that it has violated any laws and that Plaintiffs are entitled to any

relief whatsoever.

**PLAINTIFFS' ALLEGATION**

11.    This Court has jurisdiction pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 and Section 16 of the Clayton Act, 15 U.S.C. § 26, and 28 U.S.C. §§ 1331 and 1337. In addition to pleading violations of federal antitrust law, the States also allege violations of state antitrust, consumer protection and/or unfair competition statutes and related state laws. The States seek civil penalties and/or equitable relief under those state laws.

**ANSWER**

Paragraph 11 of the Complaint contains legal conclusions to which no response is

required. To the extent a response is required, Warner Chilcott denies that Plaintiffs are entitled

to any relief whatsoever.

**PLAINTIFFS' ALLEGATION**

12.    All claims under federal and state law are based upon a common nucleus of operative fact, and the entire action commenced by this Complaint constitutes a single case that would ordinarily be tried in one judicial proceeding.

**ANSWER**

Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott admits the allegations contained in Paragraph 12 of the Complaint.

**PLAINTIFFS' ALLEGATION**

13.     This Court has jurisdiction of state law claims under 28 U.S.C. §1367(a), as well as under the principles of supplemental jurisdiction. Supplemental jurisdiction will avoid unnecessary duplication and multiplicity of actions and should be exercised in the interests of judicial economy, convenience, and fairness.

**ANSWER**

Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott admits the allegations contained in Paragraph 13 of the Complaint.

**PLAINTIFFS' ALLEGATION**

14.     Venue is proper in this Court under Section 12 of the Clayton Act, 15 U.S.C. § 22 and under 28 U.S.C. §§ 1391(b) and (c), because: (1) Warner Chilcott and Barr transact business and are found within this district; and (2) a substantial portion of the affected trade and commerce described below has been carried out in this district.

**ANSWER**

Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, except admits that Ovcon is sold in the District of Columbia.

10

**PLAINTIFFS' ALLEGATION**

15.    Defendant Warner Chilcott Holdings Company III, Limited, is a privately-owned for-profit enterprise organized under the laws of Bermuda, with its principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 15 of the

Complaint, except admits that Warner Chilcott Holdings Company III, Ltd. is a privately-owned,

for-profit enterprise organized under the laws of Bermuda, with its registered office located at

Canon's Court, 22 Victoria Street, Hamilton HM12 Bermuda.

**PLAINTIFFS' ALLEGATION**

16.    Defendant Warner Chilcott Corporation is a for-profit Delaware corporation with its principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129.  Defendant Warner Chilcott Corporation is an indirect wholly-owned subsidiary of Defendant Warner Chilcott Holdings Company III, Limited.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 16 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

17.    Defendant Warner Chilcott (US), Inc., is a for-profit Delaware corporation with its principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129.  Defendant Warner Chilcott (US), Inc., is a direct wholly-owned subsidiary of Defendant Warner Chilcott Corporation.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 17 of the

Complaint.

11

**PLAINTIFFS' ALLEGATION**

18.     Warner Chilcott develops, manufactures, and markets proprietary women's healthcare and dermatology prescription pharmaceutical products.  For the fiscal quarter ending March 31, 2005, Warner Chilcott Holdings Company III, Limited reported net revenue of approximately $133.7 million.  During that period, sales of Ovcon increased 30.8% to approximately $22,900,000 for the quarter.

**ANSWER**

        Warner Chilcott denies the allegations contained in Paragraph 18 of the

Complaint, except admits that Warner Chilcott develops, manufacturers, and markets proprietary

women's healthcare and dermatology prescription pharmaceutical products.  Warner Chilcott

further admits that its net unaudited revenue for the fiscal quarter ending March 31, 2005 was

approximately $133.7 million.

**PLAINTIFFS' ALLEGATION**

19.     Defendant Warner Chilcott Company, Inc., a wholly-owned subsidiary of Warner Chilcott Holdings Company III, Ltd., is organized, existing, and doing business under and by virtue of the laws of the Commonwealth of Puerto Rico.

**ANSWER**

        Warner Chilcott admits the allegations contained in Paragraph 19 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

20.     Defendant Barr Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business at 400 Chestnut Ridge Rd., Woodcliff Lake, New Jersey 07677-7668.  Barr Laboratories, Inc., is a wholly-owned subsidiary of Barr Pharmaceuticals, Inc.  Barr develops, manufactures, and markets generic and proprietary prescription pharmaceutical products.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, except admits that Barr develops, manufactures, and markets generic and proprietary prescription pharmaceutical products.

**PLAINTIFFS' ALLEGATION**

21.    The Plaintiff States bring this action in their sovereign and/or quasi-sovereign capacities by their Attorneys General as the Plaintiff States' chief civil law enforcement officials seeking relief 1) pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, as parens patriae, and 2) pursuant to state law as a civil law enforcement action.

**ANSWER**

Paragraph 21 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 21 of the Complaint.

**PLAINTIFFS' ALLEGATION**

22.    A drug manufacturer must obtain approval from the U.S. Food and Drug Administration ("FDA") before the manufacturer may lawfully introduce a new drug in the United States.

**ANSWER**

Paragraph 22 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott admits that the FDA has procedures concerning pharmaceuticals sold in the United States.

13

**PLAINTIFFS' ALLEGATION**

23.    To have one of its new drugs considered for approval, a manufacturer must file a New Drug Application ("NDA") with the FDA.  The NDA must contain information demonstrating that the drug is safe and effective for its intended use.

**ANSWER**

Paragraph 23 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott admits that the FDA has procedures concerning pharmaceuticals sold in the United States.

**PLAINTIFFS' ALLEGATION**

24.    A drug that is approved through the NDA process may be listed by the FDA as a "Reference Listed Drug" in the FDA's publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly referred to as the "Orange Book."

