IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF COLORADO, *et al.*, | ) ) ) Civil Action No: 1:05CV02182 (CKK) |
| Plaintiffs, | ) Judge Colleen Kollar-Kotelly ) Magistrate Judge Alan Kay |
| v. | ) ) |
| | ) Jury Trial Demanded |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) ) ORAL ARGUMENT REQUESTED ) |
| Defendants. | ) ) |

**DECLARATION OF FRANCISCO J. NAVARRO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION FOR LEAVE TO TAKE A SIGNIFICANT NON-PARTY DEPOSITION WITHOUT UNDULY BURDENING THAT NON-PARTY IN ALL PENDING ACTIONS**

I, Francisco J. Navarro, under the penalty of perjury declare:

1. I am associated with the law firm of Simpson Thacher & Bartlett LLP, counsel of record for defendant Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc., (together "Warner Chilcott"). I am admitted *pro hac vice* in this action.

2. I make this declaration to present facts pertinent to the Court's consideration of the accompanying Opposition to Plaintiffs' Motion for a Protective Order.

3. On September 15, 2006, I sent a notice to all parties, including the Federal Trade Commission and State Attorneys General ("Plaintiffs"), that Warner Chilcott would seek to depose Tamar Howson of Bristol-Myers Squibb Co ("BMS").

4.      On September 22, 2006, I spoke to attorneys at Cravath, Swaine & Moore LLP, counsel for BMS, to inform them of Warner Chilcott's intent to depose Ms. Howson and to select a mutually agreeable date for Ms. Howson's deposition.

5.      I spoke to counsel for BMS again on October 6, 10, and 13 to try to reach agreement on a date that was convenient for Ms. Howson. As part of those discussions, Cravath advised me that Ms. Howson could be available for a deposition prior to November 17 only if the deposition was limited to half a day.

6.      I spoke to counsel for BMS again on October 16 and 25 in further attempts to agree on a date that was convenient for Ms. Howson. Because a half-day deposition prior to November 17 would not provide the Plaintiffs and all related-private action plaintiffs sufficient time to question Ms. Howson, I told counsel for BMS that Warner Chilcott was amenable to taking Ms. Howson's deposition after November 17 so long as the Plaintiffs agreed.

7.      On November 1, 2006, counsel for BMS informed me that Ms. Howson was no longer available for a deposition (of any length) until December 1, 2006. I informed counsel for BMS that Warner Chilcott was amenable to the December 1 date, but that it could not agree to schedule Ms. Howson's deposition after November 17 unless the Plaintiffs were also willing to accommodate Ms. Howson's schedule.

8.      On November 3, 2006, counsel for BMS informed me that it had spoken to the Federal Trade Commission, and that Plaintiffs were amenable to the December 1 date.

9.      On November 13, 2006, Warner Chilcott noticed the deposition of Tamar Howson for December 1, 2006 in one of the related private actions and informed all parties that the deposition, "pursuant to paragraph 21 of the Case Management Order, dated April

HIGHLY CONFIDENTIAL – OVCON ANTITRUST LITIGATION

14, 2006, is being noticed for all Pending Actions as defined in the Case Management Order."

HIGHLY CONFIDENTIAL – OVCON ANTITRUST LITIGATION

_____
Francisco J. Navarro