IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF COLORADO, et al.,<br><br>Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., WARNER CHILCOTT CORPORATION, WARNER CHILCOTT (US) INC., WARNER, and CHILCOTT COMPANY, INC.,<br><br>Defendants. | Civil Action No. 1:05-CV-02182- CKK<br><br>Judge Colleen Kollar-Kotelly<br>Magistrate Judge Alan Kay |

**WARNER CHILCOTT'S REPLY IN SUPPORT OF CROSS-MOTION
FOR LEAVE TO TAKE A SIGNIFICANT NON-PARTY DEPOSITION
WITHOUT UNDULY BURDENING THAT NON-PARTY IN ALL PENDING ACTIONS**

Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc. (collectively, "Warner Chilcott" or "Defendants") respectfully submit this reply memorandum of law in support of its Cross-Motion for Leave to Take a Significant Non-Party Deposition Without Unduly Burdening that Non-Party in All Pending Actions.

**INTRODUCTION**

Plaintiffs State Attorney Generals and the Federal Trade Commission (the "FTC") (together herein, the "Plaintiffs") unreasonably continue their opposition to Warner Chilcott taking the deposition of a key non-party witness, Tamar Howson, the Senior Vice President for Corporate and Business Development for Bristol-Myers Squibb, Co. ("BMS") in all pending actions. Ms. Howson's testimony is crucial because she will be the *only* BMS witness who can testify, from first-hand knowledge, to regular ongoing communications with Warner Chilcott's CEO, Roger Boissonneault, and BMS's termination of its Ovcon supply to

Warner Chilcott. Tellingly, Plaintiffs do not dispute that Ms. Howson's deposition was scheduled for December 1, 2006 only *because Ms. Howson (a non-party) was unavailable prior to December 1, 2006 <u>and</u> Plaintiffs agreed to this date.* This by itself constitutes more than sufficient good cause for scheduling a non-party deposition after the discovery cut-off date.

Accordingly, Warner Chilcott respectfully requests that this Court permit the taking of Ms. Howson's deposition in all pending actions forthwith.

### ARGUMENT

#### Ample Good Cause Exists To Take The Deposition Of Ms. Howson, A Crucial Non-Party Witness

Plaintiffs acknowledge that the deposition of Ms. Howson should be permitted to proceed in all actions if "good reason" or "good cause" exists. Pl.'s Mot. Prot. Order 5-6; Pl.'s Reply Br. 4. Indeed, Federal Rule of Civil Procedure 16(b) and Wright and Miller's commentary on Rule 16(b), relied upon by Plaintiffs (Pl.'s Reply Br. 4), explain that the "liberal" "good-cause standard" should be applied in modifying a discovery schedule. 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (1990); Fed. R. Civ. P. 16(b). What Plaintiffs neglect to mention — but do not dispute — is that Ms. Howson's deposition was scheduled, with Plaintiffs' acquiescence, for December 1, 2006 *because this was the first date Ms. Howson was available*.

Specifically, Plaintiffs do not dispute the following facts:

- Warner Chilcott notified all parties of its intent to depose non-party Ms. Howson two months *before* the discovery cut-off. *See* Warner Chilcott's Opposition to Plaintiffs' Motion for a Protective Order ("Warner Chilcott's Opp. Br.") 4 (referencing Ex. F).

- The first date Ms. Howson was available for a deposition was December 1, 2006. *See id.* 4-5 (referencing Navarro Decl. ¶¶ 5-7).

- ***Plaintiffs agreed to the December 1 date.*** *See id.* 5 (referencing Navarro Decl. ¶ 8; Rubin Decl. ¶ 3).

- Plaintiffs subsequently filed their Motion for a Protective Order, thereby attempting to withdraw their agreement to depose Ms. Howson on December 1, despite Warner Chilcott's agreement (which it stands by) that Plaintiffs could

schedule a deposition of another non-party after the discovery cut-off. *See id.* (referencing Rubin Decl. ¶ 4).[1]

The facts are thus that Warner Chilcott has been diligently trying to schedule Ms. Howson's deposition in the above captioned case since September 15, 2006 and Warner Chilcott ultimately scheduled Ms. Howson's deposition — with Plaintiffs' acquiescence — on December 1, 2006 for one reason only: to minimize burden and disruption and otherwise accommodate the schedule of a senior executive of a non-party. This situation plainly demonstrates good cause for scheduling a deposition two weeks after the discovery cut-off date and only *one day* after the last scheduled deposition in this case. *See Doe v. The District of Columbia*, No. Civ. A. 031789GKJMF, 2005 WL 1278270, at *1 (D.D.C. May 27, 2005) (District Court allowed deposition to be taken after discovery cut-off given "the impossibility of taking [it] before the close of discovery" where "parties have consented to the taking of other depositions beyond the discovery period"). Moreover, Warner Chilcott's conduct in scheduling the deposition of Ms. Howson at her convenience (as well as Plaintiffs') is entirely consistent with the requirements of Rule 45(c)(1) of the Federal Rules of Civil Procedure ("A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.").

Because the facts weigh entirely in Warner Chilcott's favor, Plaintiffs make a last-ditch — but irrelevant and inaccurate — argument that Ms. Howson's testimony will "do nothing more than confirm the testimony of her colleagues." Pl.'s Reply Br. 4. Contrary to Plaintiffs' bald assertion, Ms. Howson is in a unique position to testify about BMS's Ovcon supply relationship and its ultimate termination. Warner Chilcott's Opp. Br. 6-7. Again, the undisputed facts are clear:

---

[1] Plaintiffs also do not dispute that they are making inconsistent arguments before the Southern District of Ohio in seeking to obtain the evidence of another non-party. On December 1, 2006 – the very day that Ms. Howson was scheduled to be deposed – Plaintiffs advised the Ohio District Court that discovery in the Government actions "is ongoing." Warner Chilcott's Opp. Br. 2 (quoting Pl.'s Ohio Br. 7 attached thereto as Ex. C).

4

- Ms. Howson was the *only* person at BMS who regularly communicated with Warner Chilcott's CEO, Roger Boissonneault, about BMS's ongoing, serious problems supplying Warner Chilcott with Ovcon. *See, e.g.*, Warner Chilcott's Opp. Br. 6 (referencing Exs. H, I and J).

- Ms. Howson will be the *only* deposed witness who was involved in negotiating and executing BMS's termination of its Ovcon supply agreement in March 2005. *See*, *e.g.*, Warner Chilcott's Opp. Br. 6-7 (referencing Exs. K, L, M, N and O).

Ms. Howson's testimony will substantiate the severity of the BMS supply problems and prove that, but-for the challenged agreement with Barr, Ovcon would simply not be available to consumers today. Thus, it is not surprising that Plaintiffs are jumping through hoops to avoid her unhelpful testimony. However, the desire to avoid the taking of harmful testimony cannot be the grounds for denying Warner Chilcott's request to take the deposition of Ms. Howson in all pending actions. *See* Fed. R. Civ. P. 26(c).

## CONCLUSION

For the reasons set forth above, Warner Chilcott respectfully requests that the Court grant it permission to take Ms. Howson's deposition for use in all pending cases.

December 29, 2006

　　　/s/   Peter C. Thomas　　　　　　　
Peter C. Thomas (D.C. Bar # 495928)
SIMPSON THACHER & BARTLETT LLP
601 Pennsylvania Avenue, N.W.
North Building
Washington, District of Columbia 20004
(202) 220-7700
(202) 220-7702 (fax)


Charles E. Koob, *pro hac vice*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Company III, Ltd, Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc.*