IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., et al.,<br><br>   Defendants. | Civil Action No.:<br>05-2179 (CKK)<br><br>Judge Colleen Kollar-Kotelly |
| STATE OF COLORADO, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., et al.,<br><br>   Defendants. | Civil Action No.:<br>05-2182 (CKK)<br><br>Judge Colleen Kollar-Kotelly |

**MEMORANDUM OF LAW IN SUPPORT OF BARR PHARMACEUTICALS, INC.'S MOTION TO STRIKE THE EXPERT REPORT OF RICHARD P. DICKEY OR IN THE <u>ALTERNATIVE FOR LEAVE TO FILE EXPERT REBUTTAL REPORT</u>**

   The November 6, 2006 scheduling order of this Court plainly required all parties to disclose all experts expected to testify at trial and their respective opinions on December 11, 2006, and to exchange any ***rebuttal*** opinions of the parties' respective experts on January 8, 2007. (*See* 11/06/06 Minute Order Entry).) On January 8, 2007, however, the FTC and Plaintiff States (collectively, "Government Plaintiffs") jointly disclosed an entirely new "expert," Dr. Richard Dickey, and submitted an entirely new expert report. But Dr. Dickey — a medical

doctor — does not (and cannot) purport to rebut any opinion offered and timely disclosed by Barr's experts, Professor Jerry Hausman, Ph.D. and Gregory Bell, Ph.D. — both renowned economists. Rather Dr. Dickey offers new opinions regarding the purported pharmacological differences among, and differing side-effects associated with, various oral contraceptives — issues neither raised nor addressed in any defense expert report. Dr. Dickey's opinions thus are not offered solely (or even primarily) to rebut opinions offered by any defense expert; instead, his report is offered simply to bolster the Government Plaintiffs' case.[1] As such, his opinions should have been disclosed on December 11, 2006, permitting Barr an opportunity to offer evidence in rebuttal.

Expert discovery in this case, however, concludes in less than two weeks, on January 31, 2007. By waiting to disclose Dr. Dickey's opinions until January 8th (only three weeks before all expert discovery must be completed) the Government Plaintiffs have engaged in a classic sandbag litigation tactic; apparently waiting to disclose one of their experts until Barr would have no opportunity to prepare a rebuttal or otherwise respond to the newly offered expert evidence. The federal rules, however, do not permit this sort of tactical and prejudicial maneuvering by a litigant. Accordingly, Dr. Dickey's report and opinions should be stricken as untimely. Alternatively, Barr submits that it should be afforded an opportunity to file a rebuttal expert report after the January 31st discovery cut-off.[2]

---

[1] Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc. (collectively, "Warner Chilcott") have separately (and timely) disclosed the expert opinions of Sumanth Addanki, Ph.D., Henry G. Grabowski, Ph.D., Tracy Lewis, Ph.D. and John Hauser, Ph.D. in the Plaintiff States' case (Civ. Action No. 05-2182 (CKK)).

[2] Pursuant to LCvR 7(m), the parties met and conferred on the issues presented in the instant motion. Government Plaintiffs refused to allow Barr to file a rebuttal to Dr. Dickey's newly disclosed opinions thus necessitating this motion.

2

## ARGUMENT

The Federal Rules of Civil Procedure plainly require parties, well before trial, to disclose the identity and qualifications of the experts they have retained to testify at trial and to exchange written reports containing "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2). A litigant failing to comply with these rules is subject to sanction, including the exclusion of any untimely disclosed opinions. *See* Fed. R. Civ. P. 37(c). The Federal Rules are thus designed to "prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial." *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 5-6 (D.D.C. 2005) (*citing Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003)); *see also* 1993 Advisory Committee Notes to Rule 26(2). Because the Government Plaintiffs have engaged in a tactic (apparently) designed to unfairly prejudice Barr by denying it the opportunity to prepare a rebuttal report and testimony, Dr. Dickey's opinions should be stricken or, alternatively, Barr should be granted leave to file a rebuttal to Dr. Dickey's untimely disclosed opinions.

**I.    THE REPORT AND OPINIONS OF DR. DICKEY DO NOT CONSTITUTE REBUTTAL EVIDENCE AND SHOULD BE STRICKEN AS UNTIMELY.**

The Court-set deadline for the parties to disclose all experts and to exchange expert reports was December 11, 2006. On that date, Government Plaintiffs (timely) submitted the report of Professor Daniel L. Rubinfeld (an economist), who opined on the question of the relevant product market definition. Specifically, Professor Rubinfeld opined that other oral contraceptive products are not close substitutes for Ovcon 35 (and thus not in the same relevant antitrust market) because, among other reasons, consumers "switch out of Ovcon and into other oral contraceptives ***primarily for clinical [not economic] reasons***." (*See* Expert Report of Professor Daniel L. Rubinfeld, ¶ 13 ("Rubinfeld Report") (attached (excluding exhibits) hereto

3

as Exhibit A).) Further, Professor Rubinfeld opined that "unacceptable side effects or other clinical issues" explain consumer switching and purchasing behavior, rather than relative prices. (*Id*. at ¶ 66.) Notably, as support for his opinions, Professor Rubinfeld cited *Managing Contraceptive Pill Patients*, a text authored by Dr. Dickey. (*See* Rubinfeld Report, ¶¶ 35-37, 38-39 & nn.25-29, 31-32.)

