IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BARR PHARMACEUTICALS, INC.,<br><br>    Defendant. | Civil Action No. 05-2179<br>(CKK)(AK) |
| STATE OF COLORADO, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No. 05-2182<br>(CKK)(AK) |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiffs' motion for protective order [FTC 101; States 91[1]] ("Motion"), Defendant Barr Pharmaceuticals, Inc.'s opposition [FTC 104; States 94] ("Barr's Opposition"), Defendant Warner Chilcott's opposition and cross-motion for leave to take a non-

---

[1] The docket numbers following "FTC" refer to entries in Civil Action No. 05-2179, and the docket numbers following "States" refer to entries in Civil Action No. 05-2182.

party deposition [States 95 & 96] ("Warner Chilcott's Opposition" or "Warner Chilcott's Cross-Motion"), and Plaintiffs' reply [FTC 105; States 99] ("Reply"). For the reasons set forth below, Warner Chilcott's Cross-Motion for leave to take Ms. Howson's deposition in all Pending Actions is **GRANTED** and Plaintiffs' Motion for protective order is **DENIED**.

I.    **Background**

On November 7, 2005, the Federal Trade Commission ("FTC") and a group of U.S. states led by Colorado ("Plaintiff States")[2] (collectively "Government Plaintiffs" or "Plaintiffs") separately filed antitrust actions against two pharmaceutical companies, Warner Chilcott and Barr[3] (collectively "Defendants"). The FTC alleged that Defendants violated Section 5 of the FTC Act, 15 U.S.C. § 45(a), by entering into an anticompetitive agreement preventing Barr from introducing a cheaper generic version of Ovcon, a branded oral contraceptive sold by Warner Chilcott.[4]  *See* FTC First Am. Compl. [FTC 14] ¶¶ 62-67. Plaintiff States alleged that the said agreement between Defendants ("Agreement") constituted a restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and various state laws. *See* State Pls. Second Am. Compl. [States 81] ¶¶ 73-143.

These two government enforcement actions ("Government Cases") have been

---

[2]The group of Plaintiff States includes the District of Columbia.

[3]"Warner Chilcott" refers collectively to the following Defendants: Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company Inc. "Barr" refers to Defendant Barr Pharmaceuticals, Inc.

[4]On October 23, 2006, the trial court signed a Final Order and Stipulated Permanent Injunction [FTC 90] which brought the litigation between the FTC and Warner Chilcott to an end. Litigation between the FTC and Barr continues.

accompanied by several related private actions against Defendants ("Private Cases").[5]  In order to "permit sharing of discovery and set out appropriate procedures for avoiding duplication" (*see, e.g.,* Case Management Order [FTC 42-1; States 41-1] ("Government CMO") at 1) the trial court issued case management orders ("CMOs") in all of these related cases.  Two separate CMOs were issued: one in the Government Cases ("Government CMO"), and one in the Private Cases ("Private CMO").  Both included virtually identical provisions regarding the taking of non-party depositions.  In the Government CMO, this provision reads as follows:

> Subject to the provisions of this Order, a party taking the deposition of a person other than a party shall give reasonable notice to the contact attorneys in all lawsuits . . . before serving the subpoena pursuant to Fed. R. Civ. P. 45. At the request of the contact attorneys for any opposing party, and consistent with the orders entered in each lawsuit, the deposition shall be noticed for all lawsuits . . . and each party may participate in the deposition as if it were noticed in their own lawsuit, consistent with any order entered in that lawsuit and with the Federal Rules of Civil Procedure, and the entire transcript of the deposition shall be treated as if it were obtained through discovery in each Pending case.

(Government CMO ¶ 21.)  However, the Government CMO, as amended, differed from the Private CMO, as amended, in that, *inter alia*, it set an earlier deadline for fact discovery (November 17, 2006).

