UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF COLORADO, *et al.*,

  Plaintiffs,

  v.

WARNER CHILCOTT HOLDINGS
COMPANY III, LTD, *et al.*,

  Defendants.

Civil Action No. 05-2182 (CKK)

**ORDER**
(March 24, 2007)[1]

On January 18, 2007, Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., and Warner Chilcott Company, Inc. (collectively "Warner Chilcott") filed a [102] Motion to Strike the Expert Report of Richard P. Dickey, a medical doctor, which Plaintiffs submitted as a rebuttal expert report in response to the four expert reports filed by Defendants Warner Chilcott and Barr Pharmaceuticals, Inc. ("Barr"). In the alternative, Warner Chilcott moved for leave to file a report in response to Dr. Dickey's Report. On January 19, 2007, Barr filed a [104] Motion for Leave to Strike Dr. Dickey's Expert Report and, in the alternative, filed a [105] Motion for Leave to File an Expert Rebuttal Report in response to Dr. Dickey's Report.

Defendants argue that, although Plaintiffs submitted Dr. Dickey's report on January 8, 2007, the date on which the parties were to exchange rebuttal expert reports, and titled Dr.

---

[1] An unredacted copy of this Order shall be filed under seal with the Clerk of the Court for the United States District Court for the District of Columbia.

Dickey's report a "rebuttal" expert report, Dr. Dickey's report is in fact an affirmative opinion on the relevant product market definition in this action. *See* Warner Chilcott Mot. to Strike at 1-2; Barr Mot. to Strike at 1-2. Defendants assert that Dr. Dickey's report does not purport to and is not intended to rebut the opinions offered by Defendants' experts in their opening reports. *Id.* As a result, Defendants argue, Plaintiffs should have submitted Dr. Dickey's expert report on December 11, 2006, the date on which the parties exchanged opening expert reports. *Id.* Defendants further argue that Plaintiffs' failure to submit Dr. Dickey's expert report on December 11, 2006 violates this Court's November 11, 2006 scheduling order as well as Federal Rule of Civil Procedure 26. For their part, Plaintiffs assert that in their reports, Defendants' experts – all of whom are economists and not medical doctors – "**REDACTED**." Gov't Pls' Opp'n at 1. Plaintiffs argue that Dr. Dickey's report is therefore a proper rebuttal because it "**REDACTED**." *Id.* at 3.

Upon review of Defendants' motions, Plaintiffs' Opposition, Defendants' Reply memoranda, and the exhibits thereto, the Court shall deny Defendants' motions to strike Dr. Dickey's expert report, but shall grant Defendants leave to file very pointed reports in response to Dr. Dickey's expert report. The Court agrees that Dr. Dickey's report is not purely rebuttal, insofar as it concurs with many of the opinions offered by Defendants' experts and supplements Plaintiffs' opening expert report of Professor Daniel L. Rubinfeld, in which Professor Rubinfeld **REDACTED**. *See* Barr Mot. to Strike, Exs. A (12/11/06 Exp. Rep. of Prof. Daniel L. Rubinfeld) and B (12/5/07 Exp. Rep. of Dr. Richard P. Dickey). However, Defendants' expert reports do **REDACTED**. *See, e.g.*, Gov't Pls' Opp'n Ex A (12/11/06 Exp. Rep. of Sumanth Addanki) at 2 ("**REDACTED**."); Ex. B (12/11/06 Exp. Rep. of Gregory K. Bell) at 11

("**REDACTED**."). Dr. Dickey's report certainly rebuts Defendants' experts' conclusions **REDACTED**. *See* Barr Mot. to Strike Ex. B (Dickey Exp. Rep.) at 11 ("**REDACTED**"). The Court therefore declines to strike Dr. Dickey's expert report on the grounds that it not a proper rebuttal report.

Nevertheless, the Court recognizes that Dr. Dickey's report "**REDACTED**." Barr Mot. to Strike at 2. The Court shall therefore grant Defendants leave to file very limited sur-rebuttal reports in response to Dr. Dickey's expert report. Defendants' sur-rebuttal reports shall be filed on or before April 12, 2007, and shall be limited to the narrow issue of **REDACTED**.[2]

Accordingly, it is this 24th day of March, 2007,

**ORDERED** that Defendant Warner Chilcott's [102] Motion to Strike the expert report of Dr. Richard P. Dickey is DENIED; it is further

**ORDERED** that Defendant Warner Chilcott's alternative Motion for Leave to File Expert Rebuttal Report in response to Dr. Dickey's report is GRANTED, insofar as Warner Chilcott may file a sur-rebuttal report that is limited to the narrow issue of **REDACTED**.

**ORDERED** that Defendant Barr's [104] Motion to Strike the expert report of Dr. Richard P. Dickey is DENIED; it is further

---

[2] In a footnote to their Opposition to Defendants' motions to strike, Plaintiffs state that Dr. Dickey's deposition was noticed for February 16, 2007. Gov't Pls' Opp'n at 9 n. 30. Plaintiffs suggest that Defendants should be required to file any sur-rebuttals prior to Dr. Dickey's deposition or that Dr. Dickey's deposition should be postponed to allow sufficient time for the review of the sur-rebuttal. *Id.* The Court does not know whether Dr. Dickey's deposition in fact occurred on February 16, 2007; however the Court notes that Plaintiffs did not request that the Court to postpone Dr. Dickey's deposition pending a ruling on the instant motions.

**ORDERED** that Defendant Barr's alternative [105] Motion for Leave to File Expert Rebuttal Report in response to Dr. Dickey's report is GRANTED, insofar as Barr may file a sur-rebuttal report that is limited to the narrow issue of **REDACTED**.

**SO ORDERED**.

>                /s/
> COLLEEN KOLLAR-KOTELLY
> United States District Judge