IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, ) | | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | Civil Action No. | 1:05-CV-2179-CKK |
| ) | | |
| BARR PHARMACEUTICALS, INC., ) | | |
| ) | | |
| ) | | |
| Defendant. ) | | |

| | | |
|---|---|---|
| STATE OF COLORADO, et al., ) | | |
| ) | | |
| Plaintiffs ) | | |
| ) | | |
| v. ) | Civil Action No. | 1:05-CV-2182-CKK |
| ) | | |
| WARNER CHILCOTT HOLDINGS ) | | |
| COMPANY III, LTD., *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

**REPORT OF GOVERNMENT PLAINTIFFS
TO MAGISTRATE JUDGE KAY REGARDING PENDING DISCOVERY DISPUTES
WITH BARR PHARMACEUTICALS**

Pursuant to the Court's instruction from the March 1, 2007 hearing, we have sought to work with Barr to resolve – to the extent possible – the outstanding issues related to the pending discovery motions. As the Court requested during that hearing, we are reporting on those efforts.

After reviewing the various issues raised in our original motions regarding Barr's production and reassessing our continuing information needs, the plaintiffs have proposed to limit significantly the relief we were seeking, and to focus on a highly select set of information in

a few critical areas.  In a letter to Barr's counsel dated March 13, 2007, we requested the following five categories of information:[1]

1. **Sampling and Promotion Data.**  Barr's production includes massive 4,000 page spreadsheets containing IMS data for various therapeutic drug categories, including oral contraceptives.  These reports include data on: new prescriptions, total prescriptions, dollars, extended units, samples, and promotional dollars.  The sales and prescription information is useful to understand the oral contraceptive category, and the sampling and promotion information bears directly on Barr's contention that sampling by branded drug companies – at least in the oral contraceptive category – can provide a significant benefit to consumers that may outweigh the benefits offered by generic entry.  Barr originally produced these documents only in image format, which does not allow us a meaningful opportunity to understand or analyze the data contained therein.  We have requested that Barr produce particular spreadsheets in native file format, covering the period from January 2000 through December 2006.

2. **Gross Profit per Product Data.**  Barr's production also includes data that can be used to calculate net sales from gross sales.  This information will help us understand how Barr prices its oral contraceptives.  Barr originally produced these documents only in image format, which does not allow us a meaningful opportunity to understand or analyze the data contained therein.  We have requested that Barr produce these documents in native file format, covering the period from January 2000 through December 2006.

---

[1]    Letter from Bradley S. Albert to Karen N. Walker (March 13, 2007) (attached as Exhibit 1).

3.  **Generic Contraceptive Forecasts.**  Barr seems to create a sales and production forecast prior to launching each of its new products, including its oral contraceptives.  These forecasts, which contain important information about expected pricing and sales, show that Barr believes that each of its generic oral contraceptives, including its generic version of Ovcon, compete exclusively against its branded counterpart (and any other generic versions of the same brand).  We have requested that Barr produce similar documents for each of its oral contraceptive products.

4.  **IMS Prescription and Revenue Data.**  Since Barr completed its initial document and data production, several developments – including Barr's introduction of Balziva, its generic version of Ovcon – have occurred in the contraceptive category.  We have requested that Barr produce, in native file format, updated IMS data for hormonal contraceptives covering the period from June 2006 through February 2007, including data on new and total prescriptions, dollar and unit sales, and samples distributed.  This information is important to help us understand the implications of recent market events, including the effects of Barr's introduction of a generic Ovcon.

5.  **Ovcon Production Information.**  Finally, we requested information regarding Barr's production of Ovcon, including monthly units produced and sold, purchase orders received from Warner Chilcott, and Barr's deliveries pursuant to those purchase orders.  This information relates directly to the supply justifications that the parties have offered for their agreement.

Barr expressed a willingness to respond to our limited requests, with the initial response from counsel stating that "[w]e have no objection to providing to you a reasonable number of

documents requested in native file format," and that "[w]e are confident that we will be able to provide a significant amount of information sought in electronic format."[2]  In an April 3, 2007 letter, Barr's counsel restated their efforts to respond to our requests, and suggested that they might produce additional responsive materials by April 13, 2007.[3]  Barr's statement about a possible production by April 13th is not definite, however, nor does it suggest that such a production would be a complete response to our requests.

Therefore, we respectfully request that the Court (1) order Barr to produce the five categories of documents and data requested in our March 13, 2007 letter, and (2) set a deadline of April 27, 2007 for Barr to produce those materials.  As described above, our narrowly tailored requests represent a substantial limitation on the relief we were seeking and a reasonable compromise targeting important information.  As for the timing, we believe a deadline is important to ensure that discovery issues do not linger as the case moves forward, and believe that our proposed date provides Barr ample opportunity (more than six weeks) to produce a limited and discrete set of information.

---

[2] Letter from Eunnice H. Eun to Bradley S. Albert (March 20, 2007) (attached as Exhibit 2). *See also* Letter from Bradley S. Albert to Eunnice H. Eun (March 21, 2007) (attached as Exhibit 3) (seeking clarification of Barr's March 20 response).  In fact, Barr produced some materials in a submission on March 23, 2007.  Letter from Eunnice H. Eun to Bradley S. Albert (March 23, 2007) (attached as Exhibit 4) (transmitting Barr's supplemental production).  *See also* Letter from Bradley S. Albert to Eunnice H. Eun (March 29, 2007) (attached as Exhibit 5) (following up on March 21 letter); Letter from Garth W. Huston to Eunnice H. Eun (April 2, 2007) (attached as Exhibit 6) (seeking clarification regarding Barr's March 23 submission).

[3] Letter from Eunnice H. Eun to Bradley S. Albert and Garth W. Huston (April 3, 2007) (attached as Exhibit 7) ("We are processing the native file format documents (including, but not limited to, the IMS data requests) now and are hopeful that we may be able to produce them by the end of next week.").

Respectfully submitted,

Dated: April 13, 2007

   /s/
Markus H. Meier (DC Bar # 459715)
Bradley S. Albert
Thomas H. Brock (DC Bar # 939207)
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 326-3759

Counsel for Plaintiff
Federal Trade Commission

   /s/
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
STATE OF COLORADO
1525 Sherman Street, 5th Floor
Denver, CO 80203
(303) 866-5079

Counsel for the Plaintiff States