# EXHIBIT 8



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Garth W. Huston, Esq
Direct Line: (202) 326-3695

May 14, 2007

**VIA E-MAIL AND WEBSITE SERVICE**

Patrick M. Bryan, Esq.
Kirkland & Ellis LLP
Suite 1200
655 Fifteenth Street, N.W.
Washington, D.C. 20005

    Re:    Federal Trade Commission v. Barr Pharmaceuticals, Inc.,
            Civil Action No. 1:05-cv-2179-CKK (D.D.C.)

Dear Patrick:

       You continue to miss entirely the point of my correspondence, which has been to narrow the discovery issues pending before Magistrate Judge Kay, as he had requested during our March 1, 2007 conference. Barr represented to the Court that the Government plaintiffs' motions to compel are moot. Presumably, this is because you believe that you have produced all the documents and data we requested in our March 13, 2007 letter. Earlier today, relying on Barr's representation, the Court dismissed our motions to compel. However, as we have now told you numerous times, we cannot find in Barr's productions certain categories of information. And, for some reason, you refuse to confirm whether or not Barr has, in fact, produced these materials. Accordingly, we intend to submit a supplemental report to Magistrate Judge Kay later today in which we will request that the Court determine that the motions are not moot and order Barr to produce the information identified in our May 10, 2007 letter.

       As for the rest of your letter, in which you purport to "set the record straight," you are wrong about virtually everything. You were, however, right about one thing – Barr's latest document dump "should have come as no surprise," given Barr's history in this litigation. In any event, your attempts to justify this dump by twisting and distorting the scope of our March 13, 2007 request is disingenuous, at best.

       •     Nowhere in our March 13 letter did we request *anything* in both native and tiff file format, as you claim.[1] Rather, we specified certain materials that we

---

    [1]    Letter from Patrick M. Bryan to Garth W. Huston, Esq. (May 11, 2007) ("the FTC identified broad categories of documents and requested all "other similar" documents and

Patrick M. Bryan, Esq.
May 14, 2007
Page 2

- requested in native file format only, and the word "tiff" never appears in our letter.[2]

- In fact, we explicitly stated that IMS data in the imaged format you originally produced is "completely unusable."[3] And yet you still produced more than 3,000 imaged spreadsheets containing IMS data (totaling more than 35,000 pages) in your recent production.[4]

- Nor did we include an open-ended request for "all similar" documents or spreadsheets, as you claim throughout your letter. Instead, our request is far more limited: we asked for two particular spreadsheets (Barr-Ovcon-037939 and Barr-Ovcon-150893) and then "other similar spreadsheets, in native file format, *necessary to provide a complete data set from January 2000 - December 2006.*"[5]

We remain willing to resolve this remaining issue with Barr, independent of the Court's involvement. If Barr provides a full response to my May 10 letter, we would be pleased to withdraw our supplemental report and inform the Court that all pending discovery matters are moot. If you would like to discuss this matter further, please let me know.

Sincerely,

/s/

Garth W. Huston

cc:   Contact Attorneys (via website service)

---

spreadsheets (in both native and tiff file format)").

[2] Letter from Bradley S. Albert to Karen N. Walker, Esq. (March 13, 2007).

[3] *Id.*

[4] Letter from Garth W. Huston to Eunnice H. Eun, Esq. (May 3, 2007) (identifying imaged spreadsheets).

[5] Letter from Bradley S. Albert to Karen N. Walker, Esq. (March 13, 2007) (emphasis added).