# EXHIBIT A

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

**Patrick M. Bryan**
To Call Writer Directly:
(202) 879-5285
pbryan@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200
Dir. Fax: (202) 654-9585

May 18, 2007

**VIA EMAIL & ELECTRONIC SERVICE**

Garth W. Huston
Bureau of Competition
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, DC 20580

Dear Garth:

      It is clear to me from your letter of May 14th that you have yet to review Barr's numerous and substantial document productions — document productions which were specifically requested by the FTC.

      Barr has produced to the FTC copies of IMS data spreadsheets that it possesses in both native file format and tiff images. As you may or may not be aware, native file productions can be manipulated by anyone opening the file and no Bates (or other identifying) number can be affixed to each file. Therefore, Barr produced both tiff copies and native files of the IMS data requested by FTC that was in Barr's possession in order to ensure that an appropriate record was made of each file produced in its original form.

      You apparently contend that Barr's production of IMS data (in native file format as requested by the FTC) is incomplete because it does not contain certain data fields. (*See* Mar. 13, 2007 Letter from Bradley Albert to Karen N. Walker; May 10, 2007 Letter from Garth Huston to Patrick M. Bryan; *see also* Supplemental Report of Government Plaintiffs to Magistrate Judge Kay Regarding Discovery Disputes at 3 (stating that Barr has not produced "DOL TOT and EA TOT from the National Sales Perspectives" nor "samples distributed (SMP and EUSMP from the IMS Promotion Services Audit").) Again, as you may or may not be aware, IMS is a third-party vendor that *sells* data and specific reports (or spreadsheets containing data) to subscribers, similar to Westlaw or LEXIS-Nexis. It is not a "database" from which Barr has unlimited and free access, nor is it in Barr's possession. Therefore, Barr produced responsive IMS data that it had (previously purchased) in its possession or control and in the form in which it is maintained in the regular course of business. Barr is under no obligation to seek out and pay for data from a third-party that Barr does not possess simply because the FTC would prefer to have certain data.

Chicago      Hong Kong      London      Los Angeles      Munich      New York      San Francisco

**KIRKLAND & ELLIS LLP**

Garth W. Hudson
May 18, 2007
Page 2

      Finally, your letter misrepresents both Barr's prior productions, the FTC's document requests, and even our prior correspondence on these issues. However, rather than continue to engage in a wasteful letter writing campaign on these issues, Barr will formally respond to the claims asserted in the FTC's recently filed "Supplemental Report" to the Court shortly.

                                    Regards,

                                    /s/ Patrick M. Bryan

                                  Patrick M. Bryan

PMB/bm