**ANSWER**

Paragraph 24 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott admits that a pharmaceutical may be listed in the "Orange Book."

**PLAINTIFFS' ALLEGATION**

25.    Generic drugs are similar to, but not necessarily identical to, Reference Listed Drugs.  A generic drug contains the same active pharmaceutical ingredient(s) (or contains the same therapeutic moiety, but may be a different salt, ester, or complex of that moiety) as the corresponding Reference Listed Drug, but may contain other ingredients (such as colors and flavors) that are different.  A generic drug is comparable to a Reference Listed Drug in dosage form, strength, route of administration, quality, performance characteristics and intended use.  A generic drug must be bioequivalent to the corresponding Reference Listed Drug.

**ANSWER**

Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 25 of the Complaint.

**PLAINTIFFS' ALLEGATION**

26.    The Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355, (the "Hatch-Waxman Act") established a procedure that has often allowed generic drugs to enter the market earlier than had been possible in the past. The Hatch-Waxman Act allows a company to seek FDA approval to market a generic version of a Reference Listed Drug by filing an Abbreviated New Drug Application ("ANDA"). An ANDA is generally not required to include preclinical (animal) and clinical (human) data to establish safety and effectiveness.

**ANSWER**

Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, except admits that the Drug Price Competition and Patent Term Restoration Act of 1984 ("Hatch-Waxman Act"), 21 U.S.C. § 355, has provisions concerning generic pharmaceuticals.

**PLAINTIFFS' ALLEGATION**

27.    Because the FDA has already determined that a Reference Listed Drug is safe and effective for use, an ANDA filer may rely on the safety and efficacy data previously provided for a specific Reference Listed Drug, so long as the ANDA filer sufficiently demonstrates to the FDA that its generic drug is bioequivalent to the Reference Listed Drug.

**ANSWER**

Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, except admits that the FDA has procedures concerning generic pharmaceuticals.

**PLAINTIFFS' ALLEGATION**

28.     Generic versions of Reference Listed Drugs are usually sold at prices substantially below the prices charged for the Reference Listed Drugs. Persons in the Plaintiff States save significant amounts of money by purchasing generic drugs.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 28 of the Complaint.

**PLAINTIFFS' ALLEGATION**

29.     Ovcon has been available to the general public as a prescription pharmaceutical product since approximately 1976.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, except admits that Ovcon 35 was approved by the FDA in approximately 1976.

**PLAINTIFFS' ALLEGATION**

30.     Prior to January 26, 2000, Bristol-Myers Squibb Company ("BMS") manufactured, distributed, and marketed Ovcon in the United States.

16

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, except denies that BMS was the only company marketing Ovcon in the United States prior to January 26, 2000.

**PLAINTIFFS' ALLEGATION**

31. On January 26, 2000, Warner Chilcott purchased from BMS certain rights, title, and interest in Ovcon products.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 32 of the Complaint.

**PLAINTIFFS' ALLEGATION**

32. On January 26, 2000, Warner Chilcott entered into a supply agreement with Bristol Myers-Squibb Laboratories Company ("BMSLC"), a wholly owned subsidiary of BMS. The supply agreement states the terms and conditions associated with the supply of Ovcon product by BMSLC to Warner Chilcott.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, except admits that on January 26, 2000 Warner Chilcott entered into a supply agreement with BMSLC, and further admits that the supply agreement states the terms and conditions associated with the supply of Ovcon product from BMSLC to Warner Chilcott. Warner Chilcott respectfully refers the Court to the supply agreement for the terms thereof.

17

**PLAINTIFFS' ALLEGATION**

33.    Warner Chilcott then began marketing Ovcon manufactured by BMSLC, and continues to be the exclusive marketer of Ovcon at the present time.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, except admits that Warner Chilcott marketed Ovcon after entering into the agreement with BMSLC.

**PLAINTIFFS' ALLEGATION**

34.    Warner Chilcott's sales of Ovcon have continued to increase, and Warner Chilcott has continued to increase the price charged for Ovcon.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 34 of the Complaint, except admits that Warner Chilcott's sales of Ovcon have increased since it purchased the product, and further admits that the price of Ovcon has risen.

**PLAINTIFFS' ALLEGATION**

35.    In September 2001, Barr filed ANDAs with the FDA for approval to market generic versions of Ovcon.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 35 of the Complaint.

18

**PLAINTIFFS' ALLEGATION**

36.    In January 2003, Barr publicly communicated its intent to launch a generic version of Ovcon by the end of 2003.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 36 of the Complaint.

**PLAINTIFFS' ALLEGATION**

37.    Barr intended to offer its generic version of Ovcon for sale at a price approximately 30% less than the price charged by Warner Chilcott.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 37 of the Complaint.

**PLAINTIFFS' ALLEGATION**

38.    At all times since executing its agreement to purchase rights to Ovcon from BMS, Warner Chilcott has remained the only marketer of Ovcon; no generic version of Ovcon has ever been released to the public.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 38 of the Complaint.

**PLAINTIFFS' ALLEGATION**

39.    Warner Chilcott was aware that its revenues could be substantially decreased if a generic version of Ovcon became available to consumers.

19

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 39 of the Complaint.

**PLAINTIFFS' ALLEGATION**

40.    Warner Chilcott's first attempt to eliminate the threat posed by the entry of a
generic version of Ovcon was the development of a line extension to Ovcon.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 40 of the

Complaint, except admits that Warner Chilcott has developed a new, innovative, patented

product, Ovcon Chewable.