After Barr timely disclosed its experts' reports — demonstrating that the relevant market is much broader than Professor Rubinfeld apparently opines — the Government Plaintiffs disclosed Dr. Dickey as a "rebuttal" expert.[3] But Dr. Dickey does not rebut the opinions offered by Barr's experts, renowned economists Professor Jerry Hausman, Ph.D. and Gregory Bell, Ph.D. Indeed, even a cursory review of Dr. Dickey's report reveals that, although he disagrees with Barr's experts general propositions regarding market definition, he offers no rebuttal evidence. In fact, the body of his report does not contain a single cross-reference to any of the expert reports proffered by Barr or Warner Chilcott, nor does it point to one proposition within any defense expert's report his statements are purportedly intended to "rebut."

Rather, Dr. Dickey opines that Ovcon 35 is not *medically* interchangeable with other oral contraceptives due to pharmacological differences and differing side-effects. (*See* Expert Report of Richard P. Dickey, M.D., ¶¶ 21, 32 (attached as Exhibit B).) Significantly, neither Barr nor Warner Chilcott presented expert medical testimony regarding the pharmacological substitutability of Ovcon 35. Because Dr. Dickey's report consists of a discussion of the medical and pharmacological differences in oral contraceptives, it is inconceivable how his opinions

---

[3] Warner Chilcott likewise sponsored two expert reports supporting a much broader market definition than Professor Rubinfeld's. (*See* Expert Report of Sumanth Addanki, § I.C (concluding that the relevant market included all combined hormonal contraceptive ("CHC") products); Report of Professor Henry G. Grabowski, ¶ 9 (concluding that branded CHCs such as Ovcon 35 compete both with generic CHCs and other brand CHCs).)

could be intended to contradict or rebut evidence presented by any defense expert. Therefore, Dr. Dickey's opinions could and should have been offered on December 11th as part of the Government Plaintiffs' affirmative case and as the Court's Scheduling Order required.

Instead, the Government Plaintiffs have attempted to sneak an entirely new opinion into the case regarding issues not previously raised or addressed by any defense expert in an effort to bolster their affirmative case. Because expert discovery is set to close on January 31st (and because Government Plaintiffs have indicated that they will not agree to any extension of that deadline for Barr to prepare a rebuttal to Dr. Dickey), Barr will have no opportunity to prepare a rebuttal report or otherwise address Dr. Dickey's untimely opinions. However, the belated introduction of new expert opinions to gain a tactical advantage is exactly the type of conduct the federal rules are designed to prevent. Thus, it is hardly surprising that courts routinely exclude expert evidence where a party has failed to comply with disclosure requirements. *See*, *e.g.*, *Minebea*, 231 F.R.D. at 6 (prohibiting patent licensee from submitting untimely "supplemental" expert report that was, "in several respects, a substantial 'refinement' of the original report, containing new or different material and providing additional information to support specific elements of [plaintiff's] case"); *Revlon Consumer Prods. Corp. v. Estee Lauder Cos.*, *Inc.*, No. 00-5960, 2003 WL 21751833, at *4-5 (S.D.N.Y. July 30, 2003) (striking expert's summary judgment affidavit because it was submitted after expert discovery cut-off); *Shelter Mut. Ins. Co. v. Culberston's Ltd.*, No. 97-1609, 1999 WL 135297, at *3-5 (E.D. La. Mar. 11, 1999) (excluding expert report submitted after cut-off date for the exchange of expert reports). The reason is clear: the failure to comply with a Scheduling Order's disclosure requirements deprives a party of a fair opportunity to respond to the other side's evidence — no matter how flawed that evidence is.

The Court's Scheduling Order required all experts to be disclosed by December 11th. Government Plaintiffs have offered no justification for their failure to timely disclose their purported expert evidence. Nor can the Government Plaintiffs plausibly contend that Dr. Dickey's report is intended to "rebut" any of the timely disclosed defense experts' opinions.

Accordingly, Dr. Dickey's report should be stricken as untimely. Alternatively, Barr should be granted leave to file a rebuttal report to the Government Plaintiffs' newly (and untimely) disclosed expert within fifteen (15) days of the taking of Dr. Dickey's deposition.

## CONCLUSION

For the reasons set forth above, Barr respectfully requests that this Court strike the expert report of Dr. Richard Dickey. In the alternative, Barr requests leave to file a rebuttal expert report to respond to Dr. Dickey's report within fifteen (15) days of the taking of Dr. Dickey's deposition.

Date: January 19, 2007               Respectfully submitted,

                                      /s/ Karen N. Walker
                                     Karen N. Walker (D.C. Bar # 412137)
                                     Mark L. Kovner (D.C. Bar # 430431)
                                     Patrick M. Bryan (D.C. Bar # 490177)
                                     KIRKLAND & ELLIS LLP
                                     655 Fifteenth Street, N.W.
                                     Washington, District of Columbia 20005
                                     (202) 879-5000
                                     (202) 879-5200 (fax)

                                     *Counsel for Barr Pharmaceuticals, Inc.*