On November 13, 2006, Warner Chilcott issued a subpoena *ad testificandum* for Tamar Howson, a non-party executive at Bristol-Myers Squibb, commanding her to appear for

---

[5]The Private Cases, which have been coordinated for pretrial purposes with the Government Cases, are as follows: *Meijer, Inc. et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No. 05-2195 (CKK) (AKK); *Walgreen Co., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No. 06-494 (CKK) (AK); *CVS Pharmacy, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No. 06-795 (CKK) (AK); *Vista Healthplan, Inc., et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action. No. 05-2327 (CKK) (AK); and *Cohen, et al. v. Warner Chilcott Holdings Company III, Ltd., et al.*, Civil Action No. 06-401 (CKK) (AK).

deposition on December 1, 2006.  (*See* Mot. Ex. A at 3-5.)  Warner Chilcott issued a notice of this deposition through one of the related Private Cases, stating that the deposition was being noticed for "all Pending Actions as defined in the Case Management Order."  (*See* Mot. Ex. A at 1.)

Plaintiffs filed the instant Motion for Protective Order on November 24, 2006, seeking to prevent Defendants from deposing Ms. Howson for the Government Cases.  (Mot. at 6.)  Defendants both oppose Plaintiffs' Motion, and Warner Chilcott cross-moves in the alternative for leave to take Ms. Howson's deposition.

**II.     Legal Standard**

Pursuant to Federal Civil Rule 26(c) a party may move the court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The court may direct "(1) that the disclosure of discovery not be had; [or] (2) that the disclosure or discovery may be had only on specified terms and conditions[.]" Fed. R. Civ. P. 26(c).  In order to limit the discovery being sought, the moving party is required to establish "good cause."  *See Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001).  To meet this heavy burden, the movant must "articulate specific facts to support its request and cannot rely on speculative or conclusory statements."  *Id.*  In determining whether to grant a motion for protective order, the court employs a balancing test, weighing the burdensomeness to the moving party against the relevance of the information sought and the requestor's need for it.  *Id.* (citing *Lohrenz v. Donnelly*, 187 F.R.D. 1, 3 (D.D.C. 1999); *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998).  A trial court possesses broad discretion in

issuing a protective order and determining what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III.  Analysis

### A.  The Case Management Order

As stated above, Plaintiffs seek a protective order seeking to prevent Defendants from deposing Ms. Howson for the purpose of the Government Cases. (Mot. at 6.) Their Motion rests primarily on the ground that Warner Chilcott violated the Government CMO by scheduling the Howson deposition for December 1, 2006—two weeks after the November 17 discovery deadline set by the CMO, as amended. (*Id.* at 1-2.) According to Plaintiffs, the CMO does not permit Defendants to unilaterally circumvent this deadline simply by noticing the deposition in one of the Private Cases, where discovery is still ongoing.[6] (*See id.* at 4-5.)

The Court agrees with Plaintiffs that Warner Chilcott may not automatically depose Ms. Howson in the Government Cases after the November 17, 2006 fact discovery deadline. Although paragraph 21 of the Government CMO potentially allows any party to participate in, and use, a third-party deposition being conducted in one of the other of the related cases, the provision contains several limitations. For instance, a third-party deposition may be noticed in the other related cases only if doing so would be "consistent with the orders entered in each lawsuit." (*See* CMO ¶ 21.) The Howson deposition does not meet this requirement because it was scheduled for December 1, 2007, a date at odds with the discovery deadline set by the trial

---

[6]Plaintiffs concede that Defendants may still depose Ms. Howson for the Private Cases. (*See* Mot. at 5.)

5

court in the Government Cases.

Curiously absent from the Defendants' Oppositions is a detailed rebuttal to Plaintiffs' assertion that Warner Chilcott violated paragraph 21 of the CMO. Both Defendants argue that Plaintiffs had plenty of notice that Defendants would depose Ms. Howson, and quote paragraph 21's requirement that all parties intending to take a third-party deposition "give reasonable notice to the contact attorneys in all lawsuits." (*See* Warner Chilcott Opp'n at 9; Barr Opp'n at 2.) Although meeting this "reasonable notice" requirement is necessary, it is not, by itself, sufficient. As discussed above, paragraph 21 places other conditions on noticing third-party depositions in other cases, such as the requirement that notice be "consistent with the orders entered in each lawsuit."