**PLAINTIFFS' ALLEGATION**

41.    Warner Chilcott's strategy was to introduce its line extension (a chewable version
of Ovcon) prior to the entry of a generic version of non-chewable Ovcon.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 41 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

42.    Warner Chilcott planned to engage in various practices that would ultimately
result in the replacement of prescriptions for (and supply of) non-chewable Ovcon with chewable
Ovcon.

20

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 42 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

43.    In 2003, Warner Chilcott became aware that its position as the exclusive marketer of Ovcon was facing an imminent threat from the generic version of Ovcon being developed by Barr.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 43 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

44.    By mid-2003, Warner Chilcott learned that it would likely be unable to begin marketing a chewable version of Ovcon prior to Barr's launch of a generic version of Ovcon.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 44 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

45.    Warner Chilcott's inability to begin marketing its line extension prior to the availability of Barr's generic version of Ovcon would substantially reduce Warner Chilcott's revenues.

**ANSWER**

        Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 45 of the Complaint.

**PLAINTIFFS' ALLEGATION**

      46.    In August 2003, Warner Chilcott responded to Barr's impending launch of a
generic version of Ovcon by engaging in discussions with Barr regarding an anticompetitive
agreement not to compete.

**ANSWER**

        Warner Chilcott denies each and every allegation contained in Paragraph 46 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

      47.    On September 10, 2003, Warner Chilcott and Barr signed a letter of intent to enter
into an agreement that gave Warner Chilcott the exclusive option to market all products
produced pursuant to Barr's ANDAs for generic versions of Ovcon.

**ANSWER**

        Warner Chilcott denies the allegations contained in Paragraph 47 of the

Complaint, except admits that on September 10, 2003 Warner Chilcott and Barr signed a letter of

intent.  Warner Chilcott respectfully refers the Court to the letter of intent for the terms thereof.

**PLAINTIFFS' ALLEGATION**

      48.    On March 24, 2004, the Defendants signed the Agreement, as contemplated by
their letter of intent.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 48 of the Complaint, except admits that Warner Chilcott and Barr entered into an option agreement on March 24, 2004. Warner Chilcott respectfully refers the Court to the option agreement for the terms thereof.

**PLAINTIFFS' ALLEGATION**

49.    Through the Agreement, Barr agreed to stay off the market and give Warner Chilcott the exclusive right to market, distribute, and sell Barr's generic version of Ovcon.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 49 of the Complaint.

**PLAINTIFFS' ALLEGATION**

50.    Warner Chilcott paid Barr $1,000,000 in exchange for the option contained in the Agreement.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 50 of the Complaint, except admits that Warner Chilcott paid Barr $1,000,000 in consideration for the option. Warner Chilcott respectfully refers the Court to the option agreement for the terms thereof.

**PLAINTIFFS' ALLEGATION**

51.     On April 22, 2004, the FDA granted final approval of Barr's ANDAs for the generic versions of Ovcon.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 51 of the Complaint.

**PLAINTIFFS' ALLEGATION**

52.     On April 23, 2004, Barr publicly communicated its intent to begin marketing its generic version of Ovcon in the event that Warner Chilcott chose not to exercise its option under the Agreement.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 52 of the

Complaint, except admits that Barr publicly contemplated marketing a generic Ovcon if Warner

Chilcott did not exercise its option, subject to certain risks and uncertainties associated with

making generic Ovcon commercially available.

**PLAINTIFFS' ALLEGATION**

53.     On May 6, 2004, Warner Chilcott exercised its option under the Agreement. Pursuant to the terms of the Agreement, Warner Chilcott paid Barr $19,000,000 in exchange for Barr's promise not to compete with Warner Chilcott by introducing a generic version of Ovcon and for giving Warner Chilcott the exclusive right to market, distribute, and sell Barr's generic version of Ovcon.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 53 of the

Complaint, except admits that on or about May 6, 2004 Warner Chilcott exercised the option,

24

and further admits that Warner Chilcott paid Barr $19,000,000 upon the exercise of the option.

Warner Chilcott respectfully refers the Court to the option agreement for the terms thereof.

**PLAINTIFFS' ALLEGATION**

54.    Warner Chilcott and Barr also entered into a Finished Product Supply Agreement ("Supply Agreement") on March 24, 2004.  The Supply Agreement became effective when Warner Chilcott exercised its option under the Agreement.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 54 of the

Complaint, except admits that Warner Chilcott and Barr entered into a supply agreement on

March 24, 2004.  Warner Chilcott respectfully refers the Court to the supply agreement for the

terms thereof

**PLAINTIFFS' ALLEGATION**

55.    The Supply Agreement allowed Warner Chilcott to purchase generic Ovcon from Barr at a premium price of 200% of Barr's actual fully loaded manufacturing cost.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 55 of the

Complaint.  Warner Chilcott respectfully refers the Court to the supply agreement for the terms

thereof.

**PLAINTIFFS' ALLEGATION**

56.    As a consequence of the anticompetitive Agreement, no generic version of Ovcon was ever launched, and Barr has agreed not to launch a generic version of Ovcon until at least May 2009.

**ANSWER**

        Warner Chilcott denies each and every allegation contained in Paragraph 56 of the

Complaint.


**PLAINTIFFS' ALLEGATION**

      57.    In the absence of the anticompetitive Agreement, Barr would have begun marketing its product shortly after obtaining FDA approval.

**ANSWER**

        Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 57 of the Complaint, except denies that Barr

had the capability to market a generic Ovcon shortly after obtaining FDA approval.


**PLAINTIFFS' ALLEGATION**

      58.    In the absence of the competitive threat that Barr would have provided in a free marketplace, Ovcon consumers were required to continue purchasing the brand-name Ovcon product when a less expensive generic version would have otherwise been available.

**ANSWER**

        Warner Chilcott denies each and every allegation contained in Paragraph 58 of the

Complaint.


**PLAINTIFFS' ALLEGATION**

      59.    If Barr had introduced its generic product into the market, the average price paid for Ovcon products would have decreased rapidly and substantially.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 59 of the Complaint.

**PLAINTIFFS' ALLEGATION**

60.    No company, other than Barr, has received FDA approval for a generic version of Ovcon.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 60 of the Complaint.

**PLAINTIFFS' ALLEGATION**

61.    The Agreement between Warner Chilcott and Barr destroyed the competition that is intrinsic to our market-based economy.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 61 of the Complaint.

**PLAINTIFFS' ALLEGATION**

62.    During the relevant period, Ovcon was sold throughout the United States.  Ovcon was transported across state lines and sold in each of the Plaintiff States.  The Defendants' unlawful activities alleged in this Complaint have occurred in and have had a substantial effect upon interstate commerce.

**ANSWER**

Paragraph 62 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott admits that Ovcon is sold in the United States, but denies that Warner Chilcott has engaged in any unlawful activity.

**PLAINTIFFS' ALLEGATION**

63. Warner Chilcott and Barr's Agreement not to compete was a naked restraint of trade with the purpose of stifling competition, and is anticompetitive.

**ANSWER**

Paragraph 63 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 63 of the Complaint.

**PLAINTIFFS' ALLEGATION**

64. The Agreement is anticompetitive pursuant to every relevant legal analysis.

**ANSWER**

Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 64 of the Complaint.

**PLAINTIFFS' ALLEGATION**

65. Warner Chilcott and Barr's conduct had the purpose and effect of unreasonably and illegally restraining trade and preventing competition.

**ANSWER**

Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 65 of the Complaint.

**PLAINTIFFS' ALLEGATION**

66.    Warner Chilcott and Barr's Agreement to eliminate competition is not reasonably necessary to accomplish any procompetitive objective. The Agreement was not subsidiary to any procompetitive objective. Eliminating competition from Barr was the primary purpose of Warner Chilcott's unlawful Agreement with Barr.

**ANSWER**

Paragraph 66 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 66 of the Complaint.

**PLAINTIFFS' ALLEGATION**

67.    The Defendants could have accomplished any of the purported competitive benefits of the Agreement by other less-restrictive means that would not have destroyed competition.

**ANSWER**

Paragraph 67 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 67 of the Complaint.

**PLAINTIFFS' ALLEGATION**

68.    As a direct and proximate result of the illegal conduct alleged in this complaint, persons in the Plaintiff States have not been and are not able to purchase generic versions of Ovcon, which would have been available at prices lower than those paid for Ovcon.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 68 of the

Complaint.

**PLAINTIFFS' ALLEGATION**

69.    Warner Chilcott and Barr deprived persons in the Plaintiff States of the benefits of competition that the federal and state antitrust laws, consumer protection laws and/or unfair competition statutes and related state laws are designed to promote, preserve, and protect.

**ANSWER**

Paragraph 69 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is required, Warner Chilcott denies each and every allegation

contained in Paragraph 69 of the Complaint.

**PLAINTIFFS' ALLEGATION**

70.    As a direct and proximate result of the unlawful conduct alleged above, Warner Chilcott has unjustly profited from the Agreement with Barr.

**ANSWER**

Paragraph 70 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is required, Warner Chilcott denies each and every allegation

contained in Paragraph 70 of the Complaint.

**PLAINTIFFS' ALLEGATION**

71.    As a direct and proximate result of the unlawful conduct alleged above, Barr has unjustly profited from the Agreement with Warner Chilcott.

**ANSWER**

Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 71 of the Complaint.

**PLAINTIFFS' ALLEGATION**

72.    As a direct and proximate result of the unlawful conduct alleged above, injury has been sustained by the general economies of the Plaintiff States.

**ANSWER**

Paragraph 72 of the Complaint is not susceptible to being answered because of its ambiguity in not defining "general economies" and contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 72 of the Complaint.

**PLAINTIFFS' ALLEGATION**

73.    The Agreement between Warner Chilcott and Barr constitutes a restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

**ANSWER**

Paragraph 73 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 73 of the Complaint.

31

**PLAINTIFFS' ALLEGATION**

74.    Plaintiff State of Alaska repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

75.    Defendants' acts violate, and Plaintiff State of Alaska is entitled to relief under, AS 45.50.471 and AS 45.50.562- .596.

**ANSWER**

Paragraph 75 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 75 of the Complaint, and further denies that Plaintiff State of Alaska is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

76.    Plaintiff State of Arizona repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

77.    Defendants' acts violate, and Plaintiff State of Arizona is entitled to relief under, Arizona Uniform State Antitrust Act, Arizona Revised Statutes section 44-1401 et seq.

**ANSWER**

Paragraph 77 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 77 of the Complaint, and further denies that Plaintiff State of Arizona is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

78.    Plaintiff State of Arkansas repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

79.    Defendants' acts violate, and Plaintiff State of Arkansas is entitled to relief under, the Arkansas Deceptive Trade Practices Act, A.C.A. § 4-88-101, et seq. and the Arkansas Unfair Practices Act, A.C.A. § 4-75-301 et seq.

**ANSWER**

Paragraph 79 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation

contained in Paragraph 79 of the Complaint, and further denies that Plaintiff State of Arkansas is

entitled to any relief.


**PLAINTIFFS' ALLEGATION**

80.    Plaintiff State of California repeats and realleges each and every allegation
contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.


**PLAINTIFFS' ALLEGATION**

81.    Defendants' acts violate, and Plaintiff State of California is entitled to relief
under, the Cartwright Act, Business & Professions Code § 16700, et seq., and the California
Unfair Competition Act, Bus. & Prof. Code § 17200, et seq.

**ANSWER**

Paragraph 81 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is required, Warner Chilcott denies each and every allegation

contained in Paragraph 81 of the Complaint, and further denies that Plaintiff State of California

is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

82.    Plaintiff State of Colorado repeats and realleges each and every allegation
contained in paragraphs 1 through 73.

34

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

83.    Defendants' acts violate, and Plaintiff State of Colorado is entitled to relief under, the Colorado Antitrust Act of 1992, § 6-4-101, et seq., Colo. Rev. Stat.

**ANSWER**

Paragraph 83 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 83 of the Complaint, and further denies that Plaintiff State of Colorado is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

84.    Plaintiff State of Delaware repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

85.    Defendants' acts violate, and Plaintiff State of Delaware is entitled to relief under, the Delaware Antitrust Act, 6 Del.C. § 2101, et seq.

**ANSWER**

Paragraph 85 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 85 of the Complaint, and further denies that Plaintiff State of Delaware is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

86.    Plaintiff District of Columbia repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

87.    Defendants' acts violate, and Plaintiff District of Columbia is entitled to relief under, D.C. Official Code § 28-4502, et seq. (2001).

**ANSWER**

Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation

contained in Paragraph 87 of the Complaint, and further denies that Plaintiff District of

Columbia is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

88.    Plaintiff State of Florida repeats and realleges each and every allegation contained
in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.

**PLAINTIFFS' ALLEGATION**

89.    Defendants' acts violate, and Plaintiff State of Florida is entitled to relief under,
the Florida Antitrust Act of 1980, § 542.15 Florida Statutes, et seq., and the Florida Deceptive
and Unfair Trade Practices Act, § 501.201 Florida Statutes, et seq.

**ANSWER**

Paragraph 89 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is required, Warner Chilcott denies each and every allegation

contained in Paragraph 89 of the Complaint, and further denies that Plaintiff State of Florida is

entitled to any relief.

**PLAINTIFFS' ALLEGATION**

90.    Plaintiff State of Idaho repeats and realleges each and every allegation contained
in paragraphs 1 through 73.

**ANSWER**

   Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

  91. Defendants' acts violate, and Plaintiff State of Idaho is entitled to relief under, the Idaho Competition Act, Idaho Code § 48-101 et seq.

**ANSWER**

   Paragraph 91 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 91 of the Complaint, and further denies that Plaintiff State of Idaho is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

  92. Plaintiff State of Illinois repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

   Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

93.    Defendants' acts violate, and Plaintiff State of Illinois is entitled to relief under, the Illinois Antitrust Act, 740 ILCS 10/1, et seq.

**ANSWER**

Paragraph 93 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 93 of the Complaint, and further denies that Plaintiff State of Illinois is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

94.    Plaintiff State of Iowa repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

95.    Defendants' acts violate, and Plaintiff State of Iowa is entitled to relief under, the laws of the State of Iowa, alleging violations of the Iowa Competition Act, Iowa Code sections 553 et seq., and the Iowa Consumer Fraud Act, Iowa Code section 714.16.

**ANSWER**

Paragraph 95 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation

contained in Paragraph 95 of the Complaint, and further denies that Plaintiff State of Iowa is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

96.    Plaintiff State of Kansas repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

97.    Defendants' acts violate, and Plaintiff State of Kansas is entitled to relief under, Kan. Stat. Ann. §50-101, et seq.

**ANSWER**

Paragraph 97 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 97 of the Complaint, and further denies that Plaintiff State of Kansas is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

98.    Plaintiff Commonwealth of Kentucky repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

   Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

  99. Defendant's acts violate, and Plaintiff Commonwealth of Kentucky is entitled to relief under, the Kentucky Antitrust Law, KRS 367.175.

**ANSWER**

   Paragraph 99 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 99 of the Complaint, and further denies that Plaintiff Commonwealth of Kentucky is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

  100. Plaintiff State of Louisiana repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

   Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

101.    Defendants' acts violate, and Plaintiff State of Louisiana is entitled to relief under, the Louisiana Antitrust Act, La. R.S. 51: 122, et seq., and La. R.S. 51:1401, et seq.

**ANSWER**

Paragraph 101 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 101 of the Complaint, and further denies that Plaintiff State of Louisiana is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

102.    Plaintiff State of Maine repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

103.    Defendants' acts violate, and Plaintiff State of Maine is entitled to relief under, Maine's Monopolies and Profiteering law, Title 10, Maine Revised Statutes, §§ 1101 and 1104.

**ANSWER**

Paragraph 103 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every

42

allegation contained in Paragraph 103 of the Complaint, and further denies that Plaintiff State of

Maine is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

104.    Plaintiff State of Maryland repeats and realleges each and every allegation
contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.


**PLAINTIFFS' ALLEGATION**

105.    Defendants' acts violate, and Plaintiff State of Maryland is entitled to relief under,
the Maryland Antitrust Act, Md. Com. Law Code Ann. § 11-201, et seq.

**ANSWER**

Paragraph 105 of the Complaint contains legal conclusions to which no response

is required.  To the extent a response is required, Warner Chilcott denies each and every

allegation contained in Paragraph 105 of the Complaint, and further denies that Plaintiff State of

Maryland is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

106.    Plaintiff Commonwealth of Massachusetts repeats and realleges each and every
allegation contained in paragraphs 1 through 73.

43

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

107.    Defendants' acts violate, and Plaintiff Commonwealth of Massachusetts is entitled to relief under, the Consumer Protection and Antitrust Acts, G.L. c.93A § 2, et seq., and G.L. c.93 § 4, et seq., respectively.

**ANSWER**

Paragraph 107 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 107 of the Complaint, and further denies that Plaintiff Commonwealth of Massachusetts is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

108.    Plaintiff State of Michigan repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

109.    Defendants' acts violate, and Plaintiff State of Michigan is entitled to relief under, the Michigan Antitrust Reform Act, Mich. Comp. Laws Ann. § 445.771, et seq., the Michigan Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, et seq., and the common law of Michigan.

**ANSWER**

Paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 109 of the Complaint, and further denies that Plaintiff State of Michigan is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

110.    Plaintiff State of Minnesota repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

111.    Defendants' acts violate, and Plaintiff State of Minnesota is entitled to relief under, the Minnesota Antitrust Law of 1971, Minn. Stat. §§ 325D.49-.66 (2004), and Minn. Stat. § 8.31 (2004).

**ANSWER**

Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every

45

allegation contained in Paragraph 111 of the Complaint, and further denies that Plaintiff State of

Minnesota is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

112.    Plaintiff State of Mississippi repeats and realleges each and every allegation
contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.


**PLAINTIFFS' ALLEGATION**

113.    Defendants' acts violate, and Plaintiff State of Mississippi is entitled to relief
under, its Consumer Protection Act found at Miss. Code Ann. § 75-24-1, et seq. (1972, as
amended) and its Antitrust Act found at Miss. Code Ann. § 75-21-1, et seq. (1972, as amended).

**ANSWER**

Paragraph 113 of the Complaint contains legal conclusions to which no response

is required.  To the extent a response is required, Warner Chilcott denies each and every

allegation contained in Paragraph 113 of the Complaint, and further denies that Plaintiff State of

Mississippi is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

114.    Plaintiff State of Missouri repeats and realleges each and every allegation
contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

115.    Defendants' acts violate, and Plaintiff State of Missouri is entitled to relief under, the Missouri Merchandising Practices Act, Revised Statutes of Missouri § 407.010 et seq., and the Missouri Antitrust Act, Revised Statutes of Missouri § 416.011 et seq.

**ANSWER**

Paragraph 115 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 115 of the Complaint, and further denies that Plaintiff State of Missouri is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

116.    Plaintiff State of Nevada repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

47

**PLAINTIFFS' ALLEGATION**

117.    Defendants' acts violate, and Plaintiff State of Nevada is entitled to relief under the Nevada Unfair Trade Practice Act, Nev. Rev. Stat. § 598A.010 et seq.

**ANSWER**

Paragraph 117 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 117 of the Complaint, and further denies that Plaintiff State of Nevada is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

118.    Plaintiff State of New York repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

119.    Defendants' acts violate, and Plaintiff State of New York is entitled to relief under, N.Y. Gen. Bus. Law §§ 340, 342, and 342-a.

**ANSWER**

Paragraph 119 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every

48

allegation contained in Paragraph 119 of the Complaint, and further denies that Plaintiff State of New York is entitled to any relief.

## PLAINTIFFS' ALLEGATION

120.    Plaintiff State of North Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 73.

## ANSWER

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

## PLAINTIFFS' ALLEGATION

121.    Defendants' acts violate, and Plaintiff State of North Carolina is entitled to relief under, N.C. Gen. Stat. §§ 75-1, 75-1.1, 75-2, 75-2.1.

## ANSWER

Paragraph 121 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 121 of the Complaint, and further denies that Plaintiff State of North Carolina is entitled to any relief.

## PLAINTIFFS' ALLEGATION

122.    Plaintiff State of North Dakota repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

   Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.


**PLAINTIFFS' ALLEGATION**

  123. Defendants' acts violate, and Plaintiff State of North Dakota is entitled to relief

under, the Uniform State Antitrust Act, N.D. Cent. Code § 51-08.1-01, et seq.

**ANSWER**

   Paragraph 123 of the Complaint contains legal conclusions to which no response

is required.  To the extent a response is required, Warner Chilcott denies each and every

allegation contained in Paragraph 123 of the Complaint, and further denies that Plaintiff State of

North Dakota is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

  124. Plaintiff State of Ohio repeats and realleges each and every allegation contained

in paragraphs 1 through 73.

**ANSWER**

   Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.

**PLAINTIFFS' ALLEGATION**

125.    Defendants' acts violate, and Plaintiff State of Ohio is entitled to relief under, Ohio's Antitrust Law, Ohio Revised Code, § 109.81 and 1331.01, et seq.

**ANSWER**

Paragraph 125 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 125 of the Complaint, and further denies that Plaintiff State of Ohio is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

126.    Plaintiff State of Oklahoma repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

127.    Defendants' acts violate, and Plaintiff State of Oklahoma is entitled to relief under, The Oklahoma Antitrust Reform Act, 79 O.S. 2001 §201, et seq., and the Oklahoma Consumer Protection Act, 15 O.S.2001, § 751 et seq.

**ANSWER**

Paragraph 127 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every

allegation contained in Paragraph 127 of the Complaint, and further denies that Plaintiff State of

Oklahoma is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

128.    Plaintiff State of Oregon repeats and realleges each and every allegation
contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.


**PLAINTIFFS' ALLEGATION**

129.    Defendants' acts violate, and Plaintiff State of Oregon is entitled to relief under,
the Oregon Antitrust Act, ORS 646.705, et seq.

**ANSWER**

Paragraph 129 of the Complaint contains legal conclusions to which no response

is required.  To the extent a response is required, Warner Chilcott denies each and every

allegation contained in Paragraph 129 of the Complaint, and further denies that Plaintiff State of

Oregon is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

130.    Plaintiff State of Rhode Island repeats and realleges each and every allegation
contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

131.    Defendants' acts violate, and Plaintiff State of Rhode Island is entitled to relief under, Rhode Island General Laws Chapter 6-36, entitled the "Rhode Island Antitrust Act."

**ANSWER**

Paragraph 131 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 131 of the Complaint, and further denies that Plaintiff State of Rhode Island is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

132.    Plaintiff State of South Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

133.    Defendants' acts violate, and Plaintiff State of South Carolina is entitled to relief under, the South Carolina Unfair Trade Practices Act, §§ 39-5-10, et seq.

**ANSWER**

Paragraph 133 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 133 of the Complaint, and further denies that Plaintiff State of South Carolina is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

134.    Plaintiff State of Tennessee repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

135.    Defendants' acts violate, and Plaintiff State of Tennessee is entitled to relief under, the Tennessee Antitrust Act, Tenn. Code Ann. §§ 47-25-101, et seq.

**ANSWER**

Paragraph 135 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every

allegation contained in Paragraph 135 of the Complaint, and further denies that Plaintiff State of

Tennessee is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

136.    Plaintiff State of Texas repeats and realleges each and every allegation contained
in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.


**PLAINTIFFS' ALLEGATION**

137.    Defendants' acts violate, and Plaintiff State of Texas is entitled to relief under, the
Texas Free Enterprise and Antitrust Act of 1983, Tex. Bus. & Com. Code § 15.01, et seq.

**ANSWER**

Paragraph 137 of the Complaint contains legal conclusions to which no response

is required.  To the extent a response is required, Warner Chilcott denies each and every

allegation contained in Paragraph 137 of the Complaint, and further denies that Plaintiff State of

Texas is entitled to any relief.


**PLAINTIFFS' ALLEGATION**

138.    Plaintiff State of Utah repeats and realleges each and every allegation contained in
paragraphs 1 through 73.

55

**ANSWER**

   Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.

**PLAINTIFFS' ALLEGATION**

  139. Defendants' acts violate, and Plaintiff State of Utah is entitled to relief under, the
Utah Antitrust Act, Sections 76-10-911 through 76-10-926, Utah Code Annotated, as amended.

**ANSWER**

   Paragraph 139 of the Complaint contains legal conclusions to which no response

is required.  To the extent a response is required, Warner Chilcott denies each and every

allegation contained in Paragraph 139 of the Complaint, and further denies that Plaintiff State of

Utah is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

  140. Plaintiff State of Vermont repeats and realleges each and every allegation
contained in paragraphs 1 through 73.

**ANSWER**

   Warner Chilcott incorporates and realleges by this reference each and all of the

matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth

herein.

**PLAINTIFFS' ALLEGATION**

141.    Defendants' acts violate, and Plaintiff State of Vermont is entitled to relief under, the Vermont Consumer Fraud Act, 9 V.S.A. Section 2451, et seq.

**ANSWER**

Paragraph 141 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 141 of the Complaint, and further denies that Plaintiff State of Vermont is entitled to any relief.

**PLAINTIFFS' ALLEGATION**

142.    Plaintiff Commonwealth of Virginia repeats and realleges each and every allegation contained in paragraphs 1 through 73.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

**PLAINTIFFS' ALLEGATION**

143.    Defendants' acts violate, and Plaintiff Commonwealth of Virginia is entitled to relief under, the Virginia Antitrust Act, Va. Code Ann. Section 59.1-9.5

**ANSWER**

Paragraph 143 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every

allegation contained in Paragraph 143 of the Complaint, and further denies that Plaintiff

Commonwealth of Virginia is entitled to any relief.

## REQUEST FOR RELIEF

**PLAINTIFFS' ALLEGATION**

Accordingly, the Plaintiff States request that this Court:

1.   Adjudge and decree that Defendants engaged in conduct in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

2.   Adjudge and decree that Defendants engaged in conduct in violation of each of the state statutes and common law enumerated in this Complaint;

3.   Enjoin and restrain, pursuant to federal and state law, Defendants, their affiliates, assignees, subsidiaries, successors and transferees, and their officers, directors, partners, agents and employees, and all other persons acting or claiming to act on their behalf or in concert with them, from continuing to engage in any anticompetitive conduct (including the anticompetitive terms of the Agreement) and from adopting in the future any practice, plan, program or device having a similar purpose or effect to the anticompetitive actions set forth above;

4.   Award to Plaintiff States any other equitable relief as the Court finds appropriate to redress Defendants' violations of state law;

5.   Award to each Plaintiff State the maximum civil penalties allowed by law;

6.   Award to each Plaintiff State its costs, including reasonable attorneys' fees; and

7.   Order any other relief that this Court deems proper.

**ANSWER**

Wherefore, Warner Chilcott denies that Plaintiffs are entitled to any relief

whatsoever and respectfully requests judgment for Warner Chilcott along with costs and

attorneys' fees, as may be allowed by law, and such further relief as the Court deems appropriate. Furthermore, Warner Chilcott denies each and every allegation contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Warner Chilcott states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiffs.

### First Affirmative Defense
### (Failure to State a Claim Under Any State's Law)

The Complaint fails to state a claim under the law of any of the Plaintiff States against Warner Chilcott on which relief can be granted.

### Second Affirmative Defense
### (Failure to State a Claim under Federal Law)

The Complaint fails to state a claim under any federal law or law enforced by the Federal Trade Commission against Warner Chilcott on which relief can be granted. Further, the license and supply agreements are subject to, and comply with, the statutes administered by the Federal Trade Commission.

### Third Affirmative Defense
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

59

**Fourth Affirmative Defense**
**(Estoppel)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.


**Fifth Affirmative Defense**
**(Waiver)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.


**Sixth Affirmative Defense**
**(Justification)**

Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Warner Chilcott has been reasonable, based upon independent, legitimate business and economic justifications, without the purpose or effect of injuring competition.


**Seventh Affirmative Defense**
**(Preservation of Business)**

Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Warner Chilcott was reasonable in relation to the development and preservation of its business.


**Eighth Affirmative Defense**
**(No Injury to Competition)**

Plaintiffs' claims are barred, in whole or in part, because none of Warner Chilcott's actions have injured competition in any relevant market.

60

**Ninth Affirmative Defense**
**(Pro-Competitive Effects)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott's actions have pro-competitive effects that benefit competition as a whole in any relevant market. Warner Chilcott's actions increased competition and are in furtherance of trade.

**Tenth Affirmative Defense**
**(No Consumer Harm)**

Plaintiffs' claims are barred, in whole or in part, because none of Warner Chilcott's actions have harmed consumers.

**Eleventh Affirmative Defense**
**(No Injury to Any State)**

Plaintiffs' claims are barred, in whole or in part, because none of Warner Chilcott's actions have harmed any state in its business or property or the general economy of any state.

**Twelfth Affirmative Defense**
**(No Adverse Effect on the Public Interest)**

Plaintiffs' claims are barred, in whole or in part, because none of Warner Chilcott's actions have adversely affected, or caused injury to, the public interest.

### Thirteenth Affirmative Defense
### (No Knowledge or Intent)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott had no knowledge, intention or belief that its actions might illegally restrain trade.  Further, Warner Chilcott could not have known that its actions might illegally restrain trade.

### Fourteenth Affirmative Defense
### (No Willful or Flagrant Act)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott did not engage in any willful, flagrant or unconscionable act.

### Fifteenth Affirmative Defense
### (Good Faith Reliance)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott relied in good faith on the actions of the Federal Trade Commission.

### Sixteenth Affirmative Defense
### (No Notice)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott had no notice that its actions, if any, were illegal.

### Seventeenth Affirmative Defense
### (No Concealment)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott did not conceal any of its actions.

**Eighteenth Affirmative Defense**
**(No Pattern or Practice of Illegal Activity)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott did not engage in any pattern or practice of illegal activity.


**Nineteenth Affirmative Defense**
**(Bona Fide Error)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott's actions were the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error.


**Twentieth Affirmative Defense**
**(No Unfair or Deceptive Act)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott did not engage in any unfair or deceptive act or practice.


**Twenty-First Affirmative Defense**
**(No Direct Sales Within A State)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott does not sell directly into one or more of the Plaintiff States.


**Twenty-Second Affirmative Defense**
**(Intrastate Commerce)**

Plaintiffs' claims are barred, in whole or in part, to the extent that Warner Chilcott's actions did not affect intrastate commerce.

63

**Twenty-Third Affirmative Defense**
**(No Competitive Impact Within Any State)**

Plaintiffs' claims are barred, in whole or in part, to the extent that Warner

Chilcott's actions did not have any alleged competitive impact primarily or predominately within

any one state or within New England.

**Twenty-Fourth Affirmative Defense**
**(Failure to Identify Appropriate Markets)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not

alleged either a relevant product market or a relevant geographic market.

**Twenty-Fifth Affirmative Defense**
**(No Market Power)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott has no

market power and Plaintiffs have failed to allege any market power.

**Twenty-Sixth Affirmative Defense**
**(No Monopoly Power)**

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott has and

had no monopoly power.

**Twenty-Seventh Affirmative Defense**
**(Commerce Clause)**

To the extent the causes of action asserted in the Complaint purport to impose

liability or seek relief for conduct that is lawful under the laws of the United States, those claims

64

impose an undue burden on interstate commerce and are barred by the Commerce Clause of the United States Constitution.

### Twenty-Eighth Affirmative Defense
### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, under one or more applicable statutes of limitations.

### Twenty-Ninth Affirmative Defense
### (Improper Party)

Plaintiffs' claims are barred, in whole or in part, because one or more of the Plaintiff States is not a proper party to this action.

### Thirtieth Affirmative Defense
### (Item Purchased for Business or Commercial Purposes)

Plaintiffs' claims are barred, in whole or in part, to the extent relevant purchases were primarily for business or commercial purposes.

### Thirty-First Affirmative Defense
### (Non-Resident)

Plaintiffs' claims are barred, in whole or in part, because Warner Chilcott is not a resident of one or more of the Plaintiff States.

**Thirty-Second Affirmative Defense**
**(No Standing)**

Plaintiffs' claims are barred, in whole or in part, because one or more of the Plaintiff States do not have standing to maintain this action.

**Thirty-Third Affirmative Defense**
**(No Proper Remedy; Proscribed Remedy)**

Plaintiffs' claims are barred, in whole or in part, for failure to seek a proper remedy or for seeking a remedy proscribed by statute or common law of one or more of the Plaintiff States.

**Thirty-Fourth Affirmative Defense**
**(Reservation of Additional Defenses)**

Warner Chilcott reserves the right to assert additional affirmative defenses as discovery proceeds.

## JURY DEMAND

Warner Chilcott hereby demands a trial by jury on all claims so triable.

## WARNER CHILCOTT'S PRAYER FOR RELIEF

Wherefore, Warner Chilcott prays as follows:

1.     That the Court enter judgment for Warner Chilcott;

2.     That the Court award Warner Chilcott reasonable costs and expenses

including, but not limited to, attorneys' fees and costs of suit, and such other and further relief as

may be appropriate.

October 20, 2006                     Respectfully submitted,


By:     /s/
        _____
        Peter C. Thomas, D.C. Bar #495928
        Charles E. Koob, *pro hac vice*
        SIMPSON THACHER & BARTLETT LLP
        601 Pennsylvania Avenue, N.W.
        North Building
        Washington, D.C. 20004
        (202) 220-7700

        *Counsel for Warner Chilcott Defendants*