For these reasons, the Court finds that the Defendants did not notice the Howson deposition for the Government Cases within the meaning of the Government CMO, as amended.

**B.      Warner Chilcott's Cross-Motion for Leave to Take Ms. Howson's Deposition**

Although Warner Chilcott claims that it complied with the CMO, it cross-moves in the alternative for leave to depose Ms. Howson in all pending cases. Warner Chilcott argues that it had good reason to schedule Ms. Howson's deposition for December 1, 2006, as it was attempting in good faith to accommodate her busy schedule. (*See* Warner Chilcott Opp'n at 4-5, 12.) Warner Chilcott also argues that Ms. Howson's crucial deposition (*see id.* at 5-7) would cause no prejudice to Plaintiffs (*id.* at 12), who knew since September 15, 2006 that Warner Chilcott sought to depose her (*see id.* at 4-5, 8) and even initially agreed to allow her deposition after the discovery deadline (*id.* at 8). According to Warner Chilcott, the only prejudice cited by

6

Plaintiffs is the expense of having to attend Ms. Howson's deposition. (*See id.* at 10.)

Plaintiffs decline to stipulate to the Howson deposition pursuant to Fed. R. Civ. P. 29, stating that "Warner Chilcott and Barr cannot give the Court (or us) any good reason for their failure to schedule the Howson deposition" before the close of discovery.[7] (*Id.* at 5-6.)

The Court concludes that Warner Chilcott has shown good cause for leave to depose Ms. Howson after the November 17 discovery deadline. Moreover, the Court finds little prejudice to Plaintiffs should Defendant be allowed to do so. Accordingly, Warner Chilcott's Cross-Motion for leave to take Ms. Howson's deposition in all pending cases is **GRANTED**. Furthermore, Warner Chilcott is directed to schedule the said deposition at a time that is convenient to Plaintiffs.

**C.     Plaintiffs' Motion for Protective Order**

As discussed above, Plaintiffs cite Defendants' violation of the CMO as their primary basis for a protective order. However, the Court having granted Warner Chilcott leave to depose Ms. Howson, the issue of this alleged violation is now moot. Given this fact, Plaintiffs have not met the heavy burden of showing good cause for a protective order, nor have they demonstrated with particularity any "annoyance, embarrassment, oppression, undue burden or expense" that would likely occur in the absence of a protective order. *See* Fed. R. Civ. P. 26(c); *see also Jennings*, 201 F.R.D. at 275. The "needless cost" of attending the deposition, cited by Plaintiffs, is insufficient, especially when considered in light of the size and scope of the litigation. (*See*

---

[7] Plaintiffs point out, however, that "a party can always apply to the Court for leave to conduct a deposition [after the time set for completion of discovery]." (Mot. at 5.)

Warner Chilcott Opp'n. at 10.) The prejudice to Plaintiffs is further minimized by their awareness of Warner Chilcott's intent to depose Howson since at least September 15, 2006. Finally, the resulting burden to Plaintiffs is outweighed by Warner Chilcott's demonstration of the relevance and need for Ms. Howson's deposition testimony. (*See* Warner Chilcott Opp'n at 5-7.) Accordingly, Plaintiffs' motion for protective order is **DENIED**.

### IV.     Conclusion

For the foregoing reasons, it is this   24th   day of January, 2007, hereby

**ORDERED** that Defendant Warner Chilcott's Cross-Motion for leave to take Ms. Howson's deposition in all pending cases is **GRANTED**. Warner Chilcott is directed to schedule the said deposition at a time that is convenient to Plaintiffs; and it is further

**ORDERED** that Plaintiffs' Motion for Protective Order is **DENIED**.

**SO ORDERED**